SIMON J. FRANKEL (SBN 171552)
Email: sfrankel@cov.com
LINDSEY BARNHART (SBN 294995)
Email: lbarnhart@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091

Attorneys for Defendant
HUAWEI DEVICE USA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ROY BERRY, JONATHAN MAKCHAROENWOODHI, ALEX GORBATCHEV, BRIAN CHRISTENSEN, ANTHONY MARTORELLO, KHANH TRAN, EDWARD BEHELER, YURIY DAVYDOV, REBECCA HARRISON, ZACHARY HIMES, TAYLOR JONES, PAUL SERVODIO, JUSTIN LEONE, JAMES POORE, JR., and KENNETH JOHNSTON, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>HUAWEI DEVICE USA, INC. and GOOGLE INC.,<br><br>            Defendants. | Civil Case No.: 5:17-cv-02185-BLF<br><br>**DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**<br><br>Hearing Date: November 16, 2017<br>Time:            9:00 a.m.<br>Courtroom:   3, 5th Floor<br>Judge:          Hon. Beth Labson Freeman |

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE ................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.     SUMMARY OF ALLEGATIONS OF CONSOLIDATED AMENDED COMPLAINT .. 2

    A.    Nexus 6P Phone ........................................................ 2

    B.    Huawei Limited Warranty ............................................... 3

    C.    Plaintiffs' Claims .................................................... 4

II.    LEGAL STANDARD ................................................................ 5

    A.    Motion to Dismiss ................................................... 5

    B.    Motion to Strike .................................................... 6

III.    ARGUMENT ..................................................................... 6

    A.    Plaintiffs' Allegations Are Insufficient To Establish Personal Jurisdiction Over Huawei. ................................................................... 6

    B.    Plaintiffs' Allegations Are Insufficient To State A Claim Against Huawei. .......... 9

        1.    Warranty Claims ................................................ 10

            a)    Breach of Express Warranty [Count I] ......................... 10

                (1)    Plaintiffs Whose Phones Manifested The Alleged Defects Outside Of The Designated Warranty Period Cannot Seek Relief For Breach Of Express Warranty. .......................... 10

                (2)    Huawei's Limited Warranty Did Not Form The "Basis Of The Bargain" For Any Of The Plaintiffs' Phone Purchases. ...................................................... 11

                (3)    Plaintiffs Who Did Not Provide Huawei Notice Of The Alleged Nexus 6P Defects Or Permit Huawei An Opportunity To Cure Them Cannot State A Claim for Breach of Express Warranty. ............................. 11

                (4)    Plaintiffs Who Are Not In Privity With Huawei May Not Bring Breach Of Express Warranty Claims. ..................... 12

                (5)    Plaintiffs May Not Seek Relief Beyond The Scope Of The Limited Warranty's Coverage. ......................... 13

            b)    Breach Of The Implied Warranty Of Merchantability [Count II] 13

i

**DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**
**Case No. 5:17-cv-02185-BLF**

(1)    Plaintiffs Who Are Not In Privity With Huawei May Not Bring Breach Of Implied Warranty Claims. ...................... 14

(2)    Plaintiffs Failed To Give Huawei Proper Notice Of Their Breach Of Warranty Claims Or An Opportunity To Cure The Alleged Defects. ......................................................... 15

(3)    Plaintiffs Do Not Plausibly Allege That Their Nexus 6P Phones Were Not Merchantable. ...................................... 16

c)    Song-Beverly Consumer Warranty Act [Count VI] ..................... 17

d)    Magnuson-Moss Warranty Act [Count III] .................................. 18

2.    Fraud Claims [Counts IV and VII – XXIII]................................................. 19

a)    All Of Plaintiffs' Claims Premised On A Fraudulent Omission Theory Fail Because Plaintiffs' Well-Pled Factual Allegations Demonstrate That Huawei Lacked Knowledge Of The Alleged Defects At The Time Plaintiffs Purchased Their Phones. ............ 19

b)    Plaintiffs' Statutory Consumer Fraud Claims Fail Because Plaintiffs Do Not Plausibly Allege That The Alleged Defects Posed An Unreasonable Safety Hazard. ....................................... 21

c)    Plaintiffs' Consumer Fraud Theory Is Not Viable For Those Plaintiffs Whose Phones Did Not Manifest The Alleged Defect During The Limited Warranty Period........................................... 22

d)    California Plaintiffs Fail To Allege Any "Advertisement" By Huawei As Required To State A Claim Under The California False Advertising Law [Count IX]......................................................... 23

e)    California Plaintiffs' California Consumers Legal Remedies Act Claim Also Fails Because California Plaintiffs Failed To File The Required Venue Affidavit [Count VIII]. ...................................... 23

f)    California Plaintiffs Do Not Adequately Allege Any Basis Upon Which Their Claim Under The Unfair And Unlawful Prongs Of The California Unfair Competition Law May Be Based. ............. 24

g)    Plaintiff Servodio Lacks Standing To Pursue His Claim Under The Ohio Deceptive Trade Practices Act [Count XIX]. ...................... 25

3.    Unjust Enrichment Claim [Count V] ........................................................ 25

C.    Any Remaining Class Action Allegations Should Be Stricken. .......................... 26

IV.    CONCLUSION.................................................................................................. 28

ii

## <u>TABLE OF AUTHORITIES</u>

**Case**                                                                          **Page**

*AFSCME v. Ortho-McNeil-Janssen Pharm., Inc.*,
   2010 WL 891150 (E.D. Pa. Mar. 11, 2010) ........................................................16

*Am. Suzuki Motor Corp. v. Superior Court*,
   37 Cal. App. 4th 1291 (1995) ........................................................................16

*Aprigliano v. Am. Honda Motor Co., Inc.*,
   979 F. Supp. 2d 1331 (S.D. Fla. 2013) ...........................................................20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .........................................................................................5

*Avance v. Kerr-McGee Chems., LLC*,
   2006 WL 3913509 (E.D. Tex. Dec. 14, 2006) ...............................................20

*Avola v. La.-Pac. Corp.*,
   991 F. Supp. 2d 381 (E.D.N.Y. 2014) ...........................................................11

*Bearden v. Honeywell Int'l Inc.*,
   2010 WL 1223936 (M.D. Tenn. Mar. 24, 2010) ...........................................29

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................5

*Belle Isle Grill Corp. v. City of Detroit*,
   666 N.W. 2d 271 (Mich. Ct. App. 2003) .......................................................27

*Bladonado v. Wyeth*,
   2012 WL 729228 (N.D. Ill. Mar. 6, 2012) .....................................................12

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) .........................................................................5

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) .................................................................................7, 8

*Chance v. Richards Mfg. Co.*,
   499 F. Supp. 102 (E.D. Wash. 1980) .............................................................14

*City of St. Petersburg v. Total Containment, Inc.*,
   265 F.R.D. 630 (S.D. Fla. 2010) ....................................................................29

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) .............................................................10, 14, 18

iii

**DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT AND TO STRIKE
CLASS ALLEGATIONS
Case No. 5:17-cv-02185-BLF**

*Coghlan v. Wellcraft Marine Corp.*,
    240 F.3d 449 (5th Cir. 2001) ...........................................................................................27

*Cohen v. Implant Innovations, Inc.*,
    259 F.R.D. 617 (S.D. Fla. 2008) ......................................................................................28

*Cohen v. Lamko, Inc.*,
    462 N.E.2d 407 (Ohio 1984) ............................................................................................20

*Cole v. Gen. Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007) ...........................................................................................11

*Coryell v. Lombard Lincoln–Mercury Merkur, Inc.*,
    544 N.E.2d 1154 (Il. Ct. App. 1989) ...............................................................................11

*Courtesy Enters., Inc. v. Richards Labs.*,
    457 N.E.2d 572 (Ind. App. Ct. 1983) ..............................................................................12

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014) .....................................................................................................7, 8

*Diamond "S" Dev. Corp. v. Mercantile Bank*,
    989 So.2d 696 (Fla. Dist. Ct. App. 2008) ........................................................................27

*Eaton Corp. v. Magnavox Co.*,
    581 F. Supp. 1514 (E.D. Mich. 1984) .............................................................................12

*Edwards v. Zenimax Media Inc.*,
    2012 WL 4378219 (D. Colo. Sept. 25, 2012) .................................................................27

*Ehrlich v. BMW of N. Am., LLC*,
    801 F. Supp. 2d 908 (C.D. Cal. 2010) ............................................................................22

*Elias v. Hewlett-Packard Co.*,
    903 F. Supp. 2d 843 (N.D. Cal. 2012) ...............................................................3, 10, 25

*Falk v. Gen. Motors Corp.*,
    496 F. Supp. 2d 1088 (N.D. Cal. 2007) ..........................................................................22

*Gen–Probe, Inc. v. Amoco Corp.*,
    926 F. Supp. 948 (S.D. Cal. 1996) ....................................................................................9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) .......................................................................................................6, 7

*Griffith v. Centex Real Estate Corp.*,
    969 P.2d 486 (Wash. Ct. App. 1998) ..............................................................................20

*Harnden v. Ford Motor Cor.*,
    408 F. Supp. 2d 315 (E.D. Mich. 2005) ..........................................................................14

*Herron v. Best Buy Co.*,
924 F. Supp. 2d 1161 (E.D. Cal. 2013).................................................................................24

*Hickman v. Wells Fargo Bank N.A.*,
683 F. Supp. 2d 779 (N.D. Ill. 2010) ..................................................................................27

*Hill v. Hoover Co.*,
899 F. Supp. 2d 1259 (N.D. Fla. 2012).................................................................................12

*HMBI, Inc. v. Schwartz*,
2009 WL 3390865 (N.D. Ind. Oct. 19, 2009).......................................................................20

*Hovsepian v. Apple, Inc.*,
2009 WL 5069144 (N.D. Cal. Dec. 17, 2009).......................................................................28

