DURIE TANGRI LLP
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
CATHERINE Y. KIM (SBN 308442)
ckim@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendant
GOOGLE INC.

COVINGTON & BURLING LLP
SIMON J. FRANKEL (SBN 171552)
sfrankel@cov.com
LINDSEY BARNHART (SBN 294995)
lbarnhart@cov.com
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091

Attorneys for Defendant
HUAWEI DEVICE USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS**<br><br>Date:   November 16, 2017<br>Time:   9:00 a.m.<br>Ctrm:   3, 5th Floor<br>Judge: Honorable Beth Labson Freeman |

TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 16, 2017 at 9:00 a.m., or as soon thereafter as may be heard, before The Honorable Beth Labson Freeman, in Courtroom 3 - 5th Floor of the above-entitled court, located at 280 South 1st Street, San Jose, CA 94113, Defendant Google Inc. and Defendant Huawei Device USA, Inc., by their attorneys, hereby move pursuant to Federal Rule of Civil Procedure 26(c) and the Court's discretion to stay discovery pending rulings on each Defendant's Motion to Dismiss Plaintiffs' Consolidated Amended Complaint.

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the Consolidated Amended Complaint and other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

The motion is made on the following grounds:

1. Plaintiffs' Consolidated Amended Complaint is likely to be dismissed on the grounds presented in Defendants' motions to dismiss.

2. Accordingly, the Court should stay discovery at least until there is an operative complaint pursuant to *B. R. S. Land Inv'rs v. United States*, 596 F.2d 353 (9th Cir. 1979).

## I. INTRODUCTION

Defendant Google Inc. ("Google") and Defendant Huawei Device USA, Inc. ("Huawei," and collectively with Google, "Defendants") request a stay of discovery pending resolution of their respective Motions to Dismiss Plaintiffs' Consolidated Amended Complaint ("Mots."). One Plaintiff initially filed a class action in Texas, with a different description of the alleged defects. Then a subset of Plaintiffs filed a class action here, again with a different description of the defects. Then yet another Plaintiff filed a third class action here, and finally, Plaintiffs filed the Consolidated Amended Complaint ("CAC") in this case with not just the original plaintiffs from all three lawsuits, but more than a dozen plaintiffs from 12 states, with 23 claims, all based on new descriptions of the alleged defects. The set of proposed claims varies widely and includes common-law fraud, sundry warranty claims, and claims under more than a dozen consumer protection and unfair competition statutes. The CAC has serious problems, and both Defendants are moving to dismiss all of the claims concurrently with this motion to stay. Nonetheless, Plaintiffs have signaled a desire to begin expensive discovery long before the pending motions to dismiss can be decided. Much of that discovery—and the need to resolve the attendant discovery disputes—can be avoided if the Court postpones the process, because Defendants' motions are highly likely to, at a minimum, significantly narrow the issues in the case. Defendants therefore request a stay of discovery until the Court can decide whether any of Plaintiffs' claims can actually proceed, and if so, which ones.

## II. STATEMENT OF FACTS

On April 14, 2017, Plaintiff Gorbatchev filed a class action in Texas with one plaintiff and ten claims. *Gorbatchev v. Huawei Technologies USA, Inc.*, Case 4:17-cv-00260 (E.D. Tex. Apr. 14, 2017), ECF No. 1. Gorbatchev alleged that the Nexus 6P ("6P") experienced two issues: bootloop and battery drain. *Id.* ¶ 1. However, while his complaint attempted to lump battery drain and bootloop together as the "Defect," he himself only claimed to have experienced bootloop, and not battery drain. *Id.* ¶¶ 15–16, 18. Five days later, Plaintiffs Makcharoenwoodhi, Winfield, and Beheler filed in this District with twenty claims. ECF No. 1. These plaintiffs likewise attempted to lump battery drain and bootloop allegations together as the "Defect." *Id.* ¶ 6. These plaintiffs also allegedly suffered only one defect, the battery drain, but asserted claims for both. *Id.* ¶¶ 19–50 (Makcharoenwoodhi, Winfield, and Beheler

allege symptoms of battery drain), 101–316 (claims are based on both bootloop and battery drain).  Six days after that, Plaintiff Christensen also filed in this District, with one plaintiff and seven causes of action.  *Christensen v. Huawei Device U.S.A. Inc. et al.*, Case No. 5:17-cv-02336-NC (N.D. Cal. Apr. 25, 2017), ECF No. 1.  Plaintiffs then dismissed the Texas case, consolidated the *Makcharoenwoodhi* and *Christensen* cases here, and filed the CAC with fifteen plaintiffs from twelve states and twenty-three claims.  *Gorbatchev v. Huawei Technologies USA, Inc.*, Case 4:17-cv-00260 (E.D. Tex. May 8, 2017), ECF No. 12; ECF Nos. 16, 28.  These Plaintiffs also separated the battery drain and bootloop allegations, and most Plaintiffs say they experienced only one or the other.  CAC ¶¶ 2–3, 12–159.  The claims in the 88-page CAC vary widely and include common-law fraud, common-law unjust enrichment, warranty claims under 12 states' enactments of the UCC and other statutes, various consumer protection laws, various unfair competition statutes, and false advertising.  CAC ¶¶ 12–535.

