Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
*dcg@girardgibbs.com*
*je@girardgibbs.com*
*sg@girardgibbs.com*

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| In re Nexus 6P Products Liability Litig. | Case No. 5:17-cv-02185-BLF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS**<br><br>Date: November 16, 2017<br>Time: 9:00 a.m.<br>Ctrm: 3, 5th Floor<br>Judge: Honorable Beth Labson Freeman |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1
II. FACTUAL BACKGROUND ................................................................................................2
   A. The First Amended Complaint.................................................................................2
   B. Plaintiffs' Efforts to Begin the Discovery Process ..................................................3
III. APPLICABLE LEGAL STANDARD ..................................................................................4
IV. ARGUMENT .........................................................................................................................5
V. CONCLUSION ......................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**

*Alvarez v. Nationstar Mortg. LLC*,
   No. 15-cv-04204-BLF, 2016 U.S. Dist. LEXIS 99789 (N.D. Cal. July 29, 2016)........................1, 2, 3

*B. R. S. Land Inv'rs v. United States*,
   596 F.2d 353 (9th Cir. 1979) .......................................................................................................1, 6

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) .........................................................................................................7

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017).....................................................................................................................2

*Keith v. Buchanan*,
   173 Cal. App. 3d 13, 220 Cal. Rptr. 392 (1985)..............................................................................7

*Law v. City of Berkeley*,
   No. 15-cv-05343-JSC, 2016 U.S. Dist. LEXIS 105066 (N.D. Cal. Aug. 9, 2016) .........................7

*Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*,
   No. 13-cv-01180-BLF, 2015 U.S. Dist. LEXIS 106292 (N.D. Cal. Aug. 11, 2015).......................7

*Malek v. Green*,
   No. 17-cv-00263-BLF, 2017 U.S. Dist. LEXIS 48305 (N.D. Cal. Mar. 30, 2017)..................1, 4, 5, 6

*Power Integrations, Inc. v. Chan-Woong Park*,
   No. 16-cv-02366-BLF, 2016 U.S. Dist. LEXIS 166912 (N.D. Cal. Dec. 2, 2016)..................1, 4, 5, 6

*Rosales v. FitFlop USA, LLC*,
   882 F. Supp. 2d 1168 (S.D. Cal. 2012)............................................................................................7

*Singh v. Google, Inc.*,
   No. 16-cv-03734-BLF, 2016 U.S. Dist. LEXIS 153689 (N.D. Cal. Nov. 4, 2016)...................1, 5, 6, 7

*Svenson v. Google, Inc.*,
   No. 13-cv-04080-BLF, 2014 U.S. Dist. LEXIS 165658 (N.D. Cal. Nov. 25, 2014)................1, 5, 6

*In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*,
   722 F.3d 838 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1277 (2014).................................................7

*Wolin v. Jaguar Land Rover North America, LLC*,
   617 F.3d 1168 (9th Cir. 2010) .........................................................................................................7

**OTHER AUTHORITIES**

FED. R. CIV. P. 12(b)(6) .................................................................................................................4

FED. R. CIV. P. 15 .........................................................................................................................1

FED. R. CIV. P. 26(d) ....................................................................................................................4

FED. R. CIV. P. 26(f) .....................................................................................................................4

## I. **INTRODUCTION**

Defendants have not shown good cause to stay discovery. There is nothing extraordinary about their motions to dismiss the First Amended Complaint ("FAC")—no overarching legal issues that would justify a pleading stage dismissal. On the contrary, Defendants' motions rest largely on technical pleading challenges. They make the usual arguments about privity, notice, and reliance in an effort to pare back Plaintiffs' breach of warranty and consumer protection claims. Plaintiffs believe these arguments are meritless, but even if the Court grants the motions in some respect, at this early stage the Court is likely to allow leave to amend. *See Alvarez v. Nationstar Mortg. LLC*, No. 15-cv-04204-BLF, 2016 U.S. Dist. LEXIS 99789, at *5 (N.D. Cal. July 29, 2016) ("[A] court should grant leave to amend 'when justice so requires' . . . 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'").

