| | |
|---|---|
| In re NEXUS 6P PRODUCTS LIABILITY LITIGATION. | Case No. 17-cv-02185-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY** |

Presently before the Court is the joint motion to stay discovery brought by Defendants Huawei Device USA, Inc. ("Huawei") and Google Inc. ("Google") (collectively, "Defendants"). Mot., ECF 41. On May 23, 2017, Plaintiffs filed a Consolidated Amended Complaint ("Compl.") on behalf of a nationwide putative class and 12 separate state putative classes of consumers against Defendants alleging twenty-three causes of action related to their sale and marketing of allegedly defective Nexus 6P smartphones. ECF 28. Defendants have filed respective motions to dismiss Plaintiffs' Consolidated Amended Complaint, which are each scheduled for a hearing on November 16, 2017. ECF 38, 39. Both motions to dismiss are fully briefed. The present motion to stay discovery is also fully briefed. ECF 46, 47. The Court heard oral argument on August 17, 2017. The Court has considered the parties' briefing and oral argument presented at the hearing. For the reasons stated on the record and below, the Court GRANTS the request to stay discovery until the hearing on Defendants' motions to dismiss on November 16, 2017.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a

district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'" *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. C-13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

Google and Huawei initially appear to request a stay of discovery "pending resolution of their respective Motions to Dismiss," which they define as "at least until there is an operative complaint." Mot. 6. However, they later clarify that they are requesting a stay of discovery at least until the hearing on the motions to dismiss on November 16, 2017. Reply 7-8. Plaintiffs argue that no stay of discovery in this case is warranted, particularly because the discovery Plaintiffs have served thus far is "straightforward and targeted at the core issues in the case." Opp'n 1.

2

United States District Court
Northern District of California

Google disagrees, and argues that Plaintiffs' twelve document requests are overbroad and may "fall out altogether or be significantly limited after the Court rules on the motion to dismiss." Reply 6.

The Court has taken a "preliminary peek" at the merits of the underlying motions to dismiss in considering whether a limited stay is warranted in this case. *Tradebay*, 278 F.R.D. at 602. Google and Huawei move to dismiss the Consolidated Amended Complaint on different grounds, thus the Court must consider the dispositive nature of their arguments for dismissal separately. Huawei has a threshold personal jurisdictional challenge to Plaintiffs' claims that could be dispositive of, or drastically alter, Huawei's continued involvement in this case. Although the Court notes that there could be a distinction with respect to Huawei's claim-related contacts with California in this case in comparison to the defendant's contacts with California in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, the Court need not determine whether it has personal jurisdiction over Huawei at this stage. 137 S.Ct. 1773, 1778 (2017).[1] Rather, the Court is satisfied that the personal jurisdiction argument is potentially dispositive of the entire case as to Huawei. *See Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted).

Turning to the claims against Google, although there does not appear to be a "silver bullet" defense, Google's motion to dismiss presents strong arguments for dismissal of Plaintiffs' express warranty claims. Plaintiffs allege that Google's public statements and advertisements about the Nexus 6P give rise to either express warranties or actionable misrepresentations. However, Google has requested judicial notice of Google's Terms of Sale for Devices which are incorporated by reference into the complaint and contain an express warranty disclaimer. Mot. 4. These claims could prove difficult for Plaintiffs to overcome, even with leave to amend freely given. Thus, the Court finds that Google's motion to dismiss could be potentially dispositive of the express warranty claims, which in turn would limit the scope of discovery.

---

[1] Moreover, the Supreme Court expressly left open the question of whether its decision in *Bristol-Myers* applies in federal courts or to class actions. 137 S. Ct. at 1784, 1789 n.4.

The Court also notes that the pending motions to dismiss are fully briefed, and can be decided without additional discovery. *Pac. Lumber Co.*, 220 F.R.D. at 352. Therefore, the Court finds that under Ninth Circuit law and the two-pronged approach applied by courts in this district, Defendants have satisfied their burden to obtain a limited stay of discovery in this case until the hearing on their respective motions to dismiss on November 16, 2017.

To put this limited stay in context, discovery will be stayed for approximately three months until the hearing on Google and Huawei's motions to dismiss. Although the trial date in this matter has not yet been set, the Court's schedule requires that the trial be set for no earlier than the fall of 2020, over three years from now. Therefore, this limited stay of discovery does not unduly prejudice Plaintiffs, and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer. Moreover, Huawei's future in this case hinges on this Court's resolution of the personal jurisdiction analysis. The Court does not anticipate granting successive stays of discovery upon expiration of this limited discovery stay after the hearing on the motions to dismiss. The Court anticipates that it will be able to provide significant guidance to the parties about the scope of the pleadings that will be allowed to go forward at the time of the November 16, 2017 hearing. At that point, the parties will be expected to cooperate with respect to discovery and other pre-trial matters.

For the reasons set forth above and on the record, Defendants' motion to stay discovery is hereby GRANTED. Discovery in this case is STAYED until the hearing on Google and Huawei's pending motions to dismiss on **November 16, 2017.**

**IT IS SO ORDERED.**

Dated: August 18, 2017

_____
BETH LABSON FREEMAN
United States District Judge