# EXHIBIT A

2017 WL 3496460
Only the Westlaw citation
is currently available.
United States District Court,
D. Nevada.

Raymond MALDONADO, Plaintiff
v.
HSBC MORTGAGE
SYSTEMS, INC., Defendant

2:16–cv–00784–JAD–VCF
|
Signed 08/15/2017

**Order Granting in Part and Denying in Part Defendant's Motion to Dismiss**

[ECF No. 16]

Jennifer A. Dorsey, United States District Judge

**\*1** Defendant HSBC Mortgage Systems, Inc. requested plaintiff Raymond Maldonado's credit report from a credit-reporting agency so that it could review his longstanding account with HSBC. But Maldonado had discharged his HSBC account in bankruptcy a month prior, so he contends that this credit pull violated the Fair Credit Reporting Act ("FCRA"). Mandonado brought this suit alleging that he (and a class) is entitled to statutory damages from HSBC for violating the FCRA. HSBC moves to dismiss Maldonado's complaint on two grounds: (1) the entire complaint fails either because the alleged violation does not qualify for damages or because Maldonado has no standing to bring his claim; and (2) Maldonado's class allegations should be dismissed because they are too broad.

Maldonado adequately alleges his statutory-damages claim under the FCRA. He alleges that HSBC received notice that his account was discharged and pulled his credit report anyway. Making all inferences in favor of Maldonado, a jury could find that HSBC willfully violated the FCRA because it had no permissible purpose for pulling his report.

HSBC's standing argument also fails. Although I agree that Maldonado's negligible injuries are probably not concrete harms warranting entry into the federal courts, binding Ninth Circuit precedent says otherwise. In *Syed v. M–I, LLC*, a panel recently explained that when a defendant pulls a consumer's credit report without authorization, the consumer is "deprived of their ability to meaningfully authorize the credit check"—and that this harm is a concrete privacy injury that confers Constitutional standing. I am bound by this precedent.

But I agree with HSBC that Maldonado's class allegations are insufficient, even at this early stage. Maldonado alleges a class that includes any consumer who filed bankruptcy within the last two years and whose credit was pulled by HSBC. This class extends to any HSBC customer who happened to have filed for bankruptcy protection in the last couple years—the class is not tied to members who would have a colorable

claim against HSBC. I thus grant the defendant's motion to strike Maldonado's class allegations, but otherwise deny its motion.

## Discussion

### A. Motion-to-dismiss standards

A properly pleaded complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." [1] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." [2] "Factual allegations must be enough to rise above the speculative level." [3] To survive a motion to dismiss, a complaint must "contain [ ] enough facts to state a claim to relief that is plausible on its face." [4]

### B. Maldonado plausibly alleges that HSBC willfully violated the FCRA.

*2 HSBC argues that Maldonado has not alleged an actionable claim under the FCRA because, although it may have committed a procedural violation, it did not act negligently or willfully as the statute requires. Creditors like HSBC are liable for violations of the FCRA only if they acted with culpable intent: either negligence or willfulness. If a plaintiff pursues a negligence theory, he must allege actual damages caused by the creditor's violation; if a plaintiff adequately alleges that a violation was willful, he need not allege actual damages because statutory damages are available. [5]

I agree that Maldonado has not sufficiently alleged a negligence violation here because he does not allege that HSBC's caused him any actual damage when it pulled his credit report a single time. Maldonado contends that HSBC violated his privacy rights by prying into his credit report, and that this invasion of his privacy is "actual damage." But he offers no authority to suggest that a bare invasion of a privacy interest is actual damage for purposes of the FCRA, and a number of courts have rejected this theory. [6] If Maldonado means to allege that this invasion of privacy caused some sort of emotional or other cognizable damage, he would need to sufficiently allege those facts. [7]

Still, Maldondo plausibly alleges a claim for willful violation of the FCRA. A defendant wilfully violates the FCRA if it acted in "reckless disregard of statutory duty," or "know[ingly] violate[d] the Act." [8] The defendant's violation must "show[ ] that the company ran a risk of violating the law substantially greater than the risk associated with ... mere[ ] careless [ness]." [9]

Maldonado states a plausible willful-violation claim because he alleges that HSBC was specifically notified that his account was discharged and it pulled his credit anyway. Maldonado alleges that HSBC received actual notice of his bankruptcy discharge, but that it nevertheless pulled his credit without his authorization. [10] HSBC does not

meaningfully address the allegation that it knew Maldonado's account was discharged. The FCRA clearly states that a creditor may not pull a credit report for a customer who no longer has an account—so there is no plausible reading of the statute that would make HSBC's actions proper.[11] The Ninth Circuit and numerous district courts have found similar conduct to be willful.[12] At this stage, Maldonado has stated a plausible claim.

**C. Maldonado has suffered a concrete harm that gives him standing to bring this claim.**

*\*3* To file a case in federal court, the U.S. Constitution requires that the plaintiff suffer a concrete injury.[13] Although a concrete injury need not be a tangible one,[14] the "plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly.*"[15]

The Supreme Court has offered two guideposts for determining whether an intangible harm should be viewed as a concrete injury for purposes of Article III. First, Congress can "identify intangible harms that meet minimum Article III requirements."[16] Although Congress does not automatically create standing merely by giving the public a right to sue when a defendant violates a statute, Congress's decision to protect against a certain injury can indicate that this injury is concrete for purposes of Article III.[17] Second, courts consider history: whether "an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."[18] If a plaintiff alleges that the defendant's violation of a statute caused a harm similar to a traditional, concrete injury, the plaintiff likely enjoys Article III standing.[19]

Maldonado argues that his privacy rights were invaded when HSBC pulled and viewed his credit report and that this invasion of privacy is a well-recognized, common-law injury. He also argues that Congress recognized that willful violations of the FCRA create a cognizable injury by imposing statutory damages on violators.

