Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Jessica L. Titler (*pro hac vice*)
**CHIMICLES & TIKELLIS LLP**
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
*bfj@chimicles.com*
*awf@chimicles.com*
*jt@chimicles.com*

Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*dcg@girardgibbs.com*
*je@girardgibbs.com*
*aep@girardgibbs.com*
*sg@girardgibbs.com*

*Interim Class Counsel*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re Nexus 6P Products Liability Litigation | Case No. 5:17-cv-02185-BLF-HRL<br><br>**JURISDICTIONAL DISCOVERY PLAN**<br><br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth L. Freeman |

Pursuant to the Court's February 12, 2018 Order Granting with Leave to Amend Motion to Dismiss for Lack of Personal Jurisdiction as to Huawei (ECF 113), Plaintiffs Roy Berry, Jonathan Makcharoenwoodhi, Alex Gorbatchev, Brian Christensen, Anthony Martorello, Khanh Tran, Edward Beheler, Yuriy Davydov, Rebecca Harrison, Zachary Himes, Taylor Jones, Paul Servodio, Justin Leone, James Poore, Jr., and Kenneth Johnston ("Plaintiffs") and Defendant Huawei Device USA, Inc. ("Huawei") submit this jurisdictional discovery plan.

The parties are generally in agreement on interrogatories and a Rule 30(b)(6) deposition, but dispute the substantive scope of discovery, whether requests for production and limited fact witness depositions are appropriate at this time, and whether Huawei may seek any jurisdictional discovery from Plaintiffs. The parties set forth below the points on which they agree, and the areas in which their positions diverge. Consistent with the Court's comments at the January 18, 2018 hearing, the parties will make themselves available at the Court's request to explain further the bases for their respective positions.

**I.   Plaintiffs' Statement**

    **A.   Jurisdictional Discovery Topics**

Plaintiffs believe that the following are appropriate subjects for jurisdictional discovery:

1. Activities performed by Huawei, whether individually or in collaboration with Google, in or purposefully directed toward California with respect to or as reflected in:

   a) development of the Nexus 6P (i.e., research, design, testing, analysis, Android interoperability, manufacture, and promotion);

   b) the contracts governing Defendants' collaboration on development of the Nexus 6P;

   c) investigation, research, and analysis concerning the Nexus 6P bootloop and battery drain defects; and

   d) Nexus 6P customer service, including handling of customer complaints and warranty claims concerning the bootloop and battery drain defects.

2.     The identities, titles, and work of Huawei personnel who worked in California on any of the above activities.

Because these topics relate to the causal chain underlying Plaintiffs' claims against Huawei, discovery on them will produce evidence relevant to Plaintiffs' ability to allege personal jurisdiction in their forthcoming amended complaint.

**California Development (1(a)).** This case centers on allegedly defective phones manufactured by Huawei in conjunction with Google. Huawei operates research and development facilities in Santa Clara and San Diego that focus on "research and development activities . . . [including] power conservation, product testing, compatibility testing and Android interoperability." ECF 55, Ex. B. As this Court recognized, these facts "leave room for the possibility that Huawei either did or did not perform relevant development of the Nexus 6P in California." ECF 113 at 8. The extent to which Huawei developed its phones in California therefore bears on the jurisdictional analysis.

Although Huawei resists providing information about its promotion of the Nexus 6P in California, those facts are relevant to the jurisdictional analysis because Plaintiffs seek relief against Huawei for deceptive trade practices, among other alleged violations. *See* CAC ¶¶ 270, 303, 315-16. For example, as Plaintiffs will allege in their amended complaint, Huawei's website contained the same misleading and incomplete statements about the Nexus 6P that Google disseminated. *See* ECF 55, Ex. A ("The included Type-C fast charger gives up to seven hours of battery life from a 10-minute charge."); *cf. Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1778 (2017) (concluding that personal jurisdiction was lacking in part because the defendant did not create a "marketing strategy" in California). The extent to which Huawei collaborated with Google in California on product marketing accordingly bears on whether Huawei is subject to personal jurisdiction in this forum.

