**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION

Case No. 17-cv-02185-BLF

**ORDER REGARDING JURISDICTIONAL DISCOVERY PLAN AS TO PLAINTIFFS AND HUAWEI**

Before the Court is the jurisdictional discovery plan submitted by Plaintiffs Roy Berry, Jonathan Makcharoenwoodhi, Alex Gorbatchev, Brian Christensen, Anthony Martorello, Khanh Tran, Edward Beheler, Yuriy Davydov, Rebecca Harrison, Zachary Himes, Taylor Jones, Paul Servodio, Justin Leone, James Poore, Jr., and Kenneth Johnston ("Plaintiffs") and Defendant Huawei Device USA, Inc. ("Huawei"). *See* ECF 114. Although the parties have come to an agreement on certain issues, they dispute the substantive scope of discovery, whether requests for production and fact witness depositions are appropriate at this time, and whether Huawei may seek any jurisdictional discovery from Plaintiffs. *Id*. The Court resolves the parties' remaining disputes as follows.

### I. HUAWEI'S REQUEST FOR JURISDICTIONAL DISCOVERY FROM PLAINTIFFS

Huawei requests discovery into where Plaintiffs purchased their phones, where Plaintiffs lived at the time they purchased their phones, and where Plaintiffs experienced the alleged bootloop and battery drain defects. *See* ECF 114 at 7. Plaintiffs argue that jurisdictional

discovery of Plaintiffs is not warranted and makes little sense in light of Plaintiffs' forthcoming amendments to the complaint. *Id*. at 4. The Court agrees with Plaintiffs on this point. As the Court recently indicated in its Order Granting With Leave to Amend Huawei's Motion to Dismiss for Lack of Personal Jurisdiction, the Consolidated Amended Complaint is defective in part because it "does not indicate where Plaintiffs purchased their phones, where Plaintiffs experienced the defects, or even where Plaintiffs were residing at the time that they purchased their phones." ECF 113 at 7.

Accordingly, the Court anticipates that Plaintiffs will address this information in the Amended Complaint per the Court's Order. Huawei's request for discovery from Plaintiffs at this stage is DENIED.

## II. SCOPE OF DISCOVERY - TOPICS

The parties also disagree on the scope of the substantive topics for jurisdictional discovery. Plaintiffs believe the following topics are appropriate for jurisdictional discovery:

1. Activities performed by Huawei, whether individually or in collaboration with Google, in or purposefully directed toward California with respect to or as reflected in:
   (a) development of the Nexus 6P (i.e., research, design, testing, analysis, Android interoperability, manufacture, and promotion);
   (b) the contracts governing Defendants' collaboration on development of the Nexus 6P;
   (c) investigation, research, and analysis concerning the Nexus 6P bootloop and battery drain defects; and
   (d) Nexus 6P customer service, including handling of customer complaints and warranty claims concerning the bootloop and battery drain defects.
2. The identities, titles, and work of Huawei personnel who worked in California on any of the above activities.

*See* ECF 114 at 1-2. The Court finds that Plaintiffs' scope is too broad. Accordingly, the Court ADOPTS Huawei's proposal regarding the scope of discovery topics WITH MODIFICATIONS. Plaintiffs may enlarge the scope to include activities "purposefully directed toward California"

that are relevant to the claims asserted. Jurisdictional discovery shall therefore be limited to the following topics:

1. Activities performed **in or purposefully directed toward** California by Huawei—whether individually or in collaboration with Google—with respect to the development of the Nexus 6P.

2. Identification of the particular research and development activities related to the development of the Nexus 6P that were conducted at Huawei's Santa Clara, California facility.

3. Activities performed in **or purposefully directed toward** California by Huawei with respect to the handling of customer complaints and warranty claims concerning the alleged bootloop and battery drain defects in the Nexus 6P.

4. Identification of Huawei personnel who worked in California on any of the above activities.[1]

These topics may cover those topics requested by Plaintiffs, but shall not be open ended in scope. Should further disputes arise regarding the scope of topics for jurisdictional discovery, the parties are ORDERED to meet and confer, and if unresolved, to raise such disputes with the Magistrate Judge **on or before March 14, 2018**.

