SIMON J. FRANKEL (SBN 171552)
Email: sfrankel@cov.com
LINDSEY BARNHART (SBN 294995)
Email: lbarnhart@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091

Attorneys for Defendant
HUAWEI DEVICE USA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Civil Case No.: 5:17-cv-02185-BLF<br><br>**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Hearing Date: October 17, 2018<br>Time:　　　　9:00 a.m.<br>Courtroom:　　3, 5th Floor<br>Judge:　　　　Hon. Beth Labson Freeman |

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS .................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

I.      BACKGROUND ......................................................................................... 2

     A.    This Court's Order Granting in Part and Denying in Part Huawei's Motion to Dismiss Consolidated Amended Complaint ............................................. 2

     B.    Summary of Allegations of Second Consolidated Amended Complaint ............... 3

     C.    Plaintiffs' Claims ......................................................................... 6

II.     LEGAL STANDARD .................................................................................. 6

III.    ARGUMENT ............................................................................................. 7

     A.    To The Extent Any Claims Are Brought On Behalf Of The Putative Nationwide Class, Those Claims Should Be Dismissed At The Pleading Stage. ...................... 7

          1.    California's Choice Of Law Rules Bar Plaintiffs' Claims Alleged On Behalf Of The Putative Nationwide Class. ................................... 7

               a)    UCL and CLRA Claims ............................................. 8

               b)    Warranty Claims ....................................................... 9

               c)    Fraud Claims ........................................................... 11

          2.    Plaintiffs Lack Standing To Represent Residents Of States Other Than The States In Which They Reside. .......................................... 11

          3.    The Song-Beverly Warranty Act Claim May Only Be Brought By Consumers Who Purchased Their Phones In California. .......................... 12

     B.    The Court Should Dismiss The Individual Breach Of Express Warranty Claims Of Plaintiffs Davydov, Harrison, And Himes For Failure To Allege Reliance. .... 12

     C.    The Court Should Dismiss Plaintiff Poore's Individual Claim For Breach Of The Implied Warranty Of Merchantability For Failure To Allege Notice. ................. 13

     D.    The Court Should Dismiss Plaintiff Poore's Individual Claim Under The Magnuson-Moss Warranty Act. .......................................................... 14

i

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**
**Case No. 5:17-cv-02185-BLF**

E.    The Court Should Dismiss All Plaintiffs' Claims Under The UCL And CLRA.. 14

    1.    Plaintiffs Do Not Plausibly Allege That Huawei Had Knowledge Of The Alleged Defects At The Time Plaintiffs Purchased Their Phones............ 15

    2.    Plaintiffs Do Not Plausibly Allege Any Actionable Affirmative Representation By Huawei On Which They Relied. ................................ 17

    3.    Plaintiffs Do Not Plausibly Allege Any Basis Upon Which Their Claims Under The Unfair Prong Of The UCL May Be Based. ............................ 19

    4.    Plaintiffs Do Not Plausibly Allege That The Alleged Defects Posed An Unreasonable Safety Hazard..................................................................... 20

    5.    UCL Claims Of Non-California Plaintiffs Also Fail Because The Statute Does Not Apply Extraterritorially ............................................................ 21

F.    The Court Should Dismiss All Plaintiffs' Common Law Fraud Claims. ............ 22

    1.    All Plaintiffs' Fraudulent Concealment Claims Fail Because Plaintiffs Do Not Plead The Required Element Of Intent............................................. 23

    2.    All Plaintiffs' Fraudulent Concealment Claims Fail Because Plaintiffs' Allegations Do Not Plausibly Establish That Huawei Had Actual Knowledge Of The Alleged Defects At The Time Plaintiffs Purchased Their Phones. ............................................................................................. 24

IV.    CONCLUSION............................................................................................................... 25

ii

1

## TABLE OF AUTHORITIES

**Cases**

*Aliya Medicare Fin., LLC v. Nickell,*
    156 F. Supp. 3d 1105 (C.D. Cal. 2015) ..............................................23

*Aprigliano v. Am. Honda Motor Co., Inc.,*
    979 F. Supp. 2d 1331 (S.D. Fla. 2013) ..............................................24

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................6

*Avance v. Kerr-McGee Chem., LLC,*
    2006 WL 3913509 (E.D. Tex. Dec. 14, 2006)...................................24

*Avola v. La-Pac. Corp.,*
    991 F. Supp. 2d 381 (E.D.N.Y. 2013) ...............................................13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................6, 16

*Bernick v. Jurden,*
    293 S.E.2d 405 (N.C. 1982).................................................................13

*Clemens v. DaimlerChrysler Corp.,*
    534 F.3d 1017 (9th Cir. 2008) .....................................................10, 14

*Cohen v. Lamko, Inc.,*
    462 N.E.2d 407 (Ohio 1984) .............................................................24

*Darisse v. Nest Labs, Inc.,*
    2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) .....................8, 9, 10, 11

*Decker v. Mazda Motor of Am., Inc.,*
    2013 WL 12129281 (C.D. Cal. Mar. 29, 2013)..................................11

*Deras v. Volkswagen Grp. of Am., Inc.,*
    2018 WL 2267448 (N.D. Cal. May 17, 2018).................................16, 17

*Digby Adler Grp., LLC v. Mercedes-Benz U.S.A., LLC,*
    2015 WL 1548872 (N.D. Cal. Apr. 7, 2015) ......................................24

*Eclipse Packaging, Inc. v. Stewarts of Am., Inc.,*
    2016 WL 3619120 (W.D.N.C. July 6, 2016).......................................13

*Ehrlich v. BMW of N. Am., LLC,*
    801 F. Supp. 2d 908 (C.D. Cal. 2010) ...............................................20

iii

*Falk v. Gen. Motors Corp.,*
    496 F. Supp. 2d 1088 (N.D. Cal. 2007) ...............................................................20

*Frenzel v. AliphCom,*
    76 F. Supp. 3d 999 (N.D. Cal. 2014) .................................................................8, 9

*Gibbs v. Ernst,*
    647 A.2d 882 (Pa. 1994) ................................................................................23, 24

*Griffith v. Centex Real Estate Corp.,*
    969 P.2d 486 (Wash. Ct. App. 1998) ..................................................................24

*HMBI, Inc. v. Schwartz,*
    2009 WL 3390865 (N.D. Ind. Oct. 19, 2009) .....................................................24

*Hodsdon v. Mars, Inc.,*
    2018 WL 2473486 (9th Cir. June 4, 2018) ..........................................................20

*Ice Cream Distribs. of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.,*
    2010 WL 3619884 (N.D. Cal. Sept. 10, 2010) ....................................................21

*In re Arris Cable Modem Consumer Litig.,*
    2018 WL 288085 (N.D. Cal. Jan. 4, 2018) ..........................................................18

*In re Carrier IQ, Inc.,*
    78 F. Supp. 3d 1051 (N.D. Cal. 2015) ............................................................12, 14

*In re iPhone 4S Consumer Litig.,*
    2014 WL 589388 (N.D. Cal. Feb. 14, 2014) ........................................................15

*In re NVIDIA GPU Litig.,*
    2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) .................................................12, 14

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.,*
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) ........................................................15, 18, 19

*In re Toyota Motor Corp.,*
    785 F. Supp. 2d 883 (C.D. Cal. 2011) .................................................................22

*Isbey v. Cooper Cos., Inc.,*
    407 S.E.2d 254 (N.C. App. 1991) ........................................................................23

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,*
    962 S.W.2d 507 (Tex. 1998) .................................................................................23

*Johnson v. Nissan N. Am., Inc.,*
    272 F. Supp. 3d 1168 (N.D. Cal. 2017) ...............................................................11

iv

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................7, 18

*Kesling v. Hubler Nissan, Inc.*,
    997 N.E.2d 327 (Ind. 2013) ....................................................................23

*Lama Holding Co. v. Smith Barney*,
    88 N.Y.2d 413 (1996) .............................................................................23

*Lopez v. Clarke*,
    189 So. 3d 805 (Ct. App. Fla. 2015) .....................................................23

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ..............................................................7, 9

*McCann v. Foster Wheeler LLC*,
    48 Cal. 4th 68 (2010) ..............................................................................8

*Mohamed v. Uber Techs., Inc.*,
    848 F.3d 1201 (9th Cir. 2016) ...............................................................20

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ...................................................................7

*Philipson & Simon v. Gulsvig*,
    154 Cal. App. 4th 347 (2007) ................................................................23

*Resnick v. Hyundai Motor Am., Inc.*,
    2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ......................................16

*Rikos v. Procter & Gamble Co.*,
    2012 WL 641946 (S.D. Ohio Feb. 28, 2012)........................................10

*Russ v. TRW, Inc.*,
    570 N.E.2d 1076 (Ohio 1991) ...............................................................23

