Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*dcg@girardgibbs.com*
*je@girardgibbs.com*
*aep@girardgibbs.com*
*sg@girardgibbs.com*

Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Jessica L. Titler (*pro hac vice*)
**CHIMICLES & TIKELLIS LLP**
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
*bfj@chimicles.com*
*awf@chimicles.com*
*jt@chimicles.com*

*Interim Class Counsel*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF-VKD<br><br>~~**[PROPOSED]**~~ **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Ctrm:   2, 5th Floor<br>Judge:  Hon. Virginia K. DeMarchi<br><br>(MODIFIED BY THE COURT) |

1. **PURPOSE**

    This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

    The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

    The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

    The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

    a.      The parties agree that the relevant time period for preserving ESI is January 1, 2015 to the present.  Where a reasonable investigation shows that a particular individual custodian's timeframe of involvement with the Nexus 6P product indicates that a shorter time period is appropriate for that custodian, that shorter period can be applied by the producing party.  If the parties agree that a custodian's files shall be searched and produced responsive to a document request, and the producing party has applied a shorter retention period for that custodian, the producing party shall inform the requesting party of the shorter retention period.

1

b.      The parties will meet and confer *and agree within 30 days of the lifting of the discovery stay* regarding the types of ESI they believe should be preserved, and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary.

c.      The parties will meet and confer *and agree within 30 days of the lifting of the discovery stay* on the number of custodians per party for whom ESI will be preserved.

d.      The parties agree that backup systems and/or tapes used for disaster recovery are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced.

e.      In the event a party subsequently identifies a system no longer in use that contains relevant discoverable information: (1) that cannot be accessed and; (2) is not readily available from other sources, that party will notify the others within a reasonable time after identification of such a system. If necessary, the parties will meet and confer regarding discovery of ESI or data within such a system.

f.      Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following:

i.      custodians' voicemail messages;

ii.     information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

iii.    automatically saved versions of documents and emails (not including manually saved drafts);

iv.     deleted, slack, fragmented, or other data accessible only by forensics, unless it is determined by the Court that such data was deleted intentionally in reaction to or anticipation of this litigation;

v.      random access memory (RAM), temporary files, or other ephemeral data that are not intended for prolonged storage in its present location;

vi.     files created for temporary storage or placed into a temporary case by an application, such as temporary internet files, history, cache, cookies, and the like;

vii.     dynamic fields of databases or log files that are not retained in the usual course of business; and

viii.     data previously in metadata fields that are frequently updated automatically, such as last opened dates.

g.     The parties ~~agree to~~ will meet and confer **and agree within 30 days of the lifting of the discovery stay** regarding the preservation and production of information regarding contacts with customers, including call database records, chat records, and audio recordings.

## 5.   SEARCH METHODOLOGY

To the extent the Parties wish to use search terms and/or Boolean search strings or other limiters, including, by way of example only, date ranges and email domains in metadata fields, as a means of limiting the volume of information to be reviewed for responsiveness they shall meet and confer and attempt in good faith to reach agreement regarding the search methodology, including the proposed search terms and the identities of custodians from whom ESI will be collected and searched.  The above does not apply to exclusion of system or executable files (.exe, .dll, etc.), and ESI or data with file extensions that typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format, including those file types contained on the list established by the National Institute of Standards in Technology ("NIST"), including but not limited to: ani; bat; c; cab; cfg; class; dll; ex_; exe; fon; hlp; ico; icon; inf; ini; isu; java; jpa; kqp; mpe; msi; ocx; out; pcd; pcx; reg; sfw; sys; tag; ttf; and xp.

## 6.   DE-DUPLICATION

Each party is required to produce only a single copy of a responsive document and each party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. A party may also de-duplicate "near-duplicate" email threads as follows: In an email thread, only the final-in-time document need be produced, provided that all previous emails in the thread are contained within the final message. Where a prior email contains an attachment, that email and

3

attachment shall not be removed as a "near-duplicate." To the extent that de-duplication through MD5 or SHA`-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed method of de-deduplication.

**7.     PRODUCTION FORMATS**

The parties agree to produce documents in the formats described in Appendix 1 to this Order. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**8.     PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI.  The parties will meet and confer regarding how to prioritize productions.

**9.     DOCUMENTS PROTECTED FROM DISCOVERY**

a.     Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  Disclosures among Defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents within a reasonable period after discovery of the disclosure by notifying the receiving party in writing of the assertion of privilege or protection. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

b.     The following communications need not be placed on a privilege log where such communications post-date the filing of the complaint in *Gorbatchev et al. v. Huawei Technologies USA, Inc. et al.*, Case No. 4:17-cv-00260-ALM (E.D. Tex. filed Apr. 14, 2017): (1) communications involving

Outside Counsel of Record (attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party); (2) communications involving In-House Litigation Counsel (attorneys and their support staff who are employees of a party to this action with responsibility for managing this litigation or discovery matters related to this litigation); and (3) communications involving other In-House counsel (attorneys and their support staff who are employees of a party to this litigation) that relate to this litigation. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

   c.      Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

## 10.   SERVICE AND DELIVERY OF DOCUMENTS

   The parties agree that document productions shall be provided via secure file transfer unless a party chooses to provide the documents by another means acceptable to all parties, including email and electronic media delivery. The parties agree that email or secure file transfer to all counsel of record as of 11:59 p.m. Pacific Time shall constitute service that calendar day.

   Discovery requests and written responses to discovery shall be served in searchable .PDF format by electronic service.

   Any party who subpoenas documents, electronically stored information, or other tangible things from a third party shall provide notice to the other parties to the litigation before service of the subpoena on the third party in accordance with Federal Rule of Civil Procedure 45(a)(4) and make reasonable provision for prompt access to any documents produced.

## 11.   MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
STORED INFORMATION
CASE NO. 5:17-CV-02185-BLF-VKD

1  Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each
2  modified Stipulated Order will supersede the previous Stipulated Order.

3

4          **IT IS SO STIPULATED**, through Counsel of Record.

5  Dated: May 31, 2018                          Respectfully submitted,

6                                               **GIRARD GIBBS LLP**

7                                               By:     /s/ *Adam E. Polk*                                         
8                                               Daniel C. Girard (State Bar No. 114826)
                                                Jordan Elias (State Bar No. 228731)
9                                               Adam E. Polk (State Bar No. 273000)
                                                Simon S. Grille (State Bar No. 294914)
10                                              601 California Street, Suite 1400
                                                San Francisco, California 94108
11                                              Tel: (415) 981-4800
12                                              *dcg@girardgibbs.com*
                                                *je@girardgibbs.com*
13                                              *aep@girardgibbs.com*
                                                *sg@girardgibbs.com*
14

15                                              Benjamin F. Johns (*pro hac vice*)
                                                Andrew W. Ferich (*pro hac vice*)
16                                              Jessica L. Titler (*pro hac vice*)
17                                              **CHIMICLES & TIKELLIS LLP**
                                                361 W. Lancaster Avenue
18                                              Haverford, Pennsylvania 19041
                                                Tel: (610) 642-8500
19                                              *bfj@chimicles.com*
20                                              *awf@chimicles.com*
                                                *jt@chimicles.com*
21

22                                              *Interim Class Counsel*

23                                              Cory S. Fein (State Bar No. 250758)
24                                              **CORY FEIN LAW FIRM**
                                                712 Main St., #800
25                                              Houston, TX 77002
                                                Tel: (415) 981-4800
26                                              Fax: (530) 748-0601
                                                *cory@coryfeinlaw.com*
27
                                                *Counsel for Plaintiffs*
28

                                     6
[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
                     STORED INFORMATION
              CASE NO. 5:17-CV-02185-BLF-VKD

| | | |
|---|---|---|
| 1 | | **COVINGTON & BURLING LLP** |
| 2 | Dated: May 31, 2018 | By:    /s/ *Lindsey C. Barnhart* |
| 3 | | Simon J. Frankel |
| | | Lindsey C. Barnhart |
| 4 | | One Front Street, 35th Floor |
| | | San Francisco California 94111 |
| 5 | | Tel: (415) 591-6000 |
| 6 | | *sfrankel@cov.com* |
| | | *lbarnhart@cov.com* |
| 7 | | |
| | | *Counsel for Huawei Device USA, Inc.* |
| 8 | | |
| 9 | | **DURIE TANGRI LLP** |
| 10 | Dated: May 31, 2018 | By:    /s/ *Joshua H. Lerner* |
| 11 | | Ragesh K. Tangri (SBN 159477) |
| | | Joshua H. Lerner (SBN 220755) |
| 12 | | Eugene Novikov (SBN 257849) |
| | | Catherine Y. Kim (SBN 308442) |
| 13 | | 217 Leidesdorff Street |
| 14 | | San Francisco, CA  94111 |
| | | rtangri@durietangri.com |
| 15 | | jlerner@durietangri.com |
| | | enovikov@durietangri.com |
| 16 | | ckim@durietangri.com |
| 17 | | |
| | | *Counsel for Defendant Google Inc.* |
| 18 | | |
| 19 | | |
| 20 | | **ATTESTATION** |
| 21 | | |

I, Adam E. Polk, am the ECF user whose identification and password are being used to file this Stipulated Order regarding Discovery of Electronically Stored Information.  I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel listed above.

Dated: May 31, 2018                                   /s/ *Adam E. Polk*
                                                                 Adam E. Polk

7

1

## [PROPOSED] ORDER

AS MODIFIED BY THE COURT,

2   PURSUANT TO STIPULATION, IT IS SO ORDERED.

3                                            ^

4   Dated:  June 19, 2018          _____Virginia K. DeMarchi_____
                                            Virginia K. DeMarchi
5                                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
STORED INFORMATION
CASE NO. 5:17-CV-02185-BLF-VKD

**APPENDIX 1**
**PRODUCTION FORMAT AND METADATA**

1. **Production Components.** Productions shall include single-page TIFFs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2. **Image Load File** shall contain the following comma-delimited fields:  BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

3. **Metadata Fields and Metadata File.** Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN.  The metadata file shall be delimited according to the following characters:
   - Delimiter = ¶ (ASCII:020)
   - Text-Qualifier = þ (ASCII:254)
   - New Line = ® (ASCII:174)

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |

1

| Field Name | Field Description |
|---|---|
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email was sent (format: HH:MM:SS A/PM) |
| DATERECEIVED | Date email was received (format: MM/DD/YYYY) |
| TIMERECEIVED | Time email was received (format: HH:MM:SS A/PM) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) (Edoc or attachment) |
| TIMEMOD | Time an electronic document was last modified (format: HH:MM:SS A/PM) (Edoc or attachment) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc |

| Field Name | Field Description | |
|---|---|---|
| | or attachment) | |
| TIMECREATED | Time an electronic document was created (format: HH:MM:SS A/PM) (Edoc or attachment) | |
| NATIVELINK | Native File Link (Native Files only) | |
| FILEEXTENSION | File extension of an electronic document (Edoc or attachment) | |
| FILEPATH | File path of an electronic document (Edoc or attachment) | |

4. **TIFFs.** Documents that exist only in hard copy format shall be scanned and produced as TIFFs. Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs. Unless excepted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for all documents. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). TIFFs shall show all text and images that would be visible to a user of the hard copy documents.

5. **Image Load Files / Data Load Files.** Each TIFF in a production must be referenced in the corresponding image load file.  The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production.  The total number of documents in a production should match the total number of records in the data load file.

6. **Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

7. **Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

8. **Redaction Of Information.** If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so

3

as to preserve without modification, alteration or addition the content of such data including any metadata therein.

9.   **NATIVE FILE PRODUCTIONS.** Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files); audio files; and presentation program files (e.g. PowerPoint, Prezi, Google Slides) shall be produced in their native file format. TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Appendix 1. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

10.   **Proprietary Files.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information.  The parties shall meet and confer to finalize the appropriate production format.

11.   **Production Media.** Documents shall be produced on external hard drives, readily accessible computer(s) or other electronic media ("Production Media").  Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002"). Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2018 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

/s/ *Adam E. Polk*