1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re NEXUS 6P PRODUCTS LIABILITY
LITIGATION

Case No.  17-cv-02185-BLF

**ORDER GRANTING PLAINTIFFS'
MOTION TO LIFT DISCOVERY STAY**

Before the Court is Plaintiffs' motion to lift the discovery stay in this action.  *See* ECF 133.
For the reasons that follow, the Court GRANTS Plaintiffs' request to lift the discovery stay.

I.     **BACKGROUND**

This case is a putative consumer class action against Defendants Huawei Device USA, Inc.
("Huawei") and Google LLC ("Google") (collectively "Defendants"), regarding severe defects in
Nexus 6P smartphones.  On August 18, 2017, this Court granted Defendants' motion to stay
discovery until the hearing on Defendants' motions to dismiss the Consolidated Amended
Complaint.  *See* ECF 84.  In particular, the Court noted that Huawei raised a personal jurisdiction
argument that was potentially dispositive of the entire case as to Huawei.  *Id.* at 3.  The Court
further noted that Google's motion to dismiss could be potentially dispositive of the express
warranty claims, which in turn would limit the scope of discovery.  *Id.*  At the hearing on the
motions to dismiss, the Court continued the discovery stay until further notice.  *See* ECF 106.

On March 5, 2018, the Court ruled on Defendants' motions to dismiss the Consolidated
Amended Complaint.  ECF 115.  On May 10, 2018, Plaintiffs filed a Second Consolidated
Amended Complaint ("SAC"). ECF 117.  The SAC pleads a single nationwide class and alleges

seven claims for relief.  *Id.*  Although the Court granted with leave to amend Huawei's motion to dismiss for lack of personal jurisdiction (ECF 113), Huawei has now withdrawn its personal jurisdiction defense.  On June 14, 2018, Defendants moved to dismiss the SAC.  ECF 134, 135. No discovery has occurred to date.  Plaintiffs now move to lift the stay of discovery, and Defendants oppose.  ECF 133 ("Mot."); ECF 138 ("Opp'n").

## II.        LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," see Fed. R. Civ. P. 26(c)(1)(A).  Good cause for staying discovery may exist when the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'" *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants.").  Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. C-13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003).  First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which

1  discovery is directed.  *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted).  Second, the court

2  must determine whether the pending motion can be decided absent discovery.  *Id.* at 352 (citation

3  omitted).  "If the Court answers these two questions in the affirmative, a protective order may

4  issue.  However, if either prong of this test is not established, discovery proceeds."  *Id.*  In applying

5  this two-factor test, the court must take a "preliminary peek" at the merits of the pending

6  dispositive motion to assess whether a stay is warranted.  *Tradebay*, 278 F.R.D. at 602.

7  **III.  DISCUSSION**

8      Plaintiffs request that this Court lift the discovery stay immediately, pointing out that

9  Huawei no longer has a personal jurisdiction defense to dispose of this action, and the discovery

10  stay will needlessly delay the resolution of this litigation on the merits.  *See* Mot.  Defendants

11  oppose, arguing that the SAC remains overreaching and unwieldy, and continuing the discovery

12  stay until the pleadings are settled will not prejudice Plaintiffs.  *See* Opp'n at 1.

13      The Court has once again taken a "preliminary peek" at the merits of the underlying

14  motions to dismiss the SAC in considering whether Defendants continue to be able to justify a

15  stay of all discovery—which has already been in place at their request for ten months.  *Tradebay*,

16  278 F.R.D. at 602.  Defendants' pending motions to dismiss do not appear to be potentially case

17  dispositive or even dispositive on the issue at which discovery is directed.  Defendants focus on a

18  choice of law issue regarding whether Plaintiffs can bring their claims on behalf of a nationwide

19  class, but Plaintiffs have a persuasive argument that such class issues are premature at the pleading

20  stage.  *See* Reply, ECF 139.  Otherwise, Defendants' arguments challenge a wide variety of

21  specific allegations in the complaint that do not amount to "good cause" or a "strong showing" as

22  to why discovery should be denied.  *See Wenger*, 282 F.3d at 1077 (finding that good cause for

23  staying discovery may exist when the district court is "convinced that the plaintiff will be unable

24  to state a claim for relief."); *see also Tradebay*, 278 F.R.D. at 601.  Without determining the

25  merits of Defendants' motions at this time, the Court envisions that while some modifications to

26  the pleadings may be necessary, it appears that the case may move forward.[1]

27

28  _____

[1] Indeed, several of Plaintiffs' express warranty, implied warranty, Magnuson-Moss and UCL
claims against Huawei survived the first round of motions to dismiss.  *See, e.g.*, ECF 115 at 34.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Turning to the second factor, the pending motions to dismiss address the sufficiency of the

2    allegations and thus they can be decided without discovery. *Pac. Lumber Co.*, 220 F.R.D. at 352.

3    However, Defendants must prevail on both prongs to justify a protective order, and "if either

4    prong of this test is not established, discovery proceeds." *Id.* Because the Court is not satisfied

5    that Defendants' motions are potentially dispositive of the case as to either Google or Huawei, the

6    Court declines to exercise its discretion to continue the discovery stay. The circumstances that

7    existed on August 18, 2017 when the Court entered what it deemed a "limited" discovery stay—

8    such as Huawei's personal jurisdiction defense and the sprawling complaint before the Court at

9    that time—no longer exist. The Court has provided significant guidance to the parties in an 88-

10   page opinion on the state of the pleadings, which resulted in a narrowed set of claims against

11   Defendants on behalf of a single nationwide class. After a 10-month stay of discovery and trial set

12   for 2020, there is no good cause to continue the discovery stay.

13   **IV.    ORDER**

14       For the foregoing reasons, Plaintiffs' motion to lift the discovery stay is GRANTED in its

15   entirety. The Court will issue a revised Case Schedule in a separate order.

16

17   **IT IS SO ORDERED.**

18

19   Dated: June 19, 2018

20

21   BETH LABSON FREEMAN
     United States District Judge

22

23

24

25

26

27

28

4