Daniel C. Girard (State Bar No. 114826)
Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Trevor T. Tan (State Bar No. 281045)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
*dcg@girardgibbs.com*
*aep@girardgibbs.com*
*je@girardgibbs.com*
*ttt@girardgibbs.com*

Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Jessica L. Titler-Lingle (*pro hac vice*)
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
*bfj@chimicles.com*
*awf@chimicles.com*
*jt@chimicles.com*

*Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | No. 5:17-cv-02185-BLF<br><br>**DECLARATION OF ADAM E. POLK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS** |

I, Adam E. Polk, declare as follows:

1. I am a partner at the law firm of Girard Gibbs LLP. I submit this declaration in support of Plaintiff's Opposition to Defendant Huawei Device USA, Inc.'s Partial Motion to Dismiss. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of a letter dated April 19, 2017, sent via Certified Mail to the Legal Department at Huawei Device USA, Inc. on behalf of Plaintiff James Poore.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed July 19, 2018, in San Francisco, California.

*/s/ Adam E. Polk*
Adam E. Polk

---

1

DECLARATION OF ADAM E. POLK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS
CASE NO. 5:17-cv-02185-BLF

EXHIBIT A

# Chimicles & Tikellis LLP
### ATTORNEYS AT LAW

One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633
E-mail: Mail@Chimicles.com

Nicholas E. Chimicles
Pamela S. Tikellis *
Robert J. Kriner, Jr. *
Steven A. Schwartz
Kimberly Donaldson Smith
Timothy N. Mathews
A. Zachary Naylor *
Benjamin F. Johns
Scott M. Tucker *
Catherine Pratsinakis
Christina Donato Saler
Alison G. Gushue
Tiffany J. Cramer *
Vera G. Belger *
Andrew W. Ferich
Jessica L. Titler
Stephanie E. Saunders

OF COUNSEL
Anthony Allen Geyelin
David M. Maser

*Attorneys admitted to
Jurisdiction other than PA

Writer's Direct E-mail:
BFJ@Chimicles.com

April 19, 2017
VIA CERTIFIED MAIL

Huawei Device USA, Inc.
ATTN: Legal Department
5700 Tennyson Parkway, Suite 600
Plano, TX 75024

Re:   Demand Letter Pursuant to Texas Business and Commerce Code § 17.505, *et seq.* on Behalf of James Poore

To Whom It May Concern:

I write on behalf of James Poore ("Plaintiff") and all similarly situated individuals residing in Texas to provide you with notice and a demand pursuant to Texas Business and Commerce Code § 17.505, *et seq.* This letter and its contents are provided to you on a confidential basis per Texas Evidence Code § 408.

**Nature of DTPA Claims for Plaintiff and the Proposed Class**

Plaintiff and the members of the proposed class intend to bring claims against Huawei Device USA, Inc. ("Huawei") for violation of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE §§ 17.41, *et seq.* The basis of Plaintiff's and class members' claims is that Huawei concealed or failed to disclose a defect in Nexus 6P smartphones ("Class Phones") that puts these phones into a death spiral known as a bootloop and a separate or related issue that causes Class Phone batteries to drain or die despite that the battery charge level is well above 0%. When the bootloop defect manifests, it causes Class Phones to become stuck in the boot-up process, typically at the initial boot screen. The bootloop defect prevents Class Phones from proceeding past this screen and renders Class Phones

WILMINGTON OFFICE
222 Delaware Ave, Suite 1100
Wilmington, Delaware 19801
Telephone: (302) 656-2500
Telecopier: (302) 656-9053

Huawei Device USA, Inc.
Attn: Legal Department
April 19, 2017
Page 2

inoperable. As for battery issues, when this issue manifests, it causes Class Phones to die despite that there is still high battery life remaining as per the Phones' display. Some consumers report that their Class Phones shut off with upwards of 60% or more charge remaining.

Despite Huawei's knowledge of these defects in Class Phones, it has sold and continues to sell Class Phones to consumers without disclosing the issues and paying the full costs of repair and/or replacement when the issues manifest. Consumers are routinely forced to pay out of pocket to obtain a replacement phone or repair for Class Phones that bootloop or are subject to early shut-off or battery drain, whether their phones are in or out of warranty. In addition, these issues have caused consumers to lose valuable intellectual property stored on their smartphones (*e.g.* photos, videos, etc.), and to suffer from loss of use of their Class Phones, in addition to other harm.

Plaintiff's Nexus 6P Class Phone experienced the battery drain defect in September 2016, approximately 8 months after he purchased his Nexus 6P phone. His Class Phone ceased functioning when his phone's battery still had 25-30% charge remaining, and in some instances, when the battery still had 40% charge remaining. When Plaintiff first presented the problem to Huawei while his Class Phone was still under warranty, he was denied warranty coverage because the problem was described as a software-related issue. He was referred then to Google's customer service, who said nothing could be done since the phone was not purchased from their online store. His warranty has since lapsed; therefore he has not been able to get his defective phone repaired.

**Demand for Plaintiff and Members of the Proposed Class**

Plaintiff and class members have suffered ascertainable losses as a result of Huawei's omissions and/or misrepresentations concerning the above described defects, including, but not limited to, loss of use, loss of intellectual property, out-of-pocket losses, future repairs, and diminished value of their Class Phones. The damages to Plaintiff and members of the proposed class can be determined by determining exact out-of-pocket costs resulting from the Defect, including but not limited to payments for repairs, insurance deductibles, shipping and handling fees relating to repairs or replacement, purchasing and activating temporary phone lines, and other costs. Damages can also be quantified for loss of use. Because the

Huawei Device USA, Inc.
Attn: Legal Department
April 19, 2017
Page 3

proposed class includes many thousands of individuals, and because Huawei possesses information that will be required to complete this analysis, a complete picture of the damages for the class can be obtained only through discovery.

Plaintiff and the members of the proposed class prefer to litigate their claims in court. Nonetheless, if Huawei wishes to resolve the case now, I am willing to discuss settlement so long as it includes classwide relief. On information and belief, the members of the class would be willing to give up their claims in exchange for a full refund of defective Class Phones; payment for any out-of-pocket costs incurred due to the defects; and a payment as compensation for loss of use and loss of personal intellectual property, along with reasonable attorney's fees and expenses. Any settlement also must include the injunctive relief.

Please call me if you want to discuss this demand further.

Sincerely,

Benjamin F. Johns

BFJ/AWF