SIMON J. FRANKEL (SBN 171552)
Email: sfrankel@cov.com
LINDSEY BARNHART (SBN 294995)
Email: lbarnhart@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091

Attorneys for Defendant
HUAWEI DEVICE USA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Civil Case No.: 5:17-cv-02185-BLF |
| | **DEFENDANT HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT** |
| | Hearing Date: October 17, 2018 |
| | Time:          9:00 a.m. |
| | Courtroom:     3, 5th Floor |
| | Judge:         Hon. Beth Labson Freeman |

# TABLE OF CONTENTS

I.    Plaintiffs Fail To Allege Any Viable Claims On Behalf Of The Putative Nationwide Class. ............................................................................................................. 1

    A.   The Required Choice Of Law Analysis Is Not Premature. ..................................... 1

    B.   California's Choice Of Law Rules Bar Plaintiffs' Claims Alleged On Behalf Of The Putative Nationwide Class. .......................................................................... 3

        1.   UCL and CLRA Claims. ........................................................................... 3

        2.   Warranty Claims. ..................................................................................... 4

        3.   Common Law Fraudulent Concealment Claims. ....................................... 6

    C.   Plaintiffs Lack Standing To Bring Claims On Behalf Of Residents Of States In Which They Do Not Reside. ............................................................................ 7

II.   THE MAJORITY OF PLAINTIFFS' INDIVIDUAL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. ........................................... 7

    A.   The Court Should Dismiss The Individual Breach Of Express Warranty Claims Of Plaintiffs Davydov, Harrison, And Himes For Failure To Allege Reliance. ...... 7

    B.   The Court Should Dismiss Plaintiff Poore's Breach Of Implied Warranty And Magnuson-Moss Warranty Act Claims For Failure to Allege Notice. ................... 8

    C.   All Of Plaintiffs' Fraud Claims Should Be Dismissed. .......................................... 9

        1.   Plaintiffs Ignored This Court's Order That They Specify The Separate Acts Of Huawei And Google Alleged To Constitute Fraud. ..................... 9

        2.   Plaintiffs Fail To Plausibly Allege Huawei Had Knowledge Of The Alleged Defects Before Plaintiffs Purchased Their Phones. ..................... 10

        3.   Plaintiffs' Common Law Fraud Claims Also Fail To Plausibly Allege Huawei Concealed The Alleged Defects With The Intent To Defraud. .... 13

    D.   Plaintiffs' UCL and CLRA Claims Also Fail Because They Do Not Allege An Unreasonable Safety Hazard. ............................................................................. 13

    E.   The Non-California Plaintiffs' UCL Claims Should Also Be Dismissed Because The Statute Does Not Apply Extraterritorially. .................................................... 14

    F.   All Plaintiffs Fail To Allege Sufficient Factual Basis For Their Claims Under The UCL's Unfair Prong. ............................................................................................. 15

III.  CONCLUSION. ............................................................................................................ 15

i

**DEFENDANT HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT, Case No. 5:17-cv-02185-BLF**

# TABLE OF AUTHORITIES

**Cases**

*Allapattah Servs., Inc. v. Exxon Corp.*,
    188 F.R.D. 667 (S.D. Fla. 1999) ............................................................................7

*Apodaca v. Whirlpool Corp.*,
    2013 WL 6477821 (C.D. Cal. Nov. 8, 2013) ......................................................14

*AT&T Mobility LLC v. AU Optronics Corp.*,
    707 F.3d 1106 (9th Cir. 2013) .........................................................................4, 11

*Avola v. La-Pac. Corp.*,
    991 F. Supp. 2d 381 (E.D.N.Y. 2013) ..................................................................8

*Bedolla v. Logan & Frazer*,
    52 Cal. App. 3d 118 (1975) ...................................................................................9

*Bruno v. Eckhart Corp.*,
    280 F.R.D. 540 (C.D. Cal. 2012) ..........................................................................4

*Burdt v. Whirlpool Corp.*,
    2015 WL 4647929 (N.D. Cal. Aug. 5, 2015) ......................................................11

*Butler v. Sears, Roebuck & Co.*,
    727 F.3d 796 (7th Cir. 2013) .................................................................................6

*Chavez v. Blue Sky Natural Beverage Co.*,
    268 F.R.D. 365 (N.D. Cal. 2010) ..........................................................................4

*Darisse v. Nest Labs, Inc.*,
    2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) ..................................................3, 5

*Decker v. Mazda Motor of America, Inc.*,
    2013 WL 12129281 (C.D. Cal. Mar. 29, 2013) ..................................................6, 7

*Deras v. Volkswagen Grp. of Am., Inc.*,
    2018 WL 2267448 (N.D. Cal. May 17, 2018) ....................................................11

*Digby Adler Grp., LLC v. Mercedes-Benz U.S.A., LLC*,
    2015 WL 1548872 (N.D. Cal. Apr. 7, 2015) ......................................................13

*Doe v. Uber Techs., Inc.*,
    184 F. Supp. 3d 774 (N.D. Cal. 2016) ..................................................................9

*Donald v. Shinn Fu Co. of America*,
    2002 WL 32068351 (E.D.N.Y. Sept. 4, 2002) ......................................................8

*Frenzel v. AliphCom*,
   76 F. Supp. 3d 999 (N.D. Cal. 2014) ............................................................................1, 2, 6

*Frezza v. Google Inc.*,
   2013 WL 1736788 (N.D. Cal. Apr. 22, 2013) ........................................................................2

*Gerritsen v. Warner Bros. Entm't Inc.*,
   112 F. Supp. 3d 1011 (C.D. Cal. 2015) ..................................................................................9

*Gray v. Toyota Motor Sales, U.S.A.*,
   2012 WL 313703 (C.D. Cal. Jan. 23, 2012) ........................................................................13

*Hindsman v. Gen. Motors LLC*,
   2018 WL 2463113 (N.D. Cal. June 1, 2018) ..........................................................................7

*In re Animation Workers Antitrust Litig.*,
   123 F. Supp. 3d 1175 (N.D. Cal. 2015) ..................................................................................9

*In re Carrier IQ, Inc.*,
   78 F. Supp. 3d 1051 (N.D. Cal. 2015) ............................................................................7, 8, 9

*In re Hyundai & Kia Fuel Economy Litigation*,
   881 F.3d 679 (9th Cir. 2018) ..................................................................................................6

*In re Hyundai & Kia Fuel Economy Litig.*,
   Case No. 15-56014, Dkt. No. 136 (9th Cir. July 27, 2018) ....................................................6

*In re NVIDIA GPU Litig.*,
   2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) ........................................................................5

*In re Rust-Oleum Restore Mktg., Sales Practices & Prods. Liab. Litig.*,
   155 F. Supp. 3d 772 (N.D. Ill. 2016) ......................................................................................5

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) ................................................................................10

*Johnson v. Nissan N. Am., Inc.*,
   272 F. Supp. 3d 1168 (N.D. Cal. 2017) ..................................................................................7

*Larsen v. Vizio, Inc.*,
   2015 WL 13655757 (C.D. Cal. Apr. 21, 2015) ......................................................................2

*Levin v. Gallery 63 Antiques Corp.*,
   2006 WL 2802008 (S.D.N.Y. Sept. 28, 2006) ........................................................................8

*Mazza v. American Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ..................................................................................................3

*Morris v. BMW of N. Am., LLC*,
   2007 WL 3342612 (N.D. Cal. Nov. 7, 2007) ........................................................................11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Parkinson v. Hyundai Motor America, Inc.*,
    258 F.R.D. 580 (C.D. Cal. 2008) ..................................................................................3, 6

*Resnick v. Hyundai Motor Am., Inc.*,
    2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ...................................................................11

*Sloan v. General Motors LLC*,
    287 F. Supp. 3d 840 (N.D. Cal. 2018) ..............................................................................14

*Sullivan v. Oracle Corp.*,
    51 Cal. 4th 1191 (2011) ....................................................................................................15

*Tait v. BSH Home Appliances Corp.*,
    289 F.R.D. 466 (C.D. Cal. 2012) ........................................................................................4

*Taragan v. Nissan N. Am., Inc.*,
    2013 WL 3157918 (N.D. Cal. June 20, 2013) ...................................................................13

*Tidenberg v. Bidz.com, Inc.*,
    2009 WL 605249 (C.D. Cal. Mar. 4, 2009) .......................................................................14

*Weiner v. Fleischman*,
    54 Cal. 3d 476 (1991) ..........................................................................................................9

*Werdebaugh v. Blue Diamond Growers*,
    2013 WL 5487236 (N.D. Cal. Oct. 2, 2013) .......................................................................2

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) .............................................................................15

**DEFENDANT HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS**
**SECOND CONSOLIDATED AMENDED COMPLAINT, Case No. 5:17-cv-02185-BLF**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**</u>

In its March 5 Order, the Court held that certain Plaintiffs sufficiently alleged a handful of warranty claims.  But the Court also held Plaintiffs failed to allege key elements of the majority of causes of action asserted—including all of the fraud claims—and directed Plaintiffs to "clarify what law governs each cause of action."  Dkt. No. 115 ("Order") at 7.  Plaintiffs' amendments did not correct these deficiencies.  The Court should dismiss the inadequately plead claims with prejudice and preclude Plaintiffs from pursuing claims that far exceed the scope of their well-pleaded factual allegations.

**I.      Plaintiffs Fail To Allege Any Viable Claims On Behalf Of The Putative Nationwide Class.**

Plaintiffs contend that Huawei is "reargu[ing]" its motion to strike Plaintiffs' class allegations. Dkt. 148 ("Opp.") at 5.  Not so.  Although Huawei continues to believe that the alleged putative nationwide class is overbroad on its face under Rule 23, *see* Dkt. No. 38 at 26-28, Huawei presently is moving to dismiss the causes of action brought on behalf of the putative class—to the extent any are alleged—pursuant to Rule 12(b)(6).  Plaintiffs' opposition glosses over the critical fact that Plaintiffs have not actually pled *any* claims on behalf of a nationwide class.  *See* Dkt. No. 117 ("SCAC" or "Amended Complaint") ¶¶ 153-54, 169, 177, 188, 200, 216, 228 (alleging only that individual Plaintiffs "bring this claim," or claims are brought "on behalf of" individual Plaintiffs); *see* Dkt. No. 134 ("Mot.") at 7.  To the extent Plaintiffs now contend they have alleged such claims, the claims are deficient because Plaintiffs do not specify the law that will govern the class claims, contrary to the Court's express order.  Order at 6-7.  Plaintiffs argue they "allege that the laws of their respective home states apply" to their *individual* claims against Huawei, but say nothing about what law will govern the purported nationwide class claims.  Opp. at 6.  So, to the extent Plaintiffs purport to allege claims on behalf of the putative nationwide class, those claims should be dismissed.  *See, e.g.*, *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1010, 1021 (N.D. Cal. 2014) (dismissing nationwide class claims under California choice-of-law rules while denying motion to strike class claims for overbreadth).

**A.      The Required Choice Of Law Analysis Is Not Premature.**

Plaintiffs suggest that the Court should overlook their deficient class claims and permit discovery to proceed before conducting the required choice-of-law analysis to determine what law will govern those claims.  Opp. at 6; *see* Order at 6-7.  However, Plaintiffs do not identify *any* discovery that would

1

1   impact choice of law.  *Id.*  Plaintiffs' selective quotation of Judge Orrick's decision in *Frenzel v.*

2   *AliphCom* excludes his ruling that

> it is not appropriate to delay until class certification to consider the choice
> of law issue. . . . [W]hile choice of law analysis is a fact-specific inquiry,
> this does not necessarily mean that it can never be conducted on a motion
> to dismiss.  There are cases in which further development of the factual
> record is not reasonably likely to materially impact the choice of law
> determination.  In such cases, it is not clear to me that deferring choice of
> law analysis until class certification is either warranted by the inquiry's
> fact-specific nature or beneficial to plaintiffs in any meaningful way.

76 F. Supp. 3d 999, 1007-08 (N.D. Cal. 2014).  Judge Orrick went on to highlight *Werdebaugh v. Blue*

*Diamond Growers*, 2013 WL 5487236 (N.D. Cal. Oct. 2, 2013), as an example of a case in which the

court deferred choice of law at the pleadings stage, but later at class certification "applied the test and

concluded, with minimal fact-specific analysis, that a national class could not be certified."  *Frenzel,* 76

F. Supp. 3d at 1008.  Plaintiffs cite *Werdebaugh* in support of their argument to defer the choice of law

analysis, but, as Judge Orrick observed, that case actually supports the argument that choice of law

should be determined now.  Here, as in *Frenzel*, *Werdebaugh*, and many other cases, it is "highly

unlikely that discovery will uncover information relevant to whether [Plaintiffs] may maintain a national

class action asserting claims under California law."  *Id.*; *see also Larsen v. Vizio, Inc.*, 2015 WL

13655757, at *2 n.l (C.D. Cal. Apr. 21, 2015) ("[M]any courts have decided against deferring the choice

of law decision until discovery or class certification where, as here, the material differences are

sufficiently obvious from the pleadings.").  And, certain named Plaintiffs do not reside in California and

did not purchase their Nexus 6P in California, yet nevertheless purport to bring individual claims under

California law.  *See* SCAC ¶¶ 200, 202, 208.  "The upshot is that [even these Plaintiffs'] individual

claims . . . must undergo a choice of law analysis at some point during the course of this litigation,"

which "provides further support for applying the [analysis] at the pleading phase."  *Frenzel*, 76 F. Supp.

3d at 1008; *see also Frezza v. Google Inc.*, 2013 WL 1736788, at *7 (N.D. Cal. Apr. 22, 2013)

(dismissing individual non-California plaintiffs' UCL claims after conducting choice of law analysis).

Plaintiffs' conclusory assertion that discovery is needed before the required choice of law

analysis can be done is insufficient.  Deferring the choice of law analysis in this case would needlessly

delay resolution for Plaintiffs and the putative class members and impose unwarranted burdens of

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

nationwide class discovery on both the parties and the Court.  Such a result should not be permitted when, as here, the nationwide class claims are not (and cannot be) properly pleaded.

**B.      California's Choice Of Law Rules Bar Plaintiffs' Claims Alleged On Behalf Of The Putative Nationwide Class.**

Plaintiffs do not contest that consumer protection statutes, warranty laws, and fraudulent concealment laws differ greatly across states.  *See* Opp. at 6.  Instead, they make the conclusory assertion that these differences are not "material" to the case at hand.  *Id.*  In doing so, Plaintiffs ignore the numerous and material variations in state law detailed in Huawei's motion and disregard entirely this Court's ruling in *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016), which is instructive on many of the pertinent legal questions here.  *See* Mot. at 8-11.

**1.      UCL and CLRA Claims.**

Plaintiffs' contention that there is "no conflict" between California consumer protection laws and the laws of other states, Opp. at 7, is directly contrary to this Court's finding that "the other 49 states' consumer protection statutes differ significantly from California's UCL . . . and CLRA."  *Darisse*, 2016 WL 4385849, at *9.  Plaintiffs' cited authority, *Parkinson v. Hyundai Motor America, Inc.*, 258 F.R.D. 580, 598 (C.D. Cal. 2008), was decided *before* the Ninth Circuit's seminal decision on this issue, *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).

Plaintiffs also incorrectly assert that Huawei has not explained how the differences in state consumer protection statutes are material to this case.  *See* Opp. at 6-7.  In fact, consistent with this Court's decision in *Darisse*, Huawei detailed how the differences in statutes of limitations and available remedies across states' laws would improperly permit putative class members residing in other states to recover for claims and seek forms of relief otherwise unavailable to them were the nationwide class claims to proceed under California law.  Mot. at 8-9.  Moreover, some states do not even allow claims under their consumer protection statutes to proceed as class actions.  *See Darisse*, 2016 WL 4385849, at *9.  It is difficult to imagine a variation in state law that would have a more material effect on the instant litigation than not allowing class actions.

Plaintiffs do not attempt to address substantively the material differences in state law identified by Huawei.  Instead, Plaintiffs confusingly cite *Tait v. BSH Home Appliances Corp.* in support of their

3

argument that courts "routinely" permit nationwide class claims to proceed under the UCL and CLRA. Opp. at 7. *Tait* certified a *California* class, and so the case is not instructive here, where Plaintiffs seek to pursue claims solely on behalf of a *nationwide* class. 289 F.R.D. 466, 480 (C.D. Cal. 2012). The other cases cited by Plaintiffs are similarly inapposite. No choice of law analysis was conducted in either *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106 (9th Cir. 2013), or *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365 (N.D. Cal. 2010). *See* Opp. at 7. Those decisions analyzed the separate question of whether California law could be applied to the claims of non-residents consistent with constitutional due process principles.[1] Moreover, the claims in *AT&T* were brought individually, not on behalf of a class, and the claims were antitrust claims not analogous to the consumer fraud claims alleged here. 707 F.3d at 1108. Finally, unlike Huawei, the defendant in *Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 550 (C.D. Cal. 2012), did not present any substantive choice of law analysis, leaving the plaintiff with "nothing to contest." Here, Huawei detailed the material variations in state law in its motion, and Plaintiffs have not offered any substantive argument in response.

Huawei's motion also explained that Plaintiffs have effectively conceded California law cannot apply uniformly even to the consumer fraud claims alleged by the California Plaintiffs, since not all of the California Plaintiffs allege individual CLRA or UCL claims against Huawei. *See* Mot. at 9; SCAC ¶¶ 200, 202, 208, and 216. Plaintiffs do not respond to this argument at all. While, for example, both Gorbatchev and Christensen concede that they cannot state individual CLRA claims against Huawei, *id.* ¶ 216, Plaintiffs would have Gorbatchev and Christensen recover pursuant to the purported nationwide class claims. The Court should not wait until class certification to prevent this illogical outcome.

### 2. Warranty Claims.

Plaintiffs also do not substantively engage with Huawei's choice of law arguments with respect to the apparent express and implied warranty nationwide class claims. Plaintiffs argue only that other courts have "allowed a claim for breach of express warranty to proceed under the laws of every state,"

---

[1] Plaintiffs appear to confuse Huawei's choice-of-law arguments with Huawei's separate argument that the non-California Plaintiffs' *individual* UCL claims fail because the statute does not apply extraterritorially. *See* Opp. at 7. The latter argument is addressed fully below, *infra* at 14-15.

4

**DEFENDANT HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT, Case No. 5:17-cv-02185-BLF**

Opp. at 8, and cite to an out-of-circuit case that did not apply any choice of law analysis.  *In re Rust-Oleum Restore Mktg., Sales Practices & Prods. Liab. Litig.*, 155 F. Supp. 3d 772, 783, 807-10 (N.D. Ill. 2016).  Plaintiffs ignore Huawei's citation to, and discussion of, this Court's holding in *Darisse* that material differences across state law preclude the application of California law—or any other single state's law—to express or implied warranty claims in analogous factual circumstances.  *See* Mot. at 9-10; *Darisse*, 2016 WL 4385849, at *11-13.  Plaintiffs also do not respond to Huawei's argument that they have *conceded* that residents in Florida and Illinois have no express warranty claims against Huawei, yet continue to press forward with nationwide class claims that would permit residents of those states to seek relief for claims which they cannot pursue individually.  *See* Mot. at 10.  Discovery is not needed to determine that this is an unjust, improper, and impermissible result.

Plaintiffs also concede that they cannot state the alleged Song-Beverly Act claim on behalf of a nationwide class.  Opp. at 8 (stating Plaintiffs "will move to certify their Song-Beverly claim only on behalf of those who purchased a Nexus 6P within California").  But it is not enough for Plaintiffs to further amend their Amended Complaint by way of briefing.  Indeed, in a case cited by Plaintiffs, *see id.* at 8, the court *dismissed* Song-Beverly claims alleged on behalf of a class pursuant to Rule 12(b)(6) for failure to properly allege such claims.  *In re NVIDIA GPU Litig.*, 2009 WL 4020104, at *5 (N.D. Cal. Nov. 19, 2009).  Though the Court observed that the *NVIDIA* plaintiffs might be able to cure the defect on amendment, the claims were nevertheless dismissed, and the plaintiffs were required to attempt to adequately re-plead them.  *Id.*  Here, Plaintiffs' promises to fix everything at "a later date" flouts their pleading burden, which they must satisfy *now* in order to maintain any claims, including any claims alleged on behalf of the putative nationwide class.  Opp. at 8.  In essence, Plaintiffs ask the Court to defer resolution of required and consequential choice of law issues for a year so that Plaintiffs may pursue burdensome nationwide discovery as to all claims in the meantime.  The Court should not permit this wasteful and dilatory strategy.

The other cases cited by Plaintiffs are not instructive here.  *See* Opp. at 8.  In *Butler v. Sears, Roebuck & Co.*, the Seventh Circuit analyzed whether damages could be determined on a classwide basis, not whether California law could be applied to warranty claims asserted on behalf of a nationwide class.  727 F.3d 796, 798-800 (7th Cir. 2013).  And Plaintiffs' implication that the Ninth Circuit's recent

5

**DEFENDANT HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS
SECOND CONSOLIDATED AMENDED COMPLAINT, Case No. 5:17-cv-02185-BLF**

*Hyundai* opinion requires that choice-of-law analysis be conducted only "incident to class certification" is inaccurate.  Opp. at 8.  In *In re Hyundai & Kia Fuel Economy Litigation*, the Ninth Circuit held that choice of law issues must be considered when certifying a class, but nothing in the ruling instructs district courts not to conduct the analysis earlier in the litigation.  881 F.3d 679, 702-03 (9th Cir. 2018). Moreover, the *Hyundai* decision cannot "be cited as precedent by or to" this Court because the Ninth Circuit recently granted *en banc* review of the decision.  *In re Hyundai & Kia Fuel Economy Litig.*, Case No. 15-56014, Dkt. No. 136 at 16-17 (9th Cir. July 27, 2018).  And as other courts in this District have held, conducting the analysis earlier makes sound sense when, as here, the material variations across state laws are obvious and require no discovery to discern.  *Frenzel*, 76 F. Supp. 3d at 1008.

### 3. Common Law Fraudulent Concealment Claims.

Plaintiffs provide a similarly evasive response to Huawei's choice of law arguments regarding the fraudulent concealment claims apparently brought on behalf of the putative nationwide class.  *See* Opp. at 7-8.  Plaintiffs urge that *Decker v. Mazda Motor of America, Inc.* is inapplicable here because the *Decker* court said it was "applying *Mazza*'s logic based on the specific facts of this case."  *See* Opp. at 7 (quoting *Decker*, 2013 WL 12129281, at *6 (C.D. Cal. Mar. 29, 2013)).  But Plaintiffs do not identify any relevant difference in the facts alleged in *Decker* and here.  In fact, *Decker* involved a similar legal theory based on the defendant's failure to disclose material defects, and similar legal claims.  2013 WL 12129281, at *5.  It would be "illogical[]" to ignore choice of law analyses in factually analogous cases.  *Id.*

As described more fully below, *see infra* at 13, Huawei separately argues that all of Plaintiffs' common law fraud claims should be dismissed for failure to allege the required element of intent to defraud.  Plaintiffs assert that this argument is inconsistent with Huawei's choice of law argument that state laws regarding fraudulent concealment claims differ materially.  Not so; the two arguments are unrelated.  With respect to the choice of law analysis, Huawei argues that material elements of common law fraudulent concealment claims *other* than intent to defraud differ substantially such that choice of law principles require the dismissal of any such claims brought on behalf of the putative nationwide class.  *See* Mot. at 11; *Decker*, 2013 WL 12129281, at *6 (explaining material differences in when the duty to disclose arises under Florida and California common law).  As explained above, Plaintiffs'

**DEFENDANT HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT, Case No. 5:17-cv-02185-BLF**

repeated refrain that choice of law should wait until after discovery—without specifying what, if any, discovery could affect the analysis—is inconsequential.  Opp. at 7-8; *see supra* at 1-3.  And Plaintiffs again cite to cases that are irrelevant to Huawei's arguments.  As just one example, Plaintiffs cite a case analyzing tolling of the statute of limitations for a breach of contract claim based on the fraudulent concealment doctrine—a topic not at issue here.  Opp. at 7-8 (citing *Allapattah Servs., Inc. v. Exxon Corp.*, 188 F.R.D. 667, 673 (S.D. Fla. 1999)).

Plaintiffs' insistence that the Court should forego the critical choice of law analysis at this stage should therefore be rejected.

### C.    Plaintiffs Lack Standing To Bring Claims On Behalf Of Residents Of States In Which They Do Not Reside.

Plaintiffs oppose Huawei's argument that Plaintiffs do not have standing to bring claims under the laws of states in which they do not reside by broadly asserting that standing in a class action "is satisfied if at least one named plaintiff meets the requirements."  Opp. at 8.  This overly simplistic formulation ignores that "the majority of the courts" in this District have dismissed for lack of standing state law claims, such as the ones alleged here, that are brought by named plaintiffs on behalf of residents of states in which they do not reside.  *Hindsman v. Gen. Motors LLC*, 2018 WL 2463113, at *15 (N.D. Cal. June 1, 2018); *see also Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1074 (N.D. Cal. 2015); Mot. at 11-12.  Given the persuasive authority in this District, Plaintiffs' citation to cases outside of this circuit should be given little weight.  *See* Opp. at 8.

## II.    THE MAJORITY OF PLAINTIFFS' INDIVIDUAL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

### A.    The Court Should Dismiss The Individual Breach Of Express Warranty Claims Of Plaintiffs Davydov, Harrison, And Himes For Failure To Allege Reliance.

The Court has already ruled that, in order to state a breach of express warranty claim under New York law, Plaintiff Davydov must plead that he relied on the express warranty when purchasing the Nexus 6P.  *See* Order at 20; Mot. at 12-13.  Plaintiffs' argument to the contrary relies on mis-citation of case law.  The court in *Donald v. Shinn Fu Co. of America*, 2002 WL 32068351 (E.D.N.Y. Sept. 4, 2002), did *not* hold that where "existence of the express warranty is conceded by both parties, a finding

7

of reliance to permit recovery is not required." *See* Opp. at 9. Neither this nor similar language appears in the decision. Rather, the *Shinn Fu* court observed that "a party to a contract *must rely* on the inclusion of an express warranty in order to make an agreement" with respect to a warranty, and so a plaintiff must "show that the express warranty was part of the bargained-for agreement" to succeed on a breach of express warranty claim. 2002 WL 32068351, at *5 (emphasis added); *see also Levin v. Gallery 63 Antiques Corp.*, 2006 WL 2802008, at *11 (S.D.N.Y. Sept. 28, 2006) (same, and cited by Plaintiffs, *see* Opp. at 9). Here, Plaintiff Davydov does not allege that he was even *aware* of the warranty terms before he filed this lawsuit, let alone before he purchased his phone. *See* SCAC ¶¶ 42-44. Plaintiffs' final citation to a 1987 New York state trial court opinion, *see* Opp. at 9, holds little, if any, persuasive value in light of *Shinn Fu*, *Levin*, and other more recent cases articulating the reliance requirement under New York state law. *See Avola v. La-Pac. Corp.*, 991 F. Supp. 2d 381, 391 (E.D.N.Y. 2013); Order at 20.

Plaintiffs Harrison's and Himes' attempts to resuscitate their already-dismissed breach of express warranty claims under North Carolina law fare no better. Plaintiffs contend that reliance under North Carolina law may be inferred from allegations that the "natural tendency" of the warranty representations is to induce purchase. Opp. at 10. North Carolina law may theoretically permit such an inference to be made where the facts alleged support it, but no such facts are alleged here. Nor could Plaintiffs plausibly allege such facts, given that *no* Plaintiff even alleges that he or she *saw* Huawei's warranty representations before purchase. The Court expressly invited Plaintiffs Harrison and Himes to make such "natural tendency" allegations to save their North Carolina warranty claims. *See* Order at 21. Plaintiffs did not correct this deficiency by amendment. Permitting them another opportunity to do so would be futile, and so the claims should be dismissed. *See* Mot. at 13.

**B.    The Court Should Dismiss Plaintiff Poore's Breach Of Implied Warranty And Magnuson-Moss Warranty Act Claims For Failure to Allege Notice.**

Plaintiffs do not dispute that, to state a claim for implied warranty under Texas law, Plaintiff Poore must "provide notice that he considers the defendant to be in breach of the implied warranty." *In re Carrier IQ, Inc.*, 78 F. Supp. 3d at 1104. But Plaintiffs' contention that Poore now sufficiently alleges notice is belied by the immaterial differences between his notice allegations in the Amended Complaint and those in the previous iteration of Plaintiffs' complaint, which the Court rejected as

8

DEFENDANT HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS
SECOND CONSOLIDATED AMENDED COMPLAINT, Case No. 5:17-cv-02185-BLF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

insufficient.  *See* Order at 31; *see also* Mot. at 13-14.  Plaintiffs misleadingly contend that Poore alleged that he "contacted Huawei . . . *regarding* the 'accelerated battery drain' and 'repeated[] random shutdowns he experienced," Opp. at 11 (emphasis added), but nowhere in the Amended Complaint does Poore allege he communicated those issues to Huawei or gave notice of the alleged breach of implied warranty.  *See* SCAC ¶ 64.  Plaintiffs' attempt to rely on facts outside of the Complaint, *see* Opp. at 11, is improper.  *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015). In any event, the extrinsic facts cannot save Poore's claim: the April 2017 demand letter refers only to the Texas Deceptive Trade Practices Act, and Poore's declaration does not indicate that he provided notice that he "consider[ed] [Huawei] to be in breach of the implied warranty."  *In re Carrier IQ, Inc.*, 78 F. Supp. 3d at 1104; *see* Dkt. Nos. 148-1, 148-2.

 Plaintiffs agree Poore's Magnuson-Moss Warranty Act claim "stand[s] or fall[s]" with his implied warranty claim.  Opp. at 11.  So both claims fail and should be dismissed with prejudice.

  **C.** **All Of Plaintiffs' Fraud Claims Should Be Dismissed.**

   **1.** **Plaintiffs Ignored This Court's Order That They Specify The Separate Acts Of Huawei And Google Alleged To Constitute Fraud.**

 Plaintiffs do not dispute that the Amended Complaint fails to specifically allege "what action each Defendant took that caused Plaintiffs' harm," as ordered by the Court.  Order at 6.  Instead, Plaintiffs contend that it is not necessary to comply with the Court's clear direction because Huawei and Google are "business partner[s]."  Opp. at 13.  But the cases cited by Plaintiffs in support of this argument address antitrust conspiracies, *see In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1208 (N.D. Cal. 2015), and "whether the knowledge of a limited partner may be attributed to the limited partnership," *Bedolla v. Logan & Frazer*, 52 Cal. App. 3d 118, 127 (1975).[2]  Opp. at 13.  Such circumstances are wholly distinguishable from those alleged here, where Plaintiffs merely allege that Huawei and Google collaborated together to develop and sell the Nexus 6P.  *See* SCAC ¶ 75.  And while

---

[2] Other cases cited by Plaintiffs are similarly inapposite.  *See* Opp. at 13-14; *Doe v. Uber Techs., Inc.*, 184 F. Supp. 3d 774, 779 (N.D. Cal. 2016) (only one defendant at issue); *Weiner v. Fleischman*, 54 Cal. 3d 476, 482 (1991) (addressing standard of proof for establishing an oral joint venture).

1   Plaintiffs argue they have alleged Huawei's "individual role[]" in the purported "joint venture," nowhere

2   in the Amended Complaint do Plaintiffs allege that Huawei's alleged "fitting" of hardware for "LTE

3   bands," ownership of the Nexus 6P testing facilities, or statements on Huawei's website were actions

4   that "*caused Plaintiffs' harm*."  SCAC ¶ 84; Order at 6 (emphasis added); *see* Opp. at 13; *id.* at 21-22

5   (conceding that Plaintiffs do not assert any claims based on Huawei's statements on its website or

6   elsewhere).  Accordingly, because the Amended Complaint continues to "obfuscate[] what roles Huawei

7   and Google independently played in the alleged *harm*," Order at 6 (emphasis added), Plaintiffs' fraud

8   claims should again be dismissed, this time with prejudice.

9           **2.      Plaintiffs Fail To Plausibly Allege Huawei Had Knowledge Of The Alleged Defects Before Plaintiffs Purchased Their Phones.**

10          Plaintiffs concede that each of their fraud claims are based on the same alleged fraudulent

11  concealment theory.  Opp. at 11 ("[T]he SAC does not assert claims for affirmative

12  misrepresentations").  To succeed on such a theory, Plaintiffs concede they must plausibly allege

13  Huawei knew of the alleged defects before Plaintiffs purchased their phones.  *Id.*  Plaintiffs discuss at

14  length the various "circumstances" in which a defendant has a duty to disclose material facts.  *See* Opp.

15  at 12-20.  However, without plausible allegations Huawei *knew* of the alleged defects prior to Plaintiffs'

16  purchases, Huawei had no duty to disclose under *any* circumstance.  *In re Sony Grand Wega KDF-E*

17  *A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1095 (S.D. Cal. 2010)

18  ("no duty to disclose facts of which [defendant] was unaware").[3]  Plaintiffs have not plausibly alleged

19  this critical element, and so their UCL, CLRA, and common law fraud claims must be dismissed.

20          *First*, Plaintiffs' opposition repeats the same vague assertions in the Amended Complaint

21  regarding pre-sale testing of the Nexus 6P without connecting that testing to Huawei's actual *knowledge*

22  of the alleged defects.  *See* Opp. at 14-16.  Plaintiffs cite to their allegations that "[d]efective or damaged

23  smartphone components, or loose connections between components, *can* cause major problems with the

24

25  _____

26  [3] Plaintiffs incorrectly assert "Huawei does not address" Plaintiffs' theory that Huawei had a duty to

27  disclose based on partial representations.  Opp. at 20.  Huawei's arguments regarding Plaintiffs' failure

28  to allege knowledge apply equally to the partial representation theory.

10

devices," and that "[d]amage or defects in any of the delicate circuits, wires, solder joints, and components *may* impact the flow of electrical current and result in component failure," after which "the smartphone *may* freeze, randomly shut down, or bootloop."  SCAC ¶¶ 86, 93 (emphases added); *see* Opp. at 14.  As detailed in Huawei's motion, these abstract allegations do not suffice to establish that Huawei *actually knew* of the alleged defects as a result of the pre-sale testing.  *See* Mot. at 15-16; *Deras v. Volkswagen Grp. of Am., Inc.*, 2018 WL 2267448, at *4-5 (N.D. Cal. May 17, 2018); *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *2, 14 (C.D. Cal. Apr. 13, 2017).[4]  As in *Morris v. BMW of N. Am., LLC*, "[P]laintiffs fail to unequivocally allege that BMW had actual knowledge that the tires were defective, instead alleging that BMW 'knew or should have known' of the defects, and 'performed or should have performed testing' on the tires . . . This may be enough to sustain a negligence action, but not fraud."  2007 WL 3342612, at *6 (N.D. Cal. Nov. 7, 2007).  Indeed, if Plaintiffs' generalized and vague pre-sale testing allegations were sufficient to state a claim for fraud, "any consumer could bring a CLRA [or UCL] claim merely by asserting that a manufacturer had knowledge of an alleged defect from its pre[-]release testing."  *Burdt v. Whirlpool Corp.*, 2015 WL 4647929, at *4 (N.D. Cal. Aug. 5, 2015).

     *Second*, Plaintiffs now appear to contend that Google and Huawei "had sufficient time to detect" the alleged defects by way of pre-release testing, Opp. at 15, despite their asserted theory in the Amended Complaint that rushed development of the phone did *not* leave time for sufficient pre-release testing.  *See, e.g.*, SCAC ¶ 88 ("Google and Huawei could not have dedicated the standard five months to product testing."); *see also* Mot. at 16.  In any event, Plaintiffs do not cite any case supporting the notion that an allegedly rushed product development cycle is sufficient to support allegations of fraud.

     *Third*, Plaintiffs misleadingly contend they have sufficiently alleged knowledge on the basis of their allegations that "there were *thousands* of complaints about the Nexus 6P defect."  Opp. at 16.  In fact, Plaintiffs allege only 36 complaints—not "thousands"—that surfaced *before* they purchased their phones, which is all that matters for purposes of Huawei's purported knowledge.  *See* SCAC ¶ 120; Mot.

---

[4] Plaintiffs assert that "Huawei's cases [on this point] are distinguishable," Opp. at 15-16, but do not offer any other cases that are purportedly factually analogous.

**DEFENDANT HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT, Case No. 5:17-cv-02185-BLF**

at 17.  Further, though customer complaints may sometimes create a reasonable inference of knowledge, Plaintiffs acknowledge that those complaints must be "regarding the defect[]."  Opp. at 17.  Here, Plaintiffs do not dispute Huawei's characterization of the alleged pre-sale complaints—for example, that the complaints attribute truncated battery life to the phone owner's overuse of certain third-party applications rather than to any defect.  Mot. at 17.  Instead, Plaintiffs now argue that their claims encompass *any* battery, freezing, or rebooting issue experienced by a Nexus 6P user, as the issue may just be a "different phase[]" of the alleged defects.  Opp. at 17.  This is contrary to Plaintiffs' own allegations and prior representations to the Court, which explicitly describe the alleged defects as "caus[ing] total failure" and preventing the phones "from being used to do anything at all."  Dkt. No. 53 at 25; *see also, e.g.*, SCAC ¶ 1.  Similarly, Plaintiffs do not dispute that, in many of the alleged complaints, customers acknowledge that standard troubleshooting fixed the issues complained of.  *See* Opp. at 17-18; Mot. at 16.  Alleged complaints about temporary, commonplace technical issues in the phones cannot support a claim that Huawei knew of the specific *defects* alleged here.  *See id.*  After all, the alleged defects "cannot be fixed by resetting the phone," SCAC ¶ 114, so they are not evidenced by complaints addressed by standard troubleshooting.  Plaintiffs' repeated protestations that the Amended Complaint must be construed in the light most favorable to them do not excuse Plaintiffs from satisfying their pleading burden—especially after an opportunity to re-plead—to allege facts that plausibly show that Huawei knew of the specific alleged defects in order to plead serious claims of fraud.  Plaintiffs' identification of a few dozen complaints posted on third-party websites that address general problems like occasional—and fixable—rebooting or less-than-optimal battery life do not satisfy this burden.[5]  *See* Order at 8 ("[A] handful of complaints do not, by themselves, plausibly show that Huawei . . . had knowledge of the defects and concealed the defects from customers.").

---

[5] Plaintiffs also concede that Plaintiffs Gorbatchev and Leone purchased their phones before *any* complaints appeared online.  Opp. at 18.  Therefore, Huawei undisputedly did not know of the alleged defects on the basis of customer complaints before those Plaintiffs bought their Nexus 6P.  Mot. at 17.

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**3.     Plaintiffs' Common Law Fraud Claims Also Fail To Plausibly Allege Huawei Concealed The Alleged Defects With The Intent To Defraud.**

Plaintiffs concede that they must plausibly allege Huawei "intentionally concealed or suppressed the fact [of the alleged defects] with the intent to defraud" Plaintiffs in order to state claims for common law fraudulent concealment.  Opp. at 11; *see* Mot. at 23-24.  Yet Plaintiffs' opposition focuses exclusively on Huawei's alleged "intent to conceal the defect[s]" and ignores the requirement that they allege Huawei acted with an intent to *defraud*.  *See* Opp. at 18-20 (citing cases that do not analyze the "intent to defraud" element).  In fact, the Amended Complaint does not even allege in *conclusory* fashion that Huawei acted with an intent to defraud.  Absent any allegation as to this critical element, Plaintiffs' common law fraudulent concealment claims must be dismissed.  *Cf. Digby Adler Grp., LLC v. Mercedes-Benz U.S.A., LLC*, 2015 WL 1548872, at *4 (N.D. Cal. Apr. 7, 2015) ("[C]onclusory statements about intent to defraud, without corroborating factual allegations, are insufficient").

Plaintiffs' allegations are insufficient even with respect to the intent to conceal element.  In their opposition, Plaintiffs cite to allegations—discussed above, *see supra* at 10-11—that Huawei knew of and failed to disclose the defects as support for an alleged intent to conceal.  *See* Opp. at 18-19.  But "[a]n allegation of active concealment must plead more than an omission," *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *7 (N.D. Cal. June 20, 2013), and "mere nondisclosure" does not constitute intentional concealment, *Gray v. Toyota Motor Sales, U.S.A.*, 2012 WL 313703, at *9-10 (C.D. Cal. Jan. 23, 2012).  And, contrary to Plaintiffs' contention, the Amended Complaint's failure to allege that Huawei "sought to suppress information in the public domain or obscure the consumers' ability to discover it" *does* support a reasonable inference that Huawei did not act to conceal the alleged defects.  *Taragon*, 2013 WL 3157918, at *7; *see* Opp. at 19; Mot. at 23-24.

Absent plausible allegations that Huawei intentionally concealed the alleged defects, or *any* allegation that Huawei acted with the specific intent to defraud, Plaintiffs' common law fraudulent concealment claims should be dismissed.

**D.     Plaintiffs' UCL and CLRA Claims Also Fail Because They Do Not Allege An Unreasonable Safety Hazard.**

Plaintiffs concede they have failed to plead any "safety hazard" caused by the alleged defects, but now contend that they need not do so in order to state claims under the UCL or CLRA.  Opp. at 20-

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21.  As anticipated, Plaintiffs rely on *Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 868 (N.D. Cal. 2018).  *See* Opp. at 21; Mot. at 20-21.  But as explained in Huawei's motion the "pivotal fact" on which *Sloan*'s holding is based was not correct.  *See* Mot. at 20-21.  And Plaintiffs cannot dispute that this Court's Order—issued after *Sloan* and *Apodaca v. Whirlpool Corp.*, 2013 WL 6477821 (C.D. Cal. Nov. 8, 2013), also cited by Plaintiffs—did not adopt this reasoning.  Order at 35-36.

Moreover, Plaintiffs are incorrect that the alleged defects are "alleged to have arisen within Huawei's express warranty period."  Opp. at 21.  Plaintiff Christensen alleges that his phone did not begin experiencing any issues until after expiration of the one-year Limited Warranty term.  SCAC ¶¶ 30, 32-33.  Thus, even under Plaintiffs' reading of the cases, Plaintiff Christensen's UCL claim based on purported "fail[ure] to disclose that the Nexus 6P is defective" should be dismissed.  *Id.* ¶¶ 202, 204.

    **E.**    **The Non-California Plaintiffs' UCL Claims Should Also Be Dismissed Because The Statute Does Not Apply Extraterritorially.**

The non-California Plaintiffs contend they may bring claims under the California UCL if they show a "sufficient nexus" between Huawei's alleged unlawful conduct and this state.  Opp. at 7.  But Plaintiffs do not point to any factual allegations in the Amended Complaint establishing such a nexus. As explained in Huawei's motion, when determining whether the UCL can apply extraterritorially, courts consider factors such as where the defendant is located, where the challenged products were purchased, and where decisions regarding the challenged advertising were made.  *See* Mot. at 21-22. Plaintiffs point to the fact that Huawei no longer contests personal jurisdiction in this case, but it is well-settled that "the existence of personal jurisdiction over a defendant does not alone permit application of the forum law to the claims of the nonresident plaintiffs."  *Tidenberg v. Bidz.com, Inc.*, 2009 WL 605249, at *4 (C.D. Cal. Mar. 4, 2009).  And Plaintiffs' allegations regarding Huawei's involvement in the development of the Nexus 6P in California are disconnected from the alleged conduct underlying Plaintiffs' UCL claims—that is, Huawei's purported failure to disclose the alleged defects through advertising or product packaging.  *See* Mot. at 22; Opp. at 6.  Absent from the Amended Complaint is any allegation that alleged marketing and promotional activities of Huawei—as opposed to Google— occurred in California.  *Id.*

The strong presumption against extraterritorial application of California law applies equally to each prong of the UCL.  *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011).  For the reasons detailed in Huawei's motion, the Court should therefore dismiss all UCL claims alleged by Plaintiffs Beheler, Davydov, Harrison, Himes, Servodio, Poore, and Johnston.  *See* Mot. at 22; *see also Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013) (dismissing UCL claim with prejudice for failure "to give a plausible account of how or why a non-California plaintiff could sue under California tort law for purchases made outside the state from a Texan company that, at most, advertises and sells its products in California.").

### F.   All Plaintiffs Fail To Allege Sufficient Factual Basis For Their Claims Under The UCL's Unfair Prong.

Plaintiffs' contention that Rule 9(b)'s heightened pleading requirements do not apply to their claims under the unfair prong of the UCL, *see* Opp. at 24, are belied by the alleged bases for those claims.  Plaintiffs allege that Huawei engaged in unfair business practices by "promot[ing] and [selling] phones that [it] knew were defective and likely to fail prematurely" and "fail[ing] to disclose that the Nexus 6P is defective."  SCAC ¶ 204(a), (b).  These allegations undisputedly sound in fraud.

Further, Plaintiffs' asserted bases for their unfair prong claims find no support in the Amended Complaint.  Plaintiffs concede the first alleged basis—fraudulent affirmative misrepresentations, SCAC ¶ 204(a)—is no longer at issue.  *See* Opp. at 21-22.  For the reasons above, Plaintiffs' second alleged basis—failure to disclose the alleged defects—is not tenable because Plaintiffs fail to plausibly allege Huawei's pre-sale knowledge of the alleged defects  *See supra* at 10-12; Mot. at 19.  And Plaintiffs' allegations that Huawei "failed to exercise adequate quality control and due diligence over the Nexus 6P before launch," SCAC ¶ 204(d), does not warrant the inference that such conduct constitutes an unfair business practice.  Plaintiffs do not—and cannot—explain how Plaintiffs' beliefs regarding the adequacy of Huawei and Google's product development strategy, standing alone, are sufficient to establish unfair business practices directed to consumers.  Opp. at 25; *see* Mot. at 19-20.

### III.   CONCLUSION

The Court should grant Huawei's Partial Motion to Dismiss.

1

DATED:   August 2, 2018                          COVINGTON & BURLING LLP

2

                                                 By:   */s/ Simon J. Frankel*
3                                                      Simon J. Frankel
                                                       Lindsey Barnhart
4
                                                       *Attorneys for Defendant*
5                                                      HUAWEI DEVICE USA, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS
SECOND CONSOLIDATED AMENDED COMPLAINT, Case No. 5:17-cv-02185-BLF**