DURIE TANGRI LLP
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
CATHERINE Y. KIM (SBN 308442)
ckim@durietangri.com
STEPHEN ELKIND (SBN 320624)
selkind@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:	415-362-6666
Facsimile:	415-236-6300

Attorneys for Defendant
GOOGLE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br>**DISCOVERY PLAN**<br>Ctrm:   3, 5th Floor<br>Judge:  Honorable Beth Labson Freeman |

Plaintiffs Jonathan Makcharoenwoodhi, Alex Gorbatchev, Brian Christensen, Anthony Martorello, Edward Beheler, Yuriy Davydov, Rebecca Harrison, Zachary Himes, Taylor Jones, Paul Servodio, Justin Leone, James Poore, Jr., and Kenneth Johnston ("Plaintiffs") and Defendants Huawei Device USA, Inc. ("Huawei") and Google LLC ("Google") (collectively "Defendants") hereby provide this updated discovery plan.  Since the stay of discovery was lifted in June 2018, the parties have briefed and argued a second round of motions to dismiss and have also met and conferred regarding discovery limitations.

### 1.     Discovery Taken to Date

Plaintiffs delivered early Rule 34 Requests to Defendants pursuant to Rule 26(d)(2) on June 16, 2017.  The topics addressed in Plaintiffs' early Rule 34 Requests include: documents relating to the cause of the alleged defect; communications and agreements between Defendants relating to the Nexus 6P phones; complaints related to the alleged defect; documents related to the named Plaintiffs; transactional documents relating to agreements between Google and Huawei relating to Nexus 6P phones; insurance documents; and sample advertising materials.

Defendants each served Plaintiffs with Requests for Production of Documents and for Inspection on July 27, 2017.  The topics included in Defendants' requests consist of documents concerning Plaintiffs' alleged purchases of the Nexus 6P, the alleged defects in Plaintiffs' Nexus 6P phones, statements by Defendants on which Plaintiffs allegedly relied in purchasing their phones, Plaintiffs' communications with Defendants concerning the Nexus 6P, insurance claims Plaintiffs may have made related to the Nexus 6P, any harm Plaintiffs allegedly suffered in connection with the Nexus 6P, certain assertions made in Plaintiffs' Consolidated Amended Complaint, and certain relevant biographical and financial information concerning the Plaintiffs and this Action.  Defendants also requested to inspect the allegedly defective Nexus 6P phones in Plaintiffs' possession.

On June 30, 2017, Defendants filed a motion to stay discovery.  ECF No. 41.  On August 18, 2017, the Court granted Defendants' motion and stayed all discovery in the case.  ECF No. 84.  The stay was lifted on June 19, 2018.  ECF No. 144.  On July 9, 2018, the parties served their responses to their respective requests for production of documents.  Plaintiffs have substantially completed their production of documents. Defendants' production of documents is ongoing.

On August 31, 2018, Google served its second set of Requests for Production, primarily concerning communications between Plaintiffs' counsel and absent class members. Plaintiffs served their responses on October 1, 2018.

On September 6, 2018, Defendants served Plaintiffs with their first set of Requests for Admission concerning various issues in the case. Plaintiffs served their responses on October 8, 2018.

On October 24 and 25, 2018, Defendants took the depositions of Khanh Tran and Roy Berry, two former plaintiffs who are not named in the Second Consolidated Amended Complaint. Plaintiffs served, and Google responded to, an additional document request concerning those depositions.

On October 29, 2018, Plaintiffs served their first set of Interrogatories on Google and on Huawei. Plaintiffs also served their third set of Requests for Production on Google and their second set of Requests for Production on Huawei. Plaintiffs also served their first set of Requests for Admission on Huawei.

On November 5, 2018, Plaintiffs noticed Rule 30(b)(6) depositions of both Huawei and Google to occur in January 2019.

### 2. Identified Discovery Disputes

The parties have conferred regarding ESI, the topics set forth in the Court's ESI Order (ECF No. 141), search terms, and Defendants' discovery responses. Although the parties have resolved several issues, Plaintiffs and Huawei continue to confer regarding the timing and phasing of Huawei's custodial production. If necessary, the parties will seek the Court's ruling on unresolved issues in accordance with Judge DeMarchi's Standing Order for Civil Cases.

### 3. Scope of Anticipated Discovery

**Plaintiffs' Statement.** At this time, Plaintiffs intend to seek discovery on the following topics:

a. The number of Nexus 6P phones sold, sales demographics, and other sales, profit, and revenue-related information;

b. Market research and pricing information concerning the Nexus 6P phones;

c. Technical details concerning the design, manufacture, testing, and repair of the Nexus 6P phones;

    d. Communications between Defendants and with others concerning the Nexus 6P phones, including the presence of any defect;

    e. Investigation and studies undertaken by Defendants concerning the presence of any defect in the Nexus 6P phones;

    f. Marketing and advertising materials related to the Nexus 6P phones;

    g. Policies and procedures governing Defendants' warranty departments, including as relevant to the Nexus 6P phones;

    h. Warranty claims and consumer complaints Defendants received concerning the Nexus 6P phones;

    i. Records maintained by Defendants and/or third parties regarding Plaintiffs and class members;

    j. Documents related to the named Plaintiffs;

    k. Documents concerning Defendants' agreement to jointly develop, manufacture, market, brand, and sell the Nexus 6P;

    l. Any agreements between Defendants regarding indemnification and/or liability that may apply to the claims in this case; and

    m. Policies and procedures relating to warranty claims, and any post-warranty relief policies related to the Nexus 6P.

**Defendants' Statement.** At this time, Defendants intend to seek discovery on at least the following topics:

    a. Plaintiffs' adequacy as class representatives;

    b. The typicality of Plaintiffs' claims;

    c. The facts and circumstances surrounding Plaintiffs' alleged purchases of Nexus 6P phones, including the geographic location of Plaintiffs' purchases;

    d. The facts and circumstances surrounding the issues Plaintiffs claim to have experienced with their phones, including the geographic location of the manifestation of those issues;

e. All communications and interactions Plaintiffs had with Google, Huawei, and any other Nexus 6P retailers concerning these issues, and the facts and circumstances of any resolutions to the alleged issue(s) sought and provided;

f. Plaintiffs' alleged reliance on any warranty by Huawei concerning the Nexus 6P, Huawei's alleged failure to abide by the terms of that warranty, and Plaintiffs' notice of any breach of warranty to Huawei;

g. Plaintiffs' alleged reliance on advertising and other public statements by Google concerning the Nexus 6P, and Plaintiffs' contention that such statements constituted an express warranty and/or were misleading; and

h. The damages Plaintiffs and putative class members claim to have suffered as a result of the alleged issues with their Nexus 6Ps.

### 4. Electronically Stored Information (ESI)

The Court has entered a stipulated ESI protocol to govern this case. ECF No. 141.

### 5. Privilege/Confidentiality Issues and Trial Preparation Materials

The Court has entered a stipulated Protective Order to govern this case. ECF No. 140.

Consistent with Judge DeMarchi's Standing Order for Civil Cases, the parties have agreed to exchange privilege logs: (1) within four weeks of any interim document production, and (2) within four weeks of completing production of documents.

### 6. Proposed Changes to the Federal Rules' Discovery Limitations

The parties propose modifications to the discovery limitations in the Federal Rules as set forth below. The parties reserve their right to seek to further limit or expand the use of any discovery device upon a showing of good cause.

**Interrogatories.** Plaintiffs are permitted, as a group, to serve a total of 25 interrogatories on each defendant. Each defendant is permitted to serve 10 interrogatories (for a total of 20) on all plaintiffs in common, and each defendant is permitted to serve 10 interrogatories (for a total of 20) on each plaintiff individually. The response to any interrogatory may be used by any party to this Action, regardless of which party posed the interrogatory, consistent with the Federal Rules of Evidence. An interrogatory served by the Defendants jointly, or by the Plaintiffs jointly, counts as one interrogatory.

**Requests for Admission.** Each side is permitted to serve 120 non-authentication RFAs on the other. The requesting side may direct the RFAs to one or more members of the responding side, with each RFA (however directed) counting as one RFA.

**Depositions.** The parties agree that Rule 30(d)(1), which imposes a presumptive limit on the duration of each deposition to one day of seven hours, should apply, with the parties reserving their right to seek leave to take additional or longer fact depositions under Rules 30(a) and 30(d), or to seek protection from any deposition under Rule 26(c)(1). With respect to depositions of fact witnesses (including corporate witnesses deposed under Fed. R. Civ. P. 30(b)(6)), the parties agree that each side will be permitted to take 90 hours of depositions. This limit does not apply to expert depositions.

Dated: November 21, 2018                           Respectfully submitted

By: _____*/s/ Adam E. Polk*_____
Adam E. Polk (State Bar No. 273000)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*apolk@girardsharp.com*

Dated: November 21, 2018

By: _____*/s/ Joshua H. Lerner*_____
Joshua H. Lerner
**DURIE TANGRI LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
*jlerner@durietangri.com*

*Counsel for Google LLC*

Dated:  November 21, 2018

By:        */s/ Simon J. Frankel*
Simon J. Frankel
**COVINGTON & BURLING LLP**
One Front Street, 35th Floor
San Francisco California 94111
Tel: (415) 591-6000
*sfrankel@cov.com*

*Counsel for Huawei Device USA, Inc.*

## FILER'S ATTESTATION

    Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Joshua H. Lerner, attest that concurrence in the filing of this document has been obtained.

Dated:  November 21, 2018       */s/ Joshua H. Lerner*
Joshua H. Lerner

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2018 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

          */s/ Joshua H. Lerner*
          JOSHUA H. LERNER