# REDACTED

# FILED UNDER SEAL

# EXHIBIT B

**SETTLEMENT AGREEMENT**
**FOR DISCUSSION PURPOSES/ALL TERMS SUBJECT TO REVISION**
*In re Nexus 6P Products Liability Litigation*
**United States District Court**
**Northern District of California**
**Case No. 5:17-cv-02185-BLF**

This Supplemental Settlement Agreement ("Supplemental Agreement") is entered into by and among Plaintiffs Edward Beheler, Brian Christensen, Yuriy Davydov, Alex Gorbatchev, Rebecca Harrison, Zachary Himes, Kenneth Johnston, Taylor Jones, Justin Leone, Jonathan Makcharoenwoodhi, Anthony Martorello, James Poore, Jr., and Paul Servodio (collectively, "Plaintiffs"), the Settlement Class, Defendant Huawei Device USA, Inc. ("Huawei"), a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024, and Defendant Google LLC, a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, as successor to Google Inc. ("Google") (collectively, Huawei and Google are referred to as "Defendants," and Plaintiffs, the Settlement Class, Huawei, and Google are referred to singularly as a "Party" or collectively as the "Parties"), in the currently pending lawsuit, *In re Nexus 6P Products Liability Litigation*, Case 5:17-cv-02185-BLF, in the United States District Court for the Northern District of California.

The Parties entered into the Class Action Settlement Agreement dated April 10, 2019 ("Settlement Agreement"). Section 5.2.5 of the Settlement Agreement contemplates that, if the number of Settlement Class Members requesting exclusion exceeds a number agreed-to by the Parties, then either Defendant may notify Class Counsel in writing that it has elected to terminate the Settlement Agreement.

Accordingly, the Parties agree as follows:

The right of either Defendant to terminate and withdraw from the Settlement Agreement

1

pursuant to Section 5.2.5 of the Settlement Agreement will be triggered when the number of Settlement Class Members requesting exclusion exceeds ███ Settlement Class Members.

This agreement constitutes the Supplemental Settlement Agreement, as that term is used in paragraphs 1.52 and 5.2.5 of the Settlement Agreement, and is hereby incorporated into the Settlement Agreement by this reference.

The capitalized terms used in this Supplemental Agreement have the same meanings as in the Settlement Agreement.

To be valid for purposes of this Supplemental Agreement, a request for exclusion from a Settlement Class Member must comply with the requirements for submitting a completed Opt-Out Form, as outlined in Section 5.2.1 and 5.2.2 of the Settlement Agreement.

Pursuant to the Settlement Agreement, the Parties contemplate that Plaintiffs will seek leave to file that portion of this Supplemental Agreement specifying the number of requests for exclusion sufficient to trigger withdrawal rights under seal in connection with their Motion for Preliminary Approval ("Motion") for the Court's *in-camera* inspection as it considers Plaintiffs' Motion and any subsequent Motion for Final Approval of the Settlement Agreement, including the terms laid out herein. The Parties understand that they must file a motion seeking the Court's approval to file portions of this Supplemental Agreement under seal, which Plaintiffs will file contemporaneously with their Motion for Preliminary Approval.

## SIGNATORIES

IN WITNESS WHEREOF, each of the Parties hereto has reviewed and approved this Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

Plaintiffs Edward Beheler, Brian Christensen, Yuriy Davydov, Alex Gorbatchev, Rebecca Harrison, Zachary Himes, Kenneth Johnston, Taylor Jones, Justin Leone, Jonathan Makcharoenwoodhi, Anthony Martorello, James Poore, Jr., and Paul Servodio

Agreed to: _____

Date: April 10, 2019
GIRARD SHARP LLP
By: Daniel C. Girard

Agreed to: _____

Date: April 10, 2019
CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
By: Benjamin F. Johns

*Attorneys for Plaintiffs and the Proposed Class*

Defendant Google LLC

Agreed to: _____

Date: 4/10/2019
DURIE TANGRI LLP
By: Joshua H. Lerner

*Attorneys for Defendant Google LLC, as authorized and on behalf of Defendant Google LLC*

Defendant Huawei Device USA, Inc.

Agreed to: _____

Date: _____
COVINGTON & BURLING LLP
By: Simon J. Frankel

*Attorneys for Defendant Huawei Device USA, Inc., as authorized and on behalf of Defendant Huawei Device USA, Inc.*

## SIGNATORIES

IN WITNESS WHEREOF, each of the Parties hereto has reviewed and approved this Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

Plaintiffs Edward Beheler, Brian Christensen, Yuriy Davydov, Alex Gorbatchev, Rebecca Harrison, Zachary Himes, Kenneth Johnston, Taylor Jones, Justin Leone, Jonathan Makcharoenwoodhi, Anthony Martorello, James Poore, Jr., and Paul Servodio

Agreed to: *[signature]*

Date: April 10, 2019
GIRARD SHARP LLP
By: Daniel C. Girard

Agreed to: *[signature]*

Date: April 10, 2019
CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
By: Benjamin F. Johns

*Attorneys for Plaintiffs and the Proposed Class*

Defendant Google LLC

Agreed to: _____

Date: _____
DURIE TANGRI LLP
By: Joshua H. Lerner

*Attorneys for Defendant Google LLC, as authorized and on behalf of Defendant Google LLC*

Defendant Huawei Device USA, Inc.

Agreed to: *[signature]* Simon Frankel

Date: April 10, 2019
COVINGTON & BURLING LLP
By: Simon J. Frankel

*Attorneys for Defendant Huawei Device USA, Inc., as authorized and on behalf of Defendant Huawei Device USA, Inc.*

3