EXHIBIT J

1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

13
14
15
16
17
18
19
20

| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>Date: May 2, 2019<br>Time: 1:30 p.m.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

21
22
23
24
25
26
27
28

1  WHEREAS, the Parties to the Action have appeared before this Court and participated in
2  settlement negotiations, including mediating before Hon. Layn R. Phillips (Ret.);
3  WHEREAS, Plaintiffs Edward Beheler, Brian Christensen, Yuriy Davydov, Alex Gorbatchev,
4  Rebecca Harrison, Zachary Himes, Kenneth Johnston, Taylor Jones, Justin Leone, Jonathan
5  Makcharoenwoodhi, Anthony Martorello, James Poore, Jr., and Paul Servodio ("Plaintiffs") and
6  Defendants Huawei Device USA, Inc. ("Huawei") and Google LLC ("Google") (collectively,
7  "Defendants") entered into a Settlement Agreement on April 10, 2019, which, together with the
8  Exhibit annexed thereto ("Settlement Agreement"), sets forth the terms and conditions for a proposed
9  global settlement of this Litigation and for its dismissal with prejudice upon the terms and conditions
10 set forth therein;
11 WHEREAS, Plaintiffs and Defendants are collectively referred to herein as the "Parties";
12 WHEREAS, Plaintiffs have moved the Court for an order (i) preliminarily approving the
13 Settlement under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to
14 certify the Settlement Class after the Final Fairness Hearing, and (iii) directing notice as set forth
15 herein;
16 WHEREAS, Defendants do not oppose this request;
17 WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement,
18 Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, and
19 Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations, and has
20 found good cause for entering the following Order;
21 WHEREAS, unless otherwise specified, all capitalized terms used herein have the same
22 meanings as set forth in the Settlement Agreement.
23 NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

### Settlement Class Certification

25  1.  The Court finds, upon preliminary evaluation and for purposes of the Settlement only,
26 that the Court will likely be able to certify the following proposed class pursuant to Federal Rule of
27 Civil Procedure 23:
28

all persons within the United States who purchased a Nexus 6P smartphone, other than for resale, between September 29, 2015 and the date the Court grants Preliminary Approval of this Settlement. Excluded from the Settlement Class are (a) Huawei and Google, and their officers, directors, employees, subsidiaries, and affiliates; (b) all judges assigned to this case and any members of their immediate families; and (c) the parties' counsel in this litigation.

2. The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied for the Settlement Class. In support of this conclusion, the Court provisionally finds as follows:

   a. The number of Settlement Class Members is too numerous for their joinder to be practicable; many persons purchased the product at issue, the Nexus 6P smartphone.

   b. Questions of law and fact common to the Settlement Class predominate over individualized questions. The common questions include whether the Nexus 6P is defective; whether Defendants had a duty to disclose the alleged bootloop and battery drain issues with the Nexus 6P, and if so, when; whether the allegedly concealed information was material to a reasonable consumer; and whether class members sustained harm as a result of Defendants' conduct.

   c. Plaintiffs' claims are typical of the claims of the Settlement Class in that each of the claims arises from alleged violations of unfair competition, consumer fraud, and warranty laws in regard to the same allegedly defective product and course of conduct.

   d. Plaintiffs are adequate class representatives whose interests in this matter are aligned with those of the other Settlement Class Members. Interim Class Counsel—the law firms of Girard Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP—have significant expertise in prosecuting consumer class actions, have committed the necessary resources to represent the Settlement Class, and are hereby appointed as Class Counsel.

   e. A class action is a superior method for the fair and efficient resolution of this matter.

### Preliminary Approval of the Settlement

4. The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action,

including through discovery and motion practice, and whose negotiations were supervised by an experienced mediator. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued litigation, does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class, and has no obvious deficiencies.

5. The Court hereby preliminarily approves the Settlement, including as memorialized in the Settlement Agreement and its incorporated exhibit (Plan of Allocation), as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Fairness Hearing to be conducted as described below.

6. The Settlement Amount shall be deposited into an escrow account and shall be managed by the Escrow Agent as detailed in the Settlement Agreement. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds may be distributed pursuant to the Settlement Agreement.

**Manner and Form of Notice**

7. The Court approves the Notice substantially in the forms attached as Exhibits E through F to the Joint Declaration of Daniel C. Girard and Benjamin F. Johns. The proposed notice plan, which includes direct notice via email, publication notice, and supplemental postcard notice via U.S. Mail, will provide the best notice practicable under the circumstances. This plan, and the Notice, are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Released Claims), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Fairness Hearing shall be included in the Notice before dissemination.

8. The Court hereby appoints Kurtzman Carson Consultants LLC to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate a settlement website (the "Website") and a toll-free number, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement and the incorporated Plan of Allocation, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

9. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court or otherwise fails to become effective, Class Counsel shall not be obligated to repay amounts paid to, or that are billed by, the Settlement Administrator for Settlement Administration, Notice, or for any other reason.

10. The Court approves, as to form and content, the Notice and the Claim Form, annexed to the Joint Declaration of Daniel C. Girard and Benjamin F. Johns at Exhibits C and E, respectively, and finds that the distribution, publication, and mailing of the Notice, substantially in the manner and form set forth in this Order, meet the requirements of due process and Federal Rule of Civil Procedure 23, constitute the best notice practicable under the circumstances, and will provide due and sufficient notice to all Persons entitled thereto.

11. Settlement Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or submitted electronically within 60 days after the Notice Date as set forth in the Settlement Agreement. Late claims may be considered and paid if deemed appropriate by the Settlement Administrator in consultation with Class Counsel, or if ordered by the Court.

12. As soon as practicable, and no later than 10 days after entry of this Order, the Settlement Administrator shall establish the Website and post the Notice and Claim Form thereon.

13. Within 60 days after entry of this Order, the Settlement Administrator shall send the Notice, substantially in the form annexed to the Declaration of Daniel C. Girard, via email to all Settlement Class Members who have been and can be identified with reasonable effort; shall cause publication of the Press Release to occur, as detailed in Plaintiffs' Motion for Preliminary Approval of

Class Action Settlement, and shall issue Supplemental Postcard Notice as set forth in the Settlement Agreement.

16. The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

### The Final Fairness Hearing

17. The Court will hold a Final Fairness Hearing on _____, 2019 [no sooner than 35 days after the Objection and Exclusion Deadline], at the United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113, for the following purposes: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to consider Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards to the representative Plaintiffs; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

18. Class Counsel's application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

19. Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than 35 days prior to the Final Fairness Hearing and 35 days prior to the objection and exclusion deadline, respectively. Any papers in opposition shall be filed within 14 days of the motion being opposed. Any reply papers shall be filed no later than 14 days before the Final Fairness Hearing.

### Objections and Appearances at the Final Fairness Hearing

20. Any member of the Settlement Class may appear at the Final Fairness Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate,

or why judgment should or should not be entered, or to comment on or oppose Class Counsel's application for attorneys' fees, costs, and expenses, or to Class Counsel's application for service awards. No person shall be heard or entitled to contest the approval of the Settlement, or if approved, the judgment to be entered approving the Settlement, or of Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards, unless that person filed an objection with the Clerk of the United States District Court for the Northern District of California, electronically, in person, or by first-class mail, within 60 days after the Notice Date (the "Objection Deadline"). Any Settlement Class Member who does not make his, her, or its objection in the time and manner provided for herein shall be deemed to have waived such objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, and to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards. By objecting, or otherwise requesting to be heard at the Final Fairness Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

21. Attendance at the Final Fairness Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the Settlement, including the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses and for service awards must indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, including the Plan of Allocation, and/or the application for attorneys' fees, costs, and expenses and for service awards, and who wish to present evidence at the Final Fairness Hearing, must include in their written objection(s) the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection, the attorney must file a notice of appearance with the Court by the Objection Deadline.

### **Exclusion from the Settlement Class**

22. Any requests for exclusion are due no later than 60 days after the Notice Date ("Exclusion Deadline"). Any person who would otherwise be a member of the Settlement Class who

6

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
CASE NO. 5:17-cv-02185-BLF

wishes to be excluded from the Settlement Class must notify the Settlement Administrator in writing of that intent by submitting an Opt-Out Form, available on the Settlement Website, either (i) by U.S. mail postmarked no later than the Exclusion Deadline; or (ii) by submission on the Settlement Website no later than the Exclusion Deadline.  All persons who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any Orders or final judgment of the Court.

23.     Any member of the Settlement Class who does not notify the Settlement Administrator of his, her, or its intent to be excluded from the Settlement Class in the manner stated herein shall be deemed to have waived his or her right to be excluded from the Settlement Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the Released Claims against the Releasees provided for in the Settlement Agreement, and the Final Order and Judgment.

### **Termination of the Settlement**

24.     If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

### **Limited Use of This Order**

25.     The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendants to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that

any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendants in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

### Reservation of Jurisdiction

26. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

27. Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, including the Plan of Allocation, are hereby STAYED, and all hearings, deadlines, and other proceedings in the Litigation, except the Final Fairness Hearing and the matters set forth in this Order, are VACATED.

**IT IS SO ORDERED.**

DATED: _____     _____
THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE