DocuSign Envelope ID: DBDBEEA1-721A-4913-9028-35A4686424B5

DURIE TANGRI LLP
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
CATHERINE Y. KIM (SBN 308442)
ckim@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant
GOOGLE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>**DECLARATION OF MYISHA FRAZIER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (ECF 193)**<br><br>Ctrm: 3, 5th Floor<br>Judge: Honorable Beth Labson Freeman |
|---|---|

I, Myisha Frazier, declare as follows:

1. I am Director, Hardware Legal, at Google LLC ("Google"). I make this declaration from personal knowledge, and if called to testify, I could and would testify competently thereto.

2. Plaintiffs Edward Beheler, Brian Christensen, Yuriy Davydov, Alex Gorbatchev, Rebecca Harrison, Zachary Himes, Kenneth Johnston, Taylor Jones, Justin Leone, Jonathan Makcharoenwoodhi, Anthony Martorello, James Poore, Jr., and Paul Servodio (collectively, "Plaintiffs") filed a motion to seal the redacted portions of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval ("Motion") and the redacted portions of the Joint Declaration of Daniel C. Girard and Benjamin F. Johns in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Declaration"). ECF 193.

3. Google seeks to seal the redacted portions of pages 5:21, 6:15-17, 16:2-3, 19:2-3, 22:21-22 of the Motion because they contain competitively sensitive business and financial information. Specifically, the redacted portions of those pages contain the approximate number of Nexus 6P smartphones sold in the United States, or information from which the approximate number of Nexus 6P smartphones sold in the United States could be derived or estimated.

4. Google seeks to seal the redacted portions of pages 7:6, 7:27-28, and 8:1 of the Declaration because they contain competitively sensitive business and financial information. Specifically, the redacted portions of those pages contain the approximate number of Nexus 6P smartphones sold in the United States, or information from which the approximate number of Nexus 6P smartphones sold in the United States could be derived or estimated.

5. The approximate number of Nexus 6P smartphones sold in the United States, and information from which that approximate number could be derived, is competitively sensitive business and financial information. Google develops and sells smartphones. Google's supplier contracts for the purchase of smartphone components depend at least in part on forecasts about the number of smartphones likely to be sold, and the public disclosure of information about the number of Nexus 6P smartphones sold in the United States may affect Google's ability to competitively negotiate pricing in future supplier contracts. Similarly, when Google negotiates with retail partners regarding sales of Google's smartphones, the negotiations depend at least in part on forecasts about the number of

smartphones likely to be sold, and the public disclosure of information about the number of Nexus 6P smartphones sold in the United States may affect Google's ability to competitively negotiate the terms of contracts with its retail partners. As a result, Google considers product-level sales figures, such as the approximate number of Nexus 6P smartphones sold in the United States or information from which the number could be derived, to be confidential, and it is Google's policy not to disclose this type of information. Google does not disclose this type of information in the ordinary course of its business. Consistent with the confidential nature of this information, Google designated information regarding its sales of the Nexus 6P smartphone in the United States as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Parties' Stipulated Protective Order (ECF 140) when disclosing this information in discovery.

6. Courts in this district have sealed product-specific sales information under the "compelling reasons" standard articulated by *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). *See, e.g.*, *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 4448022, at *3 (N.D. Cal. July 19, 2015) (sealing number of product units sold, where designating party contended public disclosure of such information would allow suppliers and competitors to "take advantage of this information in negotiating pricing information"); *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-CV-00457-JST, 2015 WL 12964640, at *2 (N.D. Cal. Aug. 5, 2015) (sealing product sales data, where designating party contended that the release of such highly confidential financial information would "damage [its] business and competitive position in the market"). Indeed, the Federal Circuit has held that not sealing "limited portions of the documents containing detailed product-specific financial information, including . . . sales . . ." is an abuse of discretion. *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1223-24 (Fed. Cir. 2013).

7. The redactions to the Motion and the Declaration have been narrowly tailored to seek sealing only of sealable material. *See, e.g.*, *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-CV-03848-RS, 2018 WL 2585436, at *1 n.1 (N.D. Cal. May 8, 2018) (granting motion to seal "confidential sales figures").

8. Accordingly, Google requests that the above-identified redacted portions of the Motion and Declaration remain redacted and under seal.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct. Executed on April 15, 2019, at Mountain View, California.

DocuSigned by:

*Myisha Frazier*

AB85B92FAADD40C...

MYISHA FRAZIER

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Catherine Y. Kim*
CATHERINE Y. KIM