**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 17-cv-02185-BLF <br><br> **ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** <br><br> [Re: ECF 194] |

Before the Court is Plaintiffs' motion to file under seal portions of their motion for preliminary approval of class action settlement. Mot., ECF 194. For the reasons stated below, the motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

2

1  highlighting or other clear method, the portions of the document that have been omitted from the
2  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
3  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
4  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II. DISCUSSION**

The Court has reviewed Plaintiffs' sealing motion and the declaration of Adam E. Polk in support thereof. Because the sealing motion relates to materials filed with Plaintiffs' motion for preliminary approval of a class action settlement, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard. *Philliben v. Uber Techs., Inc.*, No. 14-CV-05615-JST, 2016 WL 9185000, at *2 (N.D. Cal. Apr. 15, 2016); *Kiersey v. eBay, Inc.*, No. 12-CV-01200-JST, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive.").

Plaintiffs seek to file two categories of information in their preliminary approval motion and related documents: (1) information in the parties' supplemental settlement agreement specifying the number of requests for exclusion sufficient to trigger withdrawal rights under the Settlement Agreement, *see* Mot. at 1–2; and (2) information concerning Nexus 6P smartphone sales and estimated damages, Mot. at 1, the sealing of which Defendants support, *see* ECF 195, 196.

As to the first category of information, the Court grants the motion because "[t]here are compelling reasons to keep this information confidential, in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016); *accord In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017). As such, the request to seal the highlighted portion of Exhibit B to the Joint Declaration of Daniel C. Girard and Benjamin F. Johns, ECF 193-8, is GRANTED.

As to the second category information, the Court denies the motion without prejudice. As

3

an initial matter, Defendants (the designating parties) seek to seal only certain portions of the requested information, such that no party seeks to seal the remaining portions of the requested information. But more importantly, as to all of the information, the Court is concerned that if the requested financial information is sealed, such sealing could hinder class members' ability to effectively analyze the value of the settlement, and thus to decide whether to object or opt out. If the class members are not privy to the potential total value of the action and the percentage of this value achieved by the settlement agreement, they could be without information critical to making an informed decision as to whether to participate in the agreement. As such, the request to seal portions of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval and the Joint Declaration of Daniel C. Girard and Benjamin F. Johns is DENIED WITHOUT PREJUDICE to Defendants filing a joint motion to seal citing relevant case law indicating why sealing is appropriate given the Court's above concerns.

## III. ORDER

As discussed above, the motion is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE as follows:

| ECF No. | Document to be Sealed: | Portions to be Sealed | Result |
|---|---|---|---|
| 193-4 | Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval | <ul><li>Page 5, Lines 21, 24, 28</li><li>Page 6, Lines 2-4, 15-17</li><li>Page 16, Lines 2-3</li><li>Page 18, Line 5</li><li>Page 19, Lines 2-3</li><li>Page 22, Lines 21-22</li></ul> | DENIED WITHOUT PREJUDICE |
| 193-6 | Joint Declaration of Daniel C. Girard and Benjamin F. Johns | <ul><li>Page 7, Lines 6, 8, 12, 14-16, 27-28</li><li>Page 8, Line 1</li></ul> | DENIED WITHOUT PREJUDICE |
| 193-8 | Exhibit B to Joint Declaration of Daniel C. Girard and Benjamin F. Johns | <ul><li>Page 2, Line 2</li></ul> | GRANTED |

Plaintiffs must file unredacted versions of their preliminary approval motion and the Girard/Johns Declaration into the public record no earlier than 4 days and no later than 10 days from the filing of this order. If Defendants file a motion to seal before Plaintiffs file the

unredacted documents, Plaintiffs shall not file such documents absent further order of the Court.

**IT IS SO ORDERED.**

Dated: April 22, 2019

_____
BETH LABSON FREEMAN
United States District Judge