Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Trevor T. Tan (State Bar No. 281045)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*ttan@girardsharp.com*

Benjamin F. Johns *(pro hac vice)*
Andrew W. Ferich *(pro hac vice)*
Zachary P. Beatty *(pro hac vice)*
Beena M. McDonald *(pro hac vice)*
**CHIMICLES SCHWARTZ KRINER**
 **& DONALDSON-SMITH LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
*bfj@chimicles.com*
*awf@chimicles.com*
*zpb@chimicles.com*
*bmm@chimicles.com*

 *Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>**JOINT DECLARATION OF DANIEL C. GIRARD AND BENJAMIN F. JOHNS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br>Date: October 10, 2019<br>Time: 1:30 p.m.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

JOINT DECLARATION ISO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

We, Daniel C. Girard and Benjamin F. Johns, declare as follows pursuant to 28 U.S.C. § 1746:

1. Daniel C. Girard is the founder and managing partner of Girard Sharp LLP ("Girard Sharp") and one of the attorneys of record for Plaintiffs.[1] Mr. Girard submits this declaration in support of Plaintiffs' motion for attorneys' fees, costs and service awards. Mr. Girard makes this declaration based on his own personal knowledge, and if called to do so, could testify to the matters contained herein.

2. Benjamin F. Johns is a partner in the law firm of Chimicles Schwartz Kriner & Donaldson-Smith LLP ("Chimicles") and one of the attorneys of record for Plaintiffs. Mr. Johns submits this declaration in support of Plaintiffs' motion for attorneys' fees, costs and service awards. Mr. Johns makes this declaration based on his own personal knowledge, and if called to do so, could testify to the matters contained herein.

**I.   THE LITIGATION**

3. This is a nationwide consumer class action against Huawei Device, USA, Inc. and Google LLC ("Defendants") concerning allegedly defective Nexus 6P smartphones that Plaintiffs allege were jointly developed, produced, and sold by Huawei and Google. Plaintiffs further allege that the Nexus 6P suffers from a disproportionately high failure rate. Specifically, the Nexus 6P allegedly suffers from either or both "bootloop" (wherein the Nexus 6P randomly reboots, and sometimes fails permanently by entering into an endless bootloop cycle, where the phone constantly reboots and is unable to advance beyond the home screen, and in some instances, may stop booting altogether) or "battery drain" (when the phone exhibits a noticeable decrease in battery life, or shuts off suddenly even when its battery life icon shows the phone still has charge) issues.

4. In April 2017, Girard Sharp and Chimicles filed separate class actions in this Court —*Makcharoenwoodhi et al. v. Huawei Techs. USA, Inc., et al.*, No. 5:17-cv-2185-BLF (N.D. Cal.) and *Christensen v. Huawei Device U.S.A. Inc. et al.*, No. 5:17-cv-02336-BLF (N.D.

---

[1] Capitalized terms have the same meaning as set forth in the definitions section of the Settlement Agreement, filed at ECF 194-2.

1

JOINT DECLARATION ISO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

Cal.).[2]  Both complaints asserted consumer fraud and breach of warranty claims arising out of the Nexus 6P's alleged battery drain and bootloop problems.  Prior to filing the complaints, Class Counsel investigated the underlying facts, interviewed prospective class members, and consulted with experts about the source of the defect.

5.  On May 10, 2017 this Court consolidated the two pending actions in this district (ECF 19) as *In re Nexus 6P Products Liability Litigation*, and on June 7, appointed Girard Sharp and Chimicles as interim co-lead counsel (ECF 34).

6.  Plaintiffs then filed a Consolidated Amended Complaint asserting breach of warranty, unfair competition, unfair business practices, and consumer fraud counts on behalf of a nationwide class and several subclasses on May 23.  ECF 28.  In response, Defendants separately moved to dismiss the CAC and to strike the class allegations.  ECF 38-39.  Huawei also sought to dismiss Plaintiffs' claims on personal jurisdiction grounds, based in large part upon the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017).  ECF 38 at 6-8.  Plaintiffs opposed the motions to dismiss on July 28, and Defendants filed their replies on August 7.  ECF 53, 60-61.

7.  Along with moving to dismiss, Defendants filed a joint motion to stay discovery on June 30, 2017.  ECF 41.  Plaintiffs opposed the motion to stay (ECF 46) and Defendants filed a reply (ECF 47).  The Court heard oral argument and granted Defendants' request for a stay pending resolution of the motions to dismiss on August 18.  ECF 84.

8.  On August 31, 2017, the parties appeared for the initial case management conference.  Prior to the conference, Plaintiffs prepared and served early document requests under FED. R. CIV. P. 26(d)(2), conducted a Rule 26(f) conference, and exchanged drafts of a stipulated protective order and a protocol for the discovery of electronically stored information.  ECF 86 at 8-9.  Additionally, and in accordance with the Local Rules, prior to the conference,

---

[2] The Chimicles firm also filed an action in the United States District Court for the Eastern District of Texas on April 14, 2017.  *Gorbatchev v. Google, Inc.*, et al, No. 4:17-cv-00260-ALM.  That action was voluntarily dismissed without prejudice on May 8, 2017, and Mr. Gorbatchev was added as a plaintiff in this action in an amended complaint.

the parties submitted a stipulation agreeing to participate in private mediation by mid-December 2017 which the Court entered.  ECF 81.

9. Before the mediation, the parties exchanged briefs and discovery.  On December 5, 2017, the parties participated in a mediation before Hon. Layn R. Phillips (Ret.).  The mediation was unsuccessful.

10. The Court held a hearing on Defendants' motions to dismiss the CAC after the mediation.  Following the hearing, the Court issued an order continuing the stay of discovery "until further notice from this Court in its Order on Defendants' motions to dismiss."  ECF 106.

11. On February 12, the Court granted Huawei's motion to dismiss for lack of personal jurisdiction without prejudice, and gave Plaintiffs an opportunity to take jurisdictional discovery.  ECF 113.  After the Court's ruling on Huawei's personal jurisdiction motion, Plaintiffs and Huawei negotiated and filed with the Court competing jurisdictional discovery plans, which the Court resolved in a March 7 order providing for jurisdictional discovery.  ECF 114, 116.  Huawei then withdrew its challenge to personal jurisdiction.  ECF 125.

12. On March 5, the Court issued an 88-page opinion addressing the issues raised in Defendants' motions to dismiss.  The Court granted the motions in part and denied them in part.  ECF 115.  The Court found that "Plaintiffs have not adequately alleged that Huawei or Google had knowledge of the defects at the time that Plaintiffs purchased their phones."  *Id.* at 9.  The Court, however, upheld several of Plaintiffs' express warranty claims against Huawei and the implied warranty and Magnuson-Moss claims of 13 out of 15 Plaintiffs.  *Id.* at 33-34, 86.  The Court also denied Defendants' efforts to strike the class allegations from the complaint "without prejudice to raising the arguments presented in those motions at a later stage of the proceedings."  *Id.* at 85.

13. Upon receiving the Court's ruling, Class Counsel resumed working with their experts to refine the description of the alleged defect and worked to address the issues the Court identified including the pre-sale knowledge allegations.  Plaintiffs filed their Second Amended Complaint ("SAC") on May 10, asserting express and implied warranty and consumer protection claims on behalf of a nationwide class.  ECF 117.

14. On June 7, the parties appeared for a second case management conference where the Court and the parties addressed the ongoing discovery stay, Plaintiffs' intent to seek relief from the stay, Defendants' forthcoming motions to dismiss the SAC, and a schedule for the remainder of the case. On June 11, Plaintiffs moved to lift the discovery stay. ECF 133. Defendants filed an opposition on June 15 and Plaintiffs replied on June 18. On June 19, the Court granted Plaintiffs' motion to lift the discovery stay. ECF 138-39, 144.

15. The parties exchanged discovery, including the following:

- Serving and responding to multiple sets of document requests, interrogatories and requests for admission;
- Negotiating a Protective Order that was approved by the Court (ECF 141);
- Negotiating an ESI Protocol that was approved by the Court (ECF 140); and
- Negotiating the production of documents from defendants and 12 non-parties.

16. Discovery of documents concerned Nexus 6P advertising, product packaging, sales figures, customer service policies and procedures, consumer complaints, insurance claims, and technical information. Discovery required numerous meet and confers with defense counsel to successfully negotiate the parameters of discovery and resolve disputes without requiring the involvement of the assigned magistrate judge. In addition, throughout the litigation, Plaintiffs worked with their technical experts to investigate the alleged defect and to prepare a draft report by evaluating the Nexus 6P and its internal components. Class Counsel also engaged economic experts to develop and present a classwide damages methodology in preparation for class certification.

17. Defendants also noticed the depositions of two Plaintiffs who were voluntarily dismissed following the Court's March 5 ruling. After negotiating the terms of the depositions, Class Counsel prepared the former Plaintiffs for and defended their depositions.

18. On June 14, 2018, Huawei and Google filed a second round of motions to dismiss. ECF 134, 135. Plaintiffs opposed both motions. ECF 148, 149. Defendants' replied (ECF 154, 155), and on October 17, the Court heard argument on the motions (ECF 164). At the hearing, the Court cautioned that Plaintiffs would need to address the choice of law issues,

1  indicated that it would likely dismiss any Song-Beverly claim that relied on arguing Google
2  was a manufacturer under the statute, and questioned the sufficiency of Plaintiffs' pre-sale
3  knowledge allegations.  *See* ECF 169, Oct. 17, 2019 Hr'g. Tr. at 8:6-9:11 & 58:2-63:13.

4      19.    At the Court's suggestion, the parties resumed settlement discussions shortly
5  after the hearing.  *Id.* at 63:24-65:6.

6      20.    Following weeks of negotiations, the parties reached an agreement in principle
7  to resolve the case for $9.75 million on November 27, 2018.  Pursuant to a stipulation, the
8  Court suspended the existing case deadlines on November 29 (ECF 177) and held a further case
9  management conference on January 16, 2019 (ECF 182).

10     21.    The parties then spent several months negotiating and documenting the
11 settlement, including the plan of allocation and notice documentation.  Among other
12 considerations, the parties spent considerable time developing a claims procedure that will
13 concentrate relief appropriately among claimants while also minimizing the burden on
14 claimants of supporting their claims and deterring fraudulent or overstated claims.  On April
15 10, 2019 the parties signed the Settlement Agreement (ECF 194-2).  The parties also entered
16 into a Supplemental Settlement Agreement, which specifies the conditions under which
17 Defendants may elect to terminate the Settlement Agreement (ECF 194-3).

18 **II.   THE SETTLEMENT**

19     22.    The Settlement creates a $9.75 million all-cash, non-reversionary fund for the
20 Class.  After deduction of notice and administration costs, service awards, the requested
21 attorneys' fees, and out-of-pocket litigation expenses not to exceed $200,000, the settlement
22 would provide approximately $6.375 million to pay Class Member claims.

23     23.    The Settlement affords monetary benefits to all Claimants, with greater
24 payments going to those Claimants who encountered the alleged defect and support their claim
25 with documentation, and lesser payments going to those who did not experience the alleged
26 defect, who have already been provided with a new Pixel XL smartphone, or who do not
27 support their claim with documentation:
28

- Claimants who did not experience the alleged issues or who were provided with a new Pixel XL smartphone will receive between $5 and $10;
- Claimants who attest to experiencing the alleged battery drain issue, but who do not support the claim with valid documentation will receive between $10 and $45;
- Claimants who attest to experiencing the alleged bootloop issue, but who do not submit valid supporting documentation will receive between $20 and $75;
- Claimants who attest to experiencing the alleged battery drain issue and submit valid documentation will receive up to $150;
- Claimants who attest to experiencing the alleged bootloop issue and submit valid documentation will receive up to $325; and
- Claimants who attest to multiple alleged battery or bootloop issues across multiple Nexus 6Ps and submit valid documentation will receive up to $400.

### III.   PRELIMINARY APPROVAL OF THE SETTLEMENT

24.   Plaintiffs moved for preliminary approval of the Settlement on April 10, 2019. ECF 194.  The Court heard argument on May 2 and granted preliminary approval the following day, after directing the parties to modify certain provisions of the notice documents.  ECF 193, 201, 204.  Since preliminary approval of the settlement, Class Counsel have engaged with the Settlement Administrator to ensure Class Members are notified of the settlement, including obtaining Court approval for Amazon to provide direct notice of the settlement (ECF 212), and have fielded Class Member inquiries concerning the claims process.

25.   In its preliminary approval order, the Court: (i) provisionally certified the proposed Settlement Class; (ii) appointed Plaintiffs as Settlement Class Representatives; (iii) appointed Girard Sharp and Chimicles as Settlement Class Counsel; and (iv) approved the proposed class Notice plan, including appointing Kurtzman Carson Consultants LLC ("KCC") to serve as the Settlement Administrator.  ECF 204.

26.   The Court set a final fairness hearing for October 10, 2019.  Pursuant to the Court's Order, Class Counsel's application for attorneys' fees, costs, and service awards must

be filed no later than 35 days prior to the objection and exclusion deadline of September 3, 2019. *Id.* at 5. Papers in support of final approval shall be filed on September 5, 2019. *Id.*

### IV. RESPONSE OF THE CLASS TO DATE

27. On May 3, the Court directed that notice be given to the class. *Id.* While the notice period closed on July 2, and the claims period is ongoing, notice has been given in accordance with the Court's preliminary approval order.

28. The Declaration of Andrew Perry, filed concurrently with this declaration and the motion, describes the results of the notice and claims process to-date.

29. The claims period closes on September 3, 2019, after which Plaintiffs will submit a reply brief updating the Court with the final number of claims, objections, and opt outs.

30. Pursuant to the Class Action Fairness Act, Defendants caused notice to issue to the Attorneys General across the United States and to the relevant federal officials. To date, the parties have not received any response to this notice.

### V. ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

31. Plaintiffs apply for an award of $2,925,000 in attorneys' fees (amounting to 30% of the total settlement fund), up to $200,000 in litigation expenses, and $3,000 in service awards to each of the 13 settlement class representatives. Plaintiffs' motion for attorneys' fees, costs, and service awards, filed concurrently herewith, sets forth the legal basis for the requested awards.

32. The amounts requested in Plaintiffs' fee motion are consistent with the information provided in Plaintiffs' motion for preliminary approval.

33. The amounts requested in the fee motion also were disclosed to potential class members in the Long Form Settlement Notice posted on the Settlement Website[3] which states that Class Counsel will seek attorneys' fees not to exceed 30% of the Settlement, reasonable litigation expenses actually incurred, and $3,000 for each of the class representatives. ECF 208-2 at 8. This declaration and supporting memorandum of law will be posted on the

---

[3] www.nexus6psettlement.com

Settlement Website concurrently with this filing and will be made available for all class members to review more than a month before the objection, opt-out, and claim filing deadline.

### A.    Attorneys' Fees Incurred by Class Counsel

34.    For the past two years, Class Counsel have devoted substantial attorney time and out-of-pocket expenses to develop and prosecute this litigation to a successful conclusion against Defendants represented by experienced defense counsel. Class Counsel have at all times represented Plaintiffs on a completely contingent basis. Litigation tasks Class Counsel performed include:

- Researching and preparing the complaints;
- Briefing and arguing two rounds of motions to dismiss;
- Briefing and arguing two contested stay motions;
- Developing two discovery plans, a protective order, and protocol for the discovery of electrically stored information;
- Offensive and defensive party and nonparty discovery;
- Working with experts to determine the source of the defect and to determine an appropriate damages methodology in support of class certification;
- Preparing for and defending depositions;
- Preparation for and attendance at a mediation; and
- Negotiation and documentation of the settlement.

35.    Class Counsel's collective lodestar, based on the current usual and customary hourly billing rates of each firm, is $3,848,190.50 based on 7,110.50 hours billed.[4] These hourly rates are based on regular and ongoing monitoring of prevailing market rates in this District for attorneys of comparable skill, experience, and qualifications, and have been previously approved by courts in this District. *See, e.g., In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2018 WL 4620695, at *2 (N.D. Cal. Sept. 20, 2018) (Girard Sharp); *In re Lenovo Adware Litig.*, No. 15-MD-02624-HSG, 2019 WL 1791420, at *8 (N.D. Cal. Apr.

---

[4] Messrs. Girard and Johns are attesting only as to the accuracy of their respective firms' hours, lodestar, and expenses.

24, 2019) (Girard Sharp); *Rodman v. Safeway Inc.*, No. 3:11-cv-03003-JST, 2018 WL 4030558, at *6-7 (N.D. Cal. Aug. 23, 2018) (Chimicles); *Mendoza v. Hyundai Motor Co., Ltd*, No. 15-CV-01685-BLF, 2017 WL 342059, at *14 (N.D. Cal. Jan. 23, 2017) (Chimicles).

36. The lodestar for both firms is broken down by attorney, position, billing rate and task in the charts attached hereto as **Exhibit A**. As set forth in the Procedural Guidance for Class Action Settlements, detailed and contemporaneously prepared time records supporting the information contained in **Exhibit A** are available and will be submitted if requested by the Court. Before compiling the information below, we each reviewed our respective firm's lodestar and expense information, and eliminated any expense or time entry that, based upon our billing judgment, could be viewed as potentially unnecessary or redundant.

37. A summary chart showing Class Counsel's lodestar and current expenses is provided below:

| Firm | Lodestar | Current Expenses |
|---|---|---|
| Girard Sharp LLP | $2,265,485.50 | $72,036.24 |
| Chimicles Schwartz Kriner & Donaldson-Smith LLP | $1,582,705.00 | $78,912.23 |
| **TOTAL** | **$3,848,190.50** | **$150,948.47** |

38. Class Counsel are seeking an award of $2,925,000 in attorneys' fees, which, if awarded, represents 0.76 times their collective lodestar, in other words, a "negative multiplier" upon their lodestar as of this date. It does not account for time Class Counsel will spend after this filing to complete the attorneys' fee briefing, move for final approval, implement the claims process and plan of allocation, and complete the post-distribution reporting required under the Procedural Guidance for Class Action Settlements.

**B. Unreimbursed Costs and Litigation Expenses**

39. Class Counsel have incurred $150,948.47 in expenses to-date, and will update the Court with their final expense numbers in their reply in support of this motion. Class Counsel's current unreimbursed costs and expenses are broken down in the charts attached hereto as **Exhibit B**.

40. The costs and expenses summarized in the paragraph above were reasonable and necessary for prosecuting this case, were advanced by Class Counsel on behalf of Plaintiffs and the Settlement Class, and have not been reimbursed. They are reflected in the books and records of our respective firms, which are prepared from expense vouchers, check records, invoices and other source materials, and represent an accurate record of the costs and expenses incurred. Copies of all such records are available at the Court's request.

**C.   Service Awards**

41. Thirteen individuals (Jonathan Makcharoenwoodhi, Alex Gorbatchev, Brian Christensen, Anthony Martorello, Edward Beheler, Yuriy Davydov, Rebecca Harrison, Zachary Hines, Taylor Jones, Paul Servodio, Justin Leone, James Poore, Jr., and Kenneth Johnston) have served as representatives of the class.

42. In response to Defendants' discovery requests, the Settlement Class Representatives gathered and produced responsive documents and participated in multiple interviews with Class Counsel to provide written responses to Defendants' interrogatories.

43. The Settlement Class Representatives have also stayed up to date on the litigation through frequent telephone calls, emails and meetings with Class Counsel. The Settlement Class Representatives were consulted throughout the settlement process and approved the terms of the Settlement before it was finalized among counsel.

44. The work performed by the Settlement Class Representatives is summarized in their respective declarations, attached hereto as **Exhibit C**.

45. Jonathan Makcharoenwoodhi, Alex Gorbatchev, Brian Christensen, Anthony Martorello, Edward Beheler, Yuriy Davydov, Rebecca Harrison, Zachary Hines, Taylor Jones, Paul Servodio, Justin Leone, James Poore, Jr., and Kenneth Johnston each performed their class representative duties for the benefit of the Settlement Class Members without any guarantee of reimbursement or compensation. We believe that the Settlement Class Representatives have earned service awards of $3,000 each in recognition of the contributions they made to the litigation and the benefits ultimately obtained for the class. Without their assistance, the results achieved pursuant to the Settlement would not be possible.

46. The proposed Order granting Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards is attached hereto as **Exhibit D**.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of July, 2019.

/s/ *Daniel C. Girard*
Daniel C. Girard

/s/ *Benjamin F. Johns*
Benjamin F. Johns

**ATTESTATION STATEMENT**

I, Daniel C. Girard am the ECF User whose identification and password are being used to file this Joint Declaration in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Litigation Expenses pursuant to Civil L.R. 5-1(i)(3). I attest under penalty of perjury that counsel has concurred in this filing.

/s/ *Daniel C. Girard*