EXHIBIT C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Case No. 5:17-cv-02185-BLF

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

**DECLARATION OF JONATHAN
MAKCHAROENWOODHI IN SUPPORT
OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS, AND
SERVICE AWARDS**

### DECLARATION OF JONATHAN MAKCHAROENWOODHI

I, Jonathan Makcharoenwoodhi, pursuant to 28 U.S.C. § 1746, declare as follows:

1.       I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.       I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.       I purchased a Nexus 6P from a Best Buy store in California in April of 2016 for $544.99. Before purchasing the phone, I saw several advertisements where Google represented the Nexus 6P's high quality and functionality, including its excellent battery life. In February of 2017, my phone started to exhibit accelerated battery draining and repeatedly randomly shut down, even when the phone showed it was over 80% charged. On March 21, 2017, I contacted Huawei for either an effective repair, a replacement non-defective phone, or a refund under Huawei's warranty. Huawei denied my claim because of a small dent in the volume button of my phone that was in no way related to my phone's functionality. I therefore had to buy a replacement phone. I did keep my Nexus 6P at my attorneys' request for the purposes of this lawsuit.

4.       My attorneys informed me at the beginning of my involvement in this litigation of the responsibilities of a class representative. I understand these responsibilities and have been

willing and prepared to put the interest of the class before my own.  Throughout this case, I believe that I have served as an adequate class representative.

5.      I, by and through my attorneys, filed the Complaint on April 19, 2017.  I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6.      I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails and other documents regarding my purchase and problems with my Nexus 6P phone.

7.      Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation.  Over the past two years, I have had numerous telephone calls and email exchanges with Class Counsel.  I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in every other aspect they needed.

8.      I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions.  Since the inception of this case, I have spoken with my attorneys many times, by email, by text, and by telephone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.      I brought this case because I felt that Google and Huawei's business practices were unfair.  I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone since I was only able to use it for a very limited time until it began exhibiting the accelerated battery drain and random, repeated shutdowns, after which I was completely without use of the phone.  In addition, when I sought help from Huawei pursuant to the Nexus 6P's warranty, I was denied warranty service. I am very pleased with the settlement we were able to achieve for the Class.  It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys.  I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with

this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly feel that the settlement is fair and reasonable.

11.     In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 17, 2019 in Los Angeles, CA.

Dated: July 17, 2019

JONATHAN MAKCHAROENWOODHI

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION

Case No. 5:17-cv-02185-BLF

**DECLARATION OF ALEX GORBATCHEV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

## DECLARATION OF ALEX GORBATCHEV

I, Alex Gorbatchev, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.     I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.     I purchased a Nexus 6P from the Google Store for $546.40. Before purchasing the phone, I saw several advertisements in which Google touted the Nexus 6P's high quality and functionality and claimed that the Nexus 6P battery would quickly recharge in full. On March 17, 2017, after two months of random shutdowns and reboots, my phone entered a permanent bootloop cycle. I contacted Google the same day to request an effective repair, replacement with a non-defective phone, or a refund, but Google refused to help me because my warranty had expired. I accordingly purchased a new phone. I did keep my Nexus 6P at my attorneys' request for the purposes of this lawsuit.

4.     My attorneys informed me at the beginning of my involvement in this litigation of the responsibilities of a class representative. I understand these responsibilities and have been willing and prepared to put the interest of the class before my own. Throughout this case, I believe that I have served as an adequate class representative.

5.     I, by and through my attorneys, filed the Complaint on April 14, 2017. I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6.     I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails and other documents regarding my purchase and problems with my Nexus 6P phone.

7.     Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation. Over the past two years, I have had numerous telephone calls and email exchanges with Class Counsel. I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in every other aspect they needed.

8.     I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions. Since the inception of this case, I have spoken with my attorneys many times, by email, by text, and by telephone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.     I brought this case because I felt that Google and Huawei's business practices were unfair. I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone since it wasn't fully functional once it began exhibiting the random shutdowns and reboots, after which I was completely without use of the phone. I am very pleased with the settlement we were able to achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys. I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly feel that the settlement is fair and reasonable.

---

DECLARATION OF ALEX GORBATCHEV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

1      11.    In sum, I have spent considerable time and attention working on this case, always

2 with the best interests of the class in mind. I am therefore respectfully asking the Court to

3 approve a service award of $3,000 for myself. I understand that my attorneys took this case on a

4 contingency basis, and neither they nor I have received any compensation from anyone for the

5 work devoted to this matter.

6      I declare under penalty of perjury, under the laws of the State of California and the United

7 States, that the foregoing is true and correct to the best of my personal knowledge.

8      Executed July 17, 2019 in SAN FRANCISCO, CA .

9

10 Dated: July 17, 2019

11                         ALEX GORBATCHEV

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Trevor T. Tan (State Bar No. 281045)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*ttan@girardsharp.com*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF |
| | **DECLARATION OF BRIAN CHRISTENSEN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

## DECLARATION OF BRIAN CHRISTENSEN

I, Brian Christensen, declare as follows:

1.      I am one of the named plaintiffs in this action. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto.

2.      I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.      I purchased a Nexus 6P from Huawei for $700.93 on November 27, 2015. Before purchasing the phone, I visited the Nexus 6P webpages on Google's and Huawei's websites. There I saw representations by both Google and Huawei about the Nexus 6P's high quality and functionality, including that the battery could "get up to seven hours of use after only ten minutes of charging." I also watched the Nexus 6P launch event, in which Google and Huawei said the

phone was "premium" and highlighted its "long-lasting 3450 mAh battery." Huawei shipped the phone to me on December 9, 2015.

4.     In early December of the following year, my phone began to exhibit accelerated battery drain and repeatedly shutdown randomly, even when the phone showed it was sufficiently charged.  I called Huawei customer service in late December of 2016 to report the battery drain problem and request a repair, replacement with a non-defective phone, or a refund under Huawei's warranty. Huawei denied warranty relief and blamed the battery drain condition on a software problem. They directed me to contact Google.

5.     I contacted Google in early January 2017. They told me that the battery problems were caused by a known hardware defect but refused to provide any assistance because I had purchased my phone directly from Huawei. I again contacted Huawei on January 12th, 13th, and 16th, but Huawei maintained that my Nexus 6P battery drain problems were software-related and refused to help me. In late January 2017, my phone bootlooped and failed permanently. I again contacted Huawei, but Huawei refused to offer any assistance because my warranty had expired. I then contacted Google on February 2, 2017, but Google again refused to provide support because I had not purchased my phone from the Google store. I then participated in a three-way call with Google and Huawei representatives, during which neither Google nor Huawei agreed to provide assistance.  Accordingly, I purchased a replacement phone.  I kept my broken Nexus 6P for the purposes of this lawsuit.

6.     I am fully aware of my responsibilities as a class representative to protect the interests of the class and put class members' interests before my own.  Throughout this case, I believe that I have served as an adequate class representative.

7.     I, by and through my attorneys, filed the Consolidated Amended Complaint on May 23, 2017.  I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

8.     I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails and other documents regarding my purchase and problems with my Nexus 6P phone.

9.     Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation.  Over the past two years, I have had numerous telephone

DocuSign Envelope ID: 47691FBB7C5A4BAB9473C2E909DA7C858

calls and email exchanges with Class Counsel.  I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in every other aspect they needed.  I have also worked with my counsel to prepare responses to multiple requests for production and to requests for admissions.  I was prepared to testify at a deposition and to appear at trial, if necessary.

10.     I brought this case because I felt that Google and Huawei's business practices were unfair.  I believe I overpaid for my Nexus 6P phone because I was not told that it was prone to accelerated battery drain and random, repeated shutdowns. Once my phone began to bootloop, it was useless.  In addition, when I sought help from Google and Huawei, I was denied adequate service and passed around between Google and Huawei. I am pleased with the settlement we were able to achieve for the Class.  It puts money in the pockets of consumers who were affected by the same issues that impacted me.

11.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys.  I believe the settlement is an outstanding result for the class and is fair and reasonable, especially considering the potential risks of going forward with this litigation.  I am aware of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal.  Given these considerations, I strongly feel that the settlement is fair and reasonable.

12.     In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself.  I estimate that I devoted over 30 hours to this case. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 23 , 2019 in Norco California                                    .

_____
BRIAN CHRISTENSEN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

Case No. 5:17-cv-02185-BLF

**DECLARATION OF ANTHONY
MARTORELLO IN SUPPORT OF
PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS, AND
SERVICE AWARDS**

## DECLARATION OF ANTHONY MARTORELLO

I, Anthony Martorello, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.     I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.     On May 24, 2016, I bought a Nexus 6P for $549 directly from Google while I was in Florida. I paid an additional $89 for the Nexus Protect insurance plan. Before I made my purchase, I saw several ads where Google and Huawei represented the Nexus 6P's high quality and functionality, including the Nexus 6P's long battery life. I also saw the Google launch event. By June of 2016, my Nexus 6P started exhibiting accelerated battery drain. The phone battery would quickly drain and the phone would shut down randomly, even with an 80% charge. On July 7, 2016, my phone entered the bootloop cycle. On July 16, 2016, I contacted Google. Google denied me any assistance and directed me to Huawei for warranty help. I contacted Huawei the same day. After some ineffective troubleshooting, the Huawei representative directed me back to Google, saying my phone was still within Google's one-year warranty and that only Google could process a return. On July 19, 2016, I again contacted Google to request an effective repair, replacement with a non-defective phone, or a refund, but the Google representative once again said that Google could not help. My phone had bootlooped only two months into my purchase and

well within the one-year warranty period provided for in Huawei's express warranty, but Google and Huawei both denied my requests for warranty service. On July 25, 2016, I made a claim through Nexus Protect to obtain a replacement Nexus 6P. On January 26, 2017, my replacement Nexus 6P also began exhibiting accelerated battery drain and on January 27 began to bootloop intermittently. On February 5, 2017, I again made a claim under my Nexus Protect insurance plan, paid a deductible of $89.99, and received a refurbished Nexus 6P. The refurbished Nexus 6P was also defective and exhibited the same accelerated battery drain and random shutdowns. As a result, I had to purchase a replacement phone. I did keep my two replacement Nexus 6P phones at my attorneys' request for the purposes of this lawsuit.

4.      My attorneys informed me at the beginning of my involvement in this litigation of the responsibilities of a class representative. I understand these responsibilities and have been willing and prepared to put the interest of the class before my own. Throughout this case, I believe that I have served as an adequate class representative.

5.      I, by and through my attorneys, filed the Consolidated Amended Complaint on May 23, 2017. I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6.      I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails, chat logs, and other documents regarding my purchase and problems with my Nexus 6P phone.

7.      Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation. Over the past two years, I have had numerous telephone calls and email exchanges with Class Counsel. I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in every other aspect they needed.

8.      I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions. Since I became involved with this case, I have spoken with my attorneys many times, by email, by text, and by telephone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.      I brought this case because I felt that Google and Huawei's business practices were unfair. I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone because: (a) my original phone stopped working within two months of purchasing it, (b) both Google and Huawei denied my service under my warranty despite being within the warranty period; and (c) when I did finally get a refurbished replacement phone through my insurance plan, it also exhibited the same battery drain and bootloop problems. Once the replacement phone began having problems, I was completely without use of the phone. In addition, when I sought help from Google and Huawei pursuant to the Nexus 6P's warranty, I was denied warranty service, provided ineffectual troubleshooting, and passed back and forth between Google and Huawei. I am very pleased with the settlement we were able to achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys. I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly feel that the settlement is fair and reasonable.

11.     In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself. I estimate that I have devoted approximately 75 hours to this case. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 21, 2019 in _Margate Florida_.

Dated: July 18, 2019

_____
ANTHONY MARTORELLO

---

DECLARATION OF ANTHONY MARTORELLO IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Case No. 5:17-cv-02185-BLF

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

**DECLARATION OF EDWARD**
**BEHELER IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR**
**ATTORNEYS' FEES, COSTS, AND**
**SERVICE AWARDS**

### DECLARATION OF EDWARD BEHELER

I, Edward Beheler, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.      I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.      I purchased a Nexus 6P from Amazon for $509.99 on July 12, 2016. Before making my purchase, I saw several ads where Google represented the Nexus 6P's high quality and functionality, including that the battery would get up to seven hours of use after only ten minutes of charging. Then, in March 2017, my phone began to exhibit accelerated battery draining and repeated and random shut downs, even when the phone showed it was 90% charged. I contacted Google customer support in April of 2017. Google said that my phone was defective, but refused to offer an effective repair, replace my phone with a non-defective phone, or provide a refund because I'd purchased my phone from Amazon. I was told by Google to contact Huawei. On April 11, 2017, I spoke with a Huawei representative who agreed that my phone was defective and told me to send it in for repair or replacement. I read online reports that Huawei's repair department was overwhelmed by warranty claims and that repairs and replacement requests were taking up to four weeks to process. I also read in online reports that the repaired or replaced phones issued by Huawei were defective, too. I declined Huawei's offer as I could not go a month

without a mobile phone and I did not want another defective Nexus 6P. Over the next few weeks, I contacted Google several times for assistance. Each time, a Google representative restated that Google would not help me and that I would have to direct my problems to Huawei. I therefore purchased a replacement phone.  I did keep my Nexus 6P at my attorneys' request for the purposes of this lawsuit.

4.      My attorneys informed me at the beginning of my involvement in this litigation of the responsibilities of a class representative.  I understand these responsibilities and have been willing and prepared to put the interest of the class before my own.  Throughout this case, I believe that I have served as an adequate class representative.

5.      I, by and through my attorneys, filed the Complaint on April 19, 2017.  I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6.      I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails and other documents regarding my purchase and problems with my Nexus 6P phone.

7.      Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation.  Over the past two years, I have had numerous telephone calls and email exchanges with Class Counsel.  I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in every other aspect they needed.

8.      I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions.  Since the inception of this case, I have spoken with my attorneys many times, by email, by text, and by phone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.      I brought this case because I felt that Google and Huawei's business practices were unfair.  I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone since: (a) it was not functional once it began to exhibit battery drain and random, repeated shutdowns; (b) Google refused to offer an effective repair despite numerous requests; and (c)

---

DECLARATION OF EDWARD BEHELER IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

Huawei's offer to repair was ineffective and unreasonable in having to wait up to four weeks until it could be fixed. I am very pleased with the settlement we were able to achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys. I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly feel that the settlement is fair and reasonable.

11.     In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself. I estimate that I devoted over 30 hours to this case. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 19, 2019 in Lafayette, IN

Dated: July 19, 2019

EDWARD BEHELER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

Case No. 5:17-cv-02185-BLF

**DECLARATION OF YURIY DAVYDOV
IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS**

<u>**DECLARATION OF YURIY DAVYDOV**</u>

I, Yuriy Davydov, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.     I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.     I purchased a Nexus 6P from Amazon for $499.99 on December 21, 2015. Before I purchased the phone, I saw several ads where Google touted the Nexus 6P's high quality and functionality and represented that the Nexus 6P could achieve a full battery charge quickly. On April 15, 2016, my phone began to exhibit accelerated battery drain and would shut down randomly and repeatedly, even when the phone showed it was charged. On September 20, 2016, I contacted both Google and Huawei separately about the issue. Google refused any warranty assistance on the grounds that I didn't buy my phone from Google. Huawei attempted ineffectual troubleshooting and said that I could send my phone in for repair but that they could not guarantee the warranty service would be free. I gathered from online reports that Huawei's repair department was inundated with warranty claims, resulting in repairs and replacement requests taking up to four weeks to process. I also discovered in online reports that consumers' repaired or replaced Nexus 6Ps were also defective. I was unable to go a month without a mobile phone and I did not want

another defective Nexus 6P, so I declined Huawei's offer and purchased a replacement phone.   At my attorneys' request, I kept my unusable Nexus 6P for the purposes of this lawsuit.

4.      My attorneys told me at the beginning of my involvement in this litigation about the responsibilities of a class representative.  I understand these responsibilities and I've been willing and prepared to put the interest of the class before my own.  Throughout this case, I believe I have served as an adequate class representative.

5.      I, by and through my attorneys, filed the Consolidated Amended Complaint on May 23, 2017.  I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since that time.

6.      I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails and other documents regarding my purchase and problems with my Nexus 6P phone.

7.      Once the lawsuit was filed, I continued to keep in touch with Class Counsel regarding developments in the case.  Over the past two years, I've had numerous phone calls and email exchanges with Class Counsel.  I have discussed the facts of this case with my attorneys and worked with them to frame the issues. I've also helped them with preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in any other aspect needed.

8.      I have also worked with my attorneys to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions.  Since becoming involved with this case, I have spoken with my attorneys many times, by email, by text, and by phone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.      I brought this case because I felt that Google and Huawei's business practices were unfair.  I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone since: (a) I paid for a phone that stopped working, (b) Google refused any warranty assistance; and (c) Huawei attempted was unable to guarantee their warranty service would be at no cost to me. I am pleased with the settlement we were able to achieve for the Class as it puts money in the pockets of consumers who were affected by the same issues that affected me.

10.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys.  I think the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015.  My attorneys advised me of the risks of not having class certification approved, of the risk of not prevailing at trial, and of the delay associated with a possible appeal.  Given these considerations, I feel strongly that the settlement is fair and reasonable.

11.     In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind.  I am therefore respectfully asking the Court to approve a service award of $3,000 for myself.  I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 22, 2019 in _____, *Nyc*

Dated: July 17, 2019

_____
YURIY DAVYDOV

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Case No. 5:17-cv-02185-BLF

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

**DECLARATION OF REBECCA**
**HARRISON IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR**
**ATTORNEYS' FEES, COSTS, AND**
**SERVICE AWARDS**

## DECLARATION OF REBECCA HARRISON

I, Rebecca Harrison, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.     I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.     I purchased a Nexus 6P phone from Amazon for $552.99 on April 11, 2016. Before making my purchase, I saw advertisements by Google and Huawei touting the Nexus 6P's excellent battery life and otherwise emphasizing the phone's high quality and functionality. Beginning in February 2017, however, my Nexus 6P phone began to exhibit accelerated battery drain and random and repeated shutdowns, even when the phone had an 80% charge. I contacted Huawei on March 19, 2017, to request and effective repair, replacement with a non-defective phone, or a refund under Huawei's warranty. A Huawei representative informed me that I would receive an email requesting information to process my warranty claim, and that I should reply to that email in order to obtain a return shipping label. I sent Huawei the requested information, but Huawei never followed up with me. Huawei also failed to respond to my follow-up emails and has never provided a remedy for my defective phone. Accordingly I had to purchase a replacement phone.  At my attorneys' request, I kept my unusable Nexus 6P for the purposes of this lawsuit.

DECLARATION OF REBECCA HARRISON IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

4.    My attorneys told me at the beginning of my involvement in this litigation about the responsibilities of a class representative. I understand these responsibilities and have been willing and prepared to put the interest of the class before my own. Throughout this case, I believe that I have served as an adequate class representative.

5.    I, by and through my attorneys, filed the Consolidated Amended Complaint on May 23, 2017. I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6.    I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails, chat logs, and other documents regarding my purchase and problems with my Nexus 6P phone.

7.    Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation. Over the past two years, I've had numerous phone calls and email exchanges with Class Counsel. I have worked with my attorneys to discuss the facts of the case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in whatever other aspects were needed.

8.    I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions. Since the beginning of my involvement in this case, I have spoken with my attorneys many times, by email, by text, and by telephone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.    I brought this case because I felt that Google and Huawei's business practices were unfair. I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone since I was unable to use it once it began to exhibit the accelerated battery drain and repeated, random shutdowns. . In addition, when I sought help from Huawei pursuant to the Nexus 6P's warranty, I was denied warranty service and my follow-up emails were ignored. I am very pleased with the settlement we were able to achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10.    I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys. I believe the settlement represents an outstanding

result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly feel that the settlement is fair and reasonable.

11.    In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself. I estimate that I devoted approximately 40-50 hours to this case. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 23, 2019 in New Port Richey, Florida

Dated: July 17, 2019

REBECCA HARRISON

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Case No. 5:17-cv-02185-BLF

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

**DECLARATION OF ZACHARY HIMES
IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS**

## DECLARATION OF ZACHARY HIMES

I, Zachary Himes, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.     I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.     I bought a Nexus 6P phone from a Best Buy in North Carolina for $449.99 on March 25, 2016. Before purchasing the phone, I'd seen several advertisements where Google and Huawei represented the phone's high quality and functionality. In these ads they claimed that the battery would get up to seven hours of use after only ten minutes of charging, and that the battery had superior battery charging capabilities. Contrary to what I was led to expect, my Nexus 6P began to exhibit accelerated battery drain and random, repeated shutdowns in January of 2017. This occurred even when the phone showed it was charged. On February 8, 2017, I emailed Google to request an effective repair, replacement with a non-defective phone, or a refund. Google declined. Google attempted to troubleshoot the problem, but they were unsuccessful. Google instructed me to contact Huawei. Two days later, on February 10, 2017, I contacted Huawei to request an effective repair, replacement with a non-defective phone, or a refund under Huawei's warranty. Like Google, Huawei also declined to offer warranty assistance, instead attempting unsuccessful troubleshooting. When troubleshooting failed, Huawei told me that an

1   upcoming software update would resolve the issues. No such update was ever provided, by either

2   Google or Huawei. Accordingly, I purchased a replacement phone. I kept my Nexus 6P phone at

3   my attorneys' request for the purposes of this litigation.

4          4.      My attorneys informed me at the beginning of my involvement in this litigation of

5   the responsibilities of a class representative.  I understand these responsibilities and have been

6   willing and prepared to put the interest of the class before my own.  Throughout this case, I

7   believe that I have served as an adequate class representative.

8          5.      I, by and through my attorneys, filed the Consolidated Amended Complaint on

9   May 23, 2017.  I reviewed and approved a draft of this complaint before it was filed with the

10  Court, and have been closely involved and continuously attentive to this litigation since then.

11         6.      I helped Class Counsel with the investigation, including being interviewed by

12  counsel several times and searching for emails and other documents regarding my purchase and

13  problems with my Nexus 6P phone.

14         7.      Once the lawsuit was filed, I continued to stay in contact with Class Counsel

15  regarding developments in the litigation.  Over the past two years, I have had numerous telephone

16  calls and email exchanges with Class Counsel.  I have worked with my attorneys to discuss the

17  facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the

18  two sets of motions to dismiss that were filed, and in every other aspect they needed.

19         8.      I have also worked with my counsel to prepare discovery responses, specifically

20  responses to multiple requests for production and to requests for admissions.  Since the start of

21  my involvement with this case, I have spoken with my attorneys many times, by email, by text,

22  and by telephone, about documents produced, about defenses claimed, and about the issues with

23  my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

24         9.      I brought this case because I felt that Google and Huawei's business practices were

25  unfair.  I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone

26  since I was unable to use within months of purchasing it once the battery drain and bootloop

27  problems began.  In addition, when I sought help from Google and Huawei pursuant to the Nexus

28  6P's warranty, I was denied warranty service, provided ineffectual troubleshooting, and passed

    around from Google to Huawei. I am pleased with the settlement we were able to achieve for the

---

DECLARATION OF ZACHARY HIMES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

1   Class.  It puts money in the pockets of consumers who were affected by the same issues that

2   impacted me.

3       10.     I have reviewed the complaints, settlement agreement and other related materials,

4   and discussed their contents with my attorneys.  I believe the settlement represents an outstanding

5   result for the class and is fair and reasonable, considering the potential risks of going forward with

6   this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus

7   6P was first released in September 2015.  My attorneys advised me of the risks of not having class

8   certification approved, the risk of not prevailing at trial, and the delay associated with a possible

9   appeal.  Given these considerations, I strongly feel that the settlement is fair and reasonable.

10      11.     In sum, I have spent considerable time and attention working on this case, always

11  with the best interests of the class in mind. I am therefore respectfully asking the Court to approve

12  a service award of $3,000 for myself. I understand that my attorneys took this case on a

13  contingency basis, and neither they nor I have received any compensation from anyone for the

14  work devoted to this matter.

15      I declare under penalty of perjury, under the laws of the State of California and the United

16  States, that the foregoing is true and correct to the best of my personal knowledge.

17      Executed July 22 , 2019 in Midland, North Carolina                .

18

19  Dated: July 17, 2019

20                                                        ZACHARY HIMES

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

Case No. 5:17-cv-02185-BLF

**DECLARATION OF TAYLOR JONES
IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS**

<u>**DECLARATION OF TAYLOR JONES**</u>

I, Taylor Jones, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products
Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information
set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.      I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees,
Costs, and Service Awards.

3.      I purchased a Nexus 6P from Google on January 13, 2016. Before making my
purchase, I saw several ads in which both Google and Huawei made representations about the
Nexus 6P's quality and functionality. I saw representations on both companies' websites touting
the Nexus 6P's superior battery charging capabilities, including claims that the Nexus 6P is "built
on a foundation of power." However, in October of 2016, my phone began to exhibit accelerated
battery draining and it repeatedly and randomly shut down even when the phone showed it had a
charge. I contacted Google and they sent me a replacement Nexus 6P on October 24, 2016. That
replacement immediately exhibited accelerated battery drain, too. It also shut down prematurely,
even when the phone showed that the battery was 80% charged. In January 2017, I contacted
Google about the defective replacement. Google sent another replacement Nexus 6P on January
16, 2017. This second replacement was also defective and exhibited the same accelerated battery
drain and random shut downs. In February of 2017, I again contacted Google requesting an
effective repair, replacement with a non-defective phone, or a refund. Google sent me a third

replacement Nexus 6P on February 10, 2017. This third replacement phone also proved defective. Like my other Nexus 6Ps, it exhibited accelerated battery drain and would prematurely shut off. I contacted Google to report the defective phone and seek assistance. Google sent a fourth replacement on February 23, 2017, which also proved defective, exhibiting accelerated battery drain and random shut downs. On March 10, 2017, I once again contacted Google. Google refused to provide another replacement on the grounds that my phone was now out of warranty. I therefore had to purchase a replacement phone.

4.      My attorneys informed me at the beginning of my involvement in this litigation of the responsibilities of a class representative.  I understand these responsibilities and have been willing and prepared to put the interest of the class before my own.  Throughout this case, I believe that I've served as an adequate class representative.

5.      I, by and through my attorneys, filed the Consolidated Amended Complaint on May 23, 2017.  I reviewed and approved a draft of the complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6.      I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails, chat logs, and other documents regarding my purchase and problems with my Nexus 6P phone.

7.      Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation.  Over the past two years, I have had numerous telephone calls and email exchanges with Class Counsel.  I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in whatever aspect they needed.

8.      I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions.  Since the inception of this case, I have spoken with my attorneys many times, by email, by text, and by telephone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.      I brought this case because I felt that Google and Huawei's business practices were unfair.  I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone

---

DECLARATION OF TAYLOR JONES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

since I was only able to use it for a limited time until it began exhibiting the accelerated battery drain and random, repeated shutdowns.  I am very pleased with the settlement we were able to achieve for the Class.  It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys.  I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015.  My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal.  Given these considerations, I strongly feel that the settlement is fair and reasonable.

11.     In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself.  I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 22 , 2019 in Chesapeake, VA _____.

Dated: July 18, 2019

_____
TAYLOR JONES

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

Case No. 5:17-cv-02185-BLF

**DECLARATION OF PAUL SERVODIO**
**IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR ATTORNEYS' FEES,**
**COSTS, AND SERVICE AWARDS**

## DECLARATION OF PAUL SERVODIO

I, Paul Servodio, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products*
*Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information
set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.      I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees,
Costs, and Service Awards.

3.      On March 12, 2016, I purchased a Nexus 6P from the online retailed NewEgg for
$452.99. I purchased my Nexus 6P phone after viewing several advertisements where Google and
Huawei made representations about the Nexus 6P's high quality and functionality. In these ads, I
saw stated that the battery would get up to seven hours of use after only ten minutes of charging. I
also saw Huawei's claim on NewEgg's website that the Nexus 6P is "build on a foundation of
power." On February 25, 2017, my Nexus 6P phone battery quickly drained and subsequently
shut down, entering a terminal bootloop cycle. I contacted Google several times that day to
request an effective repair, replacement with a non-defective phone, or a refund. Google refused,
and instead attempted unsuccessful troubleshooting before directing me over to Huawei. I
contacted Huawei the same day. They told me that I qualified for a refurbished Nexus 6P. I then
received an email from Huawei instructing me to take and send pictures of my phone. I did so,
and was then denied warranty service by a Huawei supervisor on the grounds that my phone had
minor cosmetic damage and that my warranty had expired – even though I had more than 20 days

---

DECLARATION OF PAUL SERVODIO IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

of my warranty period remaining. I therefore purchased a replacement phone. I kept my Nexus 6P phone at my attorneys' request for the purposes of this litigation.

4.      My attorneys informed me at the beginning of my involvement in this litigation of the responsibilities of a class representative.  I understand these responsibilities and have been willing and prepared to put the interest of the class before my own.  Throughout this case, I believe that I have served as an adequate class representative.

5.      I, by and through my attorneys, filed the Consolidated Amended Complaint on May 23, 2017.  I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6.      I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails and other documents regarding my purchase and problems with my Nexus 6P phone.

7.      Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation.  Over the past two years, I have had numerous telephone calls and email exchanges with Class Counsel.  I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in every other aspect they needed.

8.      I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions.  Since the beginning of my involvement with this case, I have spoken with my attorneys many times, by email, by text, and by telephone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.      I brought this case because I felt that Google and Huawei's business practices were unfair.  I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone since: (a) both Google and Huawei merely attempted minor, unsuccessful repairs; (b) Huawei specifically denied warranty coverage despite my phone still being under warranty; and (c) I was completely without the use of my phone once it began the battery drain and subsequent terminal bootloop. I am very pleased with the settlement we were able to achieve for the Class.  It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys.  I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015.  My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal.  Given these considerations, I strongly feel that the settlement is fair and reasonable.

11.     In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself.  I estimate that I devoted over 30 hours to this case. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 24___, 2019 in _____Akron, Ohio_____.

Dated: July 22, 2019                          _____

PAUL SERVODIO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

Case No. 5:17-cv-02185-BLF

**DECLARATION OF JUSTIN LEONE IN**
**SUPPORT OF PLAINTIFFS' MOTION**
**FOR ATTORNEYS' FEES, COSTS, AND**
**SERVICE AWARDS**

<u>**DECLARATION OF JUSTIN LEONE**</u>

I, Justin Leone, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products*
*Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information
set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.      I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees,
Costs, and Service Awards.

3.      I have had five Nexus 6Ps, each of which failed. On October 5, 2015, I purchased
a Nexus 6P through the Google store for $528.94. I also purchased a Nexus Protect plan for $89.
Before purchasing the Nexus 6P, I saw the Google launch event as well as several advertisements
and representations on Google's website about the Nexus 6P's high quality and functionality. In
late September of 2016, my phone began to exhibit accelerated battery drain and repeatedly and
randomly shut down, even when the phone showed it had an 80% charge. I contacted Google on
December 14, 2016, to request an effective repair, replacement with a non-defective phone, or a
refund. Google refused on the ground that my Nexus 6P had cosmetic damage, despite the fact
that this cosmetic damage had no impact on the phone's functionality. I paid a $79 deductible to
have my phone replaced. Google replaced my defective Nexus 6P with another Nexus 6P, which
also proved defective: by late December 2016, the replacement also was experiencing accelerated
battery drain with frequent premature shutoff, even when the phone showed it was sufficiently
charged. Google has since replaced my Nexus 6P three additional times. Each time, Google

replaced my Nexus 6P with another Nexus 6P, and each time, the replacement Nexus 6P manifested the same accelerated battery drain with premature shutdown, even when the phone showed it was charged. After five failed Nexus 6Ps, I purchased a replacement mobile phone. I still have my Nexus 6P, which I kept at my attorneys' request for this lawsuit.

4.      My attorneys informed me at the beginning of my involvement in this litigation of the responsibilities of a class representative.  I understand these responsibilities and have been willing and prepared to put the interest of the class before my own.  Throughout this case, I believe that I have served as an adequate class representative.

5.      I, by and through my attorneys, filed the Consolidated Amended Complaint on May 23, 2017.  I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6.      I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails, chat logs, and other documents regarding my purchase and problems with my Nexus 6P phone.

7.      Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation.  Over the past two years, I have had numerous telephone calls and email exchanges with Class Counsel.  I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in every other aspect they needed.

8.      I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions.  Since the inception of this case, I have spoken with my attorneys many times, by email, by text, and by telephone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.      I brought this case because I felt that Google and Huawei's business practices were unfair.  I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone since: (a) I was only able to use it for a limited time before it began exhibiting the accelerated battery drain and random, repeated shutdowns; and (b) when I sought help from Google pursuant to the Nexus 6P's warranty, I had to pay a $79 deductible to have my phone replaced because the

phone had cosmetic damage, despite the fact that this cosmetic damage had no effect on the phone's functionality. I am very pleased with the settlement we were able to achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys. I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly feel that the settlement is fair and reasonable.

11.     In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 22, 2019 in Monroeville, Pennsylvania_____.

Dated: July 18, 2019                    _____

JUSTIN LEONE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>**DECLARATION OF JAMES POORE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

<u>**DECLARATION OF JAMES POORE**</u>

I, James Poore, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.      I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.      In February 2016, I purchased a Nexus 6P from Amazon for $604.02. Before purchasing the phone, I saw several advertisements and representations on Google's website and on YouTube in which Google made statements about the Nexus 6P's high quality and functionality. They said that the battery would get up to seven hours of use after only ten minutes of charging and that the Nexus 6P was "built on a foundation of power" and had fast charging capabilities. Around October 15, 2016, my Nexus 6P began to exhibit accelerated battery drain and repeatedly and randomly shut down even when showing it was charged. In December 2016, while my phone was still under warranty, I contacted Huawei to request an effective repair, replacement with a non-defective phone, or a refund under Huawei's warranty. Huawei refused warranty service and instructed me to contact Google. When I contacted Google, they, like Huawei, would not provide an effective repair, replacement with a non-defective phone, or a refund. Google instead directed me back to Huawei, stating how I had not purchased my Nexus

6P from Google. Accordingly, I purchased a replacement phone.  I still have my Nexus 6P, which I kept at my attorney's request for this lawsuit.

4.      My attorneys informed me at the beginning of my involvement in this litigation of the responsibilities of a class representative.  I understand these responsibilities and have been willing and prepared to put the interest of the class before my own.  Throughout this case, I believe that I have served as an adequate class representative.

5.      I, by and through my attorneys, filed the Consolidated Amended Complaint on May 23, 2017.  I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6.      I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails and other documents regarding my purchase and problems with my Nexus 6P phone.

7.      Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation.  Over the past two years, I have had numerous telephone calls and email exchanges with Class Counsel.  I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in every other aspect they needed.

8.      I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions.  Since I became involved in this case, I have spoken with my attorneys many times, by email, by text, and by telephone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9.      I brought this case because I felt that Google and Huawei's business practices were unfair.  I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone since I was only able to use it for a very limited time until it began exhibiting the accelerated battery drain and random, repeated shutdowns.  In addition, when I sought help from Google and Huawei pursuant to the Nexus 6P's warranty, I was not only passed around between Google and Huawei, but both denied warranty service. I am very pleased with the settlement we were able to

achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10. I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys. I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly feel that the settlement is fair and reasonable.

11. In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself. I estimate that I devoted approximately 30 hours to this case. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July ___, 2019 in _____.

Dated: July 18, 2019                    _____
                                        JAMES POORE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE NEXUS 6P PRODUCTS LIABILITY
LITIGATION

Case No. 5:17-cv-02185-BLF

**DECLARATION OF KENNETH
JOHNSTON IN SUPPORT OF
PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS, AND
SERVICE AWARDS**

<u>**DECLARATION OF KENNETH JOHNSTON**</u>

I, Kenneth Johnston, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am the Named Plaintiff in the above entitled matter, *In re Nexus 6P Products Liability Litigation*, Case No. 5:17-cv-02185-BLF. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2.      I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3.      I purchased a Nexus 6P from a Best Buy store in Washington in October of 2016. I paid $489.14 for the phone. Before purchasing the phone, I saw both Google's and Huawei's television and online ads for the Nexus 6P. The ads included representations touting the phone's high quality and superior battery life, and a Google ad stating the Nexus 6P battery would get up to seven hours of use after only ten minutes of charging. In December of 2016, my Nexus 6P began to randomly reboot. It also exhibited accelerated battery draining and repeatedly and randomly shut down, even when the phone showed it was charged. I contacted Google in mid-December to request an effective repair, replacement with a non-defective phone, or a refund. Google refused, instructing me to instead contact Huawei. When I contacted on Huawei on February 20, 2017, they also declined warranty service, and instead attempted unsuccessfully to troubleshoot my Nexus 6P. I therefore had to purchase a replacement phone.  At my attorney's request, I kept my Nexus 6P for the purposes of this lawsuit.

4. My attorneys informed me at the beginning of my involvement in this litigation of the responsibilities of a class representative. I understand these responsibilities and have been willing and prepared to put the interest of the class before my own. Throughout this case, I believe that I have served as an adequate class representative.

5. I, by and through my attorneys, filed the Consolidated Amended Complaint on May 23, 2017. I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

6. I helped Class Counsel with the investigation, including being interviewed by counsel several times and searching for emails, communications, and other documents regarding my purchase and problems with my Nexus 6P phone.

7. Once the lawsuit was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation. Over the past two years, I have had numerous telephone calls and email exchanges with Class Counsel. I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing the two sets of motions to dismiss that were filed, and in every other aspect they needed.

8. I have also worked with my counsel to prepare discovery responses, specifically responses to multiple requests for production and to requests for admissions. Since the beginning of my involvement with this case, I have spoken with my attorneys many times, by email, by text, and by telephone, about documents produced, about defenses claimed, and about the issues with my Nexus 6P phone. I was prepared to testify at a deposition and to appear at trial, if necessary.

9. I brought this case because I felt that Google and Huawei's business practices were unfair. I felt that their actions were unfair because I believe I overpaid for the Nexus 6P phone since I was only able to use it for a mere two months  before it began exhibiting the accelerated battery drain and random, repeated shutdowns. In addition, when I sought help from Google and Huawei pursuant to the Nexus 6P's warranty, I was only provided ineffectual troubleshooting, passed around between Google and Huawei, and ultimately denied warranty service. I am very pleased with the settlement we were able to achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

10.     I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys.  I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Defendants' potential defenses and the fact that the Nexus 6P was first released in September 2015.  My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal.  Given these considerations, I strongly feel that the settlement is fair and reasonable.

11.     In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $3,000 for myself.  I estimate that I have devoted over 60 hours to this case. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 17, 2019 in Spokane, WA                    .

Dated: July 24, 2019

_____
KENNETH JOHNSTON