EXHIBIT D

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

11

12    IN RE NEXUS 6P PRODUCTS LIABILITY          CASE NO. 5:17-cv-02185-BLF
      LITIGATION

13                                                **[PROPOSED] ORDER GRANTING**
                                                  **PLAINTIFFS' MOTION FOR**
14                                                **ATTORNEYS' FEES, COSTS, AND**
                                                  **SERVICE AWARDS**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES,**

**COSTS, AND SERVICE AWARDS**

3       This matter comes before the Court upon consideration of Plaintiffs' motion for an award of

4 attorneys' fees, reimbursement of litigation expenses, and service awards to the 13 settlement class

5 representatives.  ECF No. ____.  The Court has considered the papers of the parties, the relevant legal

6 authorities, the record in this case, and has considered the arguments presented at the final fairness

7 hearing.  For the reasons set forth in the remainder of this Order, the Court **GRANTS** the motion and

8 awards attorneys' fees of $2,925,000, reimbursement of litigation expenses of $_____, and service

9 awards to each of the class representatives of $3,000.

10       1.      The motion requests an award of attorneys' fees in the amount of $2,925,000, or 30% of

11 the $9,750,000 non-reversionary settlement fund.  Class Counsel[1] also requests reimbursement of out-

12 of-pocket expenses and litigation costs of $_____.  Finally, Class Counsel seeks a service award of

13 $3,000 for each of the 13 class representatives.

14       2.      Where Class Counsel's efforts have helped create a common fund, the doctrine of

15 unjust enrichment entitles them to reasonable attorneys' fees from the fund.  *See Staton v. Boeing Co.*,

16 327 F.3d 938, 967 (9th Cir. 2003) ("the common fund doctrine ensures that each member of the

17 winning party contributes proportionately to the payment of attorneys' fees").

18       3.      Courts in the Ninth Circuit have discretion in a common fund case to choose either the

19 percentage-of-the-fund or lodestar method to determine reasonable attorneys' fees.  *See Vizcaino v.*

20 *Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  "Using either method, the ultimate inquiry is

21 whether the end result is reasonable." *In re Capacitors Antitrust Litig.*, No. 3:14-CV-03264-JD, 2018

22 WL 4790575, at *2 (N.D. Cal. Sept. 21, 2018).  Class Counsel seeks fees under the "common fund"

23 method, which the Court finds appropriate for determining a reasonable fee award as there is a fixed

24 common fund of $9.75 million.  *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at

25 *17 (N.D. Cal. Feb. 11, 2016).

26

27

---

[1] On May 3, 2019 the Court appointed Girard Sharp LLP and Chimicles Schwartz Kriner &
Donaldson-Smith LLP as Class Counsel.  *See* ECF No. 34.

28    [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS,
AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

1    4.    In applying the percentage of the fund method, the Ninth Circuit has established 25% as

2  a benchmark percentage, which may be adjusted depending on the circumstances of a case.  *Vizcaino*,

3  290 F.3d at 1047.  In determining whether to depart from the 25% benchmark, courts consider: "(1) the

4  result achieved; (2) the risk involved in the litigation; (3) the skill required by and quality of work

5  performed by counsel; (4) the contingent nature of the fee; and, (5) awards made in similar cases.  *See*

6  *id.* at 1048-50.  Each factor weighs in favor of an upward adjustment from the twenty-five percent

7  benchmark in this case.

8    5.    The settlement creates an $9.75 million non-reversionary common fund that Class

9  Counsel estimates is approximately 32.5 percent of the maximum class-wide damages.  All Claimants

10  will receive cash relief, and Claimants who submit valid documentation will receive up to $400.  The

11  recovery compares favorably to the settlement in the most analogous case, *Horvath v. LG Elecs.*

12  *Mobilecomm U.S.A., Inc.*, No. 3:11-CV-1576-H (RBB), 2013 WL 12307877, at *1 (S.D. Cal. Nov. 5,

13  2013), which paid a flat $19 per claim for allegedly defective smartphones.  The recovery represents

14  an excellent result supporting an increase from the benchmark.  *See, e.g.*, *Mauss v. NuVasive, Inc.*, No.

15  13CV2005 JM (JLB), 2018 WL 6421623, at *6 (S.D. Cal. Dec. 6, 2018) (settlement that was

16  "approximately 23 to 34 percent" of maximum damages weighed in favor of upward adjustment to 30

17  percent of the common fund); *Brown v. CVS Pharmacy, Inc.*, No. CV15-7631 PSG (PJWX), 2017 WL

18  3494297, at *6 (C.D. Cal. Apr. 24, 2017) (settlement of 27% of maximum possible recovery weighed

19  in favor of upward adjustment from the benchmark).

20    6.    Class Counsel took on substantial risk in connection with the litigation.  The

21  representation was carried out on a contingent basis and lasted approximately two years.  Class actions

22  against consumer electronics manufacturers are routinely dismissed and are seldom certified.  *See, e.g.*,

23  *Anderson v. Samsung Telecommunications Am., LLC*, No. SACV 13-01028-CJC (JPRx), 2014 WL

24  11430910, at *6 (C.D. Cal. Oct. 20, 2014) (denying class certification in defective phone case).  Class

25  Counsel was also opposed by skilled and respected counsel for Defendants, resulting in substantial and

26  difficult litigation, discovery, and settlement negotiations.  These factors each justify an upward

27

28

2

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS,
AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

1    departure from the 25% benchmark.  *See Wing v. Asarco Inc.*, 114 F.3d 986, 989 (9th Cir. 1997);

2    *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 261 (N.D. Cal. 2015); *Wannemacher v.*

3    *Carrington Mortg. Servs., LLC*, No. SACV 12-2016 FMO (ANx), 2014 WL 12586117, at *9 (C.D.

4    Cal. Dec. 22, 2014); *Larsen v. Trader Joe's Co.*, No. 11-CV-05188-WHO, 2014 WL 3404531, at *8

5    (N.D. Cal. July 11, 2014) (upward departure from benchmark justified in part by "the length settlement

6    negotiations").

7         7.    The 30% award is also on par with similar cases.  *See Vizcaino*, 290 F.3d at 1047; *see,*

8    *e.g.*, *In re Lenovo Adware Litig.*, No. 15-MD-02624-HSG, 2019 WL 1791420, at *8 (N.D. Cal. Apr.

9    24, 2019) (awarding 30%); *Hendricks v. Starkist Co*, No. 13-CV-00729-HSG, 2016 WL 5462423, at

10   *12 (N.D. Cal. Sept. 29, 2016) (finding award of 30% reasonable in consumer fraud case), *aff'd sub*

11   *nom. Hendricks v. Ference*, 754 F. App'x 510 (9th Cir. 2018).

12        8.    In addition to the above factors, the reaction by the Class also confirms that the request

13   is reasonable.  At the time of filing the motion for attorneys' fees, there were no objections to the

14   settlement.  The absence or relatively small number of objections indicates that a requested fee is

15   reasonable.  *See, e.g., Jarrell v. Amerigas Propane, Inc.*, No. 16-CV-01481-JST, 2018 WL 1640055, at

16   *3 (N.D. Cal. Apr. 5, 2018) ("the Court now concludes that a slight upward adjustment—to 30% of the

17   common fund—is warranted based on several factors, including the . . . the fact that no class member

18   has objected to the proposed award"); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1264 (C.D.

19   Cal. 2016) (small number of objections relative to the size of the class supported the requested fee).

20        9.    As such, the Court finds that the requested fee award of 30% of the common fund is

21   consistent with this Circuit's applicable law regarding percentage of the fund fee awards.

22        10.   The Court has confirmed the reasonableness of the 30% fee request by conducting a

23   lodestar cross-check.  *See, e.g., Peel v. Brooksamerica Mortg. Corp.*, No. SACV-1179 JLS (RNBx),

24   2015 WL 12745788, at *7 (C.D. Cal. April 6, 2015).  Class Counsel's lodestar is $3,848,190.50 and

25   does not account for ongoing work with the settlement administrator and moving for final approval.

26   *See McKibben v. McMahon*, No. EDCV 14-2171 JGB (SPx), 2019 WL 1109683, at *13 (C.D. Cal.

27

28
                                    3
     [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS,
                                AND SERVICE AWARDS
                              Case No. 5:17-cv-02185-BLF

1   Feb. 28, 2019).  Thus, the 30% request amounts to just 76% of Class Counsel's lodestar, a negative

2   multiplier.  This further supports the reasonableness of the award.  *See, e.g., Rosado v. Ebay Inc.*, No.

3   5:12-CV-04005-EJD, 2016 WL 3401987, at *8 (N.D. Cal. June 21, 2016).

4           11.     The Court finds the hourly rates of time described by Class Counsel in their joint

5   declaration and motion to be reasonable and within the market rates for this district.  The Court also

6   finds the total lodestar and hours expended to be reasonable.

7           12.     The Court finds the number of hours expended reasonable based on:  the work

8   performed in the case as set forth in the joint declaration of Class Counsel; the reasonableness of that

9   work; the reasonable hourly rates of counsel, which compare favorably to other rates awarded in this

10  judicial district, and are supported by the declarations of Class Counsel as reasonable in this district for

11  class action litigation; the novelty and complexity of this litigation; the skill and experience of Class

12  Counsel and the quality of their representation; the substantial benefit made available to the Class as a

13  result of the settlement in this action; and the risk of nonpayment.

14          13.     The Court also finds that Class Counsel have incurred $_____ in reasonable costs and

15  expenses in this matter, and it approves payment in that amount.  These costs and expenses were

16  reasonably incurred in the ordinary course of prosecuting this case and were necessary given the

17  complex nature of this matter and because Defendants' contested liability from the outset of the case.

18          14.     Lastly, the Court approves a service award of $3,000 to each of the 13 class

19  representatives in this matter.  This service award is supported by the record in this case, the joint

20  declaration of Class Counsel and by the declarations submitted by the class representatives.  The

21  payment is further justified by the time and effort spent by the class representatives on this matter on

22  behalf of the Class; the duration of this matter; and the other factors set forth in their supporting

23  declarations, as well as the results in the case.

24

25

26

27
4

28

**IT IS SO ORDERED.**

DATED: _____          _____
                                  HONORABLE BETH LABSON FREEMAN
                                  UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS,
AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF