Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Trevor T. Tan (State Bar No. 281045)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*ttan@girardsharp.com*

Benjamin F. Johns *(pro hac vice)*
Andrew W. Ferich *(pro hac vice)*
Zachary P. Beatty *(pro hac vice)*
Beena M. McDonald *(pro hac vice)*
**CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
*bfj@chimicles.com*
*awf@chimicles.com*
*zpb@chimicles.com*
*bmm@chimicles.com*

*Class Counsel*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>**PLAINTIFFS' CONSOLIDATED REPLY IN FURTHER SUPPORT OF THEIR MOTIONS FOR (1) FINAL APPROVAL OF THE SETTLEMENT AND (2) ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS**<br><br>Date: October 10, 2019<br>Time: 1:30 p.m.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs moved for attorneys' fees, costs and service awards on July 26, 2019, and for final settlement approval on September 5. *See* ECF 214, 215. The deadline for class members to file claim forms, requests for exclusions, and objections to the Settlement was September 3. *See* ECF 204, ¶¶ 11, 20, 22. Plaintiffs submit this reply to provide final information on Class member reactions to the Settlement.

Class members have responded favorably to the Settlement. There are no objections to any aspect of the Settlement. Thirty-one Settlement Class Members have excluded themselves. Nearly 92,000 claim forms were filed, a claims rate of over 18% for the class, and nearly 24% for those who received direct notice of the settlement. *See* ECF 215 at 2. The claims administrator also expects to distribute the entire Net Settlement Fund to the class. *Id.* at 5, 22-23.

The Settlement is therefore fair, reasonable and adequate. Plaintiffs' request for attorneys' fees, expenses, and service awards is also fair and reasonable considering the time devoted to the case, the results achieved given the difficulties presented, and the positive reaction of class members, and should also be approved.

## II. ARGUMENT

### A. The Settlement Should Be Finally Approved.

Since Plaintiffs filed their motion for final approval, KCC has received an additional 60 timely Claims Forms for a total of 91,984 timely Claim Forms. *See* Supplemental Declaration of Andrew Perry ("Suppl. Perry Decl."), ¶ 4. Of the timely Claim Forms, 68,298 selected Option 1 ("no bootloop or battery drain, or undocumented bootloop or battery drain"), 15,759 selected Option 2 ("documented battery drain and/or bootloop"), and 7,927 selected Option 3 ("documented repeated bootloop or battery drain"). *Id.* KCC did not receive any additional requests for exclusion and no objections. *Id.* at ¶¶ 2-3.

Many class members have contacted Class Counsel directly to express gratitude for the results achieved by the Settlement. *See* Supplemental Joint Declaration of Daniel C. Girard and Benjamin F. Johns ("Suppl. Joint Decl."), ¶ 3.

The substantial participation by class members and the absence of any objections (from either class members or in response to the CAFA notice) weigh in favor of approval of the settlement. *See, e.g., Fraser v. Asus Comput. Int'l*, No. C 12-00652 WHA, 2013 WL 359594, at *2 (N.D. Cal. July 12, 2013) ("the large number of class members wishing to participate in the settlement is evidence that the settlement is reasonable and should be approved."); *Johnson v. Quantum Learning Network, Inc.,* No. 15-CV-05013-LHK, 2017 WL 747462, at *2 (N.D. Cal. Feb. 27, 2017) ("The lack of objections and the low rate of opt-outs (less than 1%) are 'indicia of the approval of the class.'") (citations omitted); *Tumampos v. Cathay Pac. Airways LTD*., No. 16-CV-06208, 2018 WL 5603702, at *7 (N.D. Cal. Sept. 21, 2018) ("no state or federal official has raised any objection or concern regarding the settlement . . . Accordingly, this factor weighs in favor of approving the Settlement Agreement.").

The settlement is thus fair, reasonable and adequate and should be approved.

### B. The Motion for Attorneys' Fees, Expenses, and Service Awards Should be Granted.

In their motion for attorneys' fees, expenses, and service awards, Plaintiffs explained why the amounts requested are reasonable and should be granted under the applicable legal standards. See ECF 214 (Fee Motion) and 214-1 (Joint Declaration of Counsel in Support). No Class member has objected to any aspect of the fee motion, further demonstrating that the fee request is reasonable*. See Alexander v. FedEx Ground Package Sys., Inc.*, No. 05-CV-00038-EMC, 2016 WL 3351017, at *3 (N.D. Cal. June 15, 2016) (finding it notable that "no objection to the fee request was filed"); *Pan v. Qualcomm Inc.*, No. 16-CV-01885-JLS-DHB, 2017 WL 3252212, at *13 (S.D. Cal. July 31, 2017) ("[N]otably, no Class Member objected to the requested award of attorney fees. This near-unanimous class approval and absence of fee-specific objections also weighs in favor of settlement."); *Ruiz v. XPO Last Mile, Inc.*, No. 5-CV-2125 JLS (KSC), 2017 WL 6513962, at *7 (S.D. Cal. Dec. 20, 2017) ("Not one Class Member objected to the requested award of attorney fees. This near-unanimous class approval and absence of fee-specific objections weighs in favor of the Court approving the Fee Motion.").

1    The absence of objections also supports Plaintiffs' request for a modest upward departure
2 from the 25% fee benchmark. *See Jarrell v. Amerigas Propane, Inc.,* No. 16-cv-01481-JST, 2018
3 WL 1640055, at *3 (N.D. Cal. Apr. 5, 2018) ("the Court now concludes that a slight upward
4 adjustment—to 30% of the common fund—is warranted based on several factors, including the
5 results achieved, the risk of non-recovery, and the fact that no class member has objected to the
6 proposed award."); *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2007)
7 (finding the lack of objectors supported an above-benchmark fee award); *Singer v. Becton*
8 *Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *9 (S.D. Cal. June 1, 2010)
9 (departure from benchmark was warranted "especially so in light of the fact that not a single class
10 member objected to Plaintiff's counsel's intent to seek up to [33.3%] attorneys' fees . . . .");
11 *Cooley v. Indian River Transp. Co.*, No. 1:18-CV-00491, 2019 WL 2077029, at *8 (E.D. Cal.
12 May 10, 2019) ("absence of objections to the requested fee award" was one factor supporting fee
13 award of "one third of the common fund").

14    As Plaintiffs previously stated in their Fee Motion (ECF 214 at 21), Class Counsel now
15 provide their final total litigation expenses, which were reasonably and necessarily incurred in
16 prosecuting this case to a successful resolution (*see* Suppl. Joint Decl. at ¶ 4):

| Firm | Expenses |
|---|---|
| Girard Sharp LLP | $72,677.34 |
| Chimicles Schwartz Kriner & Donaldson-Smith LLP | $79,345.80 |
| **TOTAL** | **$152,023.14** |

24    Finally, the requested $3,000 service awards are reasonable in view of the Plaintiffs'
25 contributions to the case. *See Nelson v. Avon Prod., Inc.*, No. 13-CV-02276-BLF, 2017 WL
26 733145, at *7 (N.D. Cal. Feb. 24, 2017) (noting that "[i]n this Circuit, an award of $5,000 is
27 presumptively reasonable").
28

1      The motion for attorneys' fees, expenses and service awards should therefore be approved
2 in full.

3      **C.      Distribution of the Settlement and Administration Expenses.**

4      The claims administrator, Kurtzman Carson Consultants LLC ("KCC"), anticipates
5 completing its review process for Settlement Class Members' claims and determining their
6 settlement payment amounts on or before November 28, 2019. *See* Suppl. Perry Decl. at ¶ 6. If
7 the Court grants final approval, once KCC completes claims processing, Class Counsel will submit
8 a proposed final distribution order authorizing distribution of the settlement payments and
9 compensation of KCC for its notice and claims administration services. Class Counsel will also
10 submit a supporting declaration from KCC. *See* ECF 215-1, Joint Declaration in Support of
11 Motion for Final Approval, ¶ 8.

12 **III.   CONCLUSION**

13      For the foregoing reasons, Plaintiffs respectfully request the Court grant final approval of
14 the Settlement, enter final judgment dismissing Plaintiffs' claims, and grant Plaintiffs' motion for
15 attorneys' fees, expenses and service awards.

16

17 Dated:  September 26, 2019              Respectfully submitted,

18                                        **GIRARD SHARP LLP**

19                                        */s/ Daniel C. Girard*
                                          Daniel C. Girard (SBN 114826)
20                                        Jordan Elias (SBN 228731)
                                          Adam E. Polk (SBN 273000)
21                                        Trevor T. Tan (SBN 281045)
22                                        601 California Street, Suite 1400
                                          San Francisco, CA 94108
23                                        Telephone: (415) 981-4800
24                                        *dgirard@girardsharp.com*
                                          *jelias@girardsharp.com*
25                                        *apolk@girardsharp.com*
26                                        *ttan@girardsharp.com*

27                                        Benjamin F. Johns (*pro hac vice*)
28                                        Andrew W. Ferich (*pro hac vice*)
                                          Zachary P. Beatty (*pro hac vice*)
                                          Beena M. McDonald (*pro hac vice*)

4

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THE SETTLEMENT, ATTORNEYS'
FEES, EXPENSES AND SERVICE AWARDS
Case No. 5:17-cv-02185-BLF

|   |   |
|---|---|
| 1 | **CHIMICLES SCHWARTZ KRINER** |
| 2 | **& DONALDSON-SMITH LLP** |
|   | One Haverford Centre |
| 3 | 361 West Lancaster Avenue |
|   | Haverford, PA 19041 |
| 4 | Telephone: (610) 642-8500 |
| 5 | *bfj@chimicles.com* |
|   | *awf@chimicles.com* |
| 6 | *zpb@chimicles.com* |
| 7 | *bmm@chimicles.com* |
| 8 | *Class Counsel* |

## CERTIFICATE OF SERVICE

I, Daniel C. Girard, hereby certify that on September 26, 2019, I caused the foregoing to be electronically filed using the Court's CM/ECF system, thereby causing it to be served upon all registered ECF users in this case.

Dated: September 26, 2019                               /s/ *Daniel C. Girard*
                                                                          Daniel C. Girard