1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>[PROPOSED] FINAL ORDER AND JUDGMENT |

This matter came before the Court for hearing pursuant to the Order Granting as Modified Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Providing for Notice, dated May 3, 2019 ("Preliminary Approval Order"), on the motion of Plaintiffs for approval of proposed class action settlement with Defendants Huawei Device USA, Inc. ("Huawei") and Google LLC ("Google") (collectively, "Defendants"). Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.     This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement with Defendants dated April 10, 2019 (the "Agreement"), and all defined terms used herein have the same meanings ascribed to them in the Agreement.

2.     This Court has jurisdiction over the subject matter of the Action and over all Parties thereto.

3.     For the reasons set forth in the Court's November 11, 2019 Order Granting the Final Approval and Fee Motions, ECF 225 (the "Approval Order"), the Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court hereby makes final its appointments of Class Counsel and the Class Representatives and certifies the following Settlement Class: all persons within the United States who purchased a Nexus 6P smartphone, other than for resale, between September 29, 2015 and May 3, 2019. Excluded from the Settlement Class are (a) Huawei and Google, and their officers, directors, employees, subsidiaries, and affiliates; (b) all judges assigned to this case and any members of their immediate families; and (c) the parties' counsel in this litigation.

4.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5.     The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the

proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

6. The Court directs the Parties and the Settlement Administrator to implement the Settlement according to its terms and conditions and the Approval Order.

7. Upon the Effective Date, Releasing Named Plaintiffs and all Releasing Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasees from all Released Claims.

8. The Persons identified in Exhibit 1 hereto requested exclusion from the Settlement Class as of the Exclusion Deadline. These Persons shall not share in the benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against Huawei or Google. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Huawei or Google in any court, administrative agency, arbitral forum, or other tribunal.

9. Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be treated as separate from this Judgment.

10. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Huawei or Google, or (c) any fault or omission of Huawei or Google in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement, and this Final Order and Judgment, including (a) distribution or disposition of the Settlement Fund; (b) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs; and (c) the Parties for the purpose of construing, enforcing, and administering the Settlement. If any Party fail(s) to fulfill its or their obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing,

1  relinquishing, discharging, barring and enjoining the prosecution of, the Released Claims against the
2  Releasees, and to reinstate the Released Claims against the Releasees.
3      12.    If the Settlement does not become effective, then this Judgment shall be rendered null and
4  void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such
5  event, all orders entered and releases delivered in connection herewith shall be null and void to the extent
6  provided by and in accordance with the Agreement.
7      13.    The Action is hereby dismissed, with prejudice.
8      14.    The Clerk is hereby instructed to enter this Judgement and close the file.

**IT IS SO ORDERED.**

DATED: November 18, 2019

THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

*In re Nexus 6P Products Liability Litigation*
Requests for Exclusion

| FirstName | LastName |
|---|---|
| Carlton | Beard |
| Joshua | Bedick |
| Joseph | Cascio |
| Timothy | Dasher |
| Matthew | Drexinger |
| Lenard | Fudala |
| Alexander | Gergishanov |
| Matania | Goan |
| Matthew | Hoendorf |
| Kris | Jones |
| Marvin | Kalachman |
| Filipe | Kiss |
| Michael | Kwun |
| Jeffrey | Larson |
| Andrea | Marchuk |
| Melonie | May |
| George | Medina |
| John | Montoya |
| Erik | Newcomb |
| Erik | Olsen |
| Nandan | Prakash |
| Anatoly | Rabinovich |
| Bryant | Tate |
| Andrew | Todd |
| David | Tsai |
| Matthew | Wallace |
| Alex | Williams |
| Brandon | Willis |
| Pouria | Yazdi |
| Melodie | Young |
| Rachel | Zambroni |