# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>**DECLARATION OF ADAM POLK REGARDING PAYMENT OF ADDITIONAL ADMINISTRATION EXPENSES** |

I, Adam E. Polk, hereby declare:

1. I am a partner at the law firm of Girard Sharp LLP, and one of the attorneys of record for Plaintiffs. I submit this declaration in support of the settlement administrator's request for payment of additional administration expenses. If called upon to do so, I would testify under oath to the matters stated herein.

2. Kurtzman Carson Consultants ("KCC") was retained as the settlement administrator in this case. KCC's appointment as settlement administrator was based in part upon its representation that its costs for administering the settlement in this matter would not exceed $250,000. However, as reflected in the Supplemental Declaration of Andrew Perry on behalf of Settlement Administrator Regarding the Distribution of Residual Funds Under the Settlement Agreement and Payment of Additional Administration Expenses ("Supp. Perry Decl."), filed concurrently herewith, KCC has or will incur $122,425.91 in costs above its initial estimate.

3. The additional costs fall into two categories—residual distribution and overages.

4. $69,972.84 is attributable to the costs of the proposed residual distribution. As a result of uncashed checks, returned electronic payments, and held payments, the settlement fund carries a balance of $539,477.70.

5. While the Settlement Agreement contemplates distribution of this balance, it conditions the residual distribution on the availability of sufficient funds. Neither KCC nor the parties could anticipate whether or how much would remain in the settlement fund after the initial distributions. Thus, KCC could not reasonably anticipate costs associated with a residual distribution.

6. Because a residual distribution was not anticipated at the time Class Counsel sought bids for administration services in this matter, the administrators who responded to Class Counsel's RFP, including KCC, did not factor the costs of a residual distribution into their bids. Costs for residual distributions of the settlement funds, are customarily paid from the remaining fund balance after processing of the first distribution.

7. The $69,972.84 attributable to the costs of the residual distribution is not attributable to KCC's failure to meet its cost estimate. It is instead attributable to the unforeseen existence of a fund balance and the parties' decision to distribute that balance to Class members.

8. Setting aside the $69,972.84 attributable to the residual distribution, KCC still exceeded their bid by $52,453.07. Class Counsel, however, believes that this overage was the product of unforeseen complexities in the administration of this settlement.

9. Class Counsel worked with Defendants to develop a Plan of Allocation that would concentrate relief in the hands of the most injured class members. As set forth in greater detail in the Suppl. Perry Decl., executing this Plan of Allocation required KCC to review extensive and diverse forms of documentation, including video evidence. KCC also devoted significant time to reviewing the voluminous class member data provided by Defendants and communicating with class members by phone to help them with their claims. KCC also reasonably expected that more claimants would request electronic payment and faced unexpected postage costs when that was not the case.

10. KCC's willingness to work through the complexities of administering this settlement resulted in class members getting payments tailored to their degree of injury without any major delays or problems.

11. While Class Counsel recognizes that it is within the Court's discretion whether to authorize payment of the additional administration costs, we believe that the class was well served by KCC's work and that KCC should be compensated fully for their efforts.

12. Fully compensating KCC in this matter will discourage administrators from unreasonably inflating their bids in the future to protect themselves against potential overages.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed April 19, 2021, at Danville, California.

_____/s/Adam Polk_____<br>
Adam Polk