Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Trevor T. Tan (State Bar No. 281045)
**GIRARD SHARP LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*ttan@girardsharp.com*

Benjamin F. Johns *(pro hac vice)*
Beena M. McDonald *(pro hac vice)*
**CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
*bfj@chimicles.com*
*bmm@chimicles.com*

*Class Counsel*

Ragesh K. Tangri (State Bar No. 159477)
Eugene Novikov (State Bar No. 257849)
Catherine Y. Kim State Bar No. 308442)
**DURIE TANGRI LLP**
217 Leidesdorff Street
San Francisco, CA 94111
*rtangri@durietangri.com*
*enovikov@durietangri.com*
*ckim@ durietangri.com*

*Attorneys for Defendant*
GOOGLE LLC

Simon J. Frankel (State Bar No. 171552)
**COVINGTON & BURLING LLP**
One Front Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-6000
*sfrankel@cov.com*

Lindsey Barnhart (State Bar No. 294995)
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square, Suite 1000
Palo Alto, CA 94306
Tel: (650) 632-4700
*lbarnhart@cov.com*

*Attorneys for Defendant*
HUAWEI DEVICE USA, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>**JOINT STIPULATION FOR ORDER AUTHORIZING FURTHER AND FINAL, RESIDUAL DISTRIBUTION OF CLASS SETTLEMENT FUND**<br><br>Judge: Hon. Beth Labson Freeman |

Pursuant to Local Rule 7-12, the Settlement Agreement (ECF 194-2), and the Order granting final approval of the Settlement (ECF 225),[1] Plaintiffs, on behalf of themselves and the settlement class, and Defendants, Google LLC and Huawei Device USA, Inc. ("Defendants") (together, the "Parties"), by and through their attorneys, jointly stipulate and request entry of an Order authorizing the further and final distribution of class settlement funds to a non-profit consumer law entity.

In support of the relief requested, the Parties state as follows:

**I.   INTRODUCTION**

After the Court approved the Parties' $9,750,000 non-reversionary settlement and entered judgment in November 2019 (ECF 228), and upon approval of the final distribution of Settlement payments (ECF 232), the Settlement Administrator, KCC, issued a first distribution of the Settlement Fund (net of Court-approved deductions) among approximately 83,338 eligible claims ("First Distribution"). Then, pursuant to the terms of the Settlement Agreement and upon approval of the Court (ECF 238), a second, *pro rata* distribution ("Second Distribution") was completed of the funds that remained as a result of unclaimed electronic funds and uncashed checks. (*See* Declaration of Andrew Perry ("Perry Decl."), attached hereto as Exhibit A, ¶¶ 3-8.) Due to further unclaimed funds and uncashed checks remaining from the Second Distribution, the amount remaining in the Settlement Fund is approximately $132,920.62. (*Id.*, ¶ 10.)

This sum is inadequate to fund a meaningful third distribution to class members pursuant to the terms of the Settlement Agreement. (*See* Declaration of Adam Polk ("Polk Decl."), attached hereto as Exhibit B, ¶¶ 2-3.) Specifically, KCC anticipates that it would cost approximately $43,683.32 to complete a third distribution, calculating an additional recovery of only $2.00 – $3.00 per settlement class member. (Perry Decl., ¶ 11.) In these circumstances, given the two distributions already completed, the Settlement provides that distribution to a *cy pres* recipient may be appropriate, subject to Court approval. (Settlement Agreement § 2.10.2; *see also* ECF 225). The Parties therefore respectfully request that the Court enter an Order authorizing KCC to distribute the remaining funds to the charity selected and agreed to by the Parties – the National Consumer Law Center ("NCLC") – thereby bringing this litigation to an end. (Polk Decl. ¶¶ 4-5.)

---

[1] All capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement or the Court's Preliminary Approval Order (ECF 204).

## II. RELEVANT BACKGROUND

On November 12, 2019, the Court granted final approval of the $9,750,000 settlement in this action. (ECF 225). The Court also expressly retained jurisdiction, including for the purposes of supervising the continued administration and consummation of the Settlement and the Court's Final Judgment. (ECF 228, ¶ 11). After deducting the approved attorneys' fees, litigation expenses, incentive awards, and administrative costs, approximately $6,368,000 remained in the Settlement Fund to distribute to eligible claimants. (Perry Decl., ¶ 3). Thus, following the Court's entry of the Final Judgment and approval of the First Distribution (ECF 232), KCC processed, verified, and approved claims from class members and then issued a first distribution to eligible claimants. (*Id.*, ¶ 4). Specifically, after cross-referencing each claim against information provided by Google and Assurant, KCC sent payments to 83,338 eligible claimants. (*Id.*) In accordance with the Settlement, these first-round payments were for $400, $325, $150, $29.11, $15.80 or $5.83, depending on the Claim Group for which each claimant qualified. (*Id.*; Settlement Agreement, Ex. 1, § III). About 12.4% of the eligible claimants who received a payment did not claim or deposit their settlement payments within the required time period. (*Id.*, ¶ 5). As a result, $543,320.58 remained in the Settlement Fund. (*Id.*)

Thereafter, upon approval by the Court (ECF 238), and pursuant to Section 2.10 of the Settlement Agreement, KCC on June 24, 2021 issued a second distribution consisting of additional *pro rata* payments of $6.14 for Claim Group 1B claimants and $11.33 for Claim Group 1C claimants who had deposited their first round of payment. (*Id.*, ¶ 6.) KCC carried out the second distribution to those approximately 46,419 individuals. (*Id.*, ¶¶ 6-7.) Class members deposited 19,983 settlement checks and cashed 13,604 electronic payments from the second distribution, in the aggregate amount of $339,690.79; however, a total of 7,224 settlement checks and 5,609 electronic payments remained uncashed or unclaimed, and have since become stale. (*Id.*, ¶ 8.) The total remaining amount in Settlement Fund is now $132,920.62. (*Id.*, ¶ 10). KCC has determined that a third, final distribution would cost approximately $43,683.32 in printing, postage and administrative expenses to process and distribute a third round of checks and electronic payments to class members. (*Id.*, ¶ 11). As such, the amount remaining for a third distribution would be approximately $89,237.30. Pursuant to the Settlement Agreement, *pro rata* payments towards a third distribution would only allow for

approximately $2.00 to $3.00 for Group 1B and 1C claimants, who deposited the Second Distribution. (*Id*., ¶ 11.) These amounts are barely in excess of the $2 amount below which the Settlement Agreement provides no check will be sent (§ 2.92). The parties' conferences pursuant to § 2.10.2 resulted in the distribution proposal now before the Court, and no counsel or party would derive a direct or indirect benefit from payment of the residual funds to the designated charitable recipient. (Polk Decl., ¶ 3).

### III.   ARGUMENT

Consistent with the Settlement Agreement and relevant case law, the Parties stipulate to and propose distribution of the remaining funds to the charity agreed to by the parties, the National Consumer Law Center. The Settlement Agreement provides that settlement funds remaining after a redistribution may be disbursed to Cy Pres Recipients selected by the Parties, subject to Court approval. (Settlement Agreement, § 2.10.2). Paying the remaining, final amount to the selected charity is a reasonable and appropriate use of the remaining funds because the purposes of the NCLC align with the consumer-oriented interests and objectives of the class in this case. (*See* Declaration of Richard Dubois In Support of Plaintiffs' Motion for Preliminary Approval ("Dubois Decl."), ECF 194-5).

The Court has discretion "to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Nachsin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011)). "For the purposes of the cy pres doctrine, a class action settlement fund is 'nondistributable' when "proof of individual claims would be burdensome or distribution of damages costly." *Id.* (quoting *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir. 1990). The goal is to advance the interests of class members when additional direct distribution to them is infeasible. *Camberis v. Ocwen Loan Servicing LLC*, No, 14-cv-02970-EMC, 2018 U.S. Dist. LEXIS 198108, *6 (N.D. Cal. Nov. 2, 2018). Thus, payment of residual funds to a charitable organization should both further the interests of the class and "be limited to scenarios where it is not feasible to make further distributions to class members." *Id.* (quoting *In re Anthem, Inc. Data Breach Litig.*, 3277 F.R.D. 299, 327 (N.D. Cal. Aug. 15, 2018) . These distributions typically are made after a secondary distribution is made to the class members, as occurred here. *Id.*, at *9.

As discussed, KCC paid out the Net Settlement Fund to class members in two distributions, pooling uncashed checks and unclaimed electronic funds from the first round for redistribution in a second round. (Perry Decl., ¶¶ 3-9). Any further distributions to claimants under the Settlement Agreement would be impracticable, as the administrative costs required for such distributions would result in *de minimis* payments to class members while further delaying the closure of the administrative process. (Polk Decl., ¶ 3). *See Connor v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-1284-GPC-BGS, 2021 U.S. Dist. LEXIS 65011, at *7-8 (S.D. Cal. Apr. 2, 2021); *Plemons v. Navy Fed. Credit Union*, 2021 U.S. Dist. LEXIS 140976 (S.D. Cal. Jul. 27, 2021).

The goals of NCLC align with the interests of the class.[2] Plaintiffs alleged that Defendants knowingly produced, marketed, and sold a defective smartphone preventing them from using their devices as intended in violation of common law express and implied warranties and consumer protection statutes. Accordingly, a nonprofit that is dedicated to consumer protection and the promotion of fairness and justice in the marketplace is an appropriate recipient of residual settlement funds. *See McKnight v. Uber Techs., Inc.*, No. 14-cv-05615-JST, 2017 U.S. Dist. LEXIS 124534, at *17-18 (N.D. Cal. Aug. 7, 2017) ("Numerous courts, including this one, have previously approved *cy pres* awards to NCLC in consumer class actions") (citation omitted).  The NCLC has committed to using any *cy pres* funds approved by this Court "to benefit low-income consumers who have suffered unfairly in the consumer marketplace" and "use [their] expertise in consumer law to train and educate attorneys and inform public policy makers and the public, among other activities." (Dubois Decl., ECF 194-5, ¶ 10.)

## IV.    CONCLUSION

For the foregoing reasons, the Parties jointly respectfully request that the Court authorize the Settlement Administrator to finally distribute the remaining Settlement Fund to the National Consumer Law Center.

---

[2] Further information about the NCLC can be found at https://www.nclc.org/.

Dated: March 14, 2022                                   Respectfully submitted,

| | |
|---|---|
| **GIRARD SHARP LLP** | **DURIE TANGRI LLP** |
| */s/ Adam E. Polk* | */s/ Eugene Novikov* |
| Daniel C. Girard (State Bar No. 114826) | Ragesh K. Tangri (State Bar No. 159477) |
| Jordan Elias (State Bar No. 228731) | Eugene Novikov (State Bar No. 257849) |
| Adam E. Polk (State Bar No. 273000) | Catherine Y. Kim State Bar No. 308442) |
| Trevor T. Tan (State Bar No. 281045) | DURIE TANGRI LLP |
| GIRARD SHARP LLP | 217 Leidesdorff Street |
| 601 California Street, 14th Floor | San Francisco, CA 94111 |
| San Francisco, California 94108 | *rtangri@durietangri.com* |
| Tel: (415) 981-4800 | *enovikov@durietangri.com* |
| *dgirard@girardsharp.com* | *ckim@durietangri.com* |
| *jelias@girardsharp.com* | |
| *apolk@girardsharp.com* | *Attorneys for Defendant* |
| *ttan@girardsharp.com* | GOOGLE LLC |
| | |
| Benjamin F. Johns *(pro hac vice)* | |
| Beena M. McDonald *(pro hac vice)* | **COVINGTON & BURLING LLP** |
| CHIMICLES SCHWARTZ KRINER | |
| & DONALDSON-SMITH LLP | */s/ Lindsey Barnhart* |
| One Haverford Centre | Simon J. Frankel (State Bar No. 171552) |
| 361 West Lancaster Avenue | COVINGTON & BURLING LLP |
| Haverford, PA 19041 | One Front Street, 35th Floor |
| Telephone: (610) 642-8500 | San Francisco, CA 94111 |
| *bfj@chimicles.com* | Tel: (415) 591-6000 |
| *bmm@chimicles.com* | *sfrankel@cov.com* |
| | |
| *Class Counsel* | Lindsey Barnhart (State Bar No. 294995) |
| | COVINGTON & BURLING LLP |
| | 3000 El Camino Real |
| | 5 Palo Alto Square, Suite 1000 |
| | Palo Alto, CA 94306 |
| | Tel: (650) 632-4700 |
| | *lbarnhart@cov.com* |
| | |
| | *Attorneys for Defendant* |
| | HUAWEI DEVICE USA, INC. |

# CERTIFICATE OF SERVICE

I, Adam E. Polk, hereby certify that on March 14, 2022, I caused the foregoing to be electronically filed using the Court's CM/ECF system, thereby causing it to be served upon all registered ECF users in this case.

Dated: March 14, 2022                                      /s/ *Adam E. Polk*
                                                                              Adam E. Polk