Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Trevor T. Tan (State Bar No. 281045)
**GIRARD SHARP LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*ttan@girardsharp.com*

Benjamin F. Johns *(pro hac vice)*
Zachary P. Beatty *(pro hac vice)*
Beena M. McDonald *(pro hac vice)*
**CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
*bfj@chimicles.com*
*zpb@chimicles.com*
*bmm@chimicles.com*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NEXUS 6P PRODUCTS LIABILITY LITIGATION | Case No. 5:17-cv-02185-BLF<br><br>**DECLARTION OF ADAM E. POLK IN SUPPORT OF STIPULATION FOR ORDER AUTHORIZING FURTHER AND FINAL RESIDUAL DISTRIBUTION OF CLASS SETTLEMENT FUND**<br><br>Judge: Hon. Beth Labson Freeman |

I, Adam E. Polk, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner in the law firm of Girard Sharp LLP and one of the attorneys of record for Plaintiffs in this action.[1] I submit this declaration in support of the Joint Stipulation for Order Authorizing Further and Final Residual Distribution of Class Settlement Fund, which is being filed concurrently herewith. I make this declaration based on my own personal knowledge, and if called to do so, could testify to the matters contained herein.

2. Pursuant to the Settlement Agreement, two distributions of the Settlement Fund have been completed and almost all of the Settlement money has been distributed to Settlement Class Members. Class Counsel, Defendants and KCC have now exhausted all reasonable steps to ensure disbursal of funds to Settlement Class Members. (Settlement Agreement § 2.10.2.) That process is now complete with nearly 98% of the Settlement funds having been paid out.

3. The total remaining amount in the Settlement Fund is $132,920.62. Given the costs of a potential third distribution, the amount remaining for such a distribution would be $89,237.30. Pursuant to the Settlement Agreement, *pro rata* payments towards a third distribution would allow only for $2.00 – $3.00 payments to Group 1B and 1C claimants (who deposited the Residual Distribution). These amounts are barely in excess of the $2 threshold, *i.e.*, the amount below which the Settlement Agreement provides no check will be sent (§ 2.92). Under these circumstances, any additional distributions to claimants under the Settlement Agreement would be impracticable, as the administrative costs associated with such *de minimis* payments would further delay the closure of the administrative process. The parties' conferences pursuant to § 2.10.2 resulted in the distribution proposal now before the Court, and no counsel or party would derive a direct or indirect benefit from payment of the residual funds to the designated charitable recipient.

4. The parties selected the National Consumer Law Center ("NCLC") as the *cy pres* recipient for residual funds based on the close relationship of its mission of consumer protection

---

[1] Capitalized terms have the same meaning as set forth in the definitions section of the Settlement Agreement.

to the subject matter of this litigation.  Other courts in this district have approved *cy pres* awards to NCLC.

5. Plaintiffs believe that awarding the residual amount in the Settlement Fund to NCLC is a reasonable and appropriate means of concluding the litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 14th day of March, 2022 at Danville, California.

/s/ *Adam E. Polk*
Adam E. Polk