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015).................................................................15, 16, 18

*In re Currency Conversion Fee Antitrust Litig.*,
2005 WL 1705285 (S.D.N.Y. July 22, 2005)........................................................................28

*In re iPhone 4S Consumer Litig.*,
2014 WL 589388 (N.D. Cal. Feb. 14, 2014) ........................................................................19

*In re iPhone Application Litig.*,
2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .......................................................................9

*In re NVIDIA GPU Litig.*,
2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) .................................................................15, 18

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
758 F. Supp. 2d 1077 (S.D. Cal. 2010).................................................18, 20, 23, 25

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
580 F. Supp. 2d 896 (N.D. Cal. 2008) .................................................................................26

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prods. Liab. Litig.*,
754 F. Supp. 2d 1145 (C.D. Cal. 2010) ...............................................................................12

*Int'l Shoe Co. v. Wash.*,
326 U.S. 310 (1945).................................................................................................................7

*Jenkins v. Macatawa Bank Corp.*,
2006 WL 3253305 (W.D. Mich. Nov. 9, 2006)....................................................................20

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ................................................................................................6

*Kolle v. Mainship Corp.*,
   2006 WL 1085067 (E.D.N.Y. 2006)..........................................................................14

*Mavrix Photo, Inc. v. Brand Tech., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ..............................................................................5, 6

*McBride v. Fannie Mae*,
   2016 WL 3019308 (E.D. Cal. May 26, 2016) .............................................................9

*McKinney v. Bayer Corp.*,
   744 F. Supp. 2d 733 (N.D. Ohio 2010)..............................................................11, 14

*Mesa v. BMW of N. Am., LLC*,
   904 So. 2d 450 (Fla. Dist. Ct. App. 2005) ..............................................................14

*Metro. Elec. Mfg. Co. v. Herbert Constr. Co.*,
   583 N.Y.S.2d 497 (N.Y. App. Div. 1992) ................................................................27

*Metro. Life Ins. Co. v. Neaves*,
   912 F.2d 1062 (9th Cir. 1990) ..................................................................................6

*Mexia v. Rinker Boat Co.*,
   174 Cal. App. 4th 1297 (2009) ...............................................................................16

*Morgan v. Harmonix Music Sys., Inc.*,
   2009 WL 2031765 (N.D. Cal. Jul. 30, 2009)............................................................18

*Moss v. U.S. Secret Service*,
   572 F.3d 962 (9th Cir. 2009) ....................................................................................5

*Moulton v. LG Elecs. USA, Inc.*,
   2012 WL 3598760 (D.N.J. Aug. 21, 2012) ..............................................................27

*Omni USA, Inc. v. Parker-Hannifin Corp.*,
   964 F. Supp. 2d 805 (S.D. Tex. 2013) .....................................................................11

*Oppenheimer v. York Int'l*,
   2002 WL 31409949 (Pa. Ct. Comm. Pleas 2002)....................................................11

*Phillips v. Philip Morris Cos.*,
   2013 WL 1182233 (N.D. Ohio Mar. 21, 2013) ........................................................26

*Phillips v. Rest. Mgmt. of Carolina, L.P.*,
   146 N.C. App. 203 (Ct. App. N.C. 2001) ................................................................16

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) ..................................................................................28

*Prichard Enters., Inc. v. Adkins*,
   858 F. Supp. 2d 576 (E.D.N.C. 2012)......................................................................11

vi

*Randolph v. New England Mut. Life Ins. Co.*,
    526 F.2d 1383 (6th Cir. 1975) ...........................................................................27

*Rasmussen v. Apple, Inc.*,
    27 F. Supp. 3d 1027, 1046 (N.D. Cal. 2014) ......................................................27

*Reece v. Good Samaritan Hosp.*,
    953 P.2d 117 (Wash. Ct. App. 1998) ..................................................................11

*Rikos v. Procter & Gamble Co.*,
    2012 WL 641946 (S.D. Ohio Feb. 28, 2012) ......................................................28

*Romero v. Flowers Bakeries, LLC*,
    2015 WL 2125004 (N.D. Cal. May 6, 2015) ......................................................24

*Rosipko v. FCA US, LLC*,
    2015 WL 8007649 (E.D. Mich. Dec. 7, 2015) ...................................................16

*Route v. Mead Johnson Nutrition Co.*,
    2013 WL 658251 (C.D. Cal. Feb. 21, 2013) .......................................................28

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ....................................................6, 11, 28

*Schauer v. Mandarin Gems of Cal., Inc.*,
    125 Cal. App. 4th 949 (2005) .............................................................................15

*Schmidt v. Ford Motor Co.*,
    972 F. Supp. 2d 712 (E.D. Pa. 2013) ..................................................................12

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ................................................................................5

*Seaman v. Cal. Bus. Bank*,
    2014 WL 1339649 (N.D. Cal. Apr. 2, 2014) ........................................................3

*Sebastian Brown Prods., LLC v. Muzooka, Inc.*,
    143 F. Supp. 3d 1026 (N.D. Cal. 2015) ................................................................9

*Smith v. Ford Motor Co.*,
    749 F. Supp. 2d 980 (N.D. Cal. 2010) ................................................................22

*Snyder v. Komfort Corp.*,
    2008 WL 2952300 (N.D. Ill. July 30, 2008) ......................................................12

*Stokes v. CitiMortgage, Inc.*,
    2015 WL 709201 (C.D. Cal. Jan. 16, 2015) .........................................................6

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ................................................................................5

*Taragan v. Nissan N. Am., Inc.*,
   2013 WL 3157918 (N.D. Cal. June 20, 2013) ............................................................21

*Teitsworth v. Sears*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ....................................................................13

*Thunander v. Uponor, Inc.*,
   887 F. Supp. 2d 850 (D. Minn. 2012) .......................................................................16

*Thursby v. Reynolds Metals Co.*,
   466 So. 2d 245 (Fla. Dist. Ct. App. 1984) ................................................................11

*Traxler v. PPG Indus., Inc.*,
   158 F. Supp. 3d 607 (N.D. Ohio 2016) .....................................................................14

*U.S. Tire–Tech, Inc. v. Boeran, B.V.*,
   110 S.W.3d 194 (Tex. Ct. App. 2003) ......................................................................16

*Villalpando v. Exel Direct Inc.*,
   2014 WL 1338297 (N.D. Cal. Mar. 28, 2014) .............................................................9

*VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*,
   673 F. Supp. 2d 1073 (E.D. Cal. 2009) .....................................................................23

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ..................................................................................................28

*Watts v. Cumberland Cty. Hosp. Sys., Inc.*,
   74 N.C. App. 769 (1985) ...........................................................................................20

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ......................................................................................6

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) ...................................................................7, 20, 22, 23

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ............................................................................21, 23

*Woods v. Maytag Co.*,
   807 F. Supp. 2d 112 (E.D.N.Y. 2011) ......................................................................20

*Xavier v. Philip Morris USA, Inc.*,
   787 F. Supp. 2d 1075 (N.D. Cal. 2011) ....................................................................15

*Zaro v. Maserati N. Am., Inc.*,
   2007 WL 4335431 (N.D. Ill 2007) ............................................................................14

## NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE

PLEASE TAKE NOTICE that on Thursday, November 16, 2017, at 9:00 a.m., in the courtroom of the Hon. Beth Labson Freeman, U.S. District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, Courtroom 3, 5th Floor, San Jose, California, 95113, Defendant Huawei Device USA, Inc. ("Huawei") will move under Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 9(b) to dismiss all claims and strike all class allegations asserted by Plaintiffs Roy Berry, Jonathan Makcharoenwoodhi, Alex Gorbatchev, Brian Christensen, Anthony Martorello, Khanh Tran, Edward Beheler, Yuriy Davydov, Rebecca Harrison, Zachary Himes, Taylor Jones, Paul Servodio, Justine Leone, James Poore, Jr., and Kenneth Johnston ("Plaintiffs") in the Consolidated Amended Complaint against Huawei with prejudice.

This motion is based on this Notice of Motion and Motion to Dismiss and to Strike; the following Memorandum of Points and Authorities; the exhibits hereto; and such further evidence and argument as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

The 535 paragraphs in Plaintiffs' Consolidated Amended Complaint (Dkt. No. 28, "Complaint" or "CAC") are replete with conclusory, generalized allegations and short on facts—particularly facts related to any alleged misconduct on the part of Huawei. All that is apparent from Plaintiffs' voluminous allegations is that they are not happy with their Nexus 6P phones. But Plaintiffs' dissatisfaction does not suffice to hold Huawei liable when Plaintiffs have failed to plead facts that plausibly establish jurisdiction over, or state a legal cause of action against, Huawei.

After stripping away all conclusory allegations, a common sense reading of what is left of Plaintiffs' Complaint necessitates dismissal of all claims. For example, Plaintiffs cannot hold Huawei liable for breaching an express Limited Warranty if the phone did not malfunction during the term of the warranty. Nor can Plaintiffs hold Huawei liable for not carrying through on promises to repair or replace phones under the terms of the warranty when Plaintiffs never asked Huawei to repair or replace the phones in the first place. And Plaintiffs' cries of fraudulent concealment ring hollow when the

Plaintiffs' own allegations demonstrate that Huawei was not aware of the alleged phone defects at the time those phones were sold.

Plaintiffs' attempts to pin the blame on Huawei for their dissatisfaction with the Nexus 6P phones are meritless, and all of the claims asserted against Huawei by Plaintiffs should be dismissed or stricken for three basic reasons. *First*, Plaintiffs do not allege any facts that support this Court's personal jurisdiction over Huawei, a Texas-based company. The Supreme Court's recent *Bristol-Myers Squibb v. Superior Court of California* decision makes clear that Huawei may not be hauled into court in California to defend itself against claims that have no connection to this forum. *Second*, Plaintiffs' factual allegations are insufficient to plausibly state any cause of action against Huawei. Aside from being made up of mostly vague and conclusory allegations that are devoid of any factual support, the allegations in the Complaint also fail to establish numerous critical elements of each asserted cause of action. *Third*, Plaintiffs' overbroad class allegations are defective on their face. As alleged, adjudication of the class claims will be unmanageable and overwhelmed by individualized inquiries.

The Court should grant this motion, dismiss all of Plaintiffs' claims, and strike Plaintiffs' class allegations.

## I.     SUMMARY OF ALLEGATIONS OF CONSOLIDATED AMENDED COMPLAINT

### A.     Nexus 6P Phone

Plaintiffs are individual consumers who purchased Nexus 6P smartphones. CAC ¶ 1. The Nexus 6P debuted on September 29, 2015. *Id.* ¶ 165. Huawei manufactures Nexus 6P phones, while Defendant Google Inc. ("Google") developed its software. *Id.*

Plaintiffs do not allege that they were dissatisfied with their Nexus 6P phones from the start. Rather, Plaintiffs allege that their phones eventually manifested the "Bootloop Defect"—causing the phone to "experience an endless bootloop cycle"—and/or the "Battery Drain Defect"—causing the phone to "suffer severe battery drainage" and "stop working prematurely." *Id.* ¶ 1. Although Plaintiffs allege—without any factual support—that both defects "existed in the Phones when Defendants marketed and sold them," *id.*, consumers did not begin complaining about the alleged defects until

1    September 2016, one year after the release of the Nexus 6P, *id.* ¶ 175.  Moreover, the bulk of the

2    consumer complaints quoted in the Complaint were not directed to Huawei.  *See id.* ¶ 184.

3         According to Plaintiffs, "Defendants falsely promoted the Nexus 6P as a high-end smartphone

4    with best-in-class battery charging capabilities and lifespan."  *Id.* ¶ 7.  As factual support for this

5    allegation, Plaintiffs do not allege any specific "promotions," advertisements, or affirmative

6    representations made by Huawei to consumers about the phone.  Instead, Plaintiffs allege various

7    general and vague consumer-directed representations by Google about the Nexus 6P.  *See id.* ¶¶ 169-71.

8         **B.**      **Huawei Limited Warranty**

9         Huawei makes available online its Limited Warranty, which applies to phones, tablets,

10   wearables, PCs, and accessories.  *See* Ex. A.[1]  The Limited Warranty is the "sole and exclusive remedy

11   to be provided by Huawei."  *Id.* ¶ 11.  In the Limited Warranty, Huawei "represents and warrants to the

12   original purchaser ("Purchaser") that Huawei's phones . . . are free from material defects, including

13   improper or inferior workmanship, materials, and design, during the designated warranty period, and

14   subject to the following terms and conditions."  *Id.*, Preamble.  For phones, the "designated warranty

15   period" is "12 months from the date of purchase."  *Id.* ¶ 1.

16        Under the terms of the Limited Warranty, Huawei agrees to "repair or replace at Huawei's sole

17   option, any parts of the Product that are defective or malfunctioning during normal usage."  *Id.* ¶ 4.

18   However, the Limited Warranty restricts coverage to "only the costs of parts and labor," *id.* ¶ 5, and

19   expressly disclaims coverage for damage resulting from, *inter alia*, "[n]ormal wear and tear of the

20

21   ───────────────────────

22   [1]       The Court may consider the complete contents of Huawei's Limited Warranty on a motion to

23   dismiss because this document is quoted in the Complaint and is central to Plaintiffs' claims.  *See Elias*

24   *v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 850 n.1 (N.D. Cal. 2012) (citing *Marder v. Lopez*, 450

25   F.3d 445, 448 (9th Cir. 2006) (considering contents of defendant's limited warranty when granting

26   motion to dismiss breach of warranty and consumer fraud claims); *see also Seaman v. Cal. Bus. Bank*,

27   2014 WL 1339649, at *1 (N.D. Cal. Apr. 2, 2014) (considering documents attached as exhibits to

28   motion to dismiss because "the complaint refers to and necessarily relies on those documents").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

equipment," "[c]osmetic damages, including but not limited to dents or scratches in decorative, structural, or non-operative parts resulting from normal customer use," and "viruses or other software problems introduced into the Product," *id.* ¶ 7.  Moreover, the Limited Warranty makes clear that "Huawei does not warrant that the operation of [the phones] will be uninterrupted or error-free."  *Id.* ¶ 8.

The Limited Warranty requires consumers to notify Huawei of any alleged defect in the phones "during the applicable warranty period," lest the warranty become "null and void."  *Id.* ¶ 9.  If the phone is "returned to Huawei after the expiration of the warranty period, Huawei's normal service policies shall apply and Purchaser will be charged accordingly."  *Id.* ¶ 10.

In a paragraph conspicuously labeled as "LIMIT OF LIABILITY," Huawei limits its liability under the Limited Warranty to the "actual cash value of the Product at the time Purchaser returns the Product for repair," and explicitly excludes any liability "for delay in rendering service under the limited warranty or loss of use during the period that the product is being repaired."  *Id.* ¶ 12.

Although Plaintiffs make the conclusory allegation that "Plaintiffs and Class members relied on the promises in Huawei's express warranty" and that such promises "were part of the basis of the bargain connected with these transactions for the sale of goods," *id.* ¶ 221, none of the Plaintiffs specify how the Limited Warranty factored into the "basis of the bargain," let alone allege that they reviewed the terms of the Limited Warranty, whether before or after the purchase of their phones.  Perhaps not surprisingly, then, many of the Plaintiffs do not allege that they ever even contacted Huawei regarding the alleged defects in their phones, *see, e.g.*, *id.* ¶¶ 19-27, and several of those that did "declined" to take Huawei up on its offer to repair or replace the phones, *see, e.g.*, *id.* ¶ 85.

## C.   Plaintiffs' Claims

Plaintiffs contend that "Defendants' warranties and the remedies thereunder . . . fail of their essential purpose because Defendants have not been able to remove or resolve the Defects."  CAC ¶ 1.  Plaintiffs further allege that "Defendants made affirmative representations about the quality of the Phones," *id.* ¶ 201, and "failed to disclose" the alleged defects to consumers even though "Defendants knew or should have known of the Phones' propensity to experience excessive battery drain and total bootloop failure," *id.* ¶ 6.  Plaintiffs allege that they "suffered injury in fact and incurred damages, such

1
2
3
4

as monetary costs to repair and replace their phones," because of "Defendants' unfair and deceptive practices." *Id.* ¶ 8. Based on these allegations, Plaintiffs assert twenty-three warranty, fraud, and consumer protection claims under various state laws on behalf of a nationwide class and twelve state subclasses. *Id.* ¶¶ 205-535.

5

## II.    LEGAL STANDARD

6
7

### A.    Motion to Dismiss

Rule 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal

8
9
10
11
12
13
14
15

jurisdiction. Fed. R. Civ. P. 12(b)(2). Once such a motion is made, the plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). While "uncontroverted allegations in the complaint must be taken as true," *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011), a plaintiff cannot "simply rest on the bare allegations of the complaint," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

16
17
18
19
20
21
22
23
24
25
26
27

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss" under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must contain more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" or "labels and conclusions," because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to survive a motion to dismiss. *Id.* at 678. Instead, a plaintiff must allege "sufficient factual matter" that, taken as true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks and alteration omitted). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

28

1
2
3
4
5
6

Claims that "sound in fraud" must satisfy the heightened pleading requirements of Rule 9(b) in order to survive a motion to dismiss. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). To satisfy Rule 9(b), a plaintiff must allege "the who, what, where, when, and how" of the misconduct charged. *Id.* at 1124. The central purpose of Rule 9(b)'s more stringent pleading requirements is to ensure that defendants accused of fraudulent conduct receive adequate notice of the allegations in order to defend against them. *Id.*, 567 F.3d at 1124-25.

### B.      Motion to Strike

7
8
9
10
11
12
13
14
15
16

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *see also Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *10 (C.D. Cal. Jan. 16, 2015) (striking class allegations with prejudice at the pleading stage). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted).

## III.   ARGUMENT

### A.      Plaintiffs' Allegations Are Insufficient To Establish Personal Jurisdiction Over Huawei.

17
18
19
20
21
22
23
24

"A federal district court sitting in diversity has in personam jurisdiction over a defendant to the extent the forum state's law constitutionally provides." *Metro. Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1065 (9th Cir. 1990). Because California's long-arm statute is coextensive with federal due process requirements, "the jurisdictional analyses under state law and federal due process are the same." *Mavrix*, 647 F.3d at 1223.

25
26
27
28

There are two alternative variants of personal jurisdiction: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Courts have general jurisdiction over a foreign corporation only if the corporation's connections to the forum state "are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* However, a corporation's

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"continuous activity of some sorts within a state is [generally] not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 318 (1945). The "paradigmatic circumstance for exercising general jurisdiction" is when the corporate defendant "is incorporated or has its principal place of business in the forum state." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017).

Specific jurisdiction is warranted only when a claim "arises out of or relates to the defendant's contact with the forum." *Daimler AG v. Bauman*, 134 S. Ct. 746, 749 (2014). In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (citation and internal quotation marks omitted). "When no such connection exists, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1776 (2017).

The Supreme Court's recent *Bristol-Myers Squibb* decision establishes that Plaintiffs have failed to allege facts sufficient for the exercise of personal jurisdiction over the claims against Huawei. In that case, a group of plaintiffs—86 California residents and 592 non-California residents—brought suit in California against Bristol-Myers Squibb ("BMS"), which is incorporated in Delaware and headquartered in New York. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1778. The plaintiffs alleged injuries caused by a defective pharmaceutical drug manufactured by BMS, but the non-California plaintiffs did not allege that they obtained or were injured by the drug in California. *Id.* Moreover, while BMS runs five research and laboratory facilities, employs over 400 workers, and sells the challenged drug in California, BMS did not develop, create a marketing strategy for, manufacture, label, or package the challenged drug in California. *Id.* The Supreme Court held that the evidence of BMS's activity in California was insufficient to confer general jurisdiction, and went on to hold that specific jurisdiction over the non-resident plaintiffs' claim was lacking because "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested [the challenged drug] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1781.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, Plaintiffs' claims are even more tenuously connected to any activities of Huawei in California than the claims at issue in *Bristol-Myers Squibb*.  The pleading does not even attempt to make a case for general jurisdiction:  the *only* jurisdictional allegation specific to Huawei is that the company is incorporated and has its principal place of business in Texas.  CAC ¶ 160.  Otherwise, Plaintiffs simply allege in vague and conclusory terms that "[t]his Court has personal jurisdiction over Defendants because they have conducted substantial business in this judicial district and intentionally and purposefully placed the Phones into the stream of commerce within this district and throughout the United States."  *Id.* ¶ 11.  Such is insufficient to support specific jurisdiction as a matter of law under *Bristol-Myers Squibb*.  *None* of the Plaintiffs allege the geographic location of their phone purchase or the manifestation of the phone's alleged defects.  Even if it were reasonable to infer that the California Plaintiffs purchased their phones and experienced the alleged defects in California—which it is not, given the paucity of supporting factual allegations for such an inference in the Complaint—there is no basis to presume that the non-California Plaintiffs purchased, used, or otherwise interacted with their Nexus 6P phones in California such that specific jurisdiction would be proper.  In short, the Complaint lacks any allegations that suggest, let alone demonstrate, that Plaintiffs' claims "arise[] out of or relate[] to [Huawei's] contacts with" the forum state of California.  *Daimler*, 134 S. Ct. at 749.  Accordingly, all of the claims asserted against Huawei should be dismissed.[2]

---

[2]      As noted, the Complaint does not allege any facts regarding where the California Plaintiffs purchased their phones or suffered alleged injury.  But even if it did, this Court would still lack jurisdiction over Huawei for purposes of the non-California Plaintiffs' claims.  *See Bristol-Myers Squibb*, 137 S. Ct. at 1781 ("The mere fact that *other* plaintiffs were [injured] in California—and allegedly sustained the same injuries as did the non-residents—does not allow the State the assert specific jurisdiction over the nonresidents' claims.").

**B.      Plaintiffs' Allegations Are Insufficient To State A Claim Against Huawei.**

Even if the Court finds that it has personal jurisdiction over Huawei, Plaintiffs have failed to plead facts that plausibly suggest Huawei is liable for any misconduct under any of the asserted causes of action.

As a threshold matter, Plaintiffs Gorbatchev, Tran, Berry, Jones, and Leone do not make any allegations of specific conduct by Huawei.  They do not allege *any* actions by Huawei related to the defects they experienced and therefore cannot state any claim for relief against Huawei.  *See* CAC ¶¶ 19-27, 52-57, 70-78, 111-18, 128-41.  Such a complete absence of "clearly defined factual allegations of [Huawei's] alleged wrongs" is insufficient to plausibly establish that Huawei acted unlawfully and warrants dismissal of these Plaintiffs' claims.  *McBride v. Fannie Mae*, 2016 WL 3019308, at *3 (E.D. Cal. May 26, 2016).

Similarly, throughout the Complaint, Plaintiffs plead conduct by "Defendants" without specifying the actions taken by Huawei.  *See, e.g.*, CAC ¶¶ 1, 5, 6, 182, 190.  Lumping together the actions of "multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)."  *Gen–Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996); *see Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) ("As a general rule, when a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.") (citation and internal quotation marks omitted); *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (a plaintiff "must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole"); *Villalpando v. Exel Direct Inc.*, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014) (a plaintiff's allegations must "provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them," including "what conduct is at issue").  Because all of Plaintiffs' causes of action are pleaded generally as to "Defendants," without differentiating between the conduct of Google and the conduct of Huawei, they should be dismissed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1. **Warranty Claims**

Plaintiffs fail to plead sufficient facts to plausibly state a claim of breach of warranty under any of the asserted state and federal causes of action.

a) **Breach of Express Warranty [Count I]**

Plaintiffs bring their first cause of action for breach of express warranty on behalf of a putative nationwide class, without specifying the state law that governs the claim. CAC ¶ 214. In the alternative, Plaintiffs bring claims for breach of express warranty on behalf of each of the putative state subclasses based on the laws of the respective states. *Id.* ¶ 215. Plaintiffs' claim is not adequately plead under any of the potentially applicable state laws for at least the following reasons.

(1) **Plaintiffs Whose Phones Manifested The Alleged Defects Outside Of The Designated Warranty Period Cannot Seek Relief For Breach Of Express Warranty.**

Express warranties do not "include malfunctions that occur after the warranty has ended." *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 850 (N.D. Cal. 2012). Sound policy underlies this principle: "Every manufactured item is defective at the time of sale in the sense that it will not last forever; the flip-side of this original sin is the product's useful life. If a manufacturer determines that useful life and warrants the product for a lesser period of time, we can hardly say that the warranty is implicated when the item fails after the warranty period expires. The product has performed as expressly warranted." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).

Plaintiffs Gorbatchev, Christensen, and Tran allege that their phones manifested the alleged defect(s) after the one-year Limited Warranty period had run. *See* CAC ¶¶ 19, 21, 28-29, 52-53. Moreover, Plaintiffs Berry, Jones, and Leone do not allege that they notified Huawei of any alleged defects during the one-year warranty period. *See id.* ¶¶ 70-78, 111-18, 128-41. Because the express terms of the Limited Warranty provide that the warranty is "null and void" if Plaintiffs do not notify Huawei "of the alleged defect or malfunction of the Product during the applicable warranty period," these Plaintiffs have no claim for breach of express warranty. Ex. A. ¶ 9. And, because Plaintiffs Tran, Berry, Jones, and Leone are the only Plaintiffs who bring claims under Illinois, Michigan, North Dakota,

10

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS
Case No. 5:17-cv-02185-BLF

and Pennsylvania law, respectively, Plaintiffs' claims for breach of express warranty under those state laws should be dismissed.

### (2) Huawei's Limited Warranty Did Not Form The "Basis Of The Bargain" For Any Of The Plaintiffs' Phone Purchases.

To create an express warranty, an "affirmation of fact or promise" or a "description of the goods" by the seller must be part of the "basis of the bargain." *See* Cal. Com. Code § 2313; Fla. Stat. § 672.313; 810 ILCS 5/2-313; Ind. Code § 26-1-2-313; Mich. Comp. Laws § 440.2313; N.Y. U.C.C. Law § 2-313; N.C. Gen. Stat. § 25-2-313; N.D. Cent. Code § 41-02-30; Ohio Rev. Code § 1302.26; 13 Pa. Cons. State. § 2313; Tex. Bus. & Com. Code § 2.313; Wash. Rev. Code § 62A.2-313.  In certain states—including California, Florida, Illinois, New York, North Carolina, Ohio, Pennsylvania, Texas, and Washington—courts have held that a plaintiff must "show reliance on a statement or representation for its to be considered part of the 'basis of the bargain.'"  *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 726 (5th Cir. 2007); *see also Sanders*, 672 F. Supp. 2d at 986-87 (California law); *Thursby v. Reynolds Metals Co.*, 466 So. 2d 245, 250 (Fla. Dist. Ct. App. 1984); *Coryell v. Lombard Lincoln–Mercury Merkur, Inc.*, 544 N.E.2d 1154, 1158 (Il. Ct. App. 1989); *Avola v. La.-Pac. Corp.*, 991 F. Supp. 2d 381, 391 (E.D.N.Y. 2014); *Prichard Enters., Inc. v. Adkins*, 858 F. Supp. 2d 576, 585 (E.D.N.C. 2012); *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 754 (N.D. Ohio 2010); *Oppenheimer v. York Int'l*, 2002 WL 31409949, at *3 (Pa. Ct. Comm. Pleas 2002); *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 814 (S.D. Tex. 2013); *Reece v. Good Samaritan Hosp.*, 953 P.2d 117, 123 (Wash. Ct. App. 1998).  None of the Plaintiffs in this case allege that they were ever provided with Huawei's warranty or, if they were, when that warranty was provided.  Nor do they allege that they ever *read* Huawei's warranty, let alone that they relied on such warranty.  As a result, Plaintiffs have failed to state a claim for breach of express warranty based on California, Florida, Illinois, New York, North Carolina, Ohio, Pennsylvania, Texas, and Washington law.

### (3) Plaintiffs Who Did Not Provide Huawei Notice Of The Alleged Nexus 6P Defects Or Permit Huawei An Opportunity To Cure Them Cannot State A Claim for Breach of Express Warranty.

Consumers who do not give the warrantor notice of the alleged defects or allow a warrantor the opportunity to remedy any alleged defects cannot state a claim for breach of express warranty.  *See In re*

11

*Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1179 (C.D. Cal. 2010) ("Plaintiffs who [did not seek] repairs . . . may not pursue a claim for breach of express warranty based on the written warranty."); *Snyder v. Komfort Corp.*, 2008 WL 2952300, at *4 (N.D. Ill. July 30, 2008) ("[T]o establish her breach of warranty claim, [plaintiff] must show that she afforded [defendant] an opportunity to comply with its obligations under the limited warranty."); *Courtesy Enters., Inc. v. Richards Labs.*, 457 N.E.2d 572, 577 (Ind. App. Ct. 1983); *Eaton Corp. v. Magnavox Co.*, 581 F. Supp. 1514, 1531 (E.D. Mich. 1984) ("The buyer must provide reasonable notice in order to recover for a breach of warranty."); *Schmidt v. Ford Motor Co.*, 972 F. Supp. 2d 712, 718 (E.D. Pa. 2013).  Plaintiffs' conclusory allegation that Huawei was given "reasonable opportunities to honor the promises in its express warranty," CAC ¶ 223, is belied by the specific allegations of many of the Plaintiffs, who did not even allow Huawei an opportunity to remedy the alleged defect and therefore cannot pursue a breach of warranty claim.  Specifically, the Complaint alleges that Huawei offered to repair or replace Plaintiff Beheler's allegedly defective phone, but Plaintiff Beheler does not allege that he allowed Huawei to do so.  *See id.* ¶¶ 64-67.  Additionally, Plaintiffs Gorbatchev, Tran, Berry, and Leone do not allege that they ever contacted Huawei to seek repairs in the first place.  *See id.* ¶¶ 19-27, 52-57, 70-76, 111-16, 128-39.  As a result, the breach of warranty claims brought by these Plaintiffs under California, Illinois, Indiana, Michigan, and Pennsylvania law should be dismissed.

### (4) Plaintiffs Who Are Not In Privity With Huawei May Not Bring Breach Of Express Warranty Claims.

To recover for a breach of express warranty in Florida and Illinois, "the plaintiff must be in privity of contract with the defendant."  *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1266 (N.D. Fla. 2012); *see also Baldonado v. Wyeth*, 2012 WL 729228, at *4 (N.D. Ill. Mar. 6, 2012) (same).  Here, only one named plaintiff—Mr. Christensen, who is alleged to be a California citizen and resident and asserts claims under California law—alleges that he purchased his "Nexus 6P Phone directly from Huawei."  CAC ¶ 28.  All other Plaintiffs purchased their phones from Google or third-party retailers. *See id.* ¶¶ 12, 19, 38, 52, 58, 70, 79, 90, 99, 111, 119, 130, 142, 153.  Accordingly, Plaintiffs' express warranty claims under Florida and Illinois law fail.

12

**DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**
**Case No. 5:17-cv-02185-BLF**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(5)     Plaintiffs May Not Seek Relief Beyond The Scope Of The Limited Warranty's Coverage.**

The U.C.C., as adopted in each of the Plaintiffs' home states, expressly provides that a warranty can "limit[] the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts" by describing the limited remedy as "exclusive." *See* Cal. Com. Code § 2719(1); Fla. State. § 672.719(1); 810 ILCS 5/2-719(1); Ind. Code § 26-1-2-719(1); Mich. Comp. Laws § 440.2719(1); N.Y. U.C.C. Law § 2-719(1); N.C. Gen. State. § 25-2-719(1); N.D. Cent. Code § 41-02-98.1; Ohio Rev. Code § 1302.93(A); 13 Pa. Cons. State. § 2719(a); Tex. Bus. & Com. Code § 2.719(1); Wash. Rev. Code § 62A.2-719(1).  Any claim for relief beyond the prescribed scope of the Limited Warranty— including any damages for loss of use, delay in service, or damage resulting from software problems introduced into the phones—is therefore barred.

Plaintiffs' conclusory argument that the terms of the Limited Warranty are unconscionable is not supported by facts or law.  *See* CAC ¶ 232.  To the extent Plaintiffs' assertion of unconscionability is based on the allegation that consumers did not enjoy a meaningful alternative to accepting Huawei's terms, this argument "may be defeated if the complaining party had reasonably available alternative sources of supply from which to obtain the desired goods or services free of the terms claimed to be unconscionable." *Teitsworth v. Sears*, 720 F. Supp. 2d 1123, 1139 (N.D. Cal. 2010).  Plaintiffs do not allege that they could not have easily purchased another brand of phone.  Additionally, the consumer complaints quoted in the Complaint indicate that Huawei complied with the terms of the Limited Warranty, and those terms were understood and accepted by consumers.  *See* CAC ¶ 184 ("Huawei's disappointing customer service wants me to send [the phone] in for 2 weeks.  I don't blame them, they are after all playing by the book.  So read the warranty before you buy this phone.").  Plaintiffs therefore have no basis for their assertion that the Limited Warranty was unconscionable, and its express terms should be applied.

**b)     Breach Of The Implied Warranty Of Merchantability [Count II]**

Plaintiffs bring a claim for breach of the implied warranty of merchantability on behalf of the alleged nationwide class, but do not specify the state law that governs their claim.  CAC ¶ 235.  In the

13

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT AND TO STRIKE
CLASS ALLEGATIONS
Case No. 5:17-cv-02185-BLF

1
2

alternative, Plaintiffs bring this claim on behalf of each of the alleged subclasses based on the respective

state laws.  *Id.* ¶ 236.  Plaintiffs cannot state a claim under any of the underlying state laws.

3
4

        **(1)     Plaintiffs Who Are Not In Privity With Huawei May Not Bring
Breach Of Implied Warranty Claims.**

5

       Many of the applicable state laws require vertical privity between the plaintiff and the defendant

6

in order to state a claim for breach of the implied warranty of merchantability.  *See Clemens*, 534 F.3d at

7

1023 (California law); *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. Dist. Ct. App. 2005);

8

*Zaro v. Maserati N. Am., Inc.*, 2007 WL 4335431, at *2 (N.D. Ill 2007); *Harnden v. Ford Motor Cor.*,

9

408 F. Supp. 2d 315, 322 (E.D. Mich. 2005); *Kolle v. Mainship Corp.*, 2006 WL 1085067, at *5

10

(E.D.N.Y. 2006); *Traxler v. PPG Indus., Inc.*, 158 F. Supp. 3d 607, 623 (N.D. Ohio 2016) (North

11

Carolina law); *McKinney*, 744 F. Supp. 2d at 758 (Ohio law); *Chance v. Richards Mfg. Co.*, 499 F.

12

Supp. 102, 105 (E.D. Wash. 1980).  Plaintiffs Makcharoenwoodhi, Gorbatchev, Martorello, Tran, Berry,

13

Davydov, Servodio, and Johnston have not alleged any facts to indicate that they were in privity with

14

Huawei.  *See* CAC ¶¶ 12 (Markcharoenwoodhi "purchased his Phone from Best Buy"), 19 (Gorbatchev

15

purchased phone "from the Google Store"), 38 (Martorello purchased phone "directly from Google"), 52

16

(Tran purchased phone "through the Google Store"), 58 (Beheler purchased phone "from Amazon"), 70

17

(Berry purchased phone "on the Google Store"), 79 (Davydov purchased phone "through Amazon"), 91

18

(Harrison purchased phone "through Amazon"), 99 (Hines purchased phone "from Best Buy"), 111

19

(Jones purchased phone "through Google"), 119 (Servodio purchased phone "through Newegg"), 130

20

(Leone purchased phone "through the Google Store"), 142 (Poore purchased phone "from Huawei

21

through Amazon"), 153 (Johnston purchased phone "from Best Buy").  The conclusory allegation that

22

all Plaintiffs "were in privity of contract with Huawei . . . by virtue of their interactions with Huawei" is

23

insufficient to plausibly allege vertical privity between individual Plaintiffs and Huawei, given the

24

specific allegations that individual Plaintiffs did not contract with Huawei.  CAC ¶ 242.

25

       Although some states, such as California, "have recognized an exception to the privity

26

requirement . . . if a plaintiff can show that he was a third party beneficiary of a contract between the

27

defendant and a third party," none of the Plaintiffs have alleged facts plausibly supporting a third-party

28

beneficiary relationship with Huawei.  *In re NVIDIA GPU Litig.*, 2009 WL 4020104, at *6 (N.D. Cal.

14

1  Nov. 19, 2009).  "Because third party beneficiary status is a matter of contract interpretation, a person

2  seeking to enforce a contract as a third party beneficiary must plead a contract which was made

3  expressly for his or her benefit and one in which it clearly appears that he or she was a beneficiary."

4  *Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 957 (2005).  Plaintiffs cannot save their

5  claims for breach of the implied warranty of merchantability by relying on the third-party beneficiary

6  exception because Plaintiffs do not plead the existence of any contract made for their benefit aside from

7  the vague and conclusory allegation that "Plaintiffs . . . are the intended third-party beneficiaries of the

8  implied warranties and other contracts between Defendants and the retailers who sell the Phones."  CAC

9  ¶ 242; *see Xavier v. Philip Morris USA, Inc.*, 787 F. Supp. 2d 1075, 1083 (N.D. Cal. 2011) ("No

10  reported California decision has held that the purchaser of a consumer product may dodge the privity

11  rule by asserting that he or she is a third-party beneficiary of the distribution agreements linking the

12  manufacturer to the retailer who ultimately made the sale."); *In re Carrier IQ*, 78 F. Supp. 3d at 1106

13  (dismissing claim for breach of implied warranty under California law because "Plaintiffs have failed to

14  allege the facts of the underlying putative contracts for which they contend they are intended third-party

15  beneficiaries").

16        Accordingly, Plaintiffs' breach of implied warranty claims under California, Florida, Illinois,

17  Michigan, New York, North Carolina, Ohio, and Washington law should be dismissed for the separate

18  reason that these Plaintiffs are not in privity with Huawei.

19              **(2)      Plaintiffs Failed To Give Huawei Proper Notice Of Their
20                       Breach Of Warranty Claims Or An Opportunity To Cure The
                         Alleged Defects.**

21        Several states require that a plaintiff asserting a breach of implied warranty claim provide a

22  defendant pre-suit notice and an opportunity to cure the alleged defect in order to maintain that claim.

23  *See Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 866 (D. Minn. 2012) (Indiana law); *Rosipko v.

24  FCA US, LLC*, 2015 WL 8007649, at *5 (E.D. Mich. Dec. 7, 2015); *Phillips v. Rest. Mgmt. of Carolina,

25  L.P.*, 146 N.C. App. 203, 212 (Ct. App. N.C. 2001); *AFSCME v. Ortho-McNeil-Janssen Pharm., Inc.*,

26  2010 WL 891150, at *6-7 (E.D. Pa. Mar. 11, 2010); *U.S. Tire–Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d

27  194, 198 (Tex. Ct. App. 2003).  Plaintiffs bringing implied warranty claims under the laws of these

28

1
2
3
4
5
6
7
8
9
10
11

states cannot rely on Huawei's alleged general awareness of consumer complaints about Nexus 6P phones, *see* CAC ¶ 230, to satisfy the notice requirement—particularly not when the bulk of the complaints alleged in the Complaint were directed at Google, not Huawei.  *See, e.g.*, *id.* ¶ 184.  Moreover, "it is not sufficient that a defendant generally know of problems with their products.  Instead, a plaintiff must provide notice that he considers the defendant to be in breach of the implied warranty." *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1104 (N.D. Cal. 2015) (analyzing claims brought under Michigan and Texas law).  Here, none of the Plaintiffs allege that they provided Huawei notice of their breach of implied warranty claims, and Plaintiffs Beheler, Davydov, and Johnston do not allege that they permitted Huawei to repair or replace their phones after Huawei offered to do so.  *See* CAC ¶¶ 64-67, 85, 156-57.  As a result, the breach of implied warranty claims brought pursuant to Indiana, Michigan, North Carolina, Pennsylvania, and Texas law should be dismissed.

12
13

        **(3)**      **Plaintiffs Do Not Plausibly Allege That Their Nexus 6P Phones Were Not Merchantable.**

14
15
16
17
18

        The implied warranty of merchantability does not "impose a general requirement that goods precisely fulfill the expectation of the buyer"—rather, "it provides for a minimum level of quality." *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995).  "The core test of merchantability is fitness for the ordinary purpose for which such goods are used." *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303 (2009).

19
20
21
22
23
24
25
26
27
28

        Plaintiffs do not allege any facts to establish what is "the ordinary purpose for which phones are used."  CAC ¶ 239.  Moreover, some of the Plaintiffs continued to use their Nexus 6P phones after the alleged manifestation of the defects.  For example, it appears Plaintiff Davydov continues to use his phone to this day, in spite of his allegation that the phone is "unreliable." *Id.* ¶¶ 86-87.  Indeed, Huawei offered to repair or replace Plaintiff Davydov's phone, but he declined the offer. *Id.* ¶ 85.  Plaintiffs Leone, Poore, and Johnston similarly continue to use their phones, alleging only that they are "unreliable." *Id.* ¶¶ 139, 149, 157.  Such allegations support the reasonable inference that these Plaintiffs' phones are merchantable and do not demonstrate that these Plaintiffs were unable to use the phones for their ordinary purpose.  Accordingly, the Court should dismiss the breach of implied warranty claims brought pursuant to New York, Pennsylvania, Texas, and Washington law.

### c)     Song-Beverly Consumer Warranty Act [Count VI]

California's Song-Beverly Consumer Warranty Act provides that "every sale of consumer goods that are sold at retail *in [California]* shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable."  Cal. Civ. Code § 1792 (emphasis added).  The implied warranty "is coextensive in duration with an express warranty which accompanies the consumer goods," but "in no event shall such implied warranty have a duration of less than 60 days nor more than one year following the sale of new consumer goods to a retail buyer."  *Id.* § 1791.1(c).

As an initial matter, the California Plaintiffs do not allege where, geographically speaking, they purchased their Nexus 6P phones.  *See* CAC ¶¶ 12 (plaintiff Makcharoenwoodhi "purchased his Phone from Best Buy"), 19 (plaintiff Gorbatchev purchased phone "from the Google Store"), 28 (plaintiff Christensen purchased phone "directly from Huawei").  As a result, it is impossible to tell whether the California Plaintiffs purchased their phones in California and, therefore, whether they may bring claims under the Song-Beverly Act.  Moreover, the California Subclass—on behalf of which the California Plaintiffs bring this claim—is defined as "[a]ll persons and entities in the state of California who purchased or own at least one Nexus 6P Phone."  *Id.* ¶ 205.  As alleged, the putative class thus encompasses consumers who did not purchase their phones in California.  Because Plaintiffs' allegations are insufficient to satisfy the Song-Beverly Act's geographic restrictions, this claim should be dismissed.  *See In re NVIDIA GPU Litig.*, 2009 WL 4020104, at *5 ("Since Plaintiffs do not restrict their Song-Beverly claim to Class Members who purchased the defective products in the state of California, the claim fails.");  *Morgan v. Harmonix Music Sys., Inc.*, 2009 WL 2031765, at *2 (N.D. Cal. Jul. 30, 2009) (dismissing Song-Beverly Act claims because plaintiffs failed to identify where and from whom they purchased the goods); *In re Carrier IQ*, 78 F. Supp. 3d at 1107 (dismissing Song-Beverly Act claim because "while Plaintiffs allege a number of Plaintiffs reside in California there are actually no allegations in the SCAC that any of these Plaintiffs purchased their mobile devices in California.").

Additionally, the Song-Beverly Act obligates consumers to deliver a defective product to the manufacturer for repair within the express warranty coverage period.  *See* Cal. Civ. Code § 1793.02(c) (stating that a seller shall repair or replace a malfunctioning product "[i]f the buyer returns the device within the period specified in the written warranty").  Because the California Plaintiffs do not allege that

17

they returned their phones—or even contacted Huawei about the alleged defects[3]—during the one-year Limited Warranty period, this claim must be dismissed. *See* CAC ¶¶ 12-37; *see also In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1098 (S.D. Cal. 2010).

### d)  Magnuson-Moss Warranty Act [Count III]

Claims under the Magnuson-Moss Warranty Act ("MMWA") "stand or fall with . . . express and implied warranty claims under state law." *Clemens*, 534 F.3d at 1022.  Because Plaintiffs have failed to state any state-law warranty claims for the reasons described above, the Court should also dismiss Plaintiffs' Magnuson-Moss Warranty Act claim.  *See In re NVIDIA GPU Litig.*, 2009 WL 4020104, at *7 (dismissing Magnuson-Moss Warranty Act claim after finding plaintiffs failed to state both a Song-Beverly Act claim and state law implied warranty claims).

Additionally, the MMWA prohibits consumers from bringing suit for a breach of warranty "unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply."  15 U.S.C. § 2310(e).  In a class action, "such reasonable opportunity [must] be afforded by the named plaintiffs and they shall at that time notify the defendant that they are acting on behalf of the class."  *Id.*  Plaintiffs Gorbatchev, Tran, Beheler, Davydov, Berry, Jones, Leone, and Johnston's failure to allege that they notified Huawei and/or gave Huawei the opportunity to cure the alleged defects, therefore also requires dismissal of their MMWA claims.  *See* CAC ¶¶ 19-27, 52-57, 64-67, 70-78, 85, 111-18, 128-41, 156-57.

---

[3]  Although Plaintiff Makcharoenwoodhi alleges that his phone began malfunctioning in February 2017, two months before the expiration of his warranty, he further alleges that the alleged defect worsened "over the following months" and does not specify when he contacted Huawei (i.e., before or after the end of the one-year warranty period).  *See* CAC ¶¶ 12-14.

### 2.   Fraud Claims [Counts IV and VII – XXIII]

Plaintiffs assert claims under a number of state consumer fraud statutes, and also assert common law fraud claims unspecific to any state law.  *See* CAC ¶¶ 268-77, 297-535.  Plaintiffs do not base these claims on any affirmative misrepresentation by Huawei about their Nexus 6P phones.[4]  Instead, Plaintiffs rely entirely on the theory that Huawei allegedly failed to disclose the alleged defects to consumers.  "Because Plaintiffs allege that [Huawei] deceived them, "their allegations sound in fraud and are subject to the requirements of Rule 9(b)."  *In re iPhone 4S Consumer Litig.*, 2014 WL 589388, at *4 (N.D. Cal. Feb. 14, 2014).

This theory of liability—which underlies each of Plaintiffs' fraud claims—is not viable for numerous reasons.

### a)   All Of Plaintiffs' Claims Premised On A Fraudulent Omission Theory Fail Because Plaintiffs' Well-Pled Factual Allegations Demonstrate That Huawei Lacked Knowledge Of The Alleged Defects At The Time Plaintiffs Purchased Their Phones.

Counts IV and VII – XXIII are premised at least in part on a Plaintiffs' theory of fraudulent omissions or concealment.  *See* CAC ¶¶ 270, 303, 319, 335, 343, 356, 374, 394, 403, 418, 429, 437, 448, 466, 482, 491, 508, 522.

To state a claim for consumer fraud based on the failure to disclose a defect, Plaintiffs must allege that Huawei "knew of the defect at the time a sale was made."  *Williams*, 851 F.3d at 1025 (internal quotation marks omitted); *see also, e.g.*, *Aprigliano v. Am. Honda Motor Co., Inc.*, 979 F. Supp. 2d 1331, 1342 (S.D. Fla. 2013); *HMBI, Inc. v. Schwartz*, 2009 WL 3390865, at *7 (N.D. Ind. Oct. 19, 2009); *Jenkins v. Macatawa Bank Corp.*, 2006 WL 3253305, at *9 (W.D. Mich. Nov. 9, 2006); *Woods v. Maytag Co.*, 807 F. Supp. 2d 112, 124 (E.D.N.Y. 2011) (listing "knowledge of material facts

---

[4]     To the extent Plaintiffs contend that any of their fraud claims are based on affirmative misrepresentations by Huawei, those claims should be dismissed because Plaintiffs have failed to allege any such affirmative misrepresentations, let alone that any of the Plaintiffs were aware of, read, or relied on any statement made by Huawei in connection with their purchase of the Nexus 6P phone.

by" the party bound to disclose as an element of a fraudulent concealment claim based on a failure to disclose theory); *Watts v. Cumberland Cty. Hosp. Sys., Inc.*, 74 N.C. App. 769, 774 (1985) (overruled on other grounds); *Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 409 (Ohio 1984); *Avance v. Kerr-McGee Chems., LLC*, 2006 WL 3913509, at *9 (E.D. Tex. Dec. 14, 2006) (listing "actual knowledge of the wrong" as element of a fraudulent concealment claim based on a failure to disclose theory); *Griffith v. Centex Real Estate Corp.*, 969 P.2d 486, 492 (Wash. Ct. App. 1998) (duty to disclose "facts material to the transaction [arises] when the facts are known to the seller").  To state the obvious, a defendant could not have a "duty to disclose facts of which it was unaware."  *In re Sony Grand Wega*, 758 F. Supp. 2d at 1095.

There are no facts alleged in the Complaint that Huawei had such specific knowledge.  There is only the conclusory allegation that Huawei "willfully failed to disclose and actively concealed the Defects in Phones."  CAC ¶ 345.  In fact, the only reasonable inference from the facts alleged is that Huawei had no knowledge of the alleged defects when Plaintiffs purchased their phones.  The Nexus 6P was released on September 29, 2015.  Plaintiffs allege that the purchased their phones at various times during the October 2015 to October 2016 time period, with only one Plaintiff having purchased his phone in October 2016.  *See* ¶¶ 12 (April 2016), 19 (October 2015), 28 (December 2015), 38 (May 2016), 52 (January 2016), 58 (July 2016), 70 (November 2015), 79 (December 2015), 91 (April 2016), 99 (March 2016), 111 (January 2016), 119 (March 2016), 130 (October 2015), 142 (February 2016), 153 (October 2016).  Plaintiffs also allege that "consumer complaints" did not begin appearing online until *September 2016*, one year after the release of the Nexus 6P and well after all but the last of the Plaintiffs had purchased their phones.  *See id.* ¶ 175.  But Plaintiffs do not allege that these consumer complaints were posted to Huawei's website or otherwise communicated to Huawei.  Moreover, "consumer complaints in and of themselves" do not "adequately support an inference that a manufacturer was aware of a defect . . . [because] complaints posted on a manufacturer's website merely establish the fact that some consumers were complaining."  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012).  Even assuming Huawei was aware of the consumer complaints in September 2016, it would be a big logical leap to presume that the first trickle of complaints was sufficient to give Huawei *knowledge* that all Nexus 6P phones were defective.

Such a logical leap is unwarranted under any common-sense reading of the Complaint, and it is particularly unfounded when Plaintiffs' allegations are measured against the heightened pleading requirements of Rule 9(b).  Aside from the anecdotal allegations related to those Plaintiffs who actually contacted Huawei about the alleged defects in their phones, Plaintiffs have not alleged with any specificity when or how Huawei learned of the alleged Nexus 6P defects.  Plaintiffs have therefore failed to plead their fraud claims premised on a fraudulent omission theory with the required specificity of Rule 9(b).  *See Kearns*, 567 F.3d at 1124 (Rule 9(b) requires a plaintiff to plead "the who, what, where, when, and how" of the misconduct charged); *see also Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *6-7 (N.D. Cal. June 20, 2013) ("[A] plaintiff cannot establish a duty [to disclose] by pleading, in a purely conclusory fashion, that a defendant was in a superior position to know the truth about a product and actively concealed the defect.").

Because Plaintiffs allege no facts to plausibly suggest that Huawei had knowledge of the alleged defects prior to the time Plaintiffs purchased their phones such that they could have disclosed the existence of the defects, Counts IV and VII – XXIII should be dismissed to the extent they are premised on Huawei's failure to disclose.

> **b)**   **Plaintiffs' Statutory Consumer Fraud Claims Fail Because Plaintiffs Do Not Plausibly Allege That The Alleged Defects Posed An Unreasonable Safety Hazard.**

In addition to knowledge of the defect, a plaintiff must allege "(1) the existence of a design defect; (2) the existence of an unreasonable safety hazard; [and] (3) a causal connection between the alleged defect and the alleged safety hazard."  *Williams*, 851 F.3d at 1025 (internal quotation marks omitted).

Although Plaintiffs vaguely allege that "the Defects raise serious safety concerns" and in support reference a blog post about an unidentified "Nexus 6P owner [who] was temporarily stranded on a freezing night after her Phone abruptly died when she was trying to request a ride from the ride-sharing app Uber," CAC ¶ 180, Plaintiffs do not allege that any of them personally believe their phones pose an "unreasonable safety hazard."  As a result, "the alleged safety risk is speculative and unsupported by factual allegations."  *Williams*, 851 F.3d at 1028.  Moreover, any safety hazard arising from being

1   stranded without transportation in freezing weather derives from the particular situation in which that

2   phone user found herself, and not from any alleged defect in the phone.  *See Smith v. Ford Motor Co.*,

3   749 F. Supp. 2d 980, 991 (N.D. Cal. 2010) (finding safety hazard allegedly caused by an ignition-lock

4   defect in a car engine "speculative in nature, deriving in each instance from the particular location at

5   which the driver initially has parked the vehicle and/or the driver's individual circumstances").

6        Plaintiffs' allegations do not come close to those circumstances courts have deemed to be

7   unreasonable safety hazards requiring disclosure under state consumer protection laws.  *See, e.g.*,

8   *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 917-19 (C.D. Cal. 2010) (car windshield with

9   high propensity to crack or chip); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095-96 (N.D. Cal.

10   2007) (defective car speedometer).  Here, Plaintiffs do not specify the "serious safety concerns" they

11   allege are caused by the defects.  Accordingly, Plaintiffs have failed to plead the existence of an

12   unreasonable safety hazard with the specificity required by 9(b), and their claims brought pursuant to at

13   least California, Florida, North Carolina, Texas, and Washington consumer fraud laws should be

14   dismissed.  *See Williams*, 851 F.3d at 1026 (affirming district court's dismissal of consumer protection

15   claims under California, Florida, North Carolina, Texas, and Washington laws for failure to allege an

16   unreasonable safety hazard caused by the alleged product defects).

17        **c)   Plaintiffs' Consumer Fraud Theory Is Not Viable For Those Plaintiffs**
18        **Whose Phones Did Not Manifest The Alleged Defect During The**
         **Limited Warranty Period.**

19        "For a statement to be deceptive or misleading, consumers must have held expectations about the

20   matter in question," and "[w]here a manufacturer has expressly warranted a product, consumers can only

21   expect that product to function properly for the length of the manufacturer's express warranty."  *In re*

22   *Sony Grand Wega*, 758 F. Supp. 2d at 1089.  Policy concerns animate this principle:  "the fact that the

23   alleged defect concerns premature, but usually post-warranty, onset of a natural condition [i.e., battery

24   drain] raises concerns about the use of consumer fraud statutes to impermissibly extend a product's

25   warranty period."  *Williams*, 851 F.3d at 1029; *see also Wilson*, 668 F.3d at 1141-42 (acknowledging

26   that unless liability for failure to disclose a defect is limited to unreasonable safety risks, "the failure of a

27

28

1    product to last forever would become a 'defect,' a manufacturer would no longer be able to issue limited

2    warranties, and product defect litigation would become as widespread as manufacturing itself").

3           Here, those Plaintiffs whose phones experienced no defect during the one-year Limited Warranty

4    period cannot possibly have been misled by any failure to disclose the existence of the alleged defects

5    by Huawei.  The Court should therefore dismiss the California and Illinois consumer protection claims

6    asserted by Plaintiffs Gorbatchev, Christensen, and Tran because those Plaintiffs' phones did not

7    allegedly malfunction until after the expiration of the Limited Warranty period.  *See* CAC ¶¶ 19-21, 28-

8    29, 52-53.

9           **d)    California Plaintiffs Fail To Allege Any "Advertisement" By Huawei
                    As Required To State A Claim Under The California False
10                  Advertising Law [Count IX].**

11          To state a claim under California's False Advertising Law ("FAL"), a plaintiff must allege actual

12   reliance on an advertisement of the defendant.  *See VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673

13   F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) ("The underlying element of a false advertising claim is some

14   type of advertising statement.").  Here, however, the Complaint makes no reference to any

15   advertisement by Huawei, let alone any reliance by the California Plaintiffs on any Huawei advertising.

16   As a result, the FAL claim must be dismissed for this reason as well.  *See id.* (dismissing FAL claim

17   because "Plaintiff has not identified any advertisements by Defendant but has merely asserted

18   conclusory allegations that Defendant made false statements in its advertising").

19          **e)    California Plaintiffs' California Consumers Legal Remedies Act
                    Claim Also Fails Because California Plaintiffs Failed To File The
20                  Required Venue Affidavit [Count VIII].**

21          The California Consumers Legal Remedies Act ("CLRA") requires that, "[i]n any action [under

22   the CLRA], concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts

23   showing that the action has been commenced in a county described in this section as a proper place for

24   the trial of the action."  Cal. Civ. Code § 1780(d).  If "a plaintiff fails to file the affidavit required by this

25   section, the court shall, upon its own motion or upon motion of any party, dismiss the action without

26   prejudice."  *Id.*  Here, none of the California Plaintiffs filed the CLRA affidavit as required by the

27

28
                                                   23

1  statute.  As a result, the claim must be dismissed.  *See Romero v. Flowers Bakeries, LLC*, 2015 WL

2  2125004, at *8 (N.D. Cal. May 6, 2015).

### f)  California Plaintiffs Do Not Adequately Allege Any Basis Upon Which Their Claim Under The Unfair And Unlawful Prongs Of The California Unfair Competition Law May Be Based.

California's Unfair Competition Law ("UCL") "establishes three varieties of unfair

competition—acts or practices which are unlawful, or unfair, or fraudulent."  *Herron v. Best Buy Co.*,

924 F. Supp. 2d 1161, 1168 (E.D. Cal. 2013).  As noted above, California Plaintiffs' claim under the

fraudulent prong of the UCL fails because California Plaintiffs failed to adequately allege that Huawei

had knowledge of the alleged defects or that the alleged defects posed an unreasonable safety hazard.

California Plaintiffs' claims under the unlawful and unfair prongs do not fare any better.

California Plaintiffs' claim under the "unlawful" prong of the UCL borrows from all other claims

asserted in complaint, none of which should survive this motion to dismiss, for the reasons set out here.

*See* CAC ¶ 300 ("Defendants' conduct is unlawful because it violates the Magnuson-Moss Warranty

Act, the Song-Beverly Warranty Act, the California Consumers Legal Remedies Act, California's False

Advertising Law and constitutes breach of express and implied warranties, fraudulent concealment, and

unjust enrichment.").  Because California Plaintiffs have not stated a claim under any of the "borrowed"

laws, California Plaintiffs likewise have not stated a claim under the unlawful prong of the UCL.  *See id.*

(granting motion to dismiss after "find[ing] that Plaintiff did not plausibly allege any statutory

violations").  Moreover, even if Plaintiffs could allege a viable warranty claim, that would not support a

UCL claim under the unlawful prong.  "An alleged breach of warranty—a contract—is not itself an

unlawful act for purposes of the UCL."  *Elias*, 903 F. Supp. 2d at 859 (internal quotation marks

omitted).

Each of the five underlying bases for the California Plaintiffs' claim under the unfair prong of

the UCL lacks factual basis and therefore cannot support a claim.  *See* CAC ¶ 301.  First, as described

above, California Plaintiffs' allegations do not support their conclusory allegation that Huawei

"knowingly" sold defective phones to consumers; rather, the allegations establish that information about

the alleged defects did not begin to come to light until well after all of the California Plaintiffs had

24

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS
Case No. 5:17-cv-02185-BLF

1    purchased their phones.  *See id.* ¶ 301(a).  Second, refusing to repair or replace allegedly defective

2    phones that do not malfunction until after the expiration of the warranty period cannot constitute

3    "unfair" business practices "where the product functions as warranted throughout the term of its Express

4    Warranty."  *In re Sony Grand Wega*, 758 F. Supp. 2d at 1091; *see id.* ¶ 301(b).  Third, only Plaintiff

5    Makcharoenwoodhi alleges that Huawei "informed [him] that his warranty was voided because his

6    Phone had a small dent," which Makcharoenwoodhi apparently characterizes as a "minor cosmetic

7    issue."  *Id.* ¶¶ 15, 301(c).  This hardly rises to the level of an unfair "pattern and practice of blaming

8    minor cosmetic issues as a pretext to avoid providing warranty service."  *Id.* ¶ 301(c).  And California

9    Plaintiffs' fourth and fifth asserted grounds for their UCL unfair claim, "[r]equiring consumers to wait

10   several weeks to several months to receive accommodation for warranty claims" and "[p]roviding

11   repaired or replacement phones that contain the same Defects as the original Phones," have no factual

12   basis in California Plaintiffs' allegations.  *Compare id.* ¶ 301(d)-(e), *with id.* ¶¶ 12-37.  Without any

13   supporting factual allegations, California Plaintiffs' conclusory allegations in support of their UCL

14   unfair claim must be disregarded and the claim dismissed.

15           Accordingly, this Court should dismiss California Plaintiffs' UCL claim in full.

16           **g)      Plaintiff Servodio Lacks Standing To Pursue His Claim Under The**
              **Ohio Deceptive Trade Practices Act [Count XIX].**
17

18           Plaintiff Servodio's claim brought under the Ohio Deceptive Trade Practices Act ("ODTPA")

19   should also be dismissed because, as a consumer, he lacks standing to sue under that statute.  *Phillips v.*

20   *Philip Morris Cos.*, 2013 WL 1182233, at *6 (N.D. Ohio Mar. 21, 2013) ("The vast majority of federal

21   courts and all lower state courts to address the issue have concluded that relief under the [ODTPA] is not

22   available to consumers." (citations omitted)).

23           **3.      Unjust Enrichment Claim [Count V]**

24           As an initial matter, Plaintiffs' unjust enrichment claim should be dismissed because it fails to

25   specify the state law on which the claim is based.  "[U]ntil Plaintiffs indicate which States' laws support

26   their claim, the Court cannot assess whether the claim has been adequately plead."  *In re Static Random*

27   *Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008) (dismissing unjust

28   enrichment claim brought on behalf of nationwide class).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' claim for unjust enrichment also fails because under Florida, Illinois, Michigan, New York, Ohio, and Texas law, a plaintiff cannot recover for unjust enrichment where a "valid, express contract governing the subject matter of the dispute exists." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) (applying Texas law); *see Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So.2d 696, 697 (Fla. Dist. Ct. App. 2008) ("[An] unjust enrichment claim [is] precluded by the existence of an express contract between the parties concerning the same subject matter."); *Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 797 (N.D. Ill. 2010) (same); *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W. 2d 271, 280 (Mich. Ct. App. 2003) (same); *Metro. Elec. Mfg. Co. v. Herbert Constr. Co.*, 583 N.Y.S.2d 497, 498 (N.Y. App. Div. 1992) (same); *Randolph v. New England Mut. Life Ins. Co.*, 526 F.2d 1383, 1387 (6th Cir. 1975) (applying Ohio law). Here, Plaintiffs allege an express warranty between Huawei and consumers. *See* CAC ¶ 219. Because the express warranty constitutes a valid contract governing the subject matter of this dispute, Plaintiffs' claim for unjust enrichment should be dismissed. *See Moulton v. LG Elecs. USA, Inc.*, 2012 WL 3598760, at *4 (D.N.J. Aug. 21, 2012) ("[C]laims for unjust enrichment cannot be maintained where an express contract, such as a warranty, exists between the parties.").

### C.      Any Remaining Class Action Allegations Should Be Stricken.

The Complaint should be dismissed in its entirety for each of the reasons set forth above. In the alternative, however, if any cause of action survives the motion to dismiss, the Court should strike Plaintiffs' class action allegations.

Plaintiffs' putative nationwide class and statewide subclasses should be stricken for three reasons. First, as alleged, the putative classes are facially overbroad because they include consumers who never experienced any problem with their Nexus 6P phones. *See* CAC ¶ 205. Courts may strike overbroad class allegations when the putative class includes members who suffered no injury. For example, one court struck plaintiff's class allegations because he sought to represent all "Colorado residents who presumably purchased [the product] from anyone, anywhere, at any time regardless of whether he or she was ever injured by or even experienced the alleged Defect." *Edwards v. Zenimax Media Inc.*, 2012 WL 4378219, at *5 (D. Colo. Sept. 25, 2012); *see also Rasmussen v. Apple, Inc.*, 27 F.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Supp. 3d 1027, 1046 (N.D. Cal. 2014) (striking overbroad class definition "as it includes within the class individuals who have not experienced any issue or defect" with the challenged product); *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (striking class allegations because the class "includes members who have not experienced any problems with their [personal computers]"). Here, because the alleged nationwide class and state subclasses necessarily encompass consumers whose Nexus 6P phones never malfunctioned, the class allegations over overbroad and should be stricken.

Second, courts routinely strike nationwide class allegations at the pleading stage where, as here, the plaintiffs assert claims that would be adjudicated under the differing laws of many states.  *See Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *9 (C.D. Cal. Feb. 21, 2013) (striking nationwide class allegations asserting breach of warranty claim); *Rikos v. Procter & Gamble Co.*, 2012 WL 641946, at *7 (S.D. Ohio Feb. 28, 2012); *In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 1705285 (S.D.N.Y. July 22, 2005) ("Variations in the [unjust enrichment] laws of fifty different states eviscerate any common issues that may exist.").  Adjudication of Plaintiffs' warranty and fraud claims, which would require the application of divergent and numerous state laws, using the class action device is patently unmanageable and should be foreclosed from the outset.  *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946-47 (6th Cir. 2011) (striking nationwide class allegations because "different laws would govern the class members' claims" and "any potential common issues of fact cannot overcome this problem").

Third, the claims asserted on behalf of the alleged classes are not "capable of classwide resolution" and thus cannot meet the requirements of Rule 23.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  While Rule 23 is typically assessed at the class certification stage, courts may strike class allegations when, as here, those allegations, on their face, cannot pass muster under Rule 23.  *See Sanders*, 672 F. Supp. 2d at 992 (granting motion to strike class allegations).  Here, Plaintiffs' fraud and warranty claims require individualized inquiries to resolve that will necessarily overwhelm any common issues and preclude certification under Rule 23.  *See Sanders*, 672 F. Supp. 2d at 991 (observing that "[c]ourts routinely hold that both fraud and warranty claims are difficult to maintain on a nationwide basis and rarely are certified"); *Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 625 (S.D. Fla. 2008) (notice of breach of warranty is "an individualized factual inquiry").  And Plaintiffs' claim for "unjust

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

enrichment requires the court to assess whether the individual circumstances of each particular claim would result in inequity." *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 640 (S.D. Fla. 2010); *see also Bearden v. Honeywell Int'l Inc.*, 2010 WL 1223936, at *10 (M.D. Tenn. Mar. 24, 2010) (striking class allegations because "adjudication of a class-wide unjust enrichment claim will require individualized inquiry regarding each class member").

Because Plaintiffs' class allegations are overbroad and unmanageable on their face, this Court should strike them.

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice or strike all allegations against Huawei in the Consolidated Amended Complaint.  Because Plaintiffs are unable to cure the fatal deficiencies identified by Huawei, the Court should not permit Plaintiffs leave to amend.

DATED:   June 30, 2017                    COVINGTON & BURLING LLP


                                          By:    */s/ Simon J. Frankel*
                                                 Simon J. Frankel

                                                 *Attorneys for Defendant*
                                                 HUAWEI DEVICE USA, INC.