The Plaintiffs have indicated a strong desire to begin discovery as soon as possible.  On June 9, 2017, Plaintiffs sent Defendants an email asking if they had time to discuss "some discovery issues."  *See* Declaration of Joshua H. Lerner in Support of Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motions to Dismiss ("Lerner Decl.") ¶ 2, Ex. A.  After Defendants agreed to speak, Plaintiffs immediately sent a calendar invite for a "26(f) conference" for two business days later, and sent document requests the next day (one business day before the requested 26(f) conference) along with other documents, including a schedule for the entire case.  *See id.* ¶¶ 3–5, Exs. B–D.  The requests included demands for, among other things, all internal communications concerning either the battery or bootloop issue, any root cause analysis, any communications between the co-Defendants concerning either issue, all complaints about the issues, examples of all advertising, and so on.  *See id.* ¶ 5, Ex. D.  Defendants responded that they were not prepared to hold the 26(f) conference on such short notice; this was important because Plaintiffs were proposing, among other things, a schedule for the entire case.  *See id.* ¶ 6, Ex. E.  Finally, before this motion, Defendants asked if Plaintiffs would be willing to agree to stay discovery, and Plaintiffs declined.  *Id.* ¶ 7, Ex. F.

Concurrent with this Motion to Stay, Defendants are also filing separate motions to dismiss seeking dismissal of all of Plaintiffs' claims.  *See* Mots.

### III. ARGUMENT: THIS COURT SHOULD STAY DISCOVERY PENDING ITS RULING ON THE MOTION TO DISMISS

A district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). Under Federal Rule 26, a district court has broad discretion in staying discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery. Such rulings will not be overturned unless there is a clear abuse of discretion.") (citation omitted). The Ninth Circuit has approved stays due to a pending dispositive motion where "discovery could not have affected" the pending decision, as such a stay "furthers the goal of efficiency for the court and litigants." *Id.*; *see also In re Hayes*, 465 F. App'x 684, 685 (9th Cir. 2012) ("[T]he bankruptcy court did not abuse its discretion by staying discovery pending the outcome of the parties' dispositive motions.") (citing Fed. R. Civ. P. 26(c)).

Courts in this District evaluate whether to issue a stay of discovery pending a dispositive motion under a two-prong test. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, No. C 1001324 JF PVT, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010). First, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* Second, "the court must consider whether the pending dispositive motion can be decided absent additional discovery." *Id.* Under both elements of this test, a stay of discovery is warranted here.

*First*, both Google and Huawei seek dismissal of all claims. *See* Google's Motion to Dismiss ("Google Mot.") at 1; Huawei's Motion to Dismiss ("Huawei Mot.") at 2; *Holmes v. Metro. Police Dep't*, No. 2:13-cv-00877-APG-GWF, 2014 WL 3734282, at *3 (D. Nev. July 29, 2014) (granting motion to stay discovery where, "[i]f successful, the pending motions to dismiss will potentially dispose of the entire case."); *Hamilton v. Rhoads*, No. C 11-0227 RMW PR, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (allowing stay where a pending motion to dismiss, if meritorious, would dispose of the entire case as it relates to defendant seeking stay); *Ralston v. Mortg. Inv'rs Grp., Inc.*, No. C 08-536 JF (PVT), 2010 WL 1136317, at *4 (N.D. Cal. March 22, 2010) (granting stay of discovery "because it is unclear whether Plaintiff can state a viable federal claim . . . ."). In such circumstances, a stay of discovery will "alleviate wasted resources and time." *Estate of Bock v. Cty. of Sutter*, No. CIV. S-11-0536 MCE, 2012

WL 94618, at *2 (E.D. Cal. Jan. 9, 2012); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("'[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility.'") (quoting *Havoco of Am., Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980)).

To give just a few examples of how obvious the flaws in Plaintiffs' claims as to Google are, Google does not provide an express warranty **and** Google's Terms of Sale for Devices in the Google Store expressly disclaims any warranty. Nonetheless, in the CAC, Plaintiffs try to state a claim against Google based on Google's public statements about the 6P. The problem is that the statements are, as a matter of law, non-actionable statements, and even if that were not the case, not one plaintiff alleges actually relying on any of the specific statements attributed to Google. *See* Google Mot. at 6-9. Likewise, Plaintiffs state numerous claims against Google that require a buyer-seller relationship with Google, yet only a handful of the Plaintiffs actually purchased from Google. *See id.* at 11-14. The list goes on, but suffice it to say, there are easily identified problems with the claims. *Estate of Bock*, 2012 WL 94618, at *2 ("Nevertheless, it is quite possible that some claims and/or defendants might be eliminated by the motion, and the undersigned is reluctant to require defendants to expend resources and perform much work in responding to discovery that might be mooted by the granting of the motion in whole or in part.").

As to Huawei, the CAC's most glaring defect is the absence of any non-conclusory allegations sufficient to establish personal jurisdiction over Huawei. This defect alone requires the dismissal of all claims asserted against Huawei. *See* Huawei Mot. at 6–8. Moreover, as detailed in Huawei's motion to dismiss, even if the Court finds that personal jurisdiction is proper for any of Plaintiffs' asserted claims, all of the causes of action suffer from a variety of other defects that Plaintiffs are unlikely to be able to remedy by amendment. *See* Huawei Mot. at 8–27.

***Second***, the parties' motions to dismiss can—and, in fact, must—be decided without resort to discovery. Both are based only on the CAC and are accompanied by a request for judicial notice for a limited set of additional materials. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (review of a motion to dismiss "is limited to the complaint, materials incorporated into

the complaint by reference, and matters of which the court may take judicial notice") (citation omitted); *Chatman v. Johnson*, No. CIV S-06-0578 MCE EFB P, 2007 WL 4212648, at *1 (E.D. Cal. Nov. 27, 2007) ("If the pending motions to dismiss are granted, there will be no need to respond to the discovery requests. The court has reviewed defendants' motions to dismiss and finds that they have merit.").

Therefore, a stay of discovery will avert the cost and burden to the Defendants of responding to discovery that could be mooted, entirely or to some extent, by their motions to dismiss. Given the breadth and scope of the discovery requests already served upon the parties, and Plaintiffs' apparent intention to push forward aggressively with discovery, a stay will likely also avert a waste of judicial resources in dealing with motions to compel and other discovery disputes pertaining to claims that likely will not survive the pleadings stage. For example, a number of Plaintiffs' claims against Google rest entirely on a series of public statements that Plaintiffs alternately claim constitute either express warranties or actionable misrepresentations. CAC ¶¶ 227, 321. As Google's motion details, there are grave problems with these theories—the statements do not even come close to the sorts of specific promises or affirmations that can constitute express warranties under the law. Google Mot. at 6-8. With respect to Huawei, Plaintiffs' Complaint does not allege any advertisements at all, which requires dismissal of certain claims—and underscores why discovery on Huawei's advertising would waste judicial resources if it proceeds before the motions to dismiss are resolved. However, if a stay is not granted, Plaintiffs will seek to take expensive, burdensome discovery concerning Defendants' advertising efforts, policies, and procedures—discovery that may be avoided altogether if it can wait until the Court has time to consider the pending motions to dismiss.

It is also relevant that the face of the CAC reveals defects in the proposed classes, and therefore the classes are subject to being stricken. The parties therefore should not be engaging in discovery at this early stage. First, a few basic points that raise serious questions as to the viability of the classes: Plaintiffs propose representing classes of persons who purchased or owned phones without regard to whether they experienced any defect. CAC ¶ 205. Such classes are overbroad. *Edwards v. Zenimax Media Inc.*, No. 12-CV-00411-WYD-KLM, 2012 WL 4378219, at *5 (D. Colo. Sept. 25, 2012) ("Colorado residents who presumably purchased [the product] from anyone, anywhere, at any time regardless of whether he or she was ever injured by or even experienced the alleged Defect."); *see also*

*Rasmussen v. Apple, Inc.*, 27 F. Supp. 3d 1027, 1046 (N.D. Cal. 2014) (striking overbroad class definition "as it includes within the class individuals who have not experienced any issue or defect" with the challenged product).  Furthermore, Plaintiffs wish to bring a thicket of divergent state laws, which will make management difficult, which in turn militates against a class action here.  CAC ¶¶ 213-535; *see Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW(JEMx), 2013 WL 658251, at *9 (C.D. Cal. Feb. 21, 2013).  Finally, a number of the theories that Plaintiffs want to pursue likely will require individualized inquiries.  *Anderson v. Samsung Telecommunications Am., LLC*, No. SACV 13-01028-CJC(JPRx), 2014 WL 11430910, at *5 (C.D. Cal. Oct. 20, 2014) ("Although the implied warranty claim does apply an objective standard as to whether repeated power loss and freezing rendered the Phones unfit for ordinary purposes, the claim is not susceptible to common proof.") (citation omitted).

**IV.    CONCLUSION**

For the reasons discussed above, Defendants ask the Court to stay discovery at least until there is an operative complaint.

Dated:  June 30, 2017                                    DURIE TANGRI LLP

                                                                         By:   */s/ Joshua H. Lerner*
                                                                                    JOSHUA H. LERNER

                                                                         Attorneys for Defendant
                                                                         GOOGLE INC.

Dated: June 30, 2017                                    COVINGTON & BURLING LLP

                                                                         By:   */s/ Simon J. Frankel*
                                                                                    SIMON J. FRANKEL

                                                                         Attorney for Defendant
                                                                         HUAWEI DEVICE USA, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2017 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

>  */s/ Joshua H. Lerner*
>  JOSHUA H. LERNER