There is nothing to be gained by delaying the discovery needed to move this case forward. The defects at issue in this case are creating real-world problems for thousands of consumers. Plaintiffs' counsel have received over *4,500* inquiries from individuals who wish to join the litigation. Defendants only solution has been to point fingers at each other. Through consultation with technical experts, Plaintiffs' counsel are zeroing in on the root causes of defects common to these phones. The discovery Plaintiffs have served is straightforward and targeted at the core issues in the case. Plaintiffs want to know what work Defendants have done to identify the underlying defects, how Defendants are responding to consumer complaints, and the number of phones sold.

Surprisingly, Defendants fail to acknowledge any of the opinions recently issued by this Court in this very context – including two involving Google as a party – denying motions to stay discovery while a motion to dismiss was pending. *See Malek v. Green*, No. 17-cv-00263-BLF, 2017 U.S. Dist. LEXIS 48305 (N.D. Cal. Mar. 30, 2017); *Power Integrations, Inc. v. Chan-Woong Park*, No. 16-cv-02366-BLF, 2016 U.S. Dist. LEXIS 166912 (N.D. Cal. Dec. 2, 2016); *Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 U.S. Dist. LEXIS 153689 (N.D. Cal. Nov. 4, 2016); *Svenson v. Google, Inc.*, No. 13-cv-04080-BLF, 2014 U.S. Dist. LEXIS 165658 (N.D. Cal. Nov. 25, 2014). Defendants offer no persuasive reason to delay discovery. Huawei is unlikely to escape this lawsuit with its (non-dispositive) personal jurisdiction challenge, given, among other facts, Huawei's partnership with California-based Google to

develop the Nexus 6P and their joint product launch within this district.[1] *Cf. Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773 (2017) (forum court lacked personal jurisdiction over nonresident plaintiffs' claims where "all" of the nonresident defendant's relevant activities occurred elsewhere). For the reasons discussed below, the other arguments advanced by Defendants are no more persuasive. Their motion to stay should be denied.

## II. FACTUAL BACKGROUND

### A. The First Amended Complaint

On May 23, 2017, Plaintiffs filed the FAC on behalf of fifteen Plaintiffs residing in twelve states. *See* Docket Entry No. 28. The FAC asserts twenty-three causes of action against Defendants Google, Inc. ("Google") and Huawei Device USA, Inc. ("Huawei") related to their sale and marketing of Nexus 6P phones. The Nexus 6P is a high-end, "premium" smartphone developed through a collaborative effort between Defendants. *See, e.g.*, FAC ¶¶ 163, 168. Huawei manufactured the device; Google developed its software. *Id.* The Nexus 6P ranged from $499 to $649 in price. *Id.* ¶ 168.

The Nexus 6P phones are defective. Some phones experience a rebooting failure (*i.e.*, the Bootloop Defect), others experience severe battery drainage with early shut-off (*i.e.*, the Battery Drain Defect), and some a combination of both. FAC ¶¶ 1-3. As described in the FAC, when the Bootloop Defect manifests, the phone unexpectedly turns off, and upon turning back on it gets stuck in the bootup process, failing to proceed beyond the start-up screen. *Id.* ¶ 174. Once this Bootloop Defect manifests, the phone no longer operates and cannot be used to make calls, send text messages, access the internet, or perform any other function. *Id.* ¶ 175. Also, consumers permanently lose all access to any data or information stored on the phone, including photographs, videos, text messages, and contact lists, to the extent such data have not been backed up. *Id.* When the Battery Drain Defect manifests, the phone becomes inoperable, even though the screen shows that the battery is still partially, and in some cases almost fully, charged. *Id.* ¶ 177. Consumers report having the same experience: the phone will be working fine, with the battery showing a partial charge remaining (*e.g.*, between 15-45%), when the

---

[1] *See* http://consumer.huawei.com/en/press/news/2015/hw-455835/ (describing Huawei and Google's joint launch of the Nexus 6P in San Francisco) (last visited July 6, 2017).

phone suddenly turns off and will not turn back on. This sometimes happens with as much as 80-90% battery life remaining. *Id.* ¶ 177.

All of the Plaintiffs have experienced one or both of these defects, in most instances while their Phones were still under warranty. *See* FAC ¶¶ 12-159. The FAC details how their experiences mirror those of countless other Nexus 6P owners across the country. *Id.* ¶¶ 183-185. Notwithstanding Defendants' knowledge of the defects, they continued to sell the products and have consistently failed to provide non-defective replacement or repaired phones to affected consumers, even when their malfunctioning phones remain under warranty. *Id.* ¶ 190. For phones that fail shortly outside of the one-year warranty period – as often happens – Defendants deny warranty coverage. *Id.* ¶ 191. When consumers call Google or Huawei customer support, Google and Huawei representatives point fingers at one another and ping-pong the consumers back and forth between companies in a series of calls. *Id.* ¶ 193. Plaintiffs seek to represent a nationwide class of Nexus 6P owners or, in the alternative, several state subclasses. *Id.* ¶ 205.

### B. Plaintiffs' Efforts to Begin the Discovery Process

On April 26, 2017, the Court issued an order setting a Case Management Conference ("CMC") for August 24, 2017, and requiring that a Joint Case Management Statement be filed a week prior to the Conference.[2] As partially described in Defendants' motion, Plaintiffs' counsel then sought to schedule a conference call with Defendants to discuss discovery issues and begin jointly preparing for the CMC. Defendants appear to quibble with the email's reference to "discovery issues" rather than the rule governing discovery. *See* Def. Mem. at 2. In any event, any doubt about the purpose of the call was dispelled by the calendar invite referencing Rule 26(f). *Id.*; *see* FED. R. CIV. P. 26(f) (requiring that the parties confer regarding designated discovery topics "as soon as practicable" and in no event later than 21 days before the scheduling conference).

While Defendants further complain about "expensive discovery long before the pending motions to dismiss can be decided" (Def. Mem. at 1), Rule 26(d) provides for early discovery and Plaintiffs accordingly delivered limited document requests on June 16, 2017. These consisted of a dozen targeted

---

[2] The parties later stipulated that the CMC be continued to August 31, to accommodate Huawei counsel's vacation, and the Court entered the parties' stipulation. *See* Docket Entry No. 45.

requests, directed at each Defendant, seeking documents related to the named Plaintiffs; the technical specifications of the Phones; internal analyses of the defects, including any root-cause analyses; customer complaints and warranty claims; applicable insurance and/or indemnification agreements; and communications with third parties (and among the Defendants) related to the Bootloop and Battery Drain Defects.

Instead of serving objections to these requests or agreeing to confer regarding the scope of any discovery request, Defendants moved for a blanket stay of discovery. They agreed thereafter to participate in a Rule 26(f) call on July 21, while also reserving their arguments in their motion to stay.

### III.  APPLICABLE LEGAL STANDARD

As this Court recently reiterated, "'[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.'" *Malek*, 2017 U.S. Dist. LEXIS 48305, at *2 (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)). "'Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.'" *Id.* (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

A district court's broad discretion "extends to staying discovery upon a showing of 'good cause.'" *Power Integrations, Inc.*, 2016 U.S. Dist. LEXIS 166912, at *2 (citing Fed. R. Civ. P. 26(c)(1)(A)). Such "good cause" may be present where, for example, the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Id.* at *2 (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)). "Under Ninth Circuit law, '[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied.'" *Id.* at *2-3 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

Defendants correctly note that this Court has applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See Singh*, 2016 U.S. Dist. LEXIS 153689, at *3 (collecting cases). The Court asks "first whether a pending motion is potentially dispositive of the entire case (or at least dispositive of the issue as to which discovery is directed), and second whether the pending motion can be decided absent discovery." *Svenson*, 2014 U.S. Dist. LEXIS

1   165658, at *3 (citing *Hamilton v. Rhoads*, No. 11-0227 RMW (PR), 2011 U.S. Dist. LEXIS 123494, at
2   *1 (N.D. Cal. Oct. 25, 2011)). "If the Court answers these two questions in the affirmative, a protective
3   order may issue. However, if either prong of this test is not established, discovery proceeds." *Malek*,
4   2017 U.S. Dist. LEXIS 48305, at *3 (citation omitted). "In applying this two-factor test, the court must
5   take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is
6   warranted." *Id.* (citation omitted).

## IV. ARGUMENT

Defendants' motion falls short of meeting the standard for issuance of a discovery stay. They do not even attempt to make the particularized showing of good cause that is required. And they cannot credibly maintain that the discovery Plaintiffs have requested to date would not include information that could be used to cure any existing pleading deficiencies.

That Defendants seek to have every claim in the FAC dismissed with prejudice is not a sufficient justification for a blanket protective order. This Court's opinion in *Singh*, a putative class action involving Google's AdWord advertisements, demonstrates the point. *Singh,* 2016 U.S. Dist. LEXIS 153689, at *1. As it did here, Google filed a motion seeking to dismiss the complaint in its entirety, and simultaneously sought to stay discovery pending the outcome of that motion. *Id.* at *1-2. Google argued that the stay would avoid "needless discovery burdens" and "possible discovery disputes" before the legal sufficiency of the complaint had been tested. *Id.* at *3-4. This Court rejected those arguments – which Google and Huawei now repeat. In doing so, the Court observed that Google "assumes that even if the Court finds that all of the claims are deficient . . . the Court would not grant Plaintiff leave to amend." *Id.* at *4-5. The Court also found that it could not assess the merits of the motion to dismiss via a "preliminary peek" since the plaintiff had not yet responded to the motion to dismiss. Further, even if Google "were correct that Plaintiff's claims must be dismissed as alleged, the Court would consider whether leave to amend should be granted, rendering Google's motion not dispositive." *Id*. at *5 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Res. Dev. Servs., Inc.*, No. C 10-1324, 2010 U.S. Dist. LEXIS 105100, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010)). Finally, the Court found that Google's motion failed to establish that denial of the requested stay would be unduly burdensome, as it "fails to identify any discovery burdens, and offers no particular or specific facts to support its assertion

1  that a stay would be necessary to spare the parties or the Court from the 'burden' of discovery." *Singh*,
2  2016 U.S. Dist. LEXIS 153689, at *5. The motion to stay was, accordingly, denied. *Id.*

3        This Court reached the same result in another case involving Google. *See Svenson,* 2014 U.S.
4  Dist. LEXIS 165658, at *2 ("To the extent that Defendants still seek a stay of discovery, the Federal
5  Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially
6  dispositive motion is pending.") (internal citations omitted); *see also Malek*, 2017 U.S. Dist. LEXIS
7  48305, at *5 (denying motion to stay discovery pending resolution of a potentially dispositive motion to
8  dismiss, where the Court's "preliminary peek" at the motion and opposition revealed that the contested
9  legal issues were "the subjects of reasonable dispute, such that it cannot be confidently said that
10 Defendants will succeed in ending the action or that their arguments are entirely meritorious."); *Power
11 Integrations, Inc.*, 2016 U.S. Dist. LEXIS 166912, at *5 (same). As noted above, Defendants' motion
12 fails even to acknowledge these cases, much less explain why the Court should depart from their
13 reasoning under similar circumstances here. If anything, there is more of a compelling reason for
14 discovery *not* to be stayed in this case given Google's request that the Court take judicial notice of
15 certain advertisements on its website in connection with its motion to dismiss. *See* Docket Entry No. 40.

16       Defendants' citation to *B. R. S. Land Inv'rs, supra*, in their notice of motion does not rescue the
17 arguments that follow. *See* Def. Mem. at ii. That case, which involved the National Environmental
18 Policy Act of 1969, merely reiterates the familiar standard that a district court has discretion to stay
19 discovery if "it is convinced that the plaintiff will be unable to state a claim upon which relief can be
20 granted." 596 F.2d at 356 (citing 4A Moore's Federal Practice P 30.52, at 30-49 (2d ed. 1975)).
21 Defendants fail to articulate any convincing reason for why Plaintiffs cannot state any claim for relief
22 arising out of their malfunctioning phones.

23       The handful of "obvious" examples of purported "flaws" in certain of Plaintiffs' claims that
24 Defendants posit furnish no reason to stay discovery. *See* Def. Mem. at 4-6. Defendants' arguments
25 concerning whether this Court has personal jurisdiction over Huawei and whether the Court should
26 strike the class allegations lack merit and, moreover, are unlikely to terminate this case if accepted.
27 Therefore, even if the Court were receptive of Defendants' positions, the discovery Plaintiffs have
28 requested will be relevant and necessary. *See, e.g., Wolin v. Jaguar Land Rover North America, LLC*,

617 F.3d 1168, 1174 (9th Cir. 2010) (reversing order that had denied class certification on the basis that the percentage of class members who experienced the defect was insufficiently high); *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 857 (6th Cir. 2013) ("Because *all* Duet owners were injured at the point of sale upon paying a premium price for the Duets as designed, even those owners who have not experienced a mold problem are properly included within the certified class.") (emphasis in original), *cert. denied*, 134 S. Ct. 1277 (2014); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017) (recognizing presumption that manageability difficulties alone do not defeat class certification).

Defendants' request to have the class allegations stricken is not only substantively flawed; it is also procedurally premature. *See Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*, No. 13-cv-01180-BLF, 2015 U.S. Dist. LEXIS 106292, at *107 (N.D. Cal. Aug. 11, 2015) (denying "motion to strike class allegations without prejudice to raising the arguments presented in that motion at a later stage of the proceedings."); *Law v. City of Berkeley*, No. 15-cv-05343-JSC, 2016 U.S. Dist. LEXIS 105066, at *9 (N.D. Cal. Aug. 9, 2016) (motions to strike class allegations "are disfavored and 'apply a very strict standard': '[o]nly if the court is convinced that any questions o[f] law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed may the allegations be stricken.'" (quoting *Roy v. Wells Fargo Bank, N.A.*, No. 14-CV-04661-SC, 2015 U.S. Dist. LEXIS 39636, 2015 WL 1408919, at *2 (N.D. Cal. Mar. 27, 2015)).

Google, once again, "offers no particular or specific facts to support its assertion that a stay would be necessary to spare the parties or the Court from the 'burden' of discovery." *Singh*, 2016 U.S. Dist. LEXIS 153689, at *5. Instead, Google repeats its legal argument that Plaintiffs' breach of express warranty claims cannot be based upon "Google's public statements about the 6P." Def. Mem. at 4. But Google misstates the law by claiming that these statements are not actionable. *Id.* In fact, courts within the Ninth Circuit have found statements and claims in advertisements to be sufficient to create an express warranty. *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012) ("Product advertisements, brochures, or packaging can serve to create part of an express warranty.") (citations omitted); *see also Keith v. Buchanan*, 173 Cal. App. 3d 13, 21, 220 Cal. Rptr. 392, 396 (1985) ("It has even been suggested 'that in an age of consumerism all seller's statements, except the most blatant sales

pitch, may give rise to an express warranty.'") (quoting 1 Alderman and Dole, A Transactional Guide to the Uniform Commercial Code (2d ed. 1983) p. 89). Contrary to Defendants' related contention (Def. Mem. at 4), the FAC does allege that Plaintiffs and Class members were exposed to and relied upon advertisements for the phones which, accordingly, became part of the basis of their bargains. FAC ¶¶ 227-28. The FAC alleges that several of the Plaintiffs – such as Tran (FAC ¶ 52), Beheler (*id*. ¶ 59), Harrison (*id*. ¶ 91), Leone (*id*. ¶ 129), and Johnston (*id*. ¶ 153) – saw Google's advertising. Curiously, Defendants also argue that (unspecified) "numerous" claims require a buyer-seller relationship with Google – only to concede that some Plaintiffs bought their phones directly from Google. *See* Def. Mem. at 4. Moreover, these arguments appear to relate only to Plaintiffs' claims for express warranty, not to those for unfair or deceptive business practices or unjust enrichment.

Plaintiffs will fully respond to the substance of Defendants' arguments in their motion to dismiss opposition that is due July 28. For present purposes, it is enough to conclude that none of the limited examples of purported pleading deficiencies referenced in Defendants' brief establishes good cause for a stay of discovery.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to stay discovery should be denied.

Dated: July 14, 2017

Respectfully submitted,

By: /s/ *Benjamin F. Johns*
Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Jessica L. Titler (*pro hac vice*)
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
bfj@chimicles.com
awf@chimicles.com
jt@chimicles.com

Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
dcg@girardgibbs.com
je@girardgibbs.com
sg@girardgibbs.com

*Interim Co-Lead Counsel*

Cory S. Fein (State Bar No. 250758)
**CORY FEIN LAW FIRM**
712 Main St., #800
Houston, TX 77002
Tel: (415) 981-4800
Fax: (530) 748-0601
cory@coryfeinlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Benjamin F. Johns, certify that on July 14, 2017, I caused the foregoing Plaintiffs' Opposition to Defendants' Motion to Stay Discovery to be filed using the Court's CM/ECF system, thereby causing it to be served upon all registered ECF users in this case.

/s/ *Benjamin F. Johns*
Benjamin F. Johns