The Ninth Circuit recently held in *Syed* that an employer who improperly pulled an applicant's credit report concretely injured the applicant's privacy rights, thus conferring standing on the applicant to sue in federal court.[20] The panel explained that the FCRA creates a right to privacy by empowering consumers to control who sees their credit report.[21] And Congress recognized that willfully depriving a consumer of this control is a real harm that warrants statutory damages.[22] The panel concluded that a victim of an unauthorized, willful credit pull has suffered a concrete injury and can bring a federal lawsuit to remedy it.[23]

Although *Syed* concerned an employer pulling an applicant's credit report, there is no meaningful way to distinguish that case from Maldonado's situation. Indeed, another district court recently applied *Syed*

to facts nearly identical to Maldonado's, concluding that *Syed* controlled. In *In re Ocwen*, the plaintiff's account with the defendant lender had been discharged in bankruptcy, but the lender still pulled the plaintiff's credit report to conduct a routine account review.[24] The district court held that *Syed*'s reasoning applies, and that alleging that a defendant willfully violated the FCRA by pulling a credit report without a permissible reason is enough to confer constitutional standing.[25]

**\*4** I find the *Ocwen* court's reasoning persuasive. The Ninth Circuit has signaled that willfully pulling a consumer's credit report without a permissible reason is a concrete privacy injury that confers standing. I thus deny HSBC's motion to dismiss Maldonado's individual FCRA claims.

### D. Maldonado's proposed class is improper.

Although the merits of class claims are usually tested when a plaintiff moves to formally certify his class, defendants may move to dismiss them earlier if they are facially improper.[26] One obvious way a class can be improper is if it is too broad because it contains numerous members who do not even have a claim against the defendant.[27]

That is precisely the case here. Maldonado alleges a class effectively made up of every HSBC customer who has filed for bankruptcy in the last two years. Maldonado has not even attempted to meaningfully limit his proposed class to persons who have plausible claims against HSBC. He suggests that his complaint otherwise indicates that the claim he asserts is for unauthorized credit pulls, but his proposed class is not limited in that way. I thus grant HSBC's motion to strike the class allegations.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant's **motion to dismiss [ECF No. 16] is GRANTED IN PART AND DENIED IN PART as explained in this order**.

### All Citations

Slip Copy, 2017 WL 3496460

## Footnotes

1. FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
2. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
3. *Twombly*, 550 U.S. at 555.
4. *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).
5. *Taylor v. First Advantage Background Servs. Corp.*, 2016 WL 4762268, at \*4 (N.D. Cal. Sept. 13, 2016) (citing 15 U.S.C. § 1681*o*(a)(1)).

6   *Banga v. Experian Info. Sols., Inc.*, 473 Fed.Appx. 699, 700 (9th Cir. 2012) (affirming dismissal of FCRA negligence claims because there was no allegation of actual damage from the violation); *In re Ocwen Loan Servicing LLC Litig.*, 2017 WL 1289826, at *6 (D. Nev. Mar. 3, 2017).

7   *Smith v. One Nevada Credit Union*, 2017 WL 2803169, at *4 (D. Nev. June 27, 2017) (rejecting negligence FCRA claim because the plaintiff's alleged damages of "emotional distress" were too conclusory).

8   *Ocwen*, 2017 WL 1289826, at *6 (citation omitted).

9   *Syed v. M–I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017).

10  ECF No. 10 at 6.

11  FCRA allows creditors to pull reports for account reviews only to check whether existing customers "continue" to meet the terms of the account, which is obviously impossible if the account is discharged in bankruptcy. See 15 U.S.C. § 1681b(a)(3).

12  In *Syed*, the Ninth Circuit analogized to the qualified-immunity doctrine, explaining that willfulness under the FCRA should be judged by whether reasonable actors would know that the conduct in question violated the statute. *Syed*, 853 F.3d at 504. There can be no question here that any reasonable creditor would know that pulling the credit report of a customer who no longer has an account would violate the statute. What HSBC appears to argue is that it merely made an internal mistake about whether Maldonado's account had been discharged, which would be negligence, not willfulness. But those facts are not in the complaint and improper for me to consider at this stage. Maldonado alleges that HSBC was notified in a letter that his account was terminated so it knew it had no right to pull his credit, and that HSBC nevertheless pulled his report. These facts state a plausible claim for a knowing violation of the statute.

13  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992).

14  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

15  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

16  *Id.*

17  *Id.*

18  *Id.*

19  *Id.*

20  *Syed*, 853 F.3d at 504.

21  *Id.* at 499.

22  *Id.*

23  *Id.*

24  *Ocwen*, 2017 WL 1289826, at *6.

25  *Id.*; see also *Smith*, 2017 WL 2803169, at *3 (following *Ocwen* on similar grounds).

26  *John v. Mazo*, 2016 WL 4497755, at *2 (D. Nev. Aug. 25, 2016). Maldonado argues that I may not strike class claims this early in the case, but I can. Under Federal Rule of Civil Procedure 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." And Rule 23(d)(1)(D) allows me "require that the pleadings be amended to eliminate allegations about representation of absent persons." Finally, "[d]istrict courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted ... lies within the sound discretion of the trial court.' " *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009).

27  *In re Deepwater Horizon*, 739 F.3d 790, 827 (5th Cir. 2014) (a class definition is overbroad if it "includes people who have no legal claim whatsoever"); *In re Zappos.com, Inc.*, 2016 WL 2637810, at *8 (D. Nev. May 6, 2016) (dismissing class allegations because the proposed class would encompass numerous people who many not have any "meaningful" claims against the defendant).

**End of Document**   © 2018 Thomson Reuters. No claim to original U.S. Government Works.