**California Contracting (1(b)).** Plaintiffs allege that Google and Huawei collaborated to develop the Nexus 6P phones. Where that collaboration occurred is relevant to the jurisdictional analysis. *See* ECF 113 at 7 ("The CAC does not specify whether all or some of Huawei's and Google's collaboration took place in California or otherwise describe Huawei's case-related activities in California."); 1/18/18 Hr'g Tr. at 20:6-8 ("Where did they partner? Where did the collaboration occur?"). The contracts governing Defendants' collaboration, setting forth the their roles and

responsibilities with respect to the Nexus 6P phones—including product development, promotion, warranty service, and duties in the event of failure—will therefore inform the jurisdictional analysis. *See, e.g.*, *Long v. Authentic Athletix LLC*, No. 16-cv-03129-JSC, 2016 WL 6024591, at *3 (N.D. Cal. Oct. 14, 2016) (noting that "the terms of the contract and the parties' actual course of dealing" may factor into a determination of "whether the defendant purposefully established minimum contacts within the forum.") (quotation omitted); *Vuori v. Grasshopper Capital LLC*, No. 17-cv-06362, 2018 WL 1014633, at *14 (N.D. Cal. Feb. 22, 2018) ("Defendants' stated goal of a multi-year relationship with Vuori, a California resident . . . supports a finding of purposeful availment.").

**Investigation of the Defects (1(c)).** Plaintiffs allege that the Nexus 6P phones are defective because of their propensity to fail either completely—in an endless bootloop cycle—or from a sudden battery drain. Huawei's investigation, research, or analysis in California relating to the Nexus 6P bootloop and battery drain conditions would bear upon Plaintiffs' claims and factor into the Court's analysis of personal jurisdiction.

Plaintiffs allege Huawei's knowledge as an element of their concealment and consumer protection counts. *E.g.*, CAC ¶ 272 ("Defendants had a duty to disclose the true performance of the Phones because . . . Defendants had superior knowledge and access to the relevant facts . . . ."); ¶ 391 ("Defendants . . . provide[d] repaired or replacement phones that contain the same Defects as the original Phones."); ¶ 305 ("Defendants had a duty to disclose the Defect because they had exclusive knowledge of the Defects prior to making sales of Phones . . ."). If the course of conduct underlying Huawei's alleged concealment occurred in part in California, that fact would support this Court's exercise of jurisdiction. And available information suggests Huawei may have learned of the defects in California:

- Huawei's Supplemental Initial Disclosures, attached as Exhibit A, identify three of its California employees as knowledgeable witnesses in connection with "Huawei's knowledge of and efforts to resolve alleged bootloop and battery drain defects." One of these California employees—Jason Wang—also knows about "[r]esearch, testing, and development of Nexus 6P phones."

- Huawei's California research and development teams focus on "power conservation and product testing" (ECF 55, Ex. B), which suggests Huawei

may have tested the Nexus 6P phones and learned of causes or symptoms of the phone problems in its California facilities.

**Customer Service (1(d)).** Huawei appears to be in agreement that California activities concerning customer complaints and warranty claims relating to the bootloop and battery drain conditions in the Nexus 6P are appropriate topics for jurisdictional discovery. *See infra* Section II.A.3.

### B. Jurisdictional Discovery of Plaintiffs Is Not Warranted

Huawei demands discovery into where Plaintiffs in the Consolidated Complaint bought their phones, where they lived at the time, and where they experienced the defects. Such discovery is not justified by the February 12 Order, the Court's comments at the January 18 hearing, or the procedural posture of the case. *See* ECF 113 at 8 ("Given that the particular research subjects at Huawei's internal facility are unlikely to be publicly accessible, the Court will allow limited jurisdictional discovery on this subject, and relatedly, the extent to which Huawei and Google collaborated on development of the Nexus 6P in California."); 1/18/18 Hr'g Tr. at 73:23-24 ("Huawei may not be here in California, I haven't decided that, I'm going to allow the discovery."). The Court does not appear to have contemplated jurisdictional discovery directed to Plaintiffs, as opposed to Huawei.

Plaintiffs filed the Consolidated Complaint before the *Bristol-Myers Squibb* decision issued. The Court granted Plaintiffs leave to re-plead their jurisdictional allegations, which they will do. If Huawei, after reviewing the amended complaint, wishes to contest jurisdiction, it can do so in a duly noticed motion. But discovery of future plaintiffs (and into allegations not yet made) makes little sense and would not be a productive use of time or resources.

### C. Jurisdictional Discovery Limits

To conduct the targeted discovery in the areas described above, Plaintiffs have prepared seven requests for production (attached as Exhibit B) and four interrogatories (attached as Exhibit C), and request limited depositions of (i) two of the three California witnesses Huawei identified in its initial disclosures[1] for two hours each on the subjects on which Huawei designated them as knowledgeable; and (ii) a Rule 30(b)(6) witness on the general topics the Court approves, for up to the standard seven

---

[1] *See* Ex. A.

hours.  *See supra* Section I.A; F<small>ED</small>. R. C<small>IV</small>. P. 30(d)(1).  Huawei agrees to the interrogatories and to one Rule 30(b)(6) deposition, but states that it will neither respond to any of Plaintiffs' document requests nor produce the California witnesses it identified in its initial disclosures.

**Requests for Production.**  Under Ninth Circuit precedent, "[d]iscovery should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary."  *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (quotation omitted).  Plaintiffs' document requests here call for documents relating to: (1) Huawei's California collaboration with Google on the Nexus 6P; (2) Huawei's California activities connected with the development of the Nexus 6P; and (3) Huawei's California communications with consumers relating to the Nexus 6P.  Because Plaintiffs' claims against Huawei center on these subjects, its responsive documents are likely to inform the jurisdictional analysis.

Plaintiffs crafted their document requests to avoid overlap with their interrogatories, which merely ask for the names of relevant California people, places, entities, and meetings.  Courts often allow document requests to discover facts relevant to jurisdictional questions, and Huawei has offered no persuasive reason to deviate from the norm here.  *See Life360, Inc. v. Advanced Ground Info. Sys., Inc.*, No. 15-CV-00151-BLF, 2015 WL 2090000, at *4 (N.D. Cal. May 5, 2015) ("Plaintiff requests the following discovery: (1) sixteen requests for production of documents     . . . . The Court concludes that those requests are appropriately limited and tailored to the issue at hand."); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (approving document requests, interrogatories, and deposition testimony based on the holding that "Plaintiff should be allowed to explore the quality, quantity and nature of all of Defendant's contacts with this forum and draw its own conclusions and proffer its own arguments as to whether Defendant should be subject to personal jurisdiction in this Court."); *Forouhar v. Statoil, ASA*, No. 4:10-cv-03623-SBA-NJV, 2011 WL 13258079, at *3 (N.D. Cal. Mar. 7, 2011) (granting jurisdictional discovery, including through document production, into the defendant's California contacts where "[t]he details and extent of the these contacts is unclear at present"), *objections overruled sub nom. Forouhar v. Asa*, 2011 WL 4080862 (N.D. Cal. Sept. 13, 2011).  Generalized statements that the responsive documents will be

"extremely difficult" to locate (*infra* II.B.1) do not suffice, especially where, as here, Plaintiffs have not requested "all" documents, but instead seek documents "sufficient to show" the relevant facts.

**Depositions.** Huawei listed three California witnesses in its initial disclosures, stating that these witnesses have knowledge of: (1) "Research, testing, and development of Nexus 6P Phones; Huawei's knowledge of and efforts to resolve alleged bootloop and battery drain defects"; and (2) "Huawei's relationship with Google with respect to Nexus 6P phones; Huawei's knowledge of and efforts to resolve alleged bootloop and battery drain defects." *See* Ex. A. These subjects fall within the scope of the jurisdictional discovery contemplated by the Court's Order. Plaintiffs thus seek to depose two of these three witnesses for two hours each on these subjects, in addition to at least one witness on the overall topics approved by the Court. Huawei is free to limit the depositions to two by designating one of the two fact witnesses to provide the Rule 30(b)(6) testimony. This is fair and appropriate. *See, e.g.*, *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 641 (S.D. Cal. 2014) (authorizing two depositions of fact witnesses despite the defendant's objection, with one of the witnesses to address designated topics, for the purpose of eliciting jurisdictional facts); *see also Integrated Practice Sols., Inc. v. Wilson*, No. 13-cv-00088 BTM WMC, 2013 WL 3946061, at *3 (S.D. Cal. July 31, 2013) (ordering jurisdictional discovery in the form of eight document requests, ten interrogatories and three depositions).

Huawei's assertions that Plaintiffs conflate merits and jurisdictional discovery indicate that these California fact witnesses do, in fact, have information relevant to the merits of Plaintiffs' claims; and this information would bear upon the Court's exercise of personal jurisdiction. "As the Supreme Court emphasized, specific jurisdiction requires a careful examination of the nature of the asserted claims because the underlying controversy must arise out of the defendant's conduct with the forum." ECF 113 at 6 (quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1780-81). Huawei's suggestion that the Court relegate document production to future meet-and-confer sessions seems likely to create the need for further involvement of the Court. Particularly where Huawei has not identified any particularized burden from producing the requested documents, their production should be required without delay.

In sum, Plaintiffs' proposed discovery—eleven written discovery requests, encompassing interrogatories and requests for production, and two or three limited depositions—is proportionate to

the needs of the personal jurisdiction inquiry in this case.  Plaintiffs are also amenable to conferring further with Huawei in an effort to alleviate any undue burden imposed by this discovery if Huawei specifies one (it has not done so to date).

**II.       Huawei's Statement**

    **A.       Scope of Jurisdictional Discovery**

Jurisdictional discovery should be limited to the following topics:

1. Activities performed in California by Huawei—whether individually or in collaboration with Google—with respect to the development of the Nexus 6P.
2. Identification of the particular research and development activities related to the development of the Nexus 6P that were conducted at Huawei's Santa Clara, California facility.
3. Activities performed in California by Huawei with respect to the handling of customer complaints and warranty claims concerning the alleged bootloop and battery drain defects in the Nexus 6P.
4. Identification of Huawei personnel who worked in California on any of the above activities.
5. Where Plaintiffs purchased their phones, where Plaintiffs experienced the alleged bootloop and battery drain defects, and where Plaintiffs were residing at the time they purchased their phones.

These topics are tied directly to the Court's February 12, 2018 Order Granting With Leave to Amend Motion to Dismiss for Lack of Personal Jurisdiction as to Huawei: "Given that the particular research subjects at Huawei's internal facility are unlikely to be publicly accessible, the Court will allow limited jurisdictional discovery on this subject and, relatedly, the extent to which Huawei and Google collaborated on development of the Nexus 6P in California."  The topics also encompass activities that form the basis of Plaintiffs' alleged claims—*e.g.*, Plaintiffs' purchase of the Nexus 6P phones, and Huawei's alleged failure to provide the promised relief to consumers who submitted warranty claims.

Yet Plaintiffs now propose a fishing expedition into any "evidence relevant to Plaintiffs' ability to allege personal jurisdiction."  This improper attempt to expand the scope of jurisdictional discovery

well beyond what this Court ordered—while simultaneously rejecting *any* discovery related to where Plaintiffs purchased their phones or experienced the alleged defects, the core of the alleged claims—should be rejected. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (affirming denial of request for jurisdictional discovery when request was "based on little more than a hunch that it might yield jurisdictionally relevant facts").

*First*, Huawei's activities related to the "promotion" or "marketing" of the Nexus 6P have nothing to do with either the development of the phone or Plaintiffs' claims in this case.[2] Nowhere in the complaint do Plaintiffs allege any affirmative statements by Huawei about the Nexus 6P; that Plaintiffs may allege in their amended complaint that Huawei made statements about the Nexus 6P is irrelevant when no Plaintiff saw or relied on those statements. Because no statements by Huawei formed the basis of any Plaintiffs' claims, Huawei's marketing is not at issue in this case and should not be a subject of jurisdictional discovery.

*Second*, Huawei has agreed to provide discovery on its California activities in collaboration with Google with respect to the Nexus 6P. Plaintiffs' demand for discovery related to the "negotiation and finalization of contracts" relating to that collaboration have nothing to do with Plaintiffs' claims, which do not depend on the performance or nonperformance of any contracts between Huawei and Google. Plaintiffs' claims derive from the actual collaborative activity in California, if any, concerning development of the Nexus 6P phone, not the terms of any contracts between Huawei and Google. Indeed, Plaintiffs' cited cases underscore this point. In those cases, the courts determined that the geographic location of contractual negotiations was relevant to the jurisdictional inquiry because the plaintiffs' claims *derived from* the negotiation of those contracts—specifically, the plaintiffs asserted claims for breach of the contracts. *See Vuori*, 2018 WL 1014633, at *1; *Long*, 2016 WL 6024591, at *1. That is not the case here.

*Third*, the geographic location where Huawei learned of the alleged bootloop and battery drain defects has no relevance to Plaintiffs' "concealment and consumer protection" claims, which are based

---

[2] As noted above, Huawei does not dispute that its California activities related to the development of the Nexus 6P are proper subjects of jurisdictional discovery.

1  on Huawei's alleged failure to disclose any knowledge it had regarding the defects at the time and place
2  where Plaintiffs purchased their phones.³  Thus, the relevant geography, for purposes of the consumer
3  fraud claims alleged in Plaintiffs' complaint, is where Plaintiffs purchased their phones, and where the
4  allegedly defective phones were developed.

5       *Fourth*, Plaintiffs do not provide any basis for their refusal to provide discovery on where they
6  purchased their phones, experienced the alleged bootloop and battery drain defects, or were residing at
7  the time they purchased their phones.  This is very narrow, limited discovery—and Huawei proposes
8  only to propound targeted interrogatories that seek this information, not to serve requests for production
9  of documents or take any depositions.  As the Court recognized in its February 12 Order, Plaintiffs'
10 complaint did not contain any allegations regarding these key facts, Order at 7; nor did Plaintiffs present
11 any evidence on these subjects despite being given opportunity to do so in opposing Huawei's motion to
12 dismiss.  Plaintiffs' attempt to expand the scope of jurisdictional discovery targeted to Huawei beyond
13 all reasonable bounds while simultaneously refusing to provide *any* evidence regarding the transactions
14 that form the basis of their claims is untenable.

15      **B.**     **Methods of Jurisdictional Discovery**
16           **1.**     **Requests for Production**

17      Plaintiffs' pursuit of jurisdictional discovery by way of requests for production will be
18 burdensome, inefficient, and unnecessary.  Plaintiffs seek documents that will be extremely difficult to
19 identify (*e.g.*, "[d]ocuments sufficient to show Your California activities (both individually and in
20 collaboration with Google) relating to the development (i.e., research, design, testing, analysis, Android
21 interoperability, manufacture, and promotion), troubleshooting and failure analysis of the Nexus 6P . . .
22 ," RFP No. 3)—in essence, Plaintiffs ask Huawei to collect *all* documents related to the development of
23 the Nexus 6P, and scour them for any indication of California activity.  Plaintiffs' limitation of the
24 request to documents "sufficient to show" the information at issue does not lessen Huawei's burden to

---

³ As detailed in Huawei's Motion to Dismiss, Plaintiffs have not sufficiently alleged that Huawei knew anything about the alleged defects at the time they purchased their phones.

collect and review *all* documents to identify the ones that may be responsive, if any, nor do Plaintiffs include this limitation in all of their RFPs. *See, e.g.*, RFP Nos. 5-6.

Instead, in the interest of expediency, Huawei proposes that the parties first move forward with interrogatories and a Rule 30(b)(6) deposition. If these methods of discovery do not provide information on the full scope of jurisdictional discovery, Huawei is willing to meet and confer at that point regarding a limited production of responsive documents.

### 2. Interrogatories

Huawei proposes that each party may propound four interrogatories. Huawei has raised specific objections to the scope of Plaintiffs' proposed interrogatories, and the parties will continue to meet and confer in an effort to resolve the objections without the Court's involvement.

### 3. Depositions

Huawei agrees to provide a Rule 30(b)(6) witness to testify regarding the court-ordered topics of jurisdictional discovery. Plaintiffs have not demonstrated a need to take three depositions as opposed to a single Rule 30(b)(6) deposition, nor does efficiency weigh in favor of Plaintiffs' approach. Moreover, the subjects on which the California-based employees designated in Huawei's initial disclosures are knowledgeable go to merits, rather than jurisdictional, discovery. For example, Huawei designated certain individuals as knowledgeable of "[r]esearch, testing, and development of Nexus 6P Phones," but not of such activity *in California*. If, after taking the deposition, Plaintiffs believe Huawei's Rule 30(b)(6) designee is unable to provide sufficient information on the full scope of jurisdictional discovery, Huawei is willing to meet and confer at that point regarding the need for additional depositions.

## III. Scheduling

The parties propose the following schedules:

| Name of Filing or Event | Plaintiffs' Proposal: | Defendant's Proposal: |
|---|---|---|
| Deadline to serve written discovery requests and deposition notices | Within three days after the Court's entry of an order approving the parties' discovery plan | Same |

| Name of Filing or Event | Plaintiffs' Proposal: | Defendant's Proposal: |
|---|---|---|
| Deadline to serve interrogatory responses | Within 35 days after Plaintiffs serve discovery requests | Same |
| Deadline to complete production of documents responsive to requests for production | Within 35 days after Plaintiffs serve discovery requests | N/A, or within 90 days after service of document requests, if the Court permits such discovery |
| Huawei produces witnesses for deposition | Within 25 days after Huawei provides interrogatory responses and completes its production of responsive documents | Within 25 days after Huawei provides interrogatory responses (and completes its production of responsive documents, if the Court permits such discovery) |
| Deadline for filing amended complaint | June 8, 2018 | July 6, 2018, or 21 days after the Court's entry of an order regarding Defendants' motions to dismiss, whichever is later |

The parties reserve their rights to seek to limit or expand the use of any discovery mechanism upon a showing of good cause. Jurisdictional discovery taken in this matter does not affect the discovery limitations outlined in the parties' Joint Case Management Statement.

Dated: February 27, 2018            Respectfully submitted,

By:     /s/ *Adam E. Polk*

Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
*dcg@girardgibbs.com*
*je@girardgibbs.com*
*aep@girardgibbs.com*
*sg@girardgibbs.com*

| | |
|---|---|
| | Benjamin F. Johns (*pro hac vice*) |
| | Andrew W. Ferich (*pro hac vice*) |
| | Jessica L. Titler (*pro hac vice*) |
| | **CHIMICLES & TIKELLIS LLP** |
| | 361 W. Lancaster Avenue |
| | Haverford, Pennsylvania 19041 |
| | Tel: (610) 642-8500 |
| | *bfj@chimicles.com* |
| | *awf@chimicles.com* |
| | *jt@chimicles.com* |
| | |
| | *Interim Class Counsel* |
| | |
| | Cory S. Fein (State Bar No. 250758) |
| | **Cory Fein Law Firm** |
| | 712 Main St., #800 |
| | Houston, TX 77002 |
| | Tel: (415) 981-4800 |
| | Fax: (530) 748-0601 |
| | *cory@coryfeinlaw.com* |
| | |
| | *Counsel for Plaintiffs* |

Dated: February 27, 2018           By:     /s/ *Lindsey C. Barnhart*

                                  Simon J. Frankel
                                  Lindsey C. Barnhart
                                  **COVINGTON & BURLING LLP**
                                  One Front Street, 35th Floor
                                  San Francisco California 94111
                                  Tel: (415) 591-6000
                                  *sfrankel@cov.com*
                                  *lbarnhart@cov.com*

                                  *Counsel for Huawei Device USA, Inc.*

## ATTESTATION

I, Adam E. Polk, am the ECF user whose identification and password are being used to file this Jurisdictional Discovery Plan. I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel listed above.

DATED: February 27, 2018           /s/ *Adam E. Polk*