### III.  REQUESTS FOR PRODUCTION

Plaintiffs have prepared seven (7) requests for production of documents ("RFPs") from Huawei. *See* Exh. B, ECF 114-2. Huawei argues that these requests will be "burdensome, inefficient, and unnecessary" because Plaintiffs seek documents that will be difficult to identify, and unreasonably request Huawei "to collect all documents related to the development of the Nexus 6P, and scour them for any indication of California activity." *See* ECF 114 at 9.

In light of the Court's narrowing of the topics of discovery, described above, the Court agrees with Huawei that Plaintiffs' proposed RFPs are too broad. *See* ECF 114-2. The parties are hereby ORDERED to meet and confer **on or before March 14, 2018** to narrow the RFPs or

---

[1] As explained above, the Court does not adopt Huawei's request—listed as topic 5 in its statement on the scope of jurisdictional discovery—to take jurisdictional discovery of Plaintiffs.

3

address continuing disputes regarding the RFPs to the Magistrate Judge in light of this Court's Order limiting the scope of discovery. Moreover, it is inefficient for the Court to require depositions without the production of documents. The Court therefore expects significant narrowing of the scope of Plaintiffs' RFPs.

### IV. INTERROGATORIES

Plaintiffs have also prepared one set of four interrogatories aimed at gathering jurisdictional discovery of Huawei's activities in or purposefully directed to California. *See* ECF 114-3. The parties are ORDERED to continue to meet and confer on the scope of Plaintiffs' interrogatories in light of the narrowing of the discovery topics and RFPs.

As explained above, Huawei's request to propound interrogatories on Plaintiffs for purposes of jurisdictional discovery is DENIED.

### V. DEPOSITIONS

Plaintiffs seek to take the depositions of the following witnesses:

(i) two of the three California witnesses Huawei identified in its initial disclosures for two hours each on the subjects on which Huawei designated them as knowledgeable; and

(ii) a Rule 30(b)(6) witness on the general topics the Court approves, for up to the standard seven hours.

*See* ECF 114 at 4-5. Huawei agrees to provide a Rule 30(b)(6) witness to testify regarding the court-ordered topics of jurisdictional discovery. *Id*. at 10. However, Huawei opposes Plaintiffs' request to take three depositions of California-based employees, who are knowledgeable as to merits, rather than jurisdictional, discovery. *Id*. Huawei indicates that it is willing to meet and confer with Plaintiffs after the 30(b)(6) deposition if Plaintiffs believe that the 30(b)(6) designee is unable to provide sufficient information regarding the scope of jurisdictional discovery. *Id*.

The Court ADOPTS Huawei's approach, and will allow one Rule 30(b)(6) deposition for Plaintiffs. Huawei is not required to produce the California witnesses identified in its initial disclosures at this time.

## VI. CASE SCHEDULE

The Court has also reviewed the parties' proposals regarding the case schedule. ECF 114 at 10-11. The Court ADOPTS Plaintiffs' proposals AS MODIFIED and SETS the following schedule with respect to jurisdictional discovery:

| Name of Filing or Event | Deadline |
| --- | --- |
| Deadline for parties to meet and confer to narrow scope of discovery in accordance with this Order | March 14, 2018 |
| Deadline to serve written discovery requests and deposition notices | Within three days of meet and confer to narrow scope as directed |
| Deadline to serve interrogatory responses | Within 35 days after Plaintiffs serve discovery requests |
| Deadline to complete production of documents responsive to requests for production | Within 35 days after Plaintiffs serve discovery requests |
| Huawei produces witnesses for deposition | Within 25 days after Huawei provides interrogatory responses and completes its production of responsive documents |
| Deadline for filing amended complaint | June 8, 2018 |

**IT IS SO ORDERED.**

Dated: March 7, 2018

_____
BETH LABSON FREEMAN
United States District Judge