*Rutledge v. Hewlett-Packard Co.*,
    190 Cal. Rptr. 3d 411 (2015) .................................................................20

*Sateriale v. R.J. Reynolds Tobacco Co.*,
    697 F.3d 777 (9th Cir. 2012) .................................................................18

*Sullivan v. Oracle Corp.*,
    51 Cal. 4th 1191 (2011) ....................................................................21, 22

*Swanson v. ALZA Corp.*,
    2013 WL 968275 (N.D. Cal. Mar. 12, 2013)........................................23

v

*Tidenberg v. Bidz.com, Inc.*,
    2009 WL 605249 (C.D. Cal. Mar. 4, 2009) ................................................................22

*U.S. Tire-Tech, Inc. v. Boeran, B.V.*,
    110 S.W.3d 194 (Tex. App. 2003) ...........................................................................13

*Ward Farms P'ship v. Enerbase Coop. Res.*,
    863 N.W.2d 868 (N.D. 2015) ...........................................................................23, 24

*Wash. Mut. Bank v. Super. Ct.*,
    24 Cal. 4th 906 (2001) ...........................................................................................8

*Watts v. Cumberland Cty. Hosp. Sys., Inc.*,
    74 N.C. App. 769 (1985) .......................................................................................24

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) .......................................................................*passim*

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ..................................................................22

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ..............................................................................16

*Woods v. Maytag Co.*,
    807 F. Supp. 2d 112 (E.D.N.Y. 2011) ...................................................................24

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**
**Case No. 5:17-cv-02185-BLF**

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Thursday, October 17, 2018, at 9:00 a.m., in the courtroom of the Hon. Beth Labson Freeman, U.S. District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, Courtroom 3, 5th Floor, San Jose, California, 95113, Defendant Huawei Device USA, Inc. ("Huawei") will move under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 9(b) to dismiss with prejudice nearly all claims alleged by Plaintiffs against Huawei in the Second Consolidated Amended Complaint.

This motion is based on this Notice of Motion and Motion to Dismiss; the following Memorandum of Points and Authorities; the exhibits hereto; and such further evidence and argument as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

On March 5, 2018, the Court dismissed nearly all the claims alleged against Huawei in Plaintiffs' Consolidated Amended Complaint (Dkt. No. 28, "Complaint" or "CAC"). *See* Dkt. No. 115 ("Order"). Plaintiffs' decision not to re-allege many of the dismissed claims in their Second Consolidated Amended Complaint (Dkt. No. 117, "Amended Complaint" or "SCAC") concedes that much of the earlier Complaint had no legal or factual basis—the allegations have slimmed from 535 paragraphs to 239, the number of causes of action from twenty-three to seven, and two named plaintiffs are gone entirely.

Yet the factual allegations in the Amended Complaint still cannot support the wide-ranging claims asserted. Plaintiffs apparently seek to bring each of the seven alleged warranty and fraud causes of action on behalf of a nationwide class of *all* consumers who purchased Nexus 6P phones. But that nationwide class necessarily encompasses consumers who cannot state any cognizable claims against Huawei—including former named plaintiffs Berry and Tran, who do not even attempt to replead their claims in the Amended Complaint. Moreover, as before, none of the factual allegations plausibly link Plaintiffs' dissatisfaction with their purchase to knowing and intentional *fraud* by Huawei. That some consumers allegedly experienced technical difficulties with an electronics product does not plausibly lead to the conclusion that Huawei acted intentionally and fraudulently to conceal a "latent defect" in the product from the consuming public. And of those Plaintiffs who chose to replead breach of warranty

1

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**
**Case No. 5:17-cv-02185-BLF**

claims against Huawei, many still do not adequately plead critical elements of the claims.

Because Plaintiffs still seek to enlarge the scope of this lawsuit well beyond what is warranted by their factual allegations, the bulk of the claims alleged against Huawei in the Amended Complaint should be dismissed again—this time with prejudice. *First*, California's choice-of-law rules and Article III standing requirements require dismissal of Plaintiffs' claims asserted on behalf of the putative nationwide class. *Second*, Plaintiffs Davydov, Harrison, and Himes failed to cure the deficiencies identified by the Court in their express warranty claims. *Third*, Plaintiff Poore similarly failed to cure the deficiencies identified by the Court in his implied warranty and Magnuson-Moss Warranty Act claims. *Fourth*, all of Plaintiffs' California statutory fraud claims—brought under the Unfair Competition Law and the Consumers Legal Remedies Act—fail for a variety of reasons, chief among them Plaintiffs' failure to allege either Huawei's pre-sale knowledge of the alleged defects or an affirmative misrepresentation by Huawei on which Plaintiffs relied. *Fifth*, Plaintiffs fail to plead basic elements of knowledge and intent that are required to state their common law fraudulent concealment claims.

The Court should grant this motion, dismiss the deficient claims, and narrow the case to a scope that is limited to those Plaintiffs' individual warranty claims that are supported by well-pleaded factual allegations.

## I. BACKGROUND

### A. This Court's Order Granting in Part and Denying in Part Huawei's Motion to Dismiss Consolidated Amended Complaint

As the Court has observed, Plaintiffs' previous Complaint was "unwield[y] and unmanageable," Aug. 17, 2017 Hr'g Tr. at 7:9, vague as to the "source of law" for each cause of action, Order at 6-7, and short on factual allegations specifying what conduct *by Huawei* formed the basis of Plaintiffs' claims, *id.* As a result, the Court dismissed the vast majority of claims alleged against Huawei, with leave to amend. *Id.* at 86.  Specifically, the Court dismissed (1) the express warranty claims of eleven of the then-plaintiffs; (2) the implied warranty and Magnuson-Moss Warranty Act claims of two of the then-plaintiffs; (3) all of the Song-Beverly Act claims; (4) all of the statutory fraud claims (brought under

2

1
2
3
4
5

seventeen separate state consumer fraud statutes); (5) all of the common law deceit and fraudulent concealment claims; and (6) all of the unjust enrichment claims.  After noting Plaintiffs did not "specify which law governs" the claims brought on behalf of the putative nationwide class in the previous Complaint, the Court ordered Plaintiffs to "clarify which law governs each cause of action" and to "not group together multiple sources of law" into single causes of action.  Order at 6-7.

6
7
8
9
10
11
12

After three months of time to try to properly re-plead the dismissed claims, Plaintiffs filed the operative Amended Complaint.  Plaintiffs chose not to re-allege many of the claims that the Court dismissed in the March 5 Order—for example, the Amended Complaint does not allege any unjust enrichment claims and drops fifteen of the seventeen statutory fraud claims alleged in the previous Complaint.  The Amended Complaint also abandons all claims alleged by two of the fifteen plaintiffs previously named and all claims alleged on behalf of state subclasses, leaving seven causes of action asserted both individually and (ostensibly) on behalf of a putative nationwide class.

13

### B.    Summary of Allegations of Second Consolidated Amended Complaint

14
15
16
17
18

Plaintiffs are thirteen individual consumers who purchased Nexus 6P smartphones with which they are dissatisfied.  *See* SCAC ¶¶ 24-70.  Plaintiffs' dissatisfaction stems from two alleged problems with their phones: (1) the phone battery allegedly "drains at an accelerated pace, causing the phone to shut off prematurely," and (2) the phone allegedly "freezes and randomly reboots during normal use," eventually entering "an endless bootloop cycle."  *Id.* ¶ 1.

19
20
21

Plaintiffs allege that, in 2015, Huawei partnered with Google to develop, manufacture, market, and sell the Nexus 6P, and "Google took the lead in designing the phone."  *Id.* ¶¶ 75, 80.  Plaintiffs further allege that the Nexus 6P was "developed and released in just seven months."  *Id.* ¶ 83.

22
23
24
25
26
27

According to the Amended Complaint, Google and Huawei conducted "industry-standard testing . . . to examine the device's internal components down to a microscopic level for defects like loose connections between components, manufacturing flaws in components, overheating and thermal vulnerabilities, and battery contamination."  *Id.* ¶ 99.  Plaintiffs do not allege that the bootloop or battery drain defects they allegedly experienced with their phones were caused by any such loose components, thermal vulnerabilities, or battery contamination.  At most, they allege that, in the abstract, damaged

28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

component connections—in any smartphone, not just the Nexus 6P—"may" cause the phone to "freeze, randomly shut down, or bootloop." *Id.* ¶ 93.  Nevertheless, Plaintiffs contend that the "testing reasonably should have alerted each company to the defective nature of the Nexus 6P," and that Google and Huawei "did not afford themselves sufficient time to take remedial design and manufacturing measures to mitigate the defect that their testing should have uncovered." *Id.* ¶¶ 85, 89.  Plaintiffs do not allege that the testing actually "uncovered" either of the battery drain or bootloop defects that Plaintiffs allegedly experienced.

Plaintiffs allege that, beginning "in early November 2015," consumers began posting about technical difficulties they were experiencing with their Nexus 6P phones to "Google's own Nexus 6P product forum." *Id.* ¶ 120.  Plaintiffs further allege that some consumers posted complaints to "internet message boards, Reddit, and social media," although Plaintiffs do not allege that either Huawei or Google were made aware of posts on private forums. *Id.* ¶ 121.  The Amended Complaint selectively quotes from several posts, omitting other portions of the posts that indicate that the issues complained of were ultimately resolved and therefore do not resemble the issues experienced by Plaintiffs (which allegedly rendered Plaintiffs' phones "permanently inoperable"). *Id.* ¶ 1; *see, e.g.*, *id.* ¶ 120 nn.3 & 28 ("Factory reset seems to have fixed the problem."); ¶ 120 n.4 (noting that poster's use of certain apps was likely cause of rapid battery drain; no reference to premature shutdown); ¶ 120 n.6 (troubleshoot "worked" to resolve reboot issue); ¶ 120 n.21 (discussion of third-party apps that cause rapid battery drain; no reference to premature shutdown); ¶ 120 n.24 (recommending troubleshooting fix that "solves the [battery life] issue"; noting that "[m]y battery life on my Nexus 6P is top notch again"); ¶ 120 n.25 (noting that the battery drain issue on "the phone is doing much better" after troubleshooting and "there is some post-[software] update processing that settles down after the first day or so"); ¶ 120 n.31 (noting that "weird battery life" issue was "fixed"); ¶ 120 n.33 (troubleshooting fix for battery drain issue made phone "just like day 1 when I got it in terms of usage (zippy and great all around)[,]"; "reboot fixed my battery drain issue"; "a hard power cycle helped a bunch"); ¶ 120 n.35 (troubleshooting fix for rebooting issue "successfully" powered the phone back on and "fixed the bootloop").  The links to other specific posts quoted in the Amended Complaint are broken—including most of the few posts that Plaintiffs

4

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND
CONSOLIDATED AMENDED COMPLAINT
Case No. 5:17-cv-02185-BLF**

1  point to as showing that Huawei, as opposed to Google, was made aware of the issues—making it

2  impossible to tell whether the quoted portions in the pleading are accurate and complete.  *See, e.g.*, *id.*

3  ¶¶ 120, 124 nn.2, 23, 36.

4      Plaintiffs acknowledge that many consumers posted "positive" reviews on "retailer websites like

5  Amazon and Newegg."  *Id.* ¶ 124.  Plaintiffs further allege that "Huawei representatives frequently

6  responded to both positive and negative reviews," although one of the two specific negative reviews

7  cited does not reference any bootloop or battery drain issues.  *Id.* ¶ 124 & n.37 (noting that reviewer's

8  "complaints are about features described in the specifications," not any defects).  Plaintiffs also allege

9  that Huawei worked with consumers to troubleshoot or repair any issues they were experiencing with

10  their phones.  *See, e.g.*, *id.* ¶¶ 120, 121 nn.29 & 35; ¶ 124 nn.37-38.  Nowhere do Plaintiffs allege that

11  Huawei attempted to cover up or discredit any of the issues raised by consumers in public online posts.

12      Huawei makes available online its Limited Warranty, which applies to the Nexus 6P phone.  *Id.*

13  ¶ 127.  None of the Plaintiffs allege they reviewed the terms of the Limited Warranty, whether before or

14  after the purchase of their phones, let alone relied on the Limited Warranty when making their purchase.

15      The Amended Complaint alleges that certain Plaintiffs were exposed to advertisements and other

16  affirmative representations by "Google and Huawei" about the Nexus 6P.  *See, e.g.*, *id.* ¶ 31 (referring

17  generally to representations "about the Nexus 6P's high quality and functionality, including that the

18  battery could 'get up to seven hours of use after only ten minutes of charging'"); ¶ 35 (referring

19  generally to representations "that the Nexus 6P had a long battery life"); ¶ 46 (referring generally to

20  representations "that the Nexus 6P had excellent battery life"); ¶ 49 (referring generally to

21  representations that the Nexus 6P "had superior battery charging capabilities"); ¶ 52 (referring to claim

22  that "the Nexus 6P is 'built on a foundation of power'").

23      However, Huawei's advertisements had no impact on Plaintiffs' decisions to purchase their

24  Nexus 6P phones:  Although some Plaintiffs allege that they "saw" certain representations by "Google

25  and Huawei" prior to their purchase of the phones, no Plaintiff specifically alleges that he *relied* on any

26  representations (or omissions) by Huawei when making the purchase.  *See id.* ¶¶ 24-70.

27

28

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND
CONSOLIDATED AMENDED COMPLAINT
Case No. 5:17-cv-02185-BLF**

1

### C.      Plaintiffs' Claims

2           Based on these factual allegations, Plaintiffs contend Huawei breached the terms of the express

3   and implied warranties that accompanied the sale of the Nexus 6P phones and Huawei fraudulently

4   concealed issues consumers reported about the phones.  Plaintiffs allege seven causes of action against

5   Huawei: (1) Breach of Express Warranty; (2) Breach of the Implied Warranty of Merchantability; (3)

6   Violation of the Magnuson-Moss Warranty Act; (4) Violation of the Song-Beverly Consumer Warranty

7   Act; (5) Violation of the California Unfair Competition Law; (6) Violation of the California Consumers

8   Legal Remedies Act; and (7) "Fraudulent Concealment (Common Law)."  SCAC ¶¶ 152-239.  Plaintiffs

9   assert each cause of action individually, and also allege the lawsuit is brought on behalf of a putative

10  nationwide class of "[a]ll persons within the United States who purchased a Nexus 6P smartphone, other

11  than for resale, between September 29, 2015 and the present."  *Id.* ¶ 141.  Although the Court directed

12  Plaintiffs to "not group together multiple sources of law" under a single cause of action and to "plead

13  separate causes of actions for each source of law, whether federal or state," Order at 7, the Amended

14  Complaint incorporates multiple sources of law into the express warranty, implied warranty, Magnuson-

15  Moss Warranty Act, and fraudulent concealment causes of action—in total, the seven causes of action

16  explicitly encompass 36 separate sources of law (and implicitly encompass the laws of all fifty states,

17  under California choice of law rules).  *See* SCAC ¶¶ 153, 169, 177, 228; *infra* at 7-11.

18  ## II.    LEGAL STANDARD

19          "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss" under

20  Rule 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A complaint must contain more than

21  "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" or "labels and conclusions," because

22  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are

23  not enough to survive a motion to dismiss.  *Id.* at 678.  Instead, a plaintiff must allege "sufficient factual

24  matter" that, taken as true, "allows the court to draw the reasonable inference that the defendant is liable

25  for the misconduct alleged."  *Id.*  Moreover, these "[f]actual allegations must be enough to raise a right

26  to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Thus, "for

27  a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable

28

6

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND
CONSOLIDATED AMENDED COMPLAINT
Case No. 5:17-cv-02185-BLF**

1

inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

2

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

3

Claims that "sound in fraud" must satisfy the heightened pleading requirements of Rule 9(b) in

4

order to survive a motion to dismiss.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

5

To satisfy Rule 9(b), a plaintiff must allege "the who, what, where, when, and how" of the misconduct

6

charged.  *Id.* at 1124.

7

## III.    ARGUMENT

8

Plaintiffs have had ample opportunity to attempt to remedy the deficiencies identified in the

9

previous Complaint.  Yet the bulk of the claims alleged in the Amended Complaint remain inadequately

10

pled, including all of the claims brought on behalf of the putative nationwide class.

11

### A.    To The Extent Any Claims Are Brought On Behalf Of The Putative Nationwide Class, Those Claims Should Be Dismissed At The Pleading Stage.

12

13

Though Plaintiffs purport to "bring this lawsuit . . . as representatives of" a putative nationwide

14

class of consumers who purchased the Nexus 6P, SCAC ¶ 141, Plaintiffs do not specify which, if any, of

15

the seven causes of action alleged in the Amended Complaint are brought on behalf of that class.  *See id.*

16

¶¶ 153-54, 169, 177, 188, 200, 216, 228 (alleging only that individual Plaintiffs "bring this claim," or

17

that the claims are brought "on behalf of" individual Plaintiffs).  To the extent Plaintiffs contend the

18

Amended Complaint alleges claims on behalf of the putative class, those claims should be dismissed.

19

Even if Plaintiffs had properly alleged that the seven causes of action are brought on behalf of

20

the putative nationwide class, the claims should be dismissed (1) under California choice of law rules;

21

(2) because Plaintiffs lack standing to represent a nationwide class of consumers that encompasses

22

residents of states other than those states in which Plaintiffs reside; and (3) because the Song-Beverly

23

Warranty Act expressly bars claims by consumers who did not purchase their phones in California.

24

#### 1.    California's Choice Of Law Rules Bar Plaintiffs' Claims Alleged On Behalf Of The Putative Nationwide Class.

25

"A federal court sitting in diversity must look to the forum state's choice of law rules to

26

determine the controlling substantive law."  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir.

27

2012).  In California, courts employ the three-step governmental interest test:

28

7

---

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**
**Case No. 5:17-cv-02185-BLF**

1
2
3
4
5
6
7

> First, the court determines whether the relevant law of each of the
> potentially affected jurisdictions with regard to the particular issue in
> question is the same or different.  Second, if there is a difference, the court
> examines each jurisdiction's interest in the application of its own law
> under the circumstances of the particular case to determine whether a true
> conflict exists.  Third, if the court finds that there is a true conflict, it
> carefully evaluates and compares the nature and strength of the interest of
> each jurisdiction in the application of its own law to determine which
> state's interest would be more impaired if its policy were subordinated to
> the policy of the other state, and then ultimately applies the law of the
> state whose interest would be more impaired if its law were not applied.

8

*McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87-88 (2010).

9
10
11

California law may only be used on a classwide basis if "the interests of other states are not found to outweigh California's interest in having its law applied."  *Wash. Mut. Bank v. Super. Ct.*, 24 Cal. 4th 906, 921 (2001); *see* Order at 6 n.3.  Courts in this district often conduct the choice-of-law

12
13
14

analysis at the pleadings stage, particularly where, as here, it is "highly unlikely that discovery will uncover information relevant to whether [Plaintiffs] may maintain a national class action asserting claims under California law."  *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1008 (N.D. Cal. 2014).

15

### a)  UCL and CLRA Claims

16
17
18
19
20
21
22
23
24
25
26
27

Plaintiffs appear to allege claims under California's Unfair Competition Law and Consumers Legal Remedies Act on behalf of the putative nationwide class.  *See* SCAC ¶¶ 198-226.  However, as this Court has recognized, "the other 49 states' consumer protection statutes differ significantly from California's UCL . . . and CLRA."  *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at \*9 (N.D. Cal. Aug. 15, 2016).  Among other differences, California permits class actions, while other states do not; the UCL has a four-year statute of limitations and the CLRA has a three-year limitations period, while other states have relevant statutes of limitations of as little as a year; California requires a showing of reliance, whereas other states do not; and available remedies vary across states.  *See id.* at \*9-10.  Permitting Plaintiffs to bring their UCL and CLRA claims on behalf of a nationwide class would allow putative class members in other states to participate in a class action, recover for claims arising more than a year prior to the filing of the lawsuit, and seek forms of relief that would otherwise be barred under the laws of those putative class members' states of residence.  *See id.* at \*10.  These material differences satisfy

28

8

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND
CONSOLIDATED AMENDED COMPLAINT
Case No. 5:17-cv-02185-BLF**

1    the first two prongs of the governmental interest test.  *See id.* at *10, 14.

2          Turning to the third prong, numerous courts (including this one) have determined that the state in

3    which the consumer transaction took place has a "compelling interest in protecting [its] consumers," and

4    that this interest "would be impaired . . . if California law were applied" across the entire nationwide

5    class.  *Darisse*, 2016 WL 4385849, at *15.  Rather, each putative class member's "consumer protection

6    claim should be governed by the consumer protection laws of the jurisdiction in which the transaction

7    took place."  *Mazza*, 666 F.3d at 594; *see also* Dkt. No. 133 at 5 (Plaintiffs conceding that "the law of

8    the Plaintiffs' respective states of residence" apply to their claims).  Here, only Plaintiffs

9    Makcharoenwoodhi, Christensen, and Gorbatchev allege that they purchased their Nexus 6P phones

10   while in California.  *See* SCAC ¶¶ 24, 27, 30.  The other ten named Plaintiffs—and, presumably,

11   numerous putative class members who reside in states other than California—did not.  *See* SCAC ¶¶ 34,

12   38, 42, 45, 48, 51, 54, 58, 62, 65.  Moreover, Plaintiff Gorbatchev does not attempt to allege either a

13   UCL or CLRA claim against Huawei, conceding that California law cannot apply uniformly even to the

14   three named Plaintiffs who are residents of California.  *See* SCAC ¶¶ 200, 216.  Therefore, the UCL and

15   CLRA claims alleged against Huawei on behalf of the putative nationwide class should be dismissed.

16   *See Frenzel*, 76 F. Supp. 3d at 1008 (dismissing CLRA and UCL claims asserted on behalf of a putative

17   nationwide class after conducting choice of law analysis).

18                        **b)    Warranty Claims**

19         Plaintiffs do not specify which particular state law they contend will govern the breach of

20   express warranty, breach of implied warranty, or Magnuson-Moss Warranty Act nationwide class claims

21   against Huawei.  *See* SCAC ¶ 153 (alleging breach of express warranty claim is brought pursuant to the

22   laws of several states); ¶ 169 (same for implied warranty); ¶ 177 (same for Magnuson-Moss Warranty

23   Act).  This failure alone is cause for dismissal of the nationwide class claims, particularly in light of the

24   Court's specific direction in its March 5, 2018 Order.  *See* Order at 7.

25         In addition, under California's choice-of-law rules, each of these warranty claims will be

26   governed by the law of the state in which each putative class member purchased his or her Nexus 6P.

27   *See Darisse*, 2016 WL 4385849, at *15.  As this Court has already found, material differences exist

28

                                                    9

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND
CONSOLIDATED AMENDED COMPLAINT
Case No. 5:17-cv-02185-BLF**

across the fifty states' express and implied warranty laws.  *See* Order at 9-32 (analyzing varying elements of state warranty laws alleged in this action); *see also Darisse*, 2016 WL 4385849, at *11-13 (discussing differences in privity, reliance, and pre-suit notice requirements under various states' express warranty laws, and differences in privity, notice, and availability of class actions under various states' implied warranty laws).  Permitting Plaintiffs to bring their express warranty claims on behalf of a nationwide class under, for example, California law, would allow putative class members in Florida and Illinois who did not purchase their Nexus 6P phones from Huawei to pursue such claims even though they do not satisfy the privity requirements under those states' laws.  In fact, the previous Complaint alleged express warranty claims under Florida and Illinois law, and the Court dismissed those claims for failure to allege privity.  *See* Order at 24-26.  Those claims are not realleged in the Amended Complaint, yet Plaintiffs seek to bring an express warranty claim on behalf of a nationwide class that would include putative class members in states such as Florida and Illinois.  Similarly, putative class members in Arkansas, Maryland, and Texas could pursue implied warranty claims even if they failed to provide pre-suit notice to Huawei of their claims, a requirement that would otherwise bar their claims under those states' laws.  *See Darisse*, 2016 WL 4385849, at *12.  Since Plaintiffs' Magnuson-Moss Act claims "stand or fall with [the] express and implied warranty claims under state law," *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), the same material differences arise across the Magnuson-Moss claims of putative class members who purchased their phones in various states.

Accordingly, courts applying California choice of law rules have held that "warranty claim[s] should be governed by the laws of the jurisdiction in which the transaction took place."  *Rikos v. Procter & Gamble Co.*, 2012 WL 641946, at *6 (S.D. Ohio Feb. 28, 2012); *see also Darisse*, 2016 WL 4385849, at *15 ("Each class member's claims [including express and implied warranty claims] . . . must be governed by the laws of the state in which the transaction took place."); Dkt. No. 133 at 5 (Plaintiffs conceding that "the law of the Plaintiffs' respective states of residence" apply to their claims).  Because each putative class member's warranty claims must be governed by the law of the state where he or she purchased the Nexus 6P phone, the claims may not be asserted on behalf of a nationwide putative class.

10

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**
**Case No. 5:17-cv-02185-BLF**

1

### c) Fraud Claims

2      Again, Plaintiffs do not specify the governing law for the nationwide class claim for "fraudulent

3   concealment."  *See* SCAC ¶ 228.  And for similar reasons as the consumer protection and warranty

4   claims, application of the governmental interest test again requires that each putative class member's

5   claim sounding in fraud be governed by the law of the state in which the putative class member

6   purchased his or her Nexus 6P phone.  "Material variations . . . exist among the states' laws regarding

7   common law fraud," including differences in reliance requirements and burdens of proof.  *See Darisse*,

8   2016 WL 4385849, at *13.  In addition, state laws vary as to when the duty to disclose arises in the

9   context of fraudulent concealment claims.  *See Decker v. Mazda Motor of Am., Inc.*, 2013 WL

10   12129281, at *6 (C.D. Cal. Mar. 29, 2013).  And the same relevant state interests are at play as with the

11   consumer protection claims, requiring application of the laws of the jurisdiction in which the transaction

12   took place to each putative class member's claim.  *See id.*; *see also Darisse*, 2016 WL 4385849, at *15;

13   Dkt. No. 133 at 5 (Plaintiffs conceding that "the law of the Plaintiffs' respective states of residence"

14   apply to their claims).  And so again, because each putative class member's fraudulent concealment

15   claims must be governed by the law of the state where he or she purchased the Nexus 6P phone, the

16   claims may not be asserted on behalf of the putative nationwide class.

17      ### 2.   Plaintiffs Lack Standing To Represent Residents Of States Other Than The
           States In Which They Reside.

18

19      Even if California's choice of law rules did not bar the putative class claims, Plaintiffs do not

20   have standing to represent a nationwide class that encompasses consumers who purchased their Nexus

21   6P phones in states other than those few states in which Plaintiffs reside.  Here, Plaintiffs have at most,

22   and only for some claims, thirteen named class representatives in ten states purporting to represent a

23   nationwide class of consumers from all fifty states.  *See* SCAC ¶ 169 (implied warranty), ¶ 177

24   (Magnuson-Moss).  Other claims involve far fewer class representatives and representative states.  *See*

25   *id.* ¶ 153 (express warranty), ¶ 228 (fraudulent concealment).  Under such circumstances, courts in this

26   district "require that plaintiffs present named class representatives who possess individual standing to

27   assert each state law's claims against" Huawei, so as to avoid needlessly "creating the significant burden

28

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND
CONSOLIDATED AMENDED COMPLAINT
Case No. 5:17-cv-02185-BLF**

of nationwide discovery." *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017); *see also In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1074 (N.D. Cal. 2015) ("The Court has reservations of subjecting the [defendant] to the expense and burden of nationwide discovery without Plaintiffs first securing actual plaintiffs who clearly have standing and are willing and able to assert claims under these state laws."). Accordingly, Plaintiffs' claims should be dismissed to the extent they purport to be brought on behalf of the putative nationwide class.

### 3. The Song-Beverly Warranty Act Claim May Only Be Brought By Consumers Who Purchased Their Phones In California.

In the previous Complaint, Plaintiffs Makcharoenwoodhi, Gorbatchev, and Christensen alleged their Song-Beverly Warranty Act claims on behalf of a putative California subclass. CAC ¶ 285. The Court dismissed all of the Song-Beverly claims because the Plaintiffs failed to allege that they purchased their phones in California. Order at 33. Now, the same three Plaintiffs purport to bring a Song-Beverly claim on behalf of a *nationwide* class, even though each of the ten other named Plaintiffs—and, presumably, numerous putative class members—do not attempt to allege that they purchased their phones in California. SCAC ¶¶ 34, 38, 42, 45, 48, 51, 54, 58, 62, 65.

California's Song-Beverly Consumer Warranty Act provides that "every sale of consumer goods that are sold at retail *in [California]* shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792 (emphasis added). As a result, this claim cannot be brought on behalf of the putative *nationwide* class, which necessarily encompasses numerous consumers who did not purchase their Nexus 6P phones in California (including at least ten of the thirteen named Plaintiffs). *See In re NVIDIA GPU Litig.*, 2009 WL 4020104, at *5 (N.D. Cal. Nov. 19, 2009) ("Since Plaintiffs do not restrict their Song-Beverly claim to Class Members who purchased the defective products in the state of California, the claim fails.").

### B. The Court Should Dismiss The Individual Breach Of Express Warranty Claims Of Plaintiffs Davydov, Harrison, And Himes For Failure To Allege Reliance.

In the March 5 Order, the Court dismissed the breach of express warranty claims alleged by Plaintiffs Davydov, Harrison, and Himes with leave to amend. Order at 86. The express warranty claims now alleged by these Plaintiffs remain deficient for failure to allege reliance.

12

1
2
3
4
5
6
7
8

As the Court held in the March 5 Order, in order to state a claim for breach of express warranty under New York law, Plaintiff Davydov must plead that he "relied [on the manufacturer's statements] when contracting with his immediate seller." *Avola v. La-Pac. Corp.*, 991 F. Supp. 2d 381, 391 (E.D.N.Y. 2013); *see* Order at 20.  Plaintiff Davydov does not allege that he *relied* on any statements when purchasing his Nexus 6P phone, and the only statements he allegedly *saw* before purchase are attributed to Google.  *See* SCAC ¶ 43 (referring to "advertisements in which Google made representations about the Nexus 6P's high quality and functionality," "material on the Nexus 6P's box," and "the phone's initial set-up process, in which Google provided . . . information about the device").

9
10
11
12
13
14
15
16
17
18
19

North Carolina similarly requires that Plaintiffs Harrison and Himes allege that they "relied upon the warrantor's statement in order to establish an express warranty and its breach."  *Eclipse Packaging, Inc. v. Stewarts of Am., Inc.*, 2016 WL 3619120, at *4 (W.D.N.C. July 6, 2016); *see also* Order at 20-21. As the Court recognized in its March 5 Order, reliance on an express warranty for purposes of North Carolina law can be shown by an allegation that the "natural tendency of the representations made is such as to induce such purchase or use." *Bernick v. Jurden*, 293 S.E.2d 405, 413 (N.C. 1982); *see* Order at 21.  In the Amended Complaint, Plaintiffs Harrison and Himes do not allege that they relied on any statements by Huawei in purchasing their Nexus 6P phones.  *See* SCAC ¶¶ 45-50 (alleging only that Harrison and Himes "saw" certain advertisements by "Google and Huawei").  Nor does either of these Plaintiffs allege that the "natural tendency" of Huawei's alleged express warranty representation that the Nexus 6P phones are "free from material defects" is to induce purchase of the phone.  *See* Order at 21.

20
21

Because the express warranty claims alleged by Plaintiffs Davydov, Harrison, and Himes remain deficient even after opportunity to amend, the Court should dismiss the claims with prejudice.

22
23

### C.  The Court Should Dismiss Plaintiff Poore's Individual Claim For Breach Of The Implied Warranty Of Merchantability For Failure To Allege Notice.

24
25
26
27

As the Court observed in the March 5 Order, "the weight of authority in Texas favors the position that notice is required" to state a breach of implied warranty claim against a manufacturer. Order at 31.  Neither Plaintiffs' filing of this lawsuit nor Huawei's alleged generalized knowledge of concerns about the Nexus 6P satisfies this requirement.  *See id.*; *see also U.S. Tire-Tech, Inc. v. Boeran,*

28

13

DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND
CONSOLIDATED AMENDED COMPLAINT
Case No. 5:17-cv-02185-BLF

*B.V.*, 110 S.W.3d 194, 202 (Tex. App. 2003); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d at 1104 ("[I]t is not sufficient that a defendant generally know of problems with their products.  Instead, a plaintiff must provide notice that he considers the defendant to be in breach of the implied warranty.") (analyzing claims brought under Texas law).  Here, Plaintiff Poore does not allege that he provided Huawei notice of his breach of implied warranty claims.  *See* SCAC ¶¶ 63-64.  Despite the Court's explicit direction in the March 5 Order that Poore must allege that he "communicated the particular issues that he was having with his phone to Huawei," Order at 31, the Amended Complaint does not materially alter the previous Complaint's deficient notice allegations that have already been dismissed once before. *Compare* SCAC ¶ 64 ("Mr. Poore contacted Huawei to request an effective repair, replacement with a non-defective phone, or a refund under Huawei's warranty."), *with* CAC ¶ 147 ("Poore contacted Huawei to request that his Phone be repaired or replaced.").  Because any further amendment of this claim would be futile, the breach of implied warranty claim alleged by Plaintiff Poore under Texas law should be dismissed with prejudice.

> **D.    The Court Should Dismiss Plaintiff Poore's Individual Claim Under The Magnuson-Moss Warranty Act.**

Claims under the Magnuson-Moss Warranty Act ("MMWA") "stand or fall with . . . express and implied warranty claims under state law."  *Clemens*, 534 F.3d at 1022; *see* Order at  33.  Because Plaintiff Poore does not allege any claim for breach of express warranty in the Amended Complaint, and because his breach of implied warranty claim should be dismissed for the reasons stated above, the Court should also dismiss Plaintiff Poore's Magnuson-Moss Warranty Act claim.  *See In re NVIDIA GPU Litig.*, 2009 WL 4020104, at *7  (dismissing Magnuson-Moss Warranty Act claim after finding plaintiffs failed to plead state-law implied warranty claims).

> **E.    The Court Should Dismiss All Plaintiffs' Claims Under The UCL And CLRA.**

Plaintiffs Makcharoenwoodhi, Christensen, Beheler, Davydov, Harrison, Himes, Servodio, Poore, and Johnston allege claims under California's UCL against Huawei.  *See* SCAC ¶ 200.  Only Plaintiff Makcharoenwoodhi alleges a claim under California's CLRA against Huawei.  *See id.* ¶ 216. Because the alleged underlying basis for Plaintiffs' UCL and CLRA claims is "that [Huawei] deceived

14

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT
Case No. 5:17-cv-02185-BLF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

them, their allegations sound in fraud and are subject to the requirements of Rule 9(b)."  *In re iPhone 4S Consumer Litig.*, 2014 WL 589388, at *4 (N.D. Cal. Feb. 14, 2014).

Plaintiffs' UCL and CLRA claims are not viable for numerous reasons.

### 1. Plaintiffs Do Not Plausibly Allege That Huawei Had Knowledge Of The Alleged Defects At The Time Plaintiffs Purchased Their Phones.

To state a UCL or CLRA claim based on alleged failure to disclose the alleged bootloop and battery drain defects, Plaintiffs must allege that Huawei "knew of the defect at the time a sale was made."  *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017).  A defendant does not have a "duty to disclose facts of which it was unaware."  *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1095 (S.D. Cal. 2010).

At the threshold, Plaintiffs' allegations of knowledge are deficient because they "lump Huawei and Google together . . . without distinguishing what Huawei did from what Google did."  Order at 5-6.  Because such allegations "obfuscate[] what roles Huawei and Google independently played in the alleged harm," the Court directed Plaintiffs to specifically identify "what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole."  *Id.* at 6.  In the Amended Complaint, Plaintiffs have merely swapped lump allegations about "Defendants" for lump allegations about "Google and Huawei."  *See, e.g.*, SCAC ¶ 100 ("Google and Huawei were aware, or reasonably should have been aware, of the latent defect in the Nexus 6P before bringing it to market.").  In contravention of the Court's clear direction, there are no fewer than 131 allegations in the Amended Complaint that refer to alleged conduct by "Google and Huawei."

The first basis for Plaintiffs' contention that Huawei "had superior knowledge of" the alleged defects is "Google and Huawei's pre-release testing."  SCAC ¶¶ 100, 220, 230.  But the underlying factual allegations do not support this claim.  While Plaintiffs dedicate sixteen paragraphs of the Amended Complaint to describing, in abstract terms, the "industry-standard testing" that any modern smartphone would undergo, Plaintiffs do not plausibly connect that testing to Huawei's knowledge of the particular alleged "defects" at issue.  *See id.* ¶¶ 85-100.  Plaintiffs allege Huawei conducted various tests to detect "loose connections between components, manufacturing flaws in components,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

overheating and thermal vulnerabilities, and battery contamination," *id.* ¶ 99, but Plaintiffs do not allege that any of those issues caused either the alleged bootloop or battery drain defects.  Similarly, Plaintiffs allege that the "Snapdragon 810 processor was known within the smartphone industry and publicly to be prone to overheating and thermal management problems," *id.* ¶ 96, but Plaintiffs do not allege that the Snapdragon 810 processor is at all related to the bootloop and battery drain defects that purportedly afflicted their phones.  At bottom, all Plaintiffs allege is that extensive testing was performed on the Nexus 6P.  There is nothing deceptive or unfair about that, particularly not in light of the heightened pleading standard of Rule 9(b).  *See Deras v. Volkswagen Grp. of Am., Inc.*, 2018 WL 2267448, at *4-5 (N.D. Cal. May 17, 2018) (granting motion to dismiss fraud claims because plaintiffs' general allegations about product testing were insufficient to show defendant's knowledge of specific alleged defect); *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *2, 14 (C.D. Cal. Apr. 13, 2017) (granting motion to dismiss because plaintiffs' allegations of "extensive testing" did not explain "how any of these quality control mechanisms placed Defendants on notice" of specific alleged defect).

Plaintiffs also return time and time again to their allegations that the Nexus 6P development schedule was "rushed."  SCAC ¶ 88.  It speaks volumes that Plaintiffs are alleging both that extensive testing was performed that should have revealed the alleged defects *and* that the development schedule did not leave time for sufficient pre-release testing.  In any event, Plaintiffs' allegation of a truncated development timeline does not support a logical leap to fraudulent concealment.  *See Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Plaintiffs' allegations regarding purported online complaints from customers are equally unavailing.  "[C]onsumer complaints in and of themselves" do not "adequately support an inference that a manufacturer was aware of a defect . . . [because] complaints posted on a manufacturer's website merely establish the fact that some consumers were complaining."  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012); *see also Deras*, 2018 WL 2267448, at *4 (granting motion to dismiss fraud claims because "even fifty-six . . . complaints out of hundreds of thousands of vehicles does not on its face indicate an unusually high number of complaints" and therefore "do not show [defendant's] knowledge of the alleged defect").  This is especially true when, as here, the "complaints" Plaintiffs cite

16

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**
**Case No. 5:17-cv-02185-BLF**

do not even describe the specific alleged defects at issue in this lawsuit. *Compare, e.g.*, SCAC ¶ 120 n.4 (online post describing rapid battery depletion in phone, but omitting any reference to premature shutdown of phone and noting that poster's use of certain apps was likely cause of issue), *with id.* ¶ 1 (alleging "battery drain[]" defect that "caus[es] the phone to shut off prematurely, even with up to 90% battery life remaining"). The posts cited by Plaintiffs also indicate that standard troubleshooting fixed those battery and rebooting issues reported online, but the defects alleged by Plaintiffs "cannot be fixed by resetting the phone." *Id.* ¶ 114; *see id.* ¶ 120 nn.3-4, 6, 21, 24-25, 28, 33 & ¶ 121 n.35. These allegations are a far cry from establishing that Huawei had knowledge of a pervasive "latent defect" in *all* Nexus 6P phones that rendered the product "permanently inoperable." *Id.* ¶¶ 1, 100.

Moreover, the earliest "complaint" cited by Plaintiffs indicating that any concerns about the phone were communicated *to Huawei* is dated December 17, 2015. SCAC ¶ 120. At least Plaintiffs Gorbatchev, Christensen, and Leone purchased their phones before that date. *See id.* ¶¶ 27, 30, 58. According to the Amended Complaint, therefore, Huawei *could not* have had knowledge of the alleged defects based on customer complaints before those Plaintiffs purchased their phones.

Because Plaintiffs still allege no facts to plausibly suggest that Huawei had knowledge of the alleged defects prior to the time Plaintiffs purchased their phones such that they could have disclosed the existence of the defects, the UCL and CLRA claims should be dismissed with prejudice. *See Deras*, 2018 WL 2267448, at *6 (granting motion to dismiss UCL, CLRA, and fraud by omission claims after finding plaintiff's allegations regarding pre-sale testing and customer complaints insufficient to show knowledge).

### 2. Plaintiffs Do Not Plausibly Allege Any Actionable Representation By Huawei On Which They Relied.

Plaintiffs also appear to base their UCL and CLRA claims on an affirmative misrepresentation theory of liability. *See* SCAC ¶ 204 (UCL: "Google and Huawei . . . represented through advertising, product packaging, press releases, and other sources that the Nexus 6P possessed particular qualities that were inconsistent with their knowledge"); *id.* ¶ 218 (CLRA: "Google and Huawei" made certain representations about the Nexus 6P and "[a]dvertised the Nexus 6P with intent not to sell the phone as

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT Case No. 5:17-cv-02185-BLF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

advertised"); *but see* Dkt. No. 133 at 5 (Plaintiffs stating that the Amended Complaint "pleads only omissions-based consumer fraud claims").  To the extent Plaintiffs assert claims based on alleged affirmative misrepresentations by Huawei, those claims are subject to dismissal because Plaintiffs have failed to allege that any of the Plaintiffs actually relied on any affirmative representation made by Huawei in connection with their purchase of the Nexus 6P phone.

To state a claim under the UCL or the CLRA based on allegedly deceptive or misleading statements, a plaintiff must allege "actual reliance" on the statements.  *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012).  Such allegations of reliance must satisfy the heightened pleading standard of Rule 9(b), which requires the plaintiff to allege "the particular circumstances" giving rise to his claim.  *Kearns*, 567 F.3d at 1126.  In other words, the plaintiff must "specify which statements the plaintiff actually saw and relied upon."  *In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085, at *8 (N.D. Cal. Jan. 4, 2018); *see* Order at 70.

None of the ten Plaintiffs asserting a UCL or CLRA claim against Huawei allege that they specifically saw stand-alone representations *by Huawei*.  Rather, five of these Plaintiffs allege that they "saw" representations by "Google and Huawei" before purchasing their Nexus 6P phones.  *See* SCAC ¶ 31 (Plaintiff Christensen "saw representations by both Google and Huawei"); ¶ 46 (Plaintiff Harrison "saw advertisements from Google and Huawei"); ¶ 49 (Plaintiff Himes "saw several advertisements in which Google and Huawei made representations"); ¶ 55 (same for Plaintiff Servodio); ¶ 66 (Plaintiff Johnston "saw Google's and Huawei's television and online advertisements").  In the previous Complaint, only two of these five Plaintiffs alleged they saw *any* advertising before purchasing their phones—and none of that advertising was attributed to Huawei.  *See* CAC ¶¶ 91, 153.  The other five Plaintiffs that bring a UCL or CLRA claim in the Amended Complaint allege only that they saw advertisements and statements by Google.  *See* SCAC ¶¶ 25, 39, 43, 63.  Importantly, none of the Plaintiffs allege that they *relied* on any affirmative representations—whether by Huawei, "Google and Huawei," or Google alone—when making their purchase.

Even if Plaintiffs could allege that they relied on any statement by Huawei when purchasing their Nexus 6P phones, Plaintiffs' UCL and CLRA claims may not be based on non-actionable "puffery."  *In*

18

*re Sony Grand Wega*, 758 F. Supp. 2d at 1092.  As the Court recognized in the March 5 Order, the only alleged advertisement that could arguably be an actionable statement is the claim that the Nexus 6P phone battery "get[s] up to seven hours of use after only ten minutes of charging."  *See* Order at 47. Only a few Plaintiffs claim to have seen this statement by "Google and Huawei"; the rest of the Plaintiffs point vaguely to representations "that the Nexus 6P had excellent battery life and otherwise emphasizing the phone's high quality and functionality," SCAC ¶ 46, that the phones have "superior battery charging capabilities," *id.* ¶ 49, and that the phones are "built on a foundation of power," *id.* ¶ 55.  Because these representations are not "specific and measurable," they cannot form the basis of Plaintiffs' UCL and CLRA claims.  Order at 69.

### 3. Plaintiffs Do Not Plausibly Allege Any Basis Upon Which Their Claims Under The Unfair Prong Of The UCL May Be Based.

While the above arguments are sufficient to dispense with the UCL claims in full, Plaintiffs' claims under the unfair prong of the UCL are also subject to dismissal for another reason.

Each of the three underlying bases asserted for Plaintiffs' claims against Huawei under the unfair prong of the UCL lacks factual basis and therefore cannot support a claim.  *See* SCAC ¶ 204(a), (b), (d). Two of the three alleged bases regurgitate the unsupported legal theories that (1) Huawei affirmatively misrepresented the qualities of the Nexus 6P to consumers, and (2) Huawei knowingly failed to disclose defects in the phone of which it was aware to consumers before the sale of those phones.  These theories fail for the reasons described above.  *See supra* at 15-19.  The only other asserted basis for Plaintiffs' claim against Huawei under the unfair prong of the UCL is that "Google and Huawei failed to exercise adequate quality control and due diligence over the Nexus 6P before launch, and instead rushed the devices to market without affording adequate time to allow for: (1) product testing and; (2) implementation of design and/or manufacturing measures to eliminate or mitigate any defects the product testing identified."  SCAC ¶ 204(d).  Plaintiffs' criticism of Google and Huawei's product development strategy—whether justified or not—does not, on its own, suffice to establish "unfair" business practices with respect to consumers.  Were the UCL claim to survive on this basis, nothing would prevent any consumer who experiences a bug in an electronics product from bringing a claim

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

under the unfair prong of the UCL based on the bare allegation that the manufacturer did not detect the bug earlier.  A lawsuit is not the proper vehicle to determine the "adequate time" necessary to design and develop a mobile phone.

### 4.  Plaintiffs Do Not Plausibly Allege That The Alleged Defects Posed An Unreasonable Safety Hazard.

To state a claim for failure to disclose a defect under the UCL and CLRA, in addition to actual knowledge and other elements, a plaintiff must allege "the existence of an unreasonable safety hazard." *Williams*, 851 F.3d at 1025-26.  In opposition to Huawei's first motion to dismiss, Plaintiffs suggested that an "unreasonable safety hazard" is not a required element of these claims, relying on the California Court of Appeal's decision in *Rutledge v. Hewlett-Packard Co.*, 190 Cal. Rptr. 3d 411 (2015).  *See* Dkt. No. 53 at 46-48.  To the extent Plaintiffs attempt to revive this argument, the Court must follow the Ninth Circuit's more recent authority in *Williams*.  *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016); *see also Hodsdon v. Mars, Inc.*, 2018 WL 2473486, at *3 (9th Cir. June 4, 2018) ("[W]e have no occasion in this case to consider whether the later state-court cases have effectively overruled" Ninth Circuit precedent on this issue.).  In fact, the Court dismissed the UCL and CLRA claims in the previous Complaint based on *Williams*, holding Plaintiffs' allegations that the Nexus 6P poses safety concerns were too "conjectural and hypothetical" to sustain a claim.  *See* Order at 35-36.

Plaintiffs did not even attempt to cure this fatal pleading defect.  The words "safety" and "hazard" do not appear in the Amended Complaint; indeed, Plaintiffs have dropped all references to the vague "serious safety concerns" alleged in the previous Complaint.  *See* CAC ¶ 180.  So there is no allegation that the alleged bootloop and battery drain defects posed a safety concern—let alone constituted the types of unreasonable safety hazards courts have held require disclosure under state consumer protection laws.  *See, e.g.*, *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 912, 917-19 (C.D. Cal. 2010) (car windshield with high propensity to crack or chip); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095-96 (N.D. Cal. 2007) (defective car speedometer).  This absence renders the UCL and CLRA claims defective, particularly under the heightened pleading requirements of Rule 9(b).

Plaintiffs may argue that allegations of an unreasonable safety hazard are required only when the

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**
**Case No. 5:17-cv-02185-BLF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

alleged defects occur outside of the warranty period. *See* Dkt. No. 133 at 4. The holding in *Sloan v. General Motors LLC*, on which Plaintiffs rely, is, respectfully, flawed. *See* 287 F. Supp. 3d 840, 868 (N.D. Cal. 2018). The Ninth Circuit did not limit its holding in *Williams* to alleged defects that manifest outside of the warranty period. *See Williams*, 851 F.3d at 1025-26 ("To state a claim for failing to disclose a defect, a party must allege . . . the existence of an unreasonable safety hazard[.]"). In fact, *Williams* involved claims based on defects that "*typically* will not manifest until the . . . warranty period has expired," not defects that *always* manifest post-warranty. *Id.* at 1019 (emphasis added); *see also id.* at 1029 (defects "usually" manifest post-warranty). Therefore, the "pivotal fact" on which *Sloan* relied was incorrect. 287 F. Supp. 3d at 868.

Accordingly, the UCL and CLRA claims should be dismissed in full, and with prejudice. *See Williams*, 851 F.3d at 1026 (affirming district court's dismissal of UCL and CLRA claims for failure to allege an unreasonable safety hazard caused by the alleged product defects).

### 5. UCL Claims Of Non-California Plaintiffs Also Fail Because The Statute Does Not Apply Extraterritorially.

In the previous Complaint, only Plaintiffs Gorbatchev, Christensen, and Makcharoenwoodhi—all residents of California who allegedly purchased their phones while in California—alleged claims for violation of the UCL. *See* CAC ¶ 298. In the Amended Complaint, a number of Plaintiffs who are admittedly not California residents and did not purchase their Nexus 6P phones in California now allege claims under the UCL. *See* SCAC ¶¶ 200, 202, 208. The Court should dismiss these claims since they did not arise from conduct occurring in California.

There is a strong presumption against the extra-territorial application of California law. *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011); *see also Ice Cream Distribs. of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, 2010 WL 3619884, at *8 (N.D. Cal. Sept. 10, 2010) ("[T]he UCL does not apply to actions occurring outside of California that injure non-residents."). "In determining whether California law should apply to a certain claim, courts consider facts like where the defendant is located, where the class members are located, and where decisions about the behavior in question were made." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147-49 (N.D. Cal. 2013). Relevant

21

1   here, courts also consider "the location from which advertising and other promotional literature

2   decisions were made." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 916-18 (C.D. Cal. 2011).

3   "[T]he existence of personal jurisdiction over a defendant does not alone permit application of the forum

4   law to the claims of the nonresident plaintiffs." *Tidenberg v. Bidz.com, Inc.*, 2009 WL 605249, at *4

5   (C.D. Cal. Mar. 4, 2009).

6          Though Plaintiffs make a number of allegations regarding Huawei's conduct with respect to the

7   *development* of the Nexus 6P in California, the design and development of the phone is not alleged to

8   have been "unlawful in the abstract." *Sullivan*, 51 Cal. 4th at 1208.  Rather, Plaintiffs contend Huawei

9   violated the UCL by allegedly failing to disclose the alleged defects in marketing and advertising to

10  Plaintiffs and other consumers.  *See, e.g.*, SCAC ¶ 204.  But nowhere in the Amended Complaint do

11  Plaintiffs allege that Huawei made any decisions related to its marketing and advertising—activities

12  entirely separate from the "development" of the phone—in California.  Plaintiffs' general allegation

13  regarding the geographic location of *Google*'s relevant  activities does not establish that any of

14  Huawei's alleged marketing and promotional conduct occurred in California.  *See* SCAC ¶ 22.  Plaintiffs

15  also do not allege that the non-California Plaintiffs saw or relied on any of Huawei's representations in

16  California, that the non-California Plaintiffs purchased their phones in California, or even that the non-

17  California Plaintiffs sought relief under the terms of the Limited Warranty in California.

18         Accordingly, the UCL claims alleged by Plaintiffs Beheler, Davydov, Harrison, Himes,

19  Servodio, Poore, and Johnston should be dismissed.  *See Frito-Lay*, 961 F. Supp. 2d at 1148 (dismissing

20  UCL claim with prejudice because "Plaintiffs have failed to give a plausible account of how or why a

21  non-California plaintiff could sue under California tort law for purchases made outside the state from a

22  Texan company that, at most, advertises and sells its products in California."); *In re Toyota Motor*

23  *Corp.*, 785 F. Supp. 2d at 917 (dismissing UCL claim because "[p]laintiffs have not alleged with

24  sufficient detail that the point of dissemination from which advertising and promotional literature *that*

25  *they saw or could have seen* is California.") (emphasis in original).

26         **F.     The Court Should Dismiss All Plaintiffs' Common Law Fraud Claims.**

27         Plaintiffs Makcharoenwoodhi, Martorello, Beheler, Davydov, Harrison, Himes, Jones, Servodio,

28

22

Leone, Poore, and Johnston allege a single cause of action for "Fraudulent Concealment (Common Law)" against Huawei "under California, Florida, Indiana, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Texas, and Washington law." SCAC ¶ 228. Even putting aside the fact that Plaintiffs improperly "group together multiple sources of law" under a single cause of action, Order at 7, none of the asserted state laws supports a claim for fraudulent concealment in this case.

1. **All Plaintiffs' Fraudulent Concealment Claims Fail Because Plaintiffs Do Not Plead The Required Element Of Intent.**

Each of the state laws on which the fraudulent concealment claims are based require plausible allegations of an *intent* to induce fraud. *See Lopez v. Clarke*, 189 So. 3d 805, 809 (Ct. App. Fla. 2015); *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007); *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013); *Lama Holding Co. v. Smith Barney*, 88 N.Y.2d 413, 421 (1996); *Isbey v. Cooper Cos., Inc.*, 407 S.E.2d 254, 256 (N.C. App. 1991); *Ward Farms P'ship v. Enerbase Coop. Res.*, 863 N.W.2d 868, 872 (N.D. 2015); *Russ v. TRW, Inc.*, 570 N.E.2d 1076, 1083-84 (Ohio 1991); *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994); *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998); *Brummett v. Wash.'s Lottery*, 288 P.3d 48, 54 (Wash. Ct. App. 2012).

Plaintiffs' Amended Complaint does not contain any non-conclusory allegations plausibly indicating that Huawei acted *intentionally* to conceal the purported defects from consumers. In fact, if the Court were to credit Plaintiffs' allegations that Huawei "knew" that the Nexus 6P had an alleged latent defect based on customer complaints posted online (which it should not, for the reasons described above) those same allegations indicate that information about the alleged "defects" was equally available to any potential Nexus 6P purchaser. *Cf. Swanson v. ALZA Corp.*, 2013 WL 968275, at *10 (N.D. Cal. Mar. 12, 2013) (granting motion to dismiss fraudulent concealment claim premised on defendant's purported concealment of a fact that was "public knowledge").

Plaintiffs do not allege that Huawei discredited or removed the public online complaints—which conduct would arguably indicate an intent to conceal damaging information. Instead, Plaintiffs allege that Huawei engaged with customers and took actions to remedy the complaints. *See* SCAC ¶¶ 121, 124; *see also Aliya Medicare Fin., LLC v. Nickell*, 156 F. Supp. 3d 1105, 1127-28 (C.D. Cal. 2015)

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**
**Case No. 5:17-cv-02185-BLF**

1
2
3
4
5
6
7
8
9
10

(dismissing fraudulent concealment claims for failure to allege intent when "the complaint alleges a plausible, non-fraudulent explanation" for the alleged conduct).  Absent any plausible factual allegations that Huawei intended to defraud consumers by actively concealing the alleged bootloop and battery drain defects, Plaintiffs' conclusory allegations of intent are insufficient to state a claim.  *See* SCAC ¶ 209 ("Huawei knowingly and intentionally concealed from Plaintiffs that the Nexus 6P contains a latent defect that renders the phone prone to fail."); ¶ 229 ("Huawei intentionally suppressed and concealed material facts concerning the performance and quality of the Nexus 6P."); *see also Digby Adler Grp., LLC v. Mercedes-Benz U.S.A., LLC*, 2015 WL 1548872, at *4 (N.D. Cal. Apr. 7, 2015) ("[C]onclusory statements about intent to defraud, without corroborating factual allegations, are insufficient, standing alone, to adequately allege a fraud claim.").

11
12

        **2.**       **All Plaintiffs' Fraudulent Concealment Claims Fail Because Plaintiffs' Allegations Do Not Plausibly Establish That Huawei Had Actual Knowledge Of The Alleged Defects At The Time Plaintiffs Purchased Their Phones.**

13
14
15
16
17
18
19
20
21
22

As with the UCL and CLRA claims, to state a claim for common law fraud based on Huawei's alleged failure to disclose the alleged bootloop and battery drain defects, Plaintiffs must allege that Huawei "knew of the defect at the time a sale was made." *Williams*, 851 F.3d at 1025-26; *see also, e.g.*, *Aprigliano v. Am. Honda Motor Co., Inc.*, 979 F. Supp. 2d 1331, 1340 & n.4 (S.D. Fla. 2013); *HMBI, Inc. v. Schwartz*, 2009 WL 3390865, at *7 (N.D. Ind. Oct. 19, 2009); *Woods v. Maytag Co.*, 807 F. Supp. 2d 112, 124 (E.D.N.Y. 2011); *Watts v. Cumberland Cty. Hosp. Sys., Inc.*, 74 N.C. App. 769, 774 (1985) (overruled on other grounds); *Ward Farms P'ship*, 863 N.W.2d at 872; *Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 409 (Ohio 1984); *Gibbs*, 647 A.2d at 889; *Avance v. Kerr-McGee Chem., LLC*, 2006 WL 3913509, at *9 (E.D. Tex. Dec. 14, 2006); *Griffith v. Centex Real Estate Corp.*, 969 P.2d 486, 492 (Wash. Ct. App. 1998).

23
24
25

As described above, *see supra* at 15-17, Plaintiffs do not plausibly allege Huawei knew of the specific alleged defects prior to the time Plaintiffs purchased their phones such that Huawei could have disclosed the alleged defects.  Accordingly, the fraudulent concealment claims should be dismissed.

26
27
28

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND
CONSOLIDATED AMENDED COMPLAINT
Case No. 5:17-cv-02185-BLF**

IV.    **CONCLUSION**

Although the Court previously held that certain named Plaintiffs sufficiently pleaded specific individual warranty causes of action as to Huawei, the Amended Complaint alleges claims on behalf of a sprawling nationwide class, claims that stretch far beyond the well-pleaded factual allegations.  Given this disparity, there is no need to wait until class certification to trim these claims to a realistic and manageable scope.  The Court should dismiss with prejudice the following claims alleged against Huawei: (1) all claims alleged on behalf of the putative nationwide class; (2) the individual breach of express warranty claims by Plaintiffs Davydov, Harrison, and Himes; (3) the individual breach of implied warranty claim by Plaintiff Poore; (3) the Magnuson-Moss Warranty Act claim by Plaintiff Poore; (4) all UCL claims, except for those alleged individually by the California Plaintiffs under the unlawful prong of the UCL and premised solely on alleged violation of the Magnuson-Moss Warranty Act; and (5) all CLRA and common law fraudulent concealment claims.

Because Plaintiffs have already been afforded ample opportunity to cure the deficiencies identified by Huawei and the Court, Plaintiffs should not be granted leave to amend.


DATED:   June 14, 2018                    COVINGTON & BURLING LLP


                                          By:   */s/ Simon J. Frankel*
                                                Simon J. Frankel
                                                Lindsey Barnhart

                                                *Attorneys for Defendant*
                                                HUAWEI DEVICE USA, INC.

**DEFENDANT HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**
**Case No. 5:17-cv-